# ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS
## Memorandum

**DATE:** May 8, 2007

**FROM:** Sigmund R. Adams, Assistant General Counsel

**SUBJECT:** GPS Monitoring – Inclusion and Exclusion Zones

**TO:** Trent H. Cornish, Probation and Pretrial Services Administrator

    In connection with planned revisions to Monograph 113, *The Federal Home Confinement Program for Defendants and Offenders*, which will include program guidance on electronic monitoring via the Global Positioning System ("GPS"), you requested legal guidance on the use of GPS capabilities to establish and monitor inclusion and exclusion zones. You explained that inclusion and exclusion zones are specific map locations from which or to which a person under supervision may be restricted, and that these zones may be established and monitored using either passive or active GPS units. You further explained that passive GPS units have limited capabilities and can only provide retrospective, after-the-fact details of a person's movements or whereabouts, and that active GPS units have real-time monitoring capabilities and can generate alert messages if the person violates an inclusion or exclusion zone restriction. Thus, you specifically asked: 1) To what extent should officers utilize this capability to manage defendant and offender risk, or what specific factors should be considered in establishing these inclusion and exclusion zones? and; 2) Once these zones are established and the alert is generated, what is the officer's legal duty to both respond and/or notify identified and potential victims?

    As explained below, the extent to which this monitoring technology should be employed, and the factors to be considered in making such determinations, will vary according to the circumstances of each case. That is, in each case, this decision should take into account the nature and circumstances of the offense, the person's background and characteristics, the purpose of the restriction being imposed, and whether the person is a pretrial defendant or an offender on probation or supervised release. Also, in every case the least restrictive means necessary to achieve the supervision objective must be used. In addition, whether an officer must respond immediately to an alert message, including notifying an at-risk third party, will vary among cases based on several of the factors just mentioned and depending on the nature and urgency of the particular zone restriction violation.

    With respect to the technology itself, active and passive GPS monitoring capabilities appear to be legally indistinguishable as both have the same two essential features: the capability to establish inclusion and exclusion zones, and; the capability to provide details about the defendant's whereabouts. The one practical distinction is that the real-time monitoring capability of active GPS would provide immediately information that passive GPS monitoring would only

provide after the fact. This would then allow the supervising officer to be alerted in the event of a zone violation and a victim could be notified. But ultimately, these capabilities can be employed only if the court first determines that so-called zone restriction conditions are warranted in a given case. If so, whether to use active or passive GPS monitoring would be a purely practical consideration, not a legal one.

As you know, with respect to pretrial defendants charged with specified offenses involving a minor victim, or the failure to register as a sex offender, the court must impose, at a minimum, an electronic monitoring condition as well as five other specified conditions. *See* 18 U.S.C. § 3142(c)(1). These include: restrictions on personal associations, place of abode or travel; avoidance of all contact with the alleged victim or potential testifying witnesses; regular reporting to a designated supervising agency; compliance with a specified curfew; and refraining from possessing a firearm, destructive device, or other dangerous weapon. *See id.* As part of these conditions, it may be reasonable to place the defendant's residence within an inclusion zone to monitor compliance with the curfew, and to establish exclusion zones that include, for example, the residence, school and/or place of employment of any victim, potential witness and/or other third party to reasonably assure their safety. And if such a defendant's whereabouts require close monitoring at all times, especially where there is a serious risk of harm to alleged victims, potential testifying witnesses and/or other third parties, active GPS monitoring obviously would be best suited to this circumstance from a supervision standpoint.

But in general as to pretrial defendants in other types of cases, courts may impose any discretionary condition, including home detention with electronic monitoring, insofar as it is the least restrictive condition reasonably necessary to assure the person's appearance in court as required and to assure the safety of others and the community. *See id.* Thus, in cases where electronic monitoring is not explicitly required by statute and the court uses its discretion to impose this condition, the need to also establish inclusion and exclusion zones must be determined on a case-by-case basis in light of the factors set forth in § 3142(g). These include: the nature and circumstances of the charged offense; the weight of the evidence against the person; the history and characteristics of the person; and the nature and seriousness of the danger to any person or the community that the defendant's release would pose. *See* 18 U.S.C. § 3142(g). If the court establishes such zones, these may be enforced using active or passive GPS monitoring depending on available GPS capabilities and/or the level of supervision required in a given case. For example, use of a passive GPS unit may be sufficient to monitor a defendant's compliance with home detention or a curfew where the defendant does not pose a threat of harm to another person or the community. But in a case involving a violent crime or a defendant with a history of violence, active GPS monitoring may be warranted to more closely supervise the defendant and better assure the safety of others.

While pretrial defendants, albeit charged with a crime, enjoy the presumption of innocence and thus have liberty interests similar to those of average, law-abiding citizens, persons on probation or supervised release have been convicted of their offenses and,

consequently, have significantly reduced liberty interests. Nonetheless, probation and supervised release conditions must be reasonably related to the sentencing factors set forth in § 3353(a) and may not involve any greater deprivation of liberty than reasonably necessary to meet the sentencing purposes. *See* 18 U.S.C. §§ 3563(b) and 3583(d). In determining conditions of probation or supervised release, the court must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the protection of the public, and the rehabilitative needs of the defendant. *See* 18 U.S.C. §§ 3553(a). But persons on probation or supervised release may be placed on home detention during nonworking hours, with or without electronic monitoring, only as an alternative to incarceration. *See* 18 U.S.C. §§ 3563(b)(19) and 3583(d), (e)(4). If in light of the § 3553(a) factors it appears reasonably necessary to establish exclusion zones in connection with home detention, active or passive monitoring may be used as available and appropriate to the supervision needs.

In the event of an alert indicating an inclusion or exclusion zone violation, the pretrial or probation officer should respond in a manner appropriate to the circumstance, taking into consideration the nature of the underlying offense, the defendant's history and characteristics and the seriousness of the violation. Thus, for example, if the defendant violated a school exclusion zone when the school is closed and unoccupied, this would warrant a less urgent response than a violation of an exclusion zone encompassing an alleged victim's occupied residence. As in any case, where a foreseeable risk is posed to an identifiable third party, the third-party should be notified and such other action as may be warranted should be taken.

I hope this fully responds to your inquiry. Please let me know if you need any further assistance.