

Newsletter of the Federal Courts

Home/Contents
Masthead

Vol. 39, Number 4 — April 2007

## GPS: Your Supervising Officer is Watching

*A gang member on supervision is accused of violently assaulting a female victim while at a gang party. The defendant denies being at the location. However, pretrial services officers are definitively able to place him at the location of the attack. The information is provided to state parole agents, the police and the federal judge. The defendant is returned to state prison for parole violation, charged with a new criminal offense and his federal pretrial release is revoked.*

How did the federal pretrial services officers know the defendant was at the crime location? Because they were, in a way, looking over his shoulder. As a condition of his pretrial release, the defendant carried a Global Positioning System (GPS) device to track his whereabouts. When the officers researched his location information for the evening in question, the GPS data placed him at the scene of the attack. First developed by the Department of Defense in the late 1970s, GPS relies on a network of satellites transmitting signals to receivers to determine a receiver's location, speed and direction. Today, as GPS equipment has shrunk to the size of a clunky cell phone, the technology is available to nearly everyone, from outdoor enthusiasts finding their way through the wilderness, to drivers negotiating cross-town traffic.

GPS also lets federal probation and pretrial services officers monitor defendants and offenders—around the clock, if necessary.

"GPS monitoring is becoming an increasingly favored form of electronic monitoring nationwide," said John Hughes, Assistant Director of the Office of Probation and Pretrial Services at the Administrative Office. "And although it can be time and labor intensive, for selected offenders it delivers continual supervision at a lower cost than incarceration." In fiscal year 2007, the AO estimates that some 50 probation and pretrial offices will use GPS to supervise offenders or defendants.

As a condition of their sentence or supervised release, an offender or defendant might be required to carry a GPS unit. The unit can be either a one-piece unit, looking much like an ankle bracelet, that transmits data to/from the GPS system; or it can be a two-piece electronically tethered bracelet and cell phone/GPS receiver. If the unit is left behind and/or tampered with, an alert is sent to the monitoring company, which then notifies the supervising officer. Some GPS units let officers send a text message or voice message directly to the receiver worn by the offender. Under certain circumstances, an alert also may be sent if the offender wanders into forbidden territory.

*A defendant on a GPS tracking device was ordered by the federal judge to stay away from his ex-wife due to a prior history of domestic violence. There also was an active restraining order. In the middle of the day, the defendant drove by his ex-wife's place of employment. The pretrial services officer received a text message alert and immediately contacted the defendant on the tracking device, instructing him to come to the office. The officer contacted the ex-wife, the court was notified and appropriate action was taken.*

In this instance, the probation or pretrial services officer had established exclusion zones around the wife's home and work. Similarly, an inclusion zone can be

established that alerts an officer if the offender deviates from a set location, route and schedule, for example, from home to work to drug treatment. An alert notifies the officer when an inclusion or exclusion zone is violated.

Active GPS monitoring and passive GPS monitoring have been the exclusive type of electronic monitoring-based supervision for the Pretrial Services Office in the Central District of California for the last four years, where at any given time 180 defendants may be under supervision—the largest program in the Judiciary.

"The accountability factor is what makes GPS monitoring superior to any type of electronic monitoring supervision for us," said Chief U.S. Pretrial Services Officer George Walker, Central District of California. "We know where defendants are 24 hours a day. If someone violates a parameter, an alert is sent and we can take action." The district also uses a hybrid of active and passive monitoring for some defendants.

The Probation Office in the Southern District of California has used GPS to monitor offenders for the last four years. At any time, 40 to 50 people may be monitored.

"In our district, offenders are on GPS monitoring usually a minimum of 30 days and up to six months," said Chief U.S. Probation Officer Ken Young. "For us, it works best for those people with no history of violence or non-compliance. They're also usually first-time offenders."

The level of monitoring also depends on the offender. "We have a number of sex offenders on active GPS, or real-time tracking," Young said, "where we can literally track the offender moving in the community."

Passive monitoring, according to Young, is most common in the Southern District of California. The GPS receiver records the offender's movements within a period of time, and a probation officer reviews it at least once daily, responding to alerts immediately. If that raises questions about catching an offender "in the act," both Young and Walker stress that GPS monitoring is not intended to be a prevention tool. "It won't stop a defendant from fleeing, or committing a crime," says Walker. The awareness, however, that a probation officer is tracking movements can be a deterrent, and alerts can give officers lead time to respond. "We can't be on their doorstep 24/7," says Young, "but GPS is a way for us to monitor location and compliance of someone in the community. We can, with reasonable certainty, know where someone is or has been."

The surveillance also is what Young calls self sustaining. In most districts, offenders help defray the cost of monitoring on an ability-to-pay basis. Young estimates that Southern California's program is supported 60 percent by offenders.

In the District of Maine, where they've used GPS since May 2006, at any time 25 percent of the district's probation or pretrial services clients may be on either active or passive GPS supervision. Active GPS is difficult because large areas of the state have poor cell phone service. "We can still use passive GPS," said Chief of Probation and Pretrial Services Karen Moody. "But then it becomes an issue of making sure the court knows we won't have a client or offender on minute-to-minute coverage. In every case, we take into consideration the needs and risks and see if GPS is a good fit." Ryan Petroff, the district's electronic monitoring specialist, sees GPS as an enhancement to supervision.

Unlike electronic monitoring that only tells officers if an offender has left the house, GPS can verify if a client has attended substance or mental health meetings or is at a job site. "With GPS, we can tell where an offender has been and how long they were there," Petroff said. Because of that advantage, he believes as the cost comes down, "we'll see a move toward more active GPS." The cost of electronic monitoring is estimated to be $4.50 per day, while GPS monitoring can run $9 per day. Incarcera- tion can cost over $63 per day, per offender.

Home/Contents

Published monthly by the Administrative Office of the U.S. Courts Office of Public Affairs One Columbus Circle, N.E. Washington, DC 20544 — (202) 502-2600