**Steven T. Wax, OSB No. 85012**
**Federal Public Defender**
**101 SW Main Street, Suite 1700**
**Portland, OR  97204**
**Tel: (503) 326-2123**
**Fax: (503) 326-5524**
**Email: steve_wax@fd.org**

**Attorney for Defendant**


## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 05-60008** |
| **Plaintiff,** | **FIRST MOTION FOR DISCOVERY** |
| **v.** | |
| **PIROUZ SEDAGHATY,** | |
| **Defendant.** | |

**TO:    Assistant United States Attorney Christopher Cardani:**

Defendant, Pirouz Sedaghaty, by and through his attorneys, Lawrence Matasar, and

Federal Public Defender Steven T. Wax, hereby requests and moves for an order of

discovery that the United States Attorney disclose, produce, and make available for

examination and copying by defense counsel or his agents the following items, whether

currently in the possession, custody, control, or knowledge of the United States Attorney,

or any law enforcement agent, or which by the exercise of due diligence may become known to the attorneys for the government.

**A.      Specific Requests for Discovery to be Disclosed and Provided:**

1.      Any and all records, documents, reports, memoranda and other writings setting forth  statements purportedly made by Pirouz Sedaghaty to any law enforcement or intelligence agents or any informer or agent of any such entity at anytime prior to his arrest on August 17, 2007.

2.      Any and all records, documents, reports, memoranda and other writings setting forth statements purportedly made by Pirouz Sedaghaty at or following his arrest on August 17, 2007.

3.      Any and all records, documents, reports, search warrant affidavits, search warrants, and search warrant receipts pertaining to search activity conducted with respect to Al-Haramain Islamic Foundation, Al-Haramain Islamic Foundation-US, Pirouz Sedaghaty, or Soliman Al-Buthe on or about February 2004.

4.      Any and all records, documents, reports, LEDS printouts and other writings that set forth prior criminal history information pertaining to Pirouz Sedaghaty or Soliman Al-Buthe.

5.      Copies of all e-mails collected as a result of any subpoenas or any other surveillance, authorized or unauthorized in any investigation of Al-Haramain Islamic Foundation, Al-Haramain Islamic Foundation-US, Pirouz Sedaghaty, or Soliman Al-Buthe.

6.      Copies of any written correspondence collected as a result of any subpoenas or any other surveillance, authorized or unauthorized in any investigation of Al-Haramain

Islamic Foundation, Al-Haramain Islamic Foundation-US, Pirouz Sedaghaty, or Soliman Al-Buthe.

7.    Any and all information regarding any informants used in any investigation of Al-Haramain Islamic Foundation, Al-Haramain Islamic Foundation-US, Pirouz Sedaghaty, or Soliman Al-Buthe.

8.    Any and all records, documents, notes, and references regarding any contact with any direct or indirect employee of any government, including but not limited to, any regulatory and law enforcement officer, agents, and affiliates who were contacted regarding Al-Haramain Islamic Foundation, Al-Haramain Islamic Foundation-US, Pirouz Sedaghaty, or Soliman Al-Buthe and who provided any information regarding Al-Haramain Islamic Foundation, Al-Haramain Islamic Foundation-US, Pirouz Sedaghaty, or Soliman Al-Buthe.

9.    Any and all information and material, documents, papers, or tangible items, relating to any and all records and communications, oral, written or recorded, of any defendant or any person whom the Government contends is an employee or agent of the defendant, whether or not the Government intends to produce evidence or testimony regarding such statements or call any such person(s) as a witness at any stage of the proceedings in this case.

10.    Any and all information obtained regarding Al-Haramain Islamic Foundation, Al-Haramain Islamic Foundation-US, Pirouz Sedaghaty, or Soliman Al-Buthe, as a result of a National Security Letter.

11.    Any and all information obtained regarding Al-Haramain Islamic Foundation, Al-Haramain Islamic Foundation-US, Pirouz Sedaghaty, or Soliman Al-Buthe, as a result of the Foreign Intelligence Surveillance Act.

12.     Notice and all information regarding when the investigation against Al-Haramain Islamic Foundation, Al-Haramain Islamic Foundation-US, Pirouz Sedaghaty, or Soliman Al-Buthe began.

13.     Any and all reports of interviews of employees or representatives of the Mail Stop, located at 1257 Siskiyou Blvd, in Ashland, Oregon regarding the investigation of Al-Haramain Islamic Foundation, Al-Haramain Islamic Foundation-US, Pirouz Sedaghaty, or Soliman Al-Buthe.

14.     Any and all documents and records from Jackson County Oregon Title company, including any and all reports generated from government contact with said company during any investigation related to Al-Haramain Islamic Foundation, Al-Haramain Islamic Foundation-US, Pirouz Sedaghaty, or Soliman Al-Buthe.

15.     Any and all reports, photographs, video recording, or audio recordings of the building and surroundings of 3800 S. Highway 99, including any and all reports, documents or records from the Jackson County Oregon Title company and Jackson County Assessors.

16.     Any and all copies of interviews, and or reports of interviews, with persons "familiar with the location" of 3800 S. Highway 99 as indicated in paragraphs 13 and 14 of the search warrant affidavit of February 13, 2004.

