KARIN J. IMMERGUT, OSB #96314
United States Attorney
District of Oregon
CHRISTOPHER L. CARDANI
Assistant United States Attorney
405 East 8th Avenue, Suite 2400
Eugene, OR  97401
(541) 465-6771
chris.cardani@usdoj.gov
CHARLES F. GORDER, JR., OSB #912874
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR  97204
(503) 727-1000
charles.gorder@usdoj.gov
        Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR 05-60008-02 |
| ) | |
|     Plaintiff, ) | GOVERNMENT'S |
| ) | MEMORANDUM IN SUPPORT |
|   vs. ) | OF CLASSIFIED INFORMATION |
| ) | PROCEDURES ACT, SECTION |
| PEROUZ SEDAGHATY, ) | 2 HEARING |
| a/k/a Pete Seda and Abu Yunus, ) | |
| ) | |
|     Defendant. ) | |

    The United States of America, through its undersigned counsel,

herein submits this memorandum, discussing matters relating to the

Classified Information Procedures Act.

Page 1- Government's Memorandum on Classified Information Procedures Act

**Introduction**

On October 27, 2007, defendant Sedaghaty filed a motion for discovery, and supplemented that motion with a pleading filed on March 17, 2008. Some of the items contained in those discovery requests implicate matters involving national security and classified information.[1] On March 21, 2008, the government filed a notice, indicating that it was invoking Section 2 of the Classified Information Procedures Act (hereinafter "CIPA"), which is codified and reproduced in 18 U.S.C. App. 3. CIPA provides a set of rules governing how classified information is to be handled in criminal cases.

On April 29, 2008, this Court will preside over a scheduling conference concerning matters relating to anticipated CIPA litigation. The following is a memorandum containing an overview of CIPA. Although there will be no classified information submitted or discussed during the scheduling conference, this memorandum is offered to assist the Court in

---

[1]On April 25, 2008 the government will be submitting a response to defendant's motions for discovery. That response will contain a factual background of the case and of the Al-Haramain Islamic Foundation, and discuss some of the classified aspects of defendant's discovery motions.

Page 2- Government's Memorandum on Classified Information Procedures Act

setting dates for the submission of substantive CIPA pleadings likely to be filed in this case.

## Overview of CIPA

CIPA contains a set of procedures by which federal courts rule on pretrial matters concerning the discovery, admissibility and use of classified information in criminal cases.  See United States v. Baptista-Rodriguez, 17 F.3d 1354, 1363 (11th Cir. 1994).  CIPA's fundamental purpose is to "harmonize a defendant's right to obtain and present exculpatory material [at] trial and the government's right to protect classified material in the national interest." United States v. Pappas, 94 F.3d 795, 799 (2d Cir. 1996) (citation and internal quotations omitted).  It "evidence[s] Congress's intent to protect classified information from unnecessary disclosure at any stage of a criminal trial." United States v. Apperson, 441 F.3d 1162, 1192 n.8 (10th Cir. 2006) (citation omitted).

The Supreme Court has acknowledged the importance of protecting the nation's secrets from disclosure: "The Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the

Page 3- Government's Memorandum on Classified Information Procedures Act

effective operation of our foreign intelligence service." CIA v. Sims, 471 U.S. 159, 175 (1985) (quoting Snepp v. United States, 444 U.S. 507, 509 n.3 (1980) (per curiam)); accord Chicago & Southern Air Lines, Inc. v. Waterman S.S. Corp., 333 U.S. 103, 111 (1948) ("The [executive branch] has available intelligence services whose reports are not and ought not to be published to the world."). Accordingly, federal courts have long recognized that "[i]t is not in the national interest for revelation of either the existence or the product of [foreign intelligence operations and information] to extend beyond the narrowest limits compatible with the assurance that no injustice is done to the criminal defendant." United States v. Lemonakis, 485 F.2d 941, 963 (D.C. Cir. 1973).

