Steven T. Wax, OSB No. 85012
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: steve_wax@fd.org

Lawrence Matasar, OSB No. 74209
621 SW Morrison Street, Suite #1025
Portland, OR 97205
Tel: (503) 222-9830
Email: larry@pdxlaw.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>            v.<br><br>PIROUZ SEDAGHATY,<br><br>                                    Defendant. | CR 05-60008<br><br>MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR MODIFICATION OF COURT ORDER OF MAY 16, 2008, AND MOTION FOR ACCESS TO CLASSIFIED MATERIAL |

Defendant, Pirouz Sedaghaty, through his attorneys, Lawrence Matasar and Federal Public Defender Steven T. Wax, hereby files this memorandum in support of his renewed motion regarding discussion of and access to the classified document in the Sensitive

Page 1 -    MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR MODIFICATION OF COURT ORDER OF MAY 16, 2008, AND MOTION FOR ACCESS TO CLASSIFIED MATERIAL

Compartmented Information Facility (SCIF). The defense team is entitled under the Fifth and Sixth Amendments to discuss the classified document and have access to it.

On January 10, 2008, counsel for Mr. Sedaghaty contacted Court Security Officer Erin Hoggarty to discuss procedures for handling potentially classified information within the possession of the defense. On January 24, 2008, defense provided material to Ms. Hoggarty that was subsequently transmitted to a SCIF in Washington, D.C., at the Department of Justice Court Security Office. In May 2008, counsel for Mr. Sedaghaty contacted Court Security Officer Erin Hoggarty and requested that she provide guidance on, and make available, facilities for discussion among defense counsel and Mr. Sedaghaty about the item that had been placed in the SCIF, and for preparation of pleadings that discussed classified information. In response to that communication, the Court, by order of May 16, 2008, precluded any discussion among defense counsel, or any members of the defense team, regarding the contents of the material defense counsel placed in the SCIF.

On June 16, 2008, counsel for Mr. Sedaghaty filed a motion seeking modification of the order to permit communication among defense counsel and defense team regarding the material in the SCIF. At a hearing held on July 15, 2008, the Court declined to modify its order without prejudice, but noted that it would address the issue after the September 5, 2008 filing. Mr. Sedaghaty seeks a final ruling on that order and also for access to the document at this time.

### A. The Motion For Communication And Access Is Not Governed By Section 4 Of CIPA.

As a preliminary matter, it is important to clarify that questions about discussion of, and access to, the top secret document that has entered the case through the defense are separate from any questions about the government's discovery obligations. While the existence of the document is highly relevant to the scope of the government's discovery obligations and potential motions in this case, questions about defense communications and review of the document do not fall within section 4 of CIPA. That section of the statute only governs classified material produced by the government in discovery. CIPA will only come into play with respect to the defense document if Mr. Sedaghaty gives notice under Section 5 that he intends to offer classified material in pre-trial hearings or motions or at trial. He has not yet given such notice. If he gives such notice, the Court will be required to follow the procedures set out in CIPA Section 6.

### B. The Decision Regarding The Document In The Al Haramain Civil Suit Is Inapplicable In This Criminal Case.

The civil ruling derived from the suit filed by Al Haramain and its attorneys challenging the Terrorist Surveillance Program (TSP) and alleging that the National Security Agency (NSA) conducted warrantless electronic surveillance of communications between a director or directors of Al Haramain and its attorneys without regard to the procedures required by Foreign Intelligence Surveillance Act (FISA) does not limit defense discussion of, or access to, the document in this criminal case. In the civil suit, plaintiffs filed the "Top Secret" document with the Court. The district court determined that the "Top Secret" document was protected from disclosure by the state secrets privilege, but that any

Page 3 -    MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR MODIFICATION OF COURT ORDER OF MAY 16, 2008, AND MOTION FOR ACCESS TO CLASSIFIED MATERIAL

surveillance event or events contained in the document could be confirmed or denied without harming national security. *Al Haramain Islamic Foundation, Inc. v. Bush*, 451 F.Supp.2d 1215, 1223-24 (D. Or. 2006).

The plaintiffs appealed that decision. The Ninth Circuit found that the "Top Secret" document, among other things, was protected by the state secrets privilege. *Al Haramain Islamic Foundation, Inc.v. Bush,* 507 F.3d 1190, 1204 (9th Cir. 2007). Specifically, the Ninth Circuit concluded that "the [Top Secret] document, its contents, and any individuals' memories of its contents, even well-reasoned speculation as to its contents are completely barred from further disclosure in this litigation by the common law state secrets privilege." *Id*. at 1204-05. The Ninth Circuit remanded to Judge Walker to determine whether FISA preempted the state secrets privilege.[1] Judge Walker determined that FISA preempted the state secrets privilege, but found that, because the Ninth Circuit had prevented the plaintiffs use of the "Top Secret" document, they were unable to establish their "aggrieved person" status under FISA. *In re: National Security Agency Telecommunications Records Litigation*, No. 06-1791-VRW, 2008 WL 2673772, \*\*14, 24 (N.D. Ca. July 2, 2008) (Order pertaining to: *Al-Haramain Islamic Foundation et al v. Bush et al* (C-07-0109 VRW)). Judge Walker concluded by granting the plaintiffs leave to amend their complaint. 2008 WL 2673772, \*\*27-28.

