*EXHIBIT J*

1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

```
UNITED STATES OF AMERICA     .    Criminal No. 1:04cr385
                             .
    vs.                      .    Alexandria, Virginia
                             .    May 16, 2008
ALI AL-TIMIMI,               .    9:45 a.m.
                             .
            Defendant.       .
                             .
. . . . . . . . . . .
```

TRANSCRIPT OF HEARING
BEFORE THE HONORABLE LEONIE M. BRINKEMA
UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE GOVERNMENT:          GORDON D. KROMBERG, AUSA
                             United States Attorney's Office
                             2100 Jamieson Avenue
                             Alexandria, VA 22314
                               and
                             JOHN T. GIBBS, ESQ.
                             Counterterrorism Section
                             Criminal Division
                             United States Department of Justice
                             601 D Street, N.W.
                             Washington, D.C. 200

FOR THE DEFENDANT:           JONATHAN TURLEY, ESQ.
                             The George Washington University
                             Law School
                             2000 H Street, N.W.
                             Washington, D.C. 20052
                               and
                             WILLIAM E. OLSON, ESQ.
                             Bryan Cave LLP
                             700 13th Street, N.W.
                             Washington, D.C. 20005-3960

ALSO PRESENT:                LISA TURNER, ESQ.

(Pages 1 - 8)

COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES

2

1  OFFICIAL COURT REPORTER:        ANNELIESE J. THOMSON, RDR, CRR
                                    U.S. District Court, Fifth Floor
2                                   401 Courthouse Square
                                    Alexandria, VA 22314
3                                   (703)299-8595

```
 1                    P R O C E E D I N G S
 2                      (Defendant not present.)
 3          THE CLERK:  Criminal Case 04-385, United States of
 4   America v. Ali Al-Timimi.  Would counsel please note their
 5   appearances for the record.
 6          MR. KROMBERG:  Good morning, Your Honor.  Gordon
 7   Kromberg and John Gibbs for the United States.  With us in front
 8   of the bar is Lisa Turner from the National Security Agency
 9   General Counsel's Office.
10          THE COURT:  All right.
11          MR. TURLEY:  Good morning, Your Honor.  Jonathan Turley
12   for Dr. Ali Al-Timimi.  I'm joined by my colleague, Will Olson,
13   from the law firm of Bryan Cave.
14                       (Defendant present.)
15          THE COURT:  All right.  We are here again on the
16   defendant's motion for modification of the Court's March 14 order
17   and a hearing on access to ex parte filings.  Obviously, we have
18   an open courtroom today, and therefore, I need to be sensitive to
19   that fact in discussing this matter, and I'm going to cut to the
20   quick on this, all right, because I am concerned about the status
21   of this case, and in particular, I am concerned about the theme
22   that I've repeated several times previously, and that is, the
23   difficulty of respecting the principles of an adversary system
24   when defense counsel are being completely shut out of the loop so
25   to speak.  So far we've had a dialogue to some degree between the
```

4

1  Court and the prosecutors, and you-all have been on the outside.
2          What I am proposing to do, Mr. Kromberg, is I am
3  proposing to set a conference with you, Ms. Gunning, somebody from
4  the agency, and the Court, and we're going to sit down, and we're
5  going to take these ex parte filings that you've been filing, and
6  we are going to talk about the degree to which they can be
7  redacted so that defense counsel can get some sense as to what has
8  been spoken about or talked about in those documents.
9          It is simply inconceivable to me that there cannot be
10 reasonable redactions made to the extent that counsel can at least
11 have some sense as to what is going on so that depending upon how
12 I rule, at least they have some understanding of the basis upon
13 which the Court ruled and can articulate their position in a more
14 meaningful fashion.
15         I have to tell you that some of the matters that are
16 claimed to be classified simply cannot qualify for any
17 classification in a rational system, and I can't even articulate
18 in an open courtroom those matters, but we will do that.
19         Now, Mr. Turley does have a security clearance, and
20 we've talked about this before.  If we're going to go through the
21 expense and bother of getting a defense attorney cleared, then
22 obviously, to some degree, that attorney is going to have a right
23 to have some kind of access to these documents.
24         That's what I want to discuss with you, and so what I'm
25 going to do is yet again put this on a short hold to set up this

