**Steven T. Wax, OSB No. 85012**
**Federal Public Defender**
**101 SW Main Street, Suite 1700**
**Portland, OR  97204**
**Tel: (503) 326-2123**
**Fax: (503) 326-5524**
**Email: steve_wax@fd.org**

**Lawrence Matasar, OSB No. 74209**
**621 SW Morrison Street, Suite #1025**
**Portland, OR 97205**
**Tel: (503) 222-9830**
**Email: larry@pdxlaw.com**

**Attorney for Defendant**

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 05-60008 HO** |
| **Plaintiff,** | |
| | **MOTION FOR CLARIFICATION** |
| | **REGARDING CLASSIFIED** |
| **v.** | **MATERIAL AND SUPPORTING** |
| | **MEMORANDUM** |
| **PIROUZ SEDAGHATY,** | |
| **Defendant.** | |

Defendant, Pirouz Sedaghaty, by and through his attorneys, Lawrence Matasar, and Federal Public Defender Steven T. Wax, hereby moves this Court for clarification regarding classified material.

Specifically, Mr. Sedaghaty requests a general description of the classified material that this Court reviewed in March 2009 in Washington, D.C.:

1.    In what format was the material provided (reports, transcripts, CDs, video-tapes, cassette tapes, etc.);

2.    What was the quantity of material reviewed;

3    What subject matters did the material cover (accounting issues; communications, telephone calls, e-mails. etc.);

4.    What is the time period documented by the material (start and end dates);

5.    Was it all of U.S. origin, and if not, what countries of origin was it from;

6.    From what government agencies or entities (foreign and domestic) did the material originate;

7.    Was any classified information that derives from foreign intelligence organizations, such as the Russian FSB, provided for review;

8.    Were transcripts or summaries of intercepted telephonic communications provided;

9.    If so, did any of those telephonic communications involve Mr. Sedaghaty;

10.    Were intercepted communications of other data, such as emails, faxes, or other electronic communications provided for review;

11.    Were reports of any HUMINT (human intelligence gathering) activities provided for review;

Page 2        MOTION FOR CLARIFICATION REGARDING CLASSIFIED MATERIAL AND
SUPPORTING MEMORANDUM

12.    What levels of classification was the material (secret, top secret, etc);

13.    Was any classified material withheld from counsel because of the classification level of any of the material involved;

14.    Was production of any of it authorized by the jurisdiction of another court (say from FISA, or from another District Court);

15.    Was any of the material redacted such that the Court was unable to review the content?

## I.    THE GOVERNMENT'S CLASSIFIED FILING

### A.    Litigation History

In the motions for discovery filed on October 22, 2007, and March 17, 2008, Mr. Sedaghaty sought, *inter alia*, discovery of classified information.  At a hearing held on April 29, 2008, the Court directed the government to file its classified response to discovery motions.[1]  Ultimately, on September 5, 2008, the government filed three bare bones public documents that said nothing more than it had made a classified *ex parte* filing under Section 4 of the Classified Information Protection Act, 18 U.S.C. App III (CIPA). CR 127; 128; 129. The government did not provide any information regarding what had been

---

[1]Mr. Sedaghaty's June 16, 2008, motion to modify this Court's May 16, 2008 order prohibiting communication within the defense team regarding a certain document that the defense team has secured with the Court Security Officer is still pending.  CR 105; 106.  This motion was renewed on October 10, 2008.  CR 136.  This motion involves defense generated classified information rather than discovery sought from the government.  For the reasons stated in the previously filed defense memoranda, CIPA is not applicable and Mr. Sedaghaty is entitled to its further review, discussion, and use. Therefore, Mr.  Sedaghaty respectfully requests that this Court rule on this matter as it greatly impacts the preparation of his case.

**MOTION FOR CLARIFICATION REGARDING CLASSIFIED MATERIAL AND SUPPORTING MEMORANDUM**

provided to the Court.  For example, did the government provide the Court with actual classified documents it believed must be disclosed pursuant to rules of discovery in a criminal case, or merely with a pleading stating that it did not believe any discoverable classified material existed?

On October 10, 2008, Mr. Sedaghaty filed a motion requesting that the defense have access to the classified material in order to participate in the Court's determination of what would be helpful and exculpatory to the defense.  CR 138.  Mr. Sedaghaty also requested that the Court order the government to provide a more detailed pleading regarding the classified material filed in September of 2008.   Mr. Sedaghaty expressed his belief that given the extensive and lengthy investigation of Al Haramain and its officers, that there would be a large amount of information that would be classified and also helpful and exculpatory.  In order to aid in the Court's determination of whether the government produced all the material it was obligated to disclose, Mr. Sedaghaty also provided this Court with a declaration from Colonel W. Patrick Lang, an Intelligence expert.  CR 140. Col. Lang confirmed that the material that would have been collected by the United States Government regarding Al Haramain would be extensive.  Col. Lang was, and remains, available to this Court to review the classified material to determine if the government has produced all the material that would be expected to exist in this context.  Without objection by the government, the Court permitted the defense to file an *ex parte* filing of theory of defense.  CR 144; 145.

On or about March 12, 2009, defense counsel, Lawrence Matasar, wrote to counsel for the government, with a copy to this Court, regarding the inaccuracy contained in the

**MOTION FOR CLARIFICATION REGARDING CLASSIFIED MATERIAL AND SUPPORTING MEMORANDUM**

classified filings in the civil case *Al Haramain v. Obama*.  Mr. Matasar wrote to ask the government to make assurances that the classified material that would be reviewed by this Court was completely accurate.

