KARIN J. IMMERGUT, OSB #963144
United States Attorney
District of Oregon
**CHRISTOPHER L. CARDANI**
Assistant United States Attorney
701 High Street
Eugene, OR 97401
Email:  chris.cardani@usdoj.gov
Telephone:  (541) 465-6771
**CHARLES F. GORDER, JR.**, OSB #912874
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR  97204
Email:  charles.gorder@usdoj.gov
Telephone:  (503) 727-1000
      Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | CR 05-60008-HO |
| v. | **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR CLARIFICATION REGARDING CLASSIFIED INFORMATION** |
| **PIROUZ SEDAGHATY, et al.,** | |
| Defendants. | |

## I.    INTRODUCTION

On March 18, 2009, this Court issued three separate orders (CR 159-161) pursuant to Section 4 of the Classified Information Procedures Act ("CIPA) and Rule 16(d)(1) of the Federal Rules of Criminal Procedure.  One of the orders denied discovery of certain classified material submitted to the Court and approved the substitution of an unclassified summary for certain

other classified material (CR 160). The other two orders denied any further discovery (CR 159, 161).

The defendant has now filed a "Motion for Clarification Regarding Classified Material" which seeks a description of the classified material reviewed by the Court in connection with the issuance of these three orders. Because this motion ignores the very purpose of CIPA, which is to prevent the unnecessary disclosure of classified information, and because it would negate the Court's three orders issued pursuant to CIPA, the motion should be denied.

## II. THE COURT HAS DETERMINED THAT THE CLASSIFIED INFORMATION AT ISSUE IS NOT DISCOVERABLE

CIPA governs how federal courts address and process pretrial matters concerning the discovery, admissibility and use of classified information in criminal cases. *See United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1363 (11th Cir. 1994). CIPA's fundamental purpose is to "harmonize a defendant's right to obtain and present exculpatory material upon his trial and the government's right to protect classified material in the national interest." *United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996); *United States v. Wilson*, 571 F. Supp. 1422, 1426 (S.D.N.Y. 1983). By its plain terms, CIPA "evidence[s] Congress's intent to protect classified information from unnecessary disclosure at any stage of a criminal trial" while simultaneously ensuring that a defendant's right to present evidence in his defense is not compromised. *United States v. Apperson*, 441 F.3d 1162, 1193 n.8 (10th Cir. 2006)(citation omitted).

Both CIPA Section 4 and Fed. R. Crim. P. 16(d)(1) authorize a district court to deny or otherwise restrict discovery of classified information by the defense. Section 4 of CIPA provides, in pertinent part, that a district court:

> upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove.

18 U.S.C. App. 3 § 4.  Similarly, the Federal Rules of Criminal Procedure provide, in pertinent part, that a district court "may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."  Fed. R. Crim. P. 16(d)(1).  The legislative history of CIPA makes it clear that Section 4 was intended to clarify the district court's power under Rule 16(d)(1) to deny or restrict discovery in order to protect national security.  S. Rep. No. 96-823, at 3 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4294, 4299-4300.

In *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261-62 (9th Cir. 1998), the defendants were convicted of cocaine trafficking charges after their "fishing" boat containing 12 tons of cocaine was intercepted and boarded by the Coast Guard off the coast of Peru.  The government invoked CIPA to protect certain classified information, which the district court then ruled was not helpful to the defense and, pursuant to CIPA, issued an order denying discovery.  The defendants contended on appeal that the district court should have "disclosed information about confidential informants and surveillance [which they asserted were] contained in the material that the court reviewed during the *ex parte, in camera* hearings."  144 F.3d at 1261.  The Ninth Circuit not only upheld the district court's ruling that the material was not helpful to the defense, but it also gave short shrift to the argument the defendant makes here  –  that CIPA somehow denies the defendant the right to be "aware of the nature of the information" presented to the court so he will know how to base his motions to suppress or to frame issues on appeal:

**Page 3 - Gov't's Resp to Def.'s Motion for Clarification Regarding Classified Information**

> Congress intended CIPA to clarify the court's power to restrict discovery of classified information. The legislative history explains that because "the government is seeking to withhold classified information from the defendant, an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules."

144 F.3d at 1261, quoting *United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988), and H.R. Rep. 96-831(II), 27 n.22 (1980).