17.     Any and all copies of any and all bank records relating to Al-Haramain Islamic Foundation, Al-Haramain Islamic Foundation-US, Pirouz Sedaghaty, or Soliman Al-Buthe, specifically Bank of America account number 2880311561.

18.     Any and all copies of all Currency Monetary Instrument Reports (CMIR's) related to Soliman Al-Buthe.

Page 4 -        FIRST MOTION FOR DISCOVERY

19.    Any and all reports, summaries, and notes of any non-governmental international terrorism consultant who was contacted in relation to the investigation of Al-Haramain Islamic Foundation, Al-Haramain Islamic Foundation-US, Pirouz Sedaghaty, or Soliman Al-Buthe.

20.    Any and all U.S. Immigration and Custom's Enforcement documents and records regarding Soliman Al-Buthe's entrances and exits to and from the United States.

21.    Any and all reports of interviews with Bank of America employees or representatives which relate in any way to Al-Haramain Islamic Foundation, Al-Haramain Islamic Foundation-US, Pirouz Sedaghaty, or Soliman Al-Buthe.

22.    Any and all notes, reports, summaries, and documentation relating to any interview of Thomas J. Wilcox, Certified Public Accountant as a result of any investigation of Al-Haramain Islamic Foundation, Al-Haramain Islamic Foundation-US, Pirouz Sedaghaty, or Soliman Al-Buthe, including any copies of documents Thomas J. Wilcox may have provided the government as a result of its contact with him.

23.    Any and all notes, reports, summaries, and documentation relating to any interview, investigation or testimony of Daveed Gardenstein-Ross as a result of any investigation of Al-Haramain Islamic Foundation, Al-Haramain Islamic Foundation-US, or Pirouz Sedaghaty, including any copies of documents Daveed Gardenstein-Ross may have provided the government as a result of its contact with him, including copies of any related testimony he provided.

24.    Any information relating to the peaceful nature of Pirouz Sedaghaty, including but not limited to his actions for peace, his involvement with helping refugees, and his concern with the plight of people.

25.     Any and all records or notes relating to any telephone numbers held by Al-Haramain Islamic Foundation, Al-Haramain Islamic Foundation-US, Pirouz Sedaghaty, or Soliman Al-Buthe, whether generated by subpoena, search warrant, investigation, or surveillance, lawful or unlawful.

26.     Any and all records, documents, notes, regarding the financial accountings of    Al-Haramain Islamic Foundation, Al-Haramain Islamic Foundation-US, Pirouz Sedaghaty, or Soliman Al-Buthe, including but not limited to the Quickbooks records.

27.     Any and all records, documents, notes, regarding any internet provider, including but not limited to, Unicom, as relative to Al-Haramain Islamic Foundation, Al-Haramain Islamic Foundation-US, Pirouz Sedaghaty, or Soliman Al-Buthe.

28.     Any and all reports, tapes, videotapes, cd's, or documentation in any form of surveillance, electronic and in person, of Pirouz Sedaghaty, wherever such surveillance occurred, including Al-Haramain Islamic Foundation, its employees and offices in Oregon, Missouri, and elsewhere in the United States, and Soliman Al-Buthe, wherever any such surveillance occurred.

**B.     General Requests for Discovery:**

1.      Provide notice of the government's intention to use any physical evidence, or statements which the Defendant is entitled to discover, so as to afford Defendant an opportunity to suppress such evidence.  Rule 12(d)(2) and Rule 41(f), Fed. R. Crim. P.[1]

2.      Provide Defendant with access to, and/or copies of, any written, recorded, or unwritten or unrecorded statements made by the Defendant.  This request includes statements made to witnesses other than law enforcement officers at any time, and also includes any tape recorded conversations, whether person to person or telephonic, as well as any transcripts or enhanced audio tapes of such conversations.  Rule 16(a)(1)(A); *United States v. Bailleux*, 685 F.2d 1105, 1114 (9th Cir. 1982).

3.      Identify and disclose any document and/or item of property obtained from the Defendant (or which the prosecution contends belongs to the Defendant) which is currently in the possession of the government, or any law enforcement agency, or was previously in the possession of any such entity.

4.      Disclose and provide all state or federal reports relating the circumstances of any search or surveillance involving the defendant or his property, each co-defendant and his property, or any other search or surveillance related to this case, listing the items seized and the information obtained as a result of these searches or surveillance.  This information is necessary to enable the defendant to prepare motions to suppress evidence.  Rule 16(a)(1)(c); 12(b)(3), 12(d)(2), 12(i) and 41(d) and (f).

5.      Disclose and provide all written or recorded statements of the defendant and any co-defendant (including but not limited to grand jury testimony, telephone calls,

---

[1] All references to rules are to the Federal Rules of Criminal Procedure unless otherwise noted.

depositions, etc.); *see* Rule 16 (a)(1)(A); *United States v. Bailleux*, 685 F.2d 1105, 1114 (9th Cir. 1982) ("government should disclose any statement made by the defendant that may be relevant") (emphasis added); *United States v. Lanoue*, 71 F.3d 966, 973-75 (1st Cir. 1995) (conviction reversed because of Rule 16 violation when government failed to turn over transcript of defendant's recorded telephone call with defense witness); *United States v. Alex,* 788 F. Supp. 1013, 1016 (N.D. Ill. 1992) (where government "offered no compelling explanation" for nondisclosure of statements of co-defendant, court exercises discretion to order disclosure).