CIPA neither creates any new right of discovery nor expands the rules governing the admissibility of evidence. See United States v. Johnson, 139 F.3d 1359, 1365 (11th Cir. 1998) ("CIPA has no substantive impact on the admissibility or relevance of probative evidence."); accord United States v. Dumeisi, 424 F.3d 566, 578 (7th Cir. 2005) ("CIPA does not create any discovery rights for the defendant."); United States v. Smith, 780 F.2d 1102, 1106 (4th Cir. 1985) (en banc). Rather, CIPA applies preexisting general discovery law in criminal cases to classified information

Page 4- Government's Memorandum on Classified Information Procedures Act

and restricts discovery of classified information to protect the government's national security interests.  See Baptista-Rodriguez, 17 F.3d at 1363-64; United States v. Klimavicius-Viloria, 144 F.3d 1249, 1261 (9th Cir. 1998); United States v. Yunis, 867 F.2d 617, 621 (D.C. Cir. 1989).  Accordingly, CIPA does not "expand the traditional rules of discovery under which the government is not required to provide criminal defendants with information that is neither exculpatory nor, in some way, helpful to the defense." United States v. Varca, 896 F.2d 900, 905 (5th Cir. 1990); accord United States v. McVeigh, 923 F. Supp. 1310, 1314 (D. Colo. 1996) ("But CIPA does not enlarge the scope of discovery or of Brady.").  Nor does it provide that the admissibility of classified information be governed by anything other than the well-established standards set forth in the Federal Rules of Evidence.  See Baptista-Rodriguez, 17 F.3d at 1364.[2]

    A.    Section 1 - Definitions

For the purposes of CIPA, "classified information" includes any information or material that has been determined by the United States

---

[2] Instructive CIPA cases from the Ninth Circuit may be found at:  United States v. Klimavicius-Viloria, 144 F.3d 1249 (9th Cir. 1998);  United States v. Rewald, 889 F.2d 826 (9th Cir. 1989);  and United States v. Sarkissian, 841 F.2d 959 (9th Cir. 1988).

Government pursuant to law or regulation to require protection against unauthorized disclosure for reasons of national security. 18 U.S.C. App. 3 at §1(a). "National security" means the national defense and foreign relations of the United States. Id. at §1(b).

CIPA applies equally to classified testimony and classified documents. See United States v. Lee, 90 F. Supp. 2d 1324, 1326 n.1 (D.N.M. 2000) (citing United States v. North, 708 F. Supp. 399, 399-400 (D.D.C. 1988)); Kasi v. Angelone, 200 F. Supp. 2d 585, 596-97 (E.D. Va. 2002) (applying CIPA to classified testimony).

    B.    Section 2 - Pretrial Conference

Section 2 of CIPA authorizes the court, upon motion by any party or at its own discretion, to hold a pretrial conference "to consider matters relating to classified information that may arise in connection with the prosecution." 18 U.S.C. App. 3 at §2. Following such motion, which the government has already filed in this case, CIPA requires that the court promptly hold the pretrial conference to establish: (1) the timing of requests for discovery by the defense; (2) the provision of the requisite written pretrial notice to the United States of the defendant's intent to disclose classified information, pursuant to Section 5 of CIPA; and (3) the initiation

Page 6- Government's Memorandum on Classified Information Procedures Act

of hearings concerning the use, relevance and admissibility of classified information pursuant to Section 6 of CIPA. Id. In addition, the court may consider any matters that relate to classified information or that may promote a fair and expeditious trial. Id. No substantive issues concerning the use of classified information are to be decided in a Section 2 pretrial conference. See S. Rep. No. 96-823, at 5-6, reprinted in 1980 U.S.C.C.A.N. 4294, 4298-99 (96th Cong. 2d Sess.).

C.   Section 3 - Protective Order

Section 3 of CIPA mandates that the district court issue a protective order upon motion by the United States to protect against the disclosure of any classified information that may be disclosed by the government to a defendant. Id. at §3. Section 3 was intended "to codify the well-established practice, based on the inherent authority of federal courts, to issue protective orders," Pappas, 94 F.3d at 801, as well as to supplement the district court's authority under Rule 16(d)(1) to issue protective orders in connection with the discovery process.[3] In contrast to Rule 16(d)(1)'s discretionary authority, however, Section 3 "makes it clear that protective

---

[3] Rule 16(d)(1) provides in relevant part that "at any time the court may, for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief."