---

[1]After the district court's decision, but before the appeal was decided, this case was consolidated with more than 50 other NSA related cases to Chief Judge Vaughn Walker of the Northern District of California. *Al Haramain Islamic Foundation, Inc. v. Bush*, Civ. No. 07-109-VRW and MDL No. 06-1791 VRW (N.D.Cal).

**Page 4 -    MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR MODIFICATION OF COURT ORDER OF MAY 16, 2008, AND MOTION FOR ACCESS TO CLASSIFIED MATERIAL**

These decisions impose no limit on Mr. Sedaghaty and his counsel's access to this document for several reasons. In previous briefing, Mr. Sedaghaty discussed the constitutional issues involved in limiting defense communication about the document. Memorandum in Support of Motion to Modify Court's May 16, 2008, Order Prohibiting Communication Within the Defense Team and Entering a Protective Order. Given the information that is publicly known about the document[2], there can be no question but that it is relevant to the discovery issues in this case and may well provide the basis for motions challenging the basis for the prosecution. The Supreme Court has specifically held:

> Contrary to a civil case, in a criminal case the state secrets privilege gives way to a defendant's rights to present a defense. The courts have long acknowledged that "[t]he rational of the criminal cases is that since the Government which prosecutes an accused also has the duty to see that justice is done, it is unconscionable to allow it to undertake prosecution and then invoke its governmental privileges to deprive the accused of anything which might be material to his defense. Such rational has no application in a civil forum where the Government is not the moving party, but is a defendant only on terms to which it has consented."

*United States v. Reynolds et al.*, 345 U.S. 1, 12 (1953); *see Jencks v. United States*, 353 U.S. 657, 672 (1957) (holding that the criminal action must be dismissed when the government, on the ground of privilege, elects not to comply with an order to produce, for the accused's inspection and for admission in evidence relevant statements or reports).

---

[2] Public information about the document is set forth in earlier pleadings in this matter. In brief, during the OFAC litigation, OFAC provided a document labeled "TOP SECRET." 2008 WL 2381640. It is believed that the "TOP SECRET" document contains a log of communications that included attorney-client privileged communications. 2008 WL 2381640 at *3. The people mentioned include the co-defendant in this matter, Soliman Al Buthe, and his attorneys.

**Page 5 -**     **MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR MODIFICATION OF COURT ORDER OF MAY 16, 2008, AND MOTION FOR ACCESS TO CLASSIFIED MATERIAL**

In a criminal case, a defendant's right, under the Sixth Amendment to compulsory process, is greater than the government's state secrets privilege. Ultimately, "[t]he burden is the Government's, not to be shifted to the trial judge, to decide whether the public prejudice of allowing the crime to go unpunished is greater than that attendant upon the possible disclosure of state secrets and other confidential information in the Government's possession." *Jencks*, 353 U.S. at 672. As stated in *United States v. Nixon*, 418 U.S. 683, 711-712 (1974), in the context of assertion of executive privilege:

> The right to the production of all evidence at a criminal trial similarly has constitutional dimensions. The Sixth Amendment explicitly confers upon every defendant in a criminal trial the right 'to be confronted with the witnesses against him' and 'to have compulsory process for obtaining witnesses in his favor.' Moreover, the Fifth Amendment also guarantees that no person shall be deprived of liberty without due process of law. It is the manifest duty of the court to vindicate those guarantees, and to accomplish that it is essential that all relevant and admissible evidence be produced. . . . [T]he allowance of the privilege to withhold evidence that is demonstrably relevant in a criminal trial would cut deeply into the guarantee of due process of the law and gravely impair the basic function of the courts.

Here, the defense was in possession of classified material. While it acted to ensure its protection, the defense in no manner waived its right to utilize its material. The Classified Information Protection Act (CIPA) has no relevance in this setting – that statute provides a procedural mechanism for production of classified information from the government in discovery and for protective orders regarding its use in court. The statute does not govern discussion or review of defense material. The right of the defendant to effective counsel is not diminished by the potential use of classified information or the Government's state secrets privilege.

**Page 6 -      MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR MODIFICATION OF COURT ORDER OF MAY 16, 2008, AND MOTION FOR ACCESS TO CLASSIFIED MATERIAL**

**Conclusion**

For all of the reasons set forth herein and in the pleadings regarding discovery and access to and communication about the top secret document previously filed with this court, Mr. Sedaghaty urges this Court to:

1. Permit the defense team to discuss the document that the defense placed in the SCIF;

2. Permit defense counsel to review the document that the defense placed in the SCIF.

Respectfully submitted this 10th day of October, 2008.

    /s/ Steven T. Wax
Steven T. Wax
Federal Public Defender

    /s/ Lawrence Matasar
Lawrence Matasar
Attorney at Law