1  meeting, and I think that is the fastest way of doing it.
2           There is no question in my mind that, for example, the
3  most recent pleading that you filed, Mr. Kromberg, there are
4  significant portions of that that cannot possibly be classified,
5  because you are reciting case law, you are making legal arguments,
6  you're quoting from cases, and the concept of redaction even for
7  classified information is you only redact that which you have to
8  redact.
9           There are whole paragraphs, I am convinced, in your
10 pleading that if properly looked at, do not deserve to be
11 classified, and so even if ultimately what Mr. Turley sees is a
12 document where 50 percent of it is blacked out, at least it's more
13 than what he's got now, and it would give him as counsel some
14 sense as to what's going on.
15          I also want to remind the government that if we were in
16 a CIPA analysis, which we're not quite there yet, but frequently
17 the government's approach with CIPA is to take classified
18 materials and present to the Court alternative substitutions which
19 the government can live with which counsel can get.  Now, those
20 substitutions are themselves sometimes still classified.  It's a
21 level of classification where the compromise, which I think is an
22 intelligent compromise of balancing the competing interests, the
23 need for defense counsel to have sufficient information to
24 evaluate the case, to be able to advise the client, to understand
25 what their litigation strategy is going to be.

6

1      So that's how I intend to proceed, and we will
2 coordinate with you and the necessary people from the intelligence
3 community, and I intend to sit down with you-all, and we're going
4 to go through this. That's the only way I can see getting this
5 case off dead center, all right?
6      MR. TURLEY: Thank you, Your Honor. And we appreciate
7 your intervention. The only thing I would like to, to add to the
8 record is that not only do I have a clearance, but I've had a
9 TS/SCI since the Reagan administration, and in past cases with the
10 government, I've actually never had a redaction on a classified
11 document.
12      I've had to sign nondisclosure forms, but I've had cases
13 as classified or more classified than this, and I've never
14 actually had a single document redacted as long as I signed the
15 NDAs, so I just simply put that out for the Court's --
16      THE COURT: All right. Now, the other thing is you've
17 requested that your co-counsel also be read in. I have to tell
18 you that again in the constant compromising, in the balancing that
19 we do in this area, I understand the intelligence community's
20 concern about need to know and the fewer number of people, the
21 better.
22      As you'll recall, at one point, Mr. Kromberg didn't have
23 access, and the government was telling me that my law clerks
24 couldn't have access. Now, we compromised. Number one, I forced
25 them to let Mr. Kromberg get access, which to me should not have

1  been an issue, and I agreed to only have one of my clerks,
2  although both of them are cleared, have access to this
3  information. So since I'm living with just half my staff, you
4  will have to do that as well, all right?
5          But again, I'm trying to meet the government in where I
6  think is a reasonable playing field, but we're going to have to
7  have compromise on this or else, as I have said, the final result
8  could be having to try this case all over again, which you may
9  want to do, but I know Mr. Kromberg doesn't want to do, and, you
10 know, we're here to try cases. I don't have a position one way or
11 the other on that, but I want to make sure that the process is
12 proper, and that's what we're going to do.
13         So we will get back to you as quickly as we can, but
14 we're going to definitely, I can assure you, work hard on getting
15 you as much information as we possibly can, all right?
16              MR. TURLEY: Thank you, Your Honor.
17              THE COURT: Very good.
18              All right. Now, the last case, Mr. Gardiner, you're
19 here.
20              Mr. Timimi, you're remanded.
21                          (Which were all the proceedings
22                           had at this time.)
23
24
25

8

1          CERTIFICATE OF THE REPORTER
2      I certify that the foregoing is a correct transcript of the
3 record of proceedings in the above-entitled matter.
4
5                                  _____/s/_____
                                   Anneliese J. Thomson

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**

AL-HARAMAIN ISLAMIC FOUNDATION, *et al.*,       CV. 07-1155-KI

       Plaintiffs,

v.

UNITED STATES DEPARTMENT
OF THE TREASURY, *et al.*,

       Defendants.

# ATTACHMENT 1

to Defendants' Memorandum in Support of
Defendants' Motion to Dismiss and for Summary Judgment