On or about March 16 -18, 2009, this Court reviewed the classified material in Washington, D.C.  On March 19, 2009, the government filed another *in camera*, *ex parte*, under seal filing, again without explanation.  CR 158.  On March 20, 2009, the Court denied Mr. Sedaghaty's discovery requests insofar as they relate to the Terrorist Surveillance Program of the NSA.  CR 159.  On that same date, the Court entered two different protective orders.  The first described the "Submission" as a motion, memorandum of law and supporting declarations and exhibits.  CR 160.  It also provided for an unclassified summary as a substitute for certain specific classified information at issue.  The Court ordered the substitution.  CR 160.  The second protective order again described the "submission" as a motion, memorandum of law and supporting declarations and exhibits. The Court ordered that the government need not disclose to the defense the classified materials described in the Submission.   This protective order did not provide for a substitution.

On March 26, 2009, the government provided defense counsel with a one page letter which contained the unclassified substitute summary consisting of two sentences. On April 14, 2009, the government provided additional unclassified discovery that included several reports from the Federal Security Service of Russia (FSB) that comments on Al Haramain contributions.

**B.    A Description of The Classified Material Is Necessary for the Defense**

As noted above, on October 10, 2008, the defense requested that the government be ordered to provide a broader explanation of the classified filing beyond that noted in the September 5, 2008 filings.  The court has not ruled on this motion.  While the Court permitted an *ex parte* filing by Mr. Sedaghaty regarding his defense theory and a description of the  type of information the Court should have found in the classified material, defense counsel  was limited in their ability to accurately address the government's classified filing and its applicability to the defense in this case.   From the protective orders filed by this Court on March 20, 2009, (CR 160; 161) it appears that the government "submissions" consisted of motions, memorandums of law, and supporting declarations and exhibits.  This does not provide to the defense any information regarding what kind of material was at issue nor any indication whether the government has complied with its discovery obligations.   In the normal course in a criminal defense case, all parties are aware of the general nature of the material being reviewed *in camera*.  This permits the parties to be sure that the appropriate materials are being reviewed and frame the issue of whether the court has properly determined what should be disclosed to the defense.. Here, the defense is in a  position where it is unclear whether the government has complied with its discovery obligations or whether the court has conducted a proper review of the material or both.   This limitation infringes on Mr. Sedaghaty's Fifth Amendment right to due process and his Sixth Amendment right to theb effective assistance of counsel.  Without at least a general description of the material, counsel is prevented from assessing and presenting a complete motion to suppress in this case. *See e.g., Moeller v. Lockyer, et. al.,*

**MOTION FOR CLARIFICATION REGARDING CLASSIFIED MATERIAL AND
SUPPORTING MEMORANDUM**

No. Civ S-01-2351 FCD JFM P, 2009 WL 426089 (E.D. Cal. 2009) (in a habeas case, court found that petitioner was completely deprived of assistance of counsel when defense counsel was excluded from numerous *in camera* review hearings relevant to petitioners motion to suppress, a critical stage of the proceeding).  In the event of a conviction and appeal, the defendant will not know what issue related to discovery to frame for the Court of Appeals.

Review of *United States v. Scarfo, et al.*, 180 F.Supp.2d 572, 575 (D.N.J. 2001) reveals what should be ordered in response to this motion.  ("United States presented the Court with detailed and top-secret, classified information regarding the KLS (Key Logger System), including how it operates in connection with a modem.  The government also demonstrated to the Court how the KLS affects national security.").  If Mr. Sedaghaty is provided with similar descriptions fo the information it reviewed, it would allow the defense to provide the court with more meaningful analysis of why more material should be produced.  The analysis would likely result in analysis related to the motion to suppress and the defense generally.

As the Court considers this motion, it is important to note that on April 14, 2009, the government provided the defense with reports of FSB surveillance of Al-Haramain and written communications between Mr. Sedaghaty and the Department of State.  This is precisely the type of material that we believe should exist in significant quantities and much of which would be exculpatory.

**MOTION FOR CLARIFICATION REGARDING CLASSIFIED MATERIAL AND SUPPORTING MEMORANDUM**

## C.    The Substituted Unclassified Summary Is Inadequate

The one paragraph substituted unclassified summary that the Court authorized is inadequate.  It does not provide defense with any context regarding the information or ability to generate admissible testimony.  *See United States v. Clegg*, 740 F.2d 16, 18 (9th Cir. 1984) ("We have examined the materials submitted *in camera* and agree with the district court that they are relevant to the development of a possible defense. . .The government's proposed summaries of the materials are inadequate.")(citations omitted).

The substitution provided by the government is exculpatory as to the willfulness element of the prosecutions case against Mr. Sedaghaty.  Further development of this information that is in the possession of the government is extremely important for the defense of Mr. Sedaghaty.  Mr. Sedaghaty is entitled to disclosure of the information necessary to introduce admissible evidence, or the case must be dismissed.  *Cf.* CIPA §6(e)(2); *United States v. Fernandez*, 913 F.3d 148, 149 (4th Cir. 1990) (district court dismissed indictment when government refused to allow disclosure of classified information in prosecution of former CIA station chief).

## CONCLUSION

For the above stated reasons, Mr. Sedaghaty respectfully requests a clarification of the classified material that this Court reviewed in Washington, D.C. in March 2009.  The clarification information is directly related to specific motions Mr. Sedaghaty intends to file

and the trial defense.  Mr. Sedaghaty requests prompt resolution of these issues so that

he can meaningfully prepare the scheduled motion to suppress.

RESPECTFULLY SUBMITTED this 17th day of April, 2009.


/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender

/s/ Lawrence H. Matasar
Lawrence H. Matasar

**MOTION FOR CLARIFICATION REGARDING CLASSIFIED MATERIAL AND
SUPPORTING MEMORANDUM**