Here, the Court has reviewed the government's *ex parte, in camera* submissions. The Court found that the government's submissions contained classified information that if disclosed to the defense reasonably could be expected to cause "exceptionally grave or serious damage to national security." *See, e.g.,* CR 160, ¶1. The Court considered this classified information submitted by the government in light of the defendant's own *ex parte, in camera* submission setting forth his theory of the defense (CR 145, 154). The Court found that the classified information was not discoverable under either *Brady* or Rule 16, *e.g.*, CR 160, ¶ 3, and approved the substitution of an unclassified summary of certain of the classified information to be made available for the defense, *id.*, ¶ 2.[1]

Despite the fact that the Court has now found that the classified material submitted pursuant to CIPA section 4 is not discoverable and that its release would cause exceptionally grave or serious damage to national security, the defendant seeks a further description of that material. Counsel's citation to *United States v. Scarfo*, 180 F. Supp. 2d 572 (D. N.J. 2001), however, does not support the defendant's position. There, the court denied a defendant's

---

[1] By letter dated March 25, 2009, counsel for the government provided defense counsel with the unclassified summary approved by the Court.

**Page 4 - Gov't's Resp to Def.'s Motion for Clarification Regarding Classified Information**

request to learn more about a classified technology than in an unclassified summary about the technology that the court had already approved pursuant to CIPA:

> The Court is precluded from discussing this information in detail since it remains classified.
>
> . . . The [unclassified summary] is more than sufficient and has provided ample information for the Defendants to litigate this motion. Therefore, no further discovery with regard to the [classified technology] is necessary.

*Id.*, 180 F. Supp. 2d at 581. By reviewing the classified submissions in this case, by evaluating those submissions in light of the defendant's own *ex parte* filing containing his theory of defense, and by approving an unclassified summary of certain information, this Court has followed the exact procedure that the defendant cites to approvingly in the *Scarfo* case. The other case cited by the defendant, *Moeller v. Lockyer*, CIV S-01-2351 FCD JFM P, 2009 WL 426089 (E.D. Cal. Feb. 20, 2009), does not involve CIPA or the protection of classified information.

The defendant's supplemental reference (CR 165) to recent orders of United States District Judge Walker in the case of *Al-Haramain Islamic Foundation v. Obama* does not change this equation. This Court has already denied defendant Sedaghaty's motions for discovery in this criminal case "insofar as they relate to the Terrorist Surveillance Program of the NSA." (CR 159). Thus, whatever merit there is to Judge Walker's discovery orders in the unrelated civil litigation before him, they are irrelevant to this case.

Access to classified information is restricted to those individuals who possess the requisite security clearance *and* have a "need-to-know" the information. Executive Order 13292, § 4.1, 68 Fed. Reg. 15315, 15324 (March 25, 2003). Possession of a security clearance

**Page 5 - Gov't's Resp to Def.'s Motion for Clarification Regarding Classified Information**

does not establish a "need-to-know." *El Badrawi v. Department of Homeland Security*, 596 F. Supp. 2d 389 (D. Conn. 2009)(finding that counsel, despite possessing "top secret" security clearance, did not have a need to know and counsel was subsequently denied access to classified material). The fundamental flaw in the defendant's argument is the assumption that defense counsel's expressed desire to "analyze" what is in the government's classified files in hopes of finding something "related to the motion to suppress and the defense generally" (CR 164, p.7) somehow establishes a need-to-know and overcomes what the Court has already found would be "exceptionally grave or serious damage to national security" (CR 160, ¶1) by disclosure. Congress rejected such fishing expeditions when it adopted CIPA and authorized a court to review classified information *ex parte*. To provide a further description of the classified material could compromise national security and would defeat the entire purpose of CIPA.

Just as one example, the defendant seeks to learn if the Court reviewed intercepted communications of the defendant. See items 8-10 on page 2 of the defendant's supporting memorandum (CR 164). Without acknowledging whether such interceptions did or did not occur, confirming (or denying) their existence could compromise sources and methods of intelligence collection in circumstances where the Court has already determined that such information is not discoverable in this criminal case. Thus, there is no need for the defense team to receive confirmation or denial of such intercepted communications.

/////

**Page 6 - Gov't's Resp to Def.'s Motion for Clarification Regarding Classified Information**

### III.  CONCLUSION

For the reasons given above, and for the reasons set forth in the government's CIPA filings (CR 127-29), the Motion for Clarification Regarding Classified Information should be denied.

Dated this 23rd day of April 2009.

                                                Respectfully submitted,
                                                KARIN J. IMMERGUT
                                                United States Attorney

                                                *s/ Charles F. Gorder, Jr.*
                                                CHARLES F. GORDER, JR.
                                                Assistant United States Attorney