6.     State whether any eavesdropping, wiretapping, electronic recording, electronic or other audio enhancement devices were used in any fashion in this case, whether authorized or unauthorized, including but not limited to any such activity authorized by a traditional Article III court, National Security Letters, or as a result of the Foreign Intelligence Security Act, and who authorized such surveillance.  If yes, state the date, time, and place when such instruments were used and provide copies of any authorizing warrants, minimization logs, and/or applications for extension of authority to intercept. Produce and/or copy all tapes and/or tape transcripts generated by such electronic surveillance.

7.     State whether any informants were utilized at any stage of the investigation of this case.  If yes, provide counsel with the name and address of said informants and the role which said informants played in the police investigation.

8.     Provide copies of all records, reports, or memoranda of federal investigative agencies, international investigation agencies, or state and local law enforcement agencies, which describe, refer to or otherwise comment upon any informant involved in this case.

This request includes, but is not limited to, records, reports, or memoranda which relate statements made by the informant to other persons, including law enforcement agents, as well as motives and reasons for the informant's cooperation with the government, *i.e.*, whether the informant was paid for his services, whether promises were made to the informant in exchange for his services, or whether any action was taken by the government beneficial to the informant in exchange for his services.   This request contemplates production of any records, reports, or memoranda presently within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.   *Roviaro v. United States*, 353 U.S. 53, 59-62 (1957); United States Constitution, Amendment VI.

9.     Provide all results of reports of financial analysis or examinations, physical or mental examinations and scientific tests or experiments, or copies thereof, which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.  Rule 16(a)(1)(D).

10.     Provide the conclusions and findings of any expert witness the government intends to call whether or not the expert has prepared a written report.  *See United States v. Barrett*, 703 F.2d 1076, 1081 (9th Cir. 1983); *United States v. Eduardo-Franco*, 885 F.2d 1002, 1009 (2nd Cir. 1989).  In responding to this request, Defendant specifically requests that the government provide a written summary of any expert testimony it intends to use and/or introduce into evidence pursuant to Federal Rules of Evidence, Rules 702, 703 and 705.  Federal Rule of Criminal Procedure 16(a)(1)(E); *United States v. Richmond*, 153 F.R.D. 7 (D. Mass. 1994) (disclosure of existing summaries of experts must occur "forthwith;" others no later than 45 days before trial); *United States v. Barrett*, 703 F.2d

1076, 1081 (9th Cir. 1983) ("fairness requires that adequate notice be given to the defense to check conclusions and findings of experts"); *United States v. Eduardo-Franco*, 885 F.2d 1002, 1009 (2d Cir. 1989) (defendant could not hire their own expert "until they were informed of the adverse report of the government expert").

11.    State whether fingerprint evidence exists in this case, and/or whether any attempts were made to obtain fingerprints from any property, which efforts were unsuccessful.

12.    State whether any photograph, drawing, video recording, or audio recording, relating to the criminal action or proceeding has been made or completed by a public servant engaged in law enforcement activity, including any authorized or unauthorized surveillance.  If yes, provide counsel with copies of, or allow for inspection of, said photographs, drawings, video recordings, or audio recordings.  If none are in existence at this time, but come into being at any time prior to or during trial, notify counsel of their existence immediately.

13.    Allow for inspection and copying of all books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof which (1) are in the possession, custody or control of the government, or (2) which are material to the preparation of the defense *or* (3) are intended for use by the government as evidence in chief at the trial, *or* (4) were obtained from *or* (5) which belonged to the Defendant.  Rule 16(a)(1)(C).

14.    Provide a copy of the Defendant's prior criminal record, if any.  Rule 16(a)(1)(B); *United States v. Audelo-Sanchez*, 923 F.2d 129, 130 (9th Cir. 1991).

15.     Provide copies of all reports or memoranda relating to the inception and conduction of the investigation of Defendant.  This request contemplates any reports or memoranda presently within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

16.     Provide disclosure of original handwritten notes or memoranda of any agents of the government, whether or not the original handwritten notes or memoranda have subsequently been included in another written report.  *See United States v. Harris*, 543 F.2d 1247, 1253 (9th Cir. 1976); *United States v. Layten*, 564 F. Supp 1391, 1395 (D. Or. 1983) (notes of interview with defendant must be disclosed).

17.     Provide disclosure of the original handwritten notes or memoranda of any agent of the government regarding any of the statements made by prospective witnesses, whether or not the original notes have subsequently been included in other written reports.

18.     Provide the minutes and transcripts of the testimony before grand juries which heard evidence about the case.

        a.     Provide all notes or other writings or documents used by a prospective witness when testifying before the grand jury.  *See United States v. Wallace*, 848 F.2d 1464, 1470 (9th Cir. 1988).