Page 7- Government's Memorandum on Classified Information Procedures Act

orders are to be issued, if requested, whenever the government discloses classified information to a defendant in connection with a prosecution, e.g. Brady and Jencks material." Id.

    D.    Section 4 - Protection of Classified Information During Discovery

Section 4 of CIPA authorizes the district court "upon a sufficient showing" to deny or otherwise restrict discovery by the defendant of classified documents and information belonging to the United States. 18 U.S.C. App. 3 at §4; see, e.g., United States v. Rezaq, 134 F.3d 1121, 1142 (D.C. Cir. 1998); Yunis, 867 F. 2d at 619-625. Similarly, the Federal Rules of Criminal Procedure provide, in pertinent part, that "[u]pon a sufficient showing," a district court: "may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The legislative history of CIPA makes it clear that Section 4 was intended to clarify the district court's power under Rule 16(d)(1) to deny or restrict discovery in order to protect national security. See S. Rep. No. 96-823 at 6, 1980 U.S.C.C.A.N. at 4299-4300; see also United States v. Pringle, 751 F. 2d 419, 427 (1st Cir. 1984).

Section 4 provides, in pertinent part, that a district court:

> upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove. The Court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone.

18 U.S.C. App. 3 at §4. In essence, Section 4 allows the United States to request that the court review, ex parte and in camera, classified information to determine whether it is discoverable under Rule 16, Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), or the Jencks Act, and to protect such classified information from disclosure through various means if it is discoverable.[4] See United States v. Libby, 429 F. Supp. 2d 18, 22 (D.D.C. Apr. 5, 2006) (amended by United States v. Libby, 429 F. Supp. 2d 46, 47 (D.D.C. May 3, 2006)); see also Klimavicius-Viloria, 144 F.3d at 1261-62; Rezaq, 134 F.3d at 1142; Yunis,

---

[4] In determining whether classified information provided to the court under CIPA is relevant and potentially discoverable, it is appropriate for the court to meet with government counsel ex parte to discuss the matter. See United States v. Klimaviciius-Viloria, 144 F.3d at 1261.
Page 9- Government's Memorandum on Classified Information Procedures Act

867 F.2d at 619-25; Pringle, 751 F.2d at 427-28; Kasi, 200 F. Supp. 2d at 596 n.6.

For example, the government may request that the court deny discovery of a classified document in its entirety pursuant to Section 4 because it is not discoverable under the relevant legal standard. Libby, 429 F. Supp. 2d at 48. Alternatively, the government may file a motion under Section 4 to delete specific classified information from a document that either the government or the court has deemed discoverable, or to substitute an unclassified summary or admission in the place of the document. Id. at 47. If the court determines that the disputed document is not subject to discovery or, if it is, permits deletion or substitution of the classified information, then the entire text of any ex parte in camera pleadings shall be sealed and preserved in the court's record to be made available to the appellate court in the event of an appeal. 18 U.S.C. App. 3 at §4; see also United States v. Aref, No. 04-CR-402, 2006 WL 1877142, at *2 (N.D.N.Y. Jul. 6, 2006).

    E.    Sections 5 and 6 - Procedure for Cases Involving Classified Information Possessed by the Defendant

Sections 5 and 6 of CIPA apply when a criminal defendant who already possesses classified information seeks to disclose such

Page 10- Government's Memorandum on Classified Information Procedures Act

information during the course of a trial or proceeding.  See, e.g., Baptista-Rodriguez, 17 F.3d at 1363; United States v. Collins, 720 F.2d 1195, 1199-1200 (11th Cir. 1983).  Section 5 requires the defendant to provide timely written notice to the court and the government describing any classified information that he reasonably expects to disclose.  See 18 U.S.C. App. 3 at §5(a).[5]  Notification must take place "within the time specified by the court, or where no time is specified, within thirty days prior to trial."  Id.  Although the description of the classified information may be brief, it must be particularized and set forth the specific classified information that the defendant reasonably believes to be necessary to his defense.  See Collins, 720 F.2d at 1199.  The defendant must provide formal notice under Section 5 even if the government believes or knows that the defendant may assert a defense involving classified information.  See United States v. Badia, 827 F.2d 1458, 1465-66 (11th Cir. 1987).