19.     Provide any and all evidence which would be favorable to the Defendant, exculpatory, or material to the defense, including but not limited to:

        a.     The results of tests, experiments, examinations, searches or seizures, which produced evidence favorable to the Defendant or failed to produce evidence tending to incriminate the Defendant;

Page 11 -       **FIRST MOTION FOR DISCOVERY**

b.     The names(s) of any other person considered a possible suspect in this case, and/or any evidence (including, but not limited to, statements of persons interviewed by investigative agents in connection with this case which include the names of other persons connected with the commission of the offenses with which Defendant is charged) which in any way indicates that other persons may have committed, or aided in the commission of, these crimes;

c.     A statement identifying any evidence in this case which the government has intentionally or inadvertently destroyed, or for whatever cause, no longer has within its possession.  *Brady v. Maryland*, 373 U.S. 83 (1963);

d.     Any evidence, information, testimony, transcripts, or statements indicating that any prospective prosecution witness on any occasion has given false, misleading, or contradictory information regarding the charges at bar or any other matter to any persons, including those involved in law enforcement and their agents or informers;

e.     Any evidence, information, testimony, transcripts, or statements indicating that opinion, reputation or specific acts show that the complaining witness is not a truthful person or is a threatening, aggressive, or assaultive person;

f.     Any evidence, information testimony, transcripts, or statements indicating that any prospective prosecution witness has given a statement which contradicts that of another potential prosecution witness;

g.     Any evidence, information, testimony, transcripts, or statements indicating that any witness is biased or prejudiced regarding the Defendant or the case in any way.  *United States v. Bagley*, 473 U.S. 667 (1985);

**Page 12 -       FIRST MOTION FOR DISCOVERY**

20.    Provide all evidence of prior or subsequent bad acts by the Defendant that the government intends to introduce at trial.  F.R.E. 404(b) ("reasonable notice" required); *United States v. Baum*, 482 F.2d 1325, 1330-32 (2d Cir. 1973); *United States v. Cook*, 608 F.2d 1175, 1186 (9th Cir. 1979) (en banc) ("trial by ambush" is counterproductive and "advance planning" for ruling on motion in limine helps both parties and the court), *cert. denied*, 444 U.S. 1034; *United States v. Foskey*, 636 F.2d 517, 526 n. 8 (D.C. Cir. 1980) (government should give defense adequate notice of 404(b) evidence).

21.    Provide access to the personnel files of each law enforcement or intelligence agents who will testify in the case.  The government is requested to examine such files for evidence that any officer has ever made a false statement or has a reputation for dishonesty.  *United States v. Calise*, 996 F.2d 1019, 1021 (9th Cir. 1993); *United States v. Henthorn*, 931 F.2d 29, 30-31 (9th Cir. 1991); *United States v. Kiszewski*, 877 F.2d 210, 216 (2nd Cir. 1989) (*in- camera* review of agent's personnel file necessary regarding bribery allegations); *see also Kyles v. Whitley*, 514 U.S. 419, 436-38 (1995).

22.    Provide the names and addresses of all percipient witnesses interviewed by the government whom the government does *not* intend to call at the trial.  *United States v. Cadet*, 727 F.2d 1453, 1469 (9th Cir. 1984).

23.    Provide the arrest and conviction record of each prospective government witness.  *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988) (criminal records of witnesses must be disclosed even if contained in witness's probation file), *cert. denied*, 109 S. Ct. 1170 (1989); *Perkins v. Lefevre*, 691 F.2d 616, 619-20 (2nd Cir. 1982); *United States v. Auten*, 632 F.2d 478, 481-82 (5th Cir. 1980).  To satisfy this request, the government

must search both national and local records.  *United States v. Perdomo*, 929 F.2d 967, 970-71 (3rd Cir. 1991).

a.    Provide any and all evidence that a criminal case has recently been dismissed against any prospective government witness.  *See United States v. Anderson*, 881 F.2d 1128, 1138-39 (D.C. Cir. 1989) ("prototypical form of bias").

b.    Provide any and all evidence that any prospective government witness has any criminal charge pending against him.  *United States v. Fried*, 486 F.2d 201 (2nd Cir. 1973), *cert. denied*, 416 U.S. 983 (1975); *United States v. Maynard*, 476 F.2d 1170, 1174 (D.C. Cir. 1973) (Pending indictment relevant to bias and motive of witness.

c.    Provide any and all evidence that any prospective government witness is under investigation by federal or state authorities.  *United States v. Chitty*, 760 F.2d 425, 428 (2nd Cir. 1985), *cert. denied*, 474 U.S. 945 (1985).

d.    Provide any and all evidence of an express or *implicit* understanding, deals, offers of immunity, special treatment while in custody, or of past, present, or future compensation between the government or any of its agents and any prospective government witness or his agent.  *See Giglio v. United States*, 405 U.S. 150 (1972) (agreement not to prosecute); *United States v. Schaffer*, 789 F.2d 682, 689 (9th Cir. 1986) (moneys paid for ongoing undercover cooperation in another case); *United States v. Butler*, 567 F.2d 885, 889 (9th Cir. 1978) (prosecutor's "assurances" of future benefits); *United States v. Risken*, 788 F.2d 1361, 1375 (8th Cir. 1986) (implied contingent fees); *United States v. Edwardo-Franco*, 885 F.2d 1002, 1010 (2nd Cir. 1989) (earnings of informant in past cases); *United States v. Partin*, 493 F.2d 750, 759 (5th cir. 1974) ("protective" custody status, per diem and special privileges).