---

[5]On January 25, 2008, this Court entered a minute order (CR 88) which was sealed by the Court but provided to counsel for defendant and the government.  If the subject matter discussed in that minute order involves classified information, then the government requests that this Court order counsel for defendant to provide notice to the court and to counsel for the government, as required by section 5(a) of CIPA, if they intend on using that information at any stage of the case.

Page 11- Government's Memorandum on Classified Information Procedures Act

Section 5 specifically prohibits the defendant from disclosing any classified information in a trial or pretrial proceeding until such notice has been given, the government has had the opportunity to seek a determination pursuant to Section 6, and any appeal by the government under section 7 has been decided or the time for filing an appeal has expired. 18 U.S.C. App. 3 at §5(a). If the defendant fails to provide the requisite pretrial notice, then the court may preclude disclosure of any classified information not made the subject of notification, and may prohibit the defendant from examining any witness with respect to such information. Id. at §5(b).

After the defendant files the requisite notice, under Section 6(a), the government may request a hearing at which the court will make "all determinations concerning the use, relevance or admissibility" of the proposed defense evidence. 18 U.S.C. App. 3 at §6(a). Upon such a request, the court shall conduct a hearing. Id. Such hearing shall be conducted in camera if the Attorney General certifies to the court that a public proceeding may result in the disclosure of classified information. Id. Prior to the hearing, the government must first provide the defendant with notice of the classified information that will be at issue. Id. at §6(b)(1). If

Page 12- Government's Memorandum on Classified Information Procedures Act

the particular information was not previously available to the defendant, the government may, with the court's approval, provide a generic description of the material to the defendant. Id. The court may also, upon request of the defendant, order the government to provide the defendant prior to trial "such details as to the portion of the indictment or information at issue in the hearing as are needed to give the defendant fair notice to prepare for the hearing." Id. at §6(b)(2).

If the government requests a hearing before the proceeding at which the defendant expects to disclose the classified information, the court must issue a ruling before the proceeding commences. Id. at §6(a). The court's ruling must be in writing and set forth the basis for its determination as to each item of classified information. Id.

If, after an in camera hearing, the court determines that the classified information at issue may not be disclosed or elicited during the proceeding, the record of the hearing must be sealed and preserved for use in the event of an appeal. Id. at §6(d). If the court finds the classified evidence may be disclosed or elicited, the government may move for, and the court may authorize: (1) the substitution of a statement admitting relevant facts

Page 13- Government's Memorandum on Classified Information Procedures Act

that the specific classified information would tend to prove, or (2) the substitution of a summary of the classified information. Id. at §6(c)(1).

If the court denies the government's motion for substitution under Section 6(c), CIPA permits the government, by affidavit from the Attorney General, to object to the disclosure of the classified information at issue. Id. at §6(e)(1). Upon the government's filing of the Attorney General's affidavit, the court "shall order that the defendant not disclose or cause the disclosure of such information," id., and may impose a sanction against the government to compensate for the defendant's inability to present proof of the specific item of classified information. See S. Rep. 96-823 at 9, 1980 U.S.C.C.A.N. at 4302-3. Section 6(e)(2) provides a sliding scale of possible sanctions, which include dismissal of specific counts, finding against the government on an issue to which the classified information related, striking or precluding testimony of a witness, or dismissing the indictment. 18 U.S.C. App. 3 at §6(e)(2). An order imposing a sanction shall not take effect until the government has the opportunity to appeal the order under Section 7 and thereafter withdraw its objection to the disclosure of the information. Id.