Page 14 -        **FIRST MOTION FOR DISCOVERY**

e.    Provide any and all evidence that any prospective witness has applied for or requested from the government any consideration or benefit including but not limited to any plea bargain, dismissal of any charge, sentence reduction or early parole, whether or not the government agreed to such a request. *Reutter v. Solem*, 888 F.2d 578, 581 (8th Cir. 1989); *Brown v. Dugger*, 831 F.2d 1547, 1558 (11th Cir. 1986).

f.    Provide any and all evidence of any discussion about, or advice concerning, any plea bargain or requested benefit between the government and any prospective witness. *Haber v. Wainwright*, 756 F.2d 1520, 1523-24 (11th Cir. 1985) (government "advice" to witness must be disclosed); *Campbell v. Reid*, 594 F.2d 4, 7 (4th Cir. 1979) (prosecutor's statement to the witness that he "would do the right thing" must be disclosed to the defense even if the witness is unaware of its exact meaning); *Dubose v. Lefevre*, 619 F.2d 973, 978-79 (2nd Cir. 1980) (same).

g.    Provide details concerning the full scope of any witness' past cooperation with the government including but not limited to all moneys, benefits and promises received in exchange for cooperation, the full extent of the witness' assets, and the status of the witness' present and past income tax liability. *United States v. Shafer*, 789 F.2d 682, 688-89 and n. 7 (9th Cir. 1988); *United States v. Eduardo-Franco*, 885 F.2d 1002, 1010 (2nd Cir. 1989) (evidence of past services highly relevant to bias and interest).

h.    Provide all prior statements of any prospective witness relevant to his testimony or relevant to impeachment or bias of the witness. *See United States v. Tincher*, 907 F.2d 600, 602 (6th Cir. 1990) (reversible error for prosecutor to withhold grand jury testimony of witness that contradicted his trial testimony); *United States v. Brumel-Alvarez*, 991 F.2d 1452 (9th Cir. Sept. 1992) (informant's recantation of earlier statement).

Page 15 -      FIRST MOTION FOR DISCOVERY

i.      Provide any and all evidence that any prospective witness has made an inconsistent statement to the government or any of its agents with respect to his or her proposed testimony. *United States v. Isgro*, 974 F.2d 1091, 1099 (9th Cir. 1992) (although dismissal of indictment was not warranted, the court found "intolerable" misconduct where prosecutor failed to disclose prior grand jury testimony of witness which was inconsistent with his trial testimony); *McDowell v. Dixon*, 858 F.2d 945, 949 (4th cir. 1988), *cert. denied*, 109 S. Ct. 1172 (1989) (reversible error to withhold victim's prior inconsistent statement to police about description of attacker); *Lindsey v. King*, 769 F.2d 1034, 1041-43 (5th Cir. 1985) (reversible error to withhold eyewitness' original statement to police that he could not identify assailant); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980) (contradictory statements of witness must be disclosed); *Powell v. Wiman*, 287 F.2d 275, 279-80 (5th Cir. 1961) (same); *United States v. Sudikoff*, 36 F. Supp. 2d 1196, 1202 (C.D. Cal. 1999) ("any variations in an accomplice witness's proposed testimony could be considered favorable to the defense and the existence of such differences should be disclosed under *Brady*").

j.      Provide any and all evidence that any prospective government witness has made a statement inconsistent with or contradictory to any statement by any other person whether or not a prospective witness. *United States v. Minsky*, 963 F.2d 870, 874-76 (6th Cir. 1992) (witness statement to FBI contradicted by third party); *Hudson v. Blackburn*, 601 F.2d 785, 789 (5th Cir. 1979) (statement of police officer refuting witness' statement that he identified Defendant at lineup); *United States v. Hibler*, 463 F.2d 455, 460 (9th Cir. 1972) (statement of police officer casting doubt on story of witness).

k.      Provide any and all evidence that a witness has engaged in crimes though he has not been convicted of those crimes.  *See United States v. Osorio*, 929 F.2d 753, 761 (1st Cir. 1991) (government has constitutional duty "to search for and produce impeachment information requested"); *Powell v. Wiman*, 287 F.2d 275, 279-80 (5th Cir. 1961) (admission of witness to prosecutor that he engaged in several crimes should have been disclosed); *see United States v. Boffa*, 513 F. Supp. 444, 500 (D.C. De. 1980) (prior bad acts of witness discoverable).

l.      Provide any and all evidence that any prospective government witness has ever made any false statement to law enforcement authorities.  *See United States v. Bernal-Obeso*, 989 F.2d 331, 337 (9th Cir. 1993); *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988) (probation file listing instances of the witness lying to authorities); *Brumel-Alvarez*, *supra*, (DEA agent's disbelief of informant).