Whenever the court rules at a Section 6(a) hearing that classified information is admissible, the court must require the government to provide the defendant with information it expects to use to rebut the classified information "unless the interests of fairness do not so require." Id. at §6(f). The court may place the United States under a continuing duty to disclose rebuttal information. Id. If the government fails to comply, the court may exclude the rebuttal evidence and prohibit the government from examining any witness with respect to such information. Id.

    F.    Section 7 - Interlocutory Appeal

Section 7 permits the United States to take an interlocutory expedited appeal to the appellate court if the district court: (a) authorizes the disclosure of classified information; (b) imposes sanctions for nondisclosure of classified information; or (c) refuses to issue a protective order sought by the United States to prevent the disclosure of classified information. Id. at §7. If an appeal is taken, trial shall not commence, or must be adjourned if already commenced, until the appeal is resolved. Id. Such an appeal and decision does not affect the defendant's right to lodge a subsequent appeal upon conviction of an adverse ruling by the trial court. Id. at §7(b).

Page 15- Government's Memorandum on Classified Information Procedures Act

> G.  Section 8 - Procedures Governing the Introduction of <u>Classified Information at Trial or at Pretrial Proceeding</u>

Section 8 prescribes additional protections and procedures governing the introduction of classified information into evidence. <u>Id</u>. at §8. Specifically, Section 8(a) provides that classified documents may be admitted into evidence without changing their classification status. This provision allows the classifying agency, upon completion of the trial, to decide whether information has been so compromised that it could no longer be regarded as classified. <u>See</u> S. Rep. No. 96-823 at 10, 1980 U.S.C.C.A.N. at 4304.

Section 8(b) permits the court to order admission into evidence of only a part of a document when fairness does not require the whole document to be considered. The purpose of this provision is to clarify Federal Rule of Evidence 106, known as the rule of completeness, in order to prevent unnecessary disclosure of classified information. <u>Id</u>. at 10-11, 1980 U.S.C.C.A.N. at 4304.

Section 8(c) provides a procedure to address the problem presented at a proceeding when the defendant's counsel asks a question or embarks on a line of inquiry that would require the witness to disclose classified information. <u>Id</u>. at 11, 1980 U.S.C.C.A.N. at 4304. Specifically, under

Page 16- Government's Memorandum on Classified Information Procedures Act

Section 8(c), the government may object to any question or line of inquiry that may require the witness to disclose classified information that was not previously held to be admissible. 18 U.S.C. App. 3 at §8(c). Following an objection, the court "shall take such suitable action to determine whether the response is admissible as will safeguard against the compromise of any classified information." Id. In effect, this procedure supplements the notice provision under Section 5 and the hearing provision in Section 6(a) to cope with situations that cannot be handled effectively by those sections, such as where the defense counsel does not realize that the answer to a given question will reveal classified information. S. Rep. No. 96-823 at 11, 1980 U.S.C.C.A.N. at 4304-5.

    H.    <u>Section 9 - Security Procedures</u>

Section 9 requires the Chief Justice of the United States, in consultation with other executive branch officials, to prescribe rules establishing procedures to protect classified information in the custody of federal courts from unauthorized disclosure. 18 U.S.C. App. 3 at §9(a). Security Procedures established by former Chief Justice Burger pursuant to this provision are codified directly following Section 9 of CIPA.

Page 17- Government's Memorandum on Classified Information Procedures Act

I.      Sections 9A Through 15

Sections 9A through 15 are miscellaneous provisions of CIPA which are not likely to be pertinent to this case.

## Conclusion

Due to defendant's discovery requests, the United States anticipates that issues relating to classified information will arise in connection with this case, and that substantive CIPA submissions will be filed. At the hearing on April 29th, counsel for the government will be prepared to discuss the timing of these submissions.

    Respectfully submitted,

    KARIN J. IMMERGUT
    United States Attorney
    District of Oregon


    /s/ *Christopher L. Cardani*
    _____
    CHRISTOPHER L. CARDANI
    Assistant United States Attorney

    /s/ *Charles F. Gorder, Jr.*
    _____
    CHARLES F. GORDER, JR.