m.      Provide any and all evidence that any witness has a tendency to lie or exaggerate his testimony.  *United States v. Brumel-Alvarez*, 991 F.2d 1452, 1458 (9th Cir. 1993) (DEA agent's negative view of informant's credibility); *United States v. Strifler,* 851 F.2d 1197, 1202 (9th Cir. 1988) (must disclose probation file of witness showing tendency to lie or overcompensate).

n.      Provide any and all evidence that any prospective witness consumed alcohol or drugs prior to witnessing or participating in the events that gave rise to his testimony.  *See United States v. Butler*, 481 F.2d 531, 534-535 (D.C. Cir. 1973) (drug use impairs memory judgment and credibility); *see United States v. Burnside*, 824 F. Supp. 1215 (N.D. Ill. 1993).

o.      Provide any and all medical, psychological or psychiatric evidence tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired. *See Baily v. Rae,* 339 F.3d 1107, 1114-15 (9th Cir. 2003) (when consent was at issue, government should have disclosed reports that developmentally delayed alleged victim knew the difference between appropriate and inappropriate touching); *United States v. Lindstrom*, 698 F.2d 1154, 1163-68 (11th Cir. 1983) (psychiatric records relevant to credibility); *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980) (psychiatric records reflecting on the competency or credibility of witness); *Butler*, *supra*, 481 F.2d at 534-535 (drug use); *United States v. McFarland*, 371 F.2d 701, 705 (2nd Cir.) (prior hospitalizations of witness for mental illness), *cert. denied*, 387 U.S. 906 (1966); *Powell v. Wiman*, 287 F.2d 275, 279 (5th Cir. 1961) (same).

p.      Provide any and all evidence that a prospective government witness is biased or prejudiced against the Defendant or has a motive to falsify or distort his testimony. *See United States v. Strifler*, 851 F.2d at 1202 (motive to inform discoverable, has a motive to lie, exaggerate or distort his testimony).

q.      Provide any and all evidence that a prospective government witness has taken a polygraph examination and the result thereof. *See Carter v. Rafferty*, 826 F.2d 1299, 1305 (3rd Cir. 1987), *cert. denied*, 484 U.S. 1011 (1988); *United States v. Lynn*, 856 F.2d 430, 432-33 (1st Cir. 1988).

24.    Provide any and all evidence that someone other than the Defendant committed, or was ever suspected of committing, the crime charged. *Brady v. Maryland*, 373 U.S. 83 (1963) (statement of accomplice that he, not Defendant, did actual shooting); *Miller v. Angliker*, 848 F.2d 1312, 1321-23 (2nd Cir. 1988) (reversible error not to disclose

evidence suggesting that person other than Defendant committed murders), *cert. denied*, 109 S. Ct. 224 (1988); *Bowen v. Maynard*, 799 F.2d 593, 613 (10th Cir. 1986) (reversible error not to disclose existence of suspect who resembled Defendant), *cert. denied*, 107 S. Ct. 458 (1986); *Walker v. Lockhart*, 763 F.2d 942 (8th Cir. 1985) (*en banc*) (due process violated when police suppressed statement by prisoner arguably admitting that he committed the shooting for which the Defendant was convicted), *cert. denied*, 106 S. Ct. 3332 (1986); *Sellers v. Estelle*, 651 F.2d 1074, 1076-77 (5th Cir. 1981) (failure to disclose police reports suggesting guilt of another, reversible error); *James v. Jago*, 575 F.2d 1164, 1168 (6th Cir. 1978) (error not to disclose statement of witness not mentioning Defendant).

25.    State the name of any person, whether or not he/she will be a witness, who could not identify the Defendant or was unsure of the Defendant's identity or the Defendant's participation in the crime charged, and the content of any such statement. *See Kyles v. Whitley,* 514 U.S. 419, 454 (1995) (reversible error not to disclose evidence of misidentification by crucial witness); *James v. Jago*, 575 F.2d 1164, 1168 (6th Cir. 1978) (statement of eyewitness to crime which did not mention Defendant must be disclosed); *Jackson v. Wainwright*, 390 F.2d 288, 298 (5th Cir. 1968) (prosecution must disclose statement of witness casting doubt on Defendant's identity); *United States v. Wilkins*, 326 F.2d 135, 138 (2nd Cir. 1964) (reversible error to fail to disclose names of two witnesses who said that the Defendant was not the bank robber after viewing him at police station).

26.    Provide access to physical evidence tending to exculpate the Defendant in whole or in part or tending to mitigate punishment. *See Miller v. Pate*, 386 U.S. 1, 6 (1967) (evidence that clothing was covered with paint, not blood); *Brown v. Borg*, 951 F.2d 1011 (9th Cir. 1991) (evidence that victim not robbed before she was killed); *United States v.*

*Spagnoulo*, 960 F.2d 990, 994 (11th Cir. 1992) (psychiatric report raising question as to Defendant's sanity and competence); *Hillard v. Spaulding*, 719 F.2d 1443 (9th Cir. 1983) (sperm sample); *United States v. Biberfeld*, 957 F.2d 98, 102-03 (3rd Cir. 1992) (corroborating Defendant's testimony and impeaching government witness); *Walker v. Lockhart*, 763 F.2d 942 (8th Cir. 1985) (en banc) (transcript of prisoner conversation in which he arguably admitted crime for which Defendant on trial), *cert. denied* 106 S. Ct. 3332 (1986); *United States v. Poole*, 379 F.2d 648 (7th Cir. 1967) (medical exam showing no evidence of sexual assault); *Barbee v. Warden*, Maryland Penitentiary, 331 F.2d 842 (4th Cir. 1964) (ballistics report showing gun in evidence was not the assault weapon); *Ashley v. Texas*, 319 F.2d 80 (psychologist's report that Defendant was incompetent to stand trial); *United States v. Weintraub*, 871 F.2d 1257, 1264 (5th Cir. 1989) (sentence vacated where prosecutor failed to disclose testimony of co-conspirator which lessened amount of drugs attributable to the Defendant).

27.    Provide any and all evidence mitigating the punishment of the Defendant whether or not the sentence is pursuant to the guidelines. *Brady v. Maryland*, 373 U.S. 83 (1963) (accomplice statement that he, not Defendant, was actual shooter mitigates punishment of Defendant); *United States v. Weintraub*, 871 F.2d 1257, 1264 (5th Cir. 1989) (guideline sentence vacated where prosecutor failed to disclose testimony of co-conspirator which lessened amount of drugs attributable to Defendant); *Lewis v. Lane*, 832 F.2d 1446 (7th Cir. 1987) (evidence that Defendant not validly convicted of prior which made him death eligible).

28.    State the commencement and termination date of the grand jury that indicted the Defendant. *In Re Grand Jury Investigation*, 903 F.2d 180, 182 (3rd Cir. 1990); *See In*

*Re Special Grand Jury* (for Alaska), 674 F.2d 778 (9th Cir. 1982) (Defendant and public may have access to ministerial records of the grand jury); *Spagnoulo*, 960 F.2d 994 (psychiatric report).

29.    State the number (not names) of grand jurors attending each session of the grand jury and the number of grand jurors (not names) voting to indict.  *See United States v. Leverage Funding Systems, Inc.*, 637 F.2d 645, 649 (9th Cir. 1980) (prerequisites to valid indictment are that "every grand jury session was attended by at least 16 jurors" and that "at least 12 jurors vote to indict."); *United States v. Alter*, 482 F.2d 1016, 1029 n. 21 (9th Cir. 1973) (ministerial matters like court's legal instructions to grand jury must be disclosed).

30.    Identify by name every prospective government witness to be called at trial. *See Arizona v. Manypenny*, 672 F.2d 761, 765 (9th Cir. 1982) (court has inherent authority to order discovery of names of witnesses); *United States v. Armstrong*, 621 F.2d 951, 954-55 (9th Cir. 1980); *cf. United States v. Tucker*, 716 F.2d 576, 583 (9th Cir. 1983) (ineffective assistance of counsel to fail to interview government witnesses before trial); *Callahan v. United States*, 371 F.2d 658, 660 (9th Cir. 1967) ("both sides have right to interview witnesses before trial").

The government is requested to seek the above information from each federal and state agency involved in this case.  *United States v. Osorio*, 929 F.2d 753 (1st Cir. 1991); *United States v. Bryan*, 868 F.2d 1032, 1036-37 (9th Cir. 1989).

## The Prosecutor Has A Duty Of Inquiry

The prosecutor is requested to make personal and specific inquiry of each government agent and agency in any way connected to the case for each of the above

items, even if the agent or agency is outside the District of Oregon.  *Kyles v. Whitley*, 514 U.S. 419, 437 (1995) ("the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police"); *United States v. Alvarez*, 86 F.3d 901, 905 (9th Cir. 1996) ("the better practice is for the prosecutor herself to review [surveillance notes for Brady Materials]"); *United States v. Wood*, 57 F.3d 733, 737 (9th Cir. 1995) (prosecutor has duty to consult with FDA for *Brady* material; *United States v. Bryan*, 868 F.2d 1032, 1036-37 (9th Cir. 1989) (prosecutor deemed to have knowledge of, and access to, anything in possession, custody or control of any federal agency evidence if outside district of prosecution); *United States v. Santiago*, 46 F.3d 885, 893-894 (9th Cir.) (government has access to Bureau of Prisons files on inmates.  But the FDA did.  For Brady purposes, the FDA and the prosecutor were one."). *United States v. Colima-Monge*, 962 F. Supp. 1337, 1341 (D. Or. 1997) (documents held by an interjurisdictional agency deemed within the possession, custody, or control of the federal government).  "[T]he prudent prosecutor will resolve doubtful questions in favor of disclosure."  Kyles, 514 U.S. at 439 (quoting *United States v. Agurs*, 427 U.S. 97, 108 (1976)); *Carriger v. Stewart*, 132 F.3d 463, 479-80 (9th Cir. 1997) ("the prosecution has a duty to learn of any exculpatory evidence known to others acting on the government's behalf").

See also *Demjanjuk v. Petrovsky*, 10 F.3d 338, 353 (6th Cir. 1994) (in not disclosing exculpatory evidence, government perpetrated fraud on the court by making a "the-right-hand-did-not-know-what-the-left-hand-was-doing argument"); *United States v. Osorio*, 929 F.2d 753, 762 (1st Cir. 1991) ("the prosecutor is duty bound to demand compliance with disclosure responsibilities by all relevant dimensions of the government"); *United States v.*

*Perdomo*, 929 F.2d 967, 969-971 (3rd Cir. 1991) (United States Attorney responsible for locating criminal record in local jurisdiction as well as NCIC records); *United States v. Endicott*, 869 F.2d 452 455-56 (9th Cir. 1989) (knowledge of additional payments to witness imputed to prosecutor); *United States v. Butler*, 567 F.2d 885, 891 (9th Cir. 1978) (prosecutor responsible for promise by agent even if prosecutor did not know of it); *United States v. Bailleux*, 685 F.2d 1105, 1113 (9th Cir. 1982) (tape in custody of F.B.I. is deemed in custody of U.S. Attorney), receded from on other grounds by *United States v. Miller*, 874 F.2d 1255 (9th Cir. 1989); *United States v. Brooks*, 966 F.2d 1500, 1503 (D.C. Cir. 1992) (prosecutor must search police files for information affecting credibility of police officer who was key witness and who, after first trial, was found shot in her apartment with revolver in presence of another police officer); *United States v. Auten*, 632 F.2d 478, 481 (5th Cir. 1980) (information in filed of federal agency is deemed in possession of prosecutor); *United States v. Jackson*, 780 F.2d 1305, 1308 n. 2 (7th Cir. 1986) (FBI's knowledge attributable to prosecutor); *Martinez v. Wainwright*, 621 F.2d 184, 186-87 (5th Cir. 1980) (rap sheet in medical examiner's file is deemed in custody of prosecution); *Barbee v. Warden*, *Md. Penitentiary*, 331 F.2d 842, 846 (4th Cir. 1964) (exculpatory ballistics report known only to police deemed in possession of prosecutor); *United States v. McCord*, 509 F.2d 334, 342 n.14 (D.C. Cir. 1975) (en banc) ("prosecution" includes "all agencies of the federal government involved in any way" in the case).

### The Prosecutor Has A Duty Of Continuing Discovery

The government has a continuing duty to disclose the foregoing evidence as soon as the government or any of its agents discovers its existence.  *See Mooney v. Holohan*, 294 U.S. 103, 108 (1935) (prosecutor must disclose that witness had committed perjury

even when he first learns this at trial); *United States v. Chestang*, 849 F.2d 528, 532 (11th Cir. 1988) (continuing duty to disclose breached when prosecutor did not disclose fact that witness would soon accept immunity offer).

The Ninth Circuit does not hesitate to "condemn" any prosecutorial breach of trust respecting its duty to disclose arguably favorable evidence. *United States v. McClintock*, 748 F.2d 1278, 1285 (9th Cir. 1984). Any doubt about the need to disclose such evidence must be resolved "in favor of disclosure." *United States v. Ramirez*, 608 F.2d 1261, 1266 n.6 (9th Cir. 1979); *Kyles v. Whitley*, 514 U.S. 419, 439 (1995); *United States v. Agurs*, 427 U.S. 97, 108 (1976).

The duty to disclose encompasses even those documents and statements the defense might already have. *Gantt v. Roe*, 389 F.3d 908, 913 (9th Cir. 2004) ("Though defense counsel could have conducted his own investigation, he was surely entitled to rely on the prosecution's representation that it was sharing the fruits of the police investigation."); *United States v. Howell*, 231 F.3d 615, 625 (9th Cir. 2000) ("[t]he availability of particular statements through the defendant himself does not negate the government's duty to disclose").

Disclosure is required even if, in the government's view, the evidence is not admissible at trial. *Spence v. Johnson*, 80 F.3d 989, 1005 n.14 (5th Cir. 1996). *United States v. Sudikoff*, 36 F. Supp. 2d 1196, 1201 (C.D. Cal. 1999) (*Brady* requires "the disclosure of information that is likely to result in admissible evidence that would give the jury a court a more complete basis for judging guilt or punishment").

Should the prosecutor have a good faith doubt whether evidence should be disclosed, he or she is required to ask the court for an in camera review. *See United*

*States v. Scafe*, 822 F.2d 928, 936 (10th Cir. 1987)(good faith belief that defendant's statements not discoverable does not excuse failure to disclose); *United States v. Lehman*, 756 F.2d 725, 729 (9th Cir. 1985) (prosecution must either disclose the material or submit it to the court); *United States v. Cadet*, 727 F.2d 1453, 1470 (9th Cir. 1984) ("This unfortunate contretemps could have been avoided had the United States Attorney's Office been willing to produce all Brady and Rule 16 material in a timely manner and to submit material as to which there was any doubt for in camera review.").

RESPECTFULLY SUBMITTED this 22nd day of October, 2007.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender