KARIN J. IMMERGUT, OSB #96314
United States Attorney
District of Oregon
CHRISTOPHER L. CARDANI
Assistant United States Attorney
405 East Eighth Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771
chris.cardani@usdoj.gov
CHARLES F. GORDER, Jr., OSB# 912874
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1117
charles.gorder@usdoj.gov


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | CR No. 05-60008-HO |
| | ) | |
| v. | ) | Government's Response to Defendant's |
| | ) | Letter Dated April 17, 2009 |
| PIROUZ SEDAGHATY, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, through its undersigned counsel, herein responds to a

letter dated April 17, 2009 concerning discovery in this case.

Introduction

On April 17, 2009, counsel for defendant submitted a one page letter to the Court,

attached hereto, suggesting that rulings were needed from the Court to address discovery

disputes. The letter proceeds to specify such disputes by referencing discovery motions CR53

1 - Government's Response to Defendant's Letter Dated April 17, 2009

and 90 he previously filed, and items that had been requested within those documents.  The

defense also references documents CR 101, 135 and 137 in the letter.  Each of those pleadings

are addressed below.

Documents 53 and 90:  Background

Defendant filed two motions for pretrial discovery in CR 53 and 90.  The government

filed a response to defendant's unclassified discovery requests in document CR 100.  That filing

contains a response to each of defendant's discovery requests, along with a review of pertinent

discovery law.  The Court should review that response in addressing defendant's present letter.

Defendant's Letter Concerning CR 53 and 90 is Overly Broad

Defendant's letter is overly broad.  It includes references to many items which the

government has already provided to defendant, as well as to items which are classified and the

subject of rulings already made by this Court.  Some of the requests in the letter reference

information which does not exist, as the defense was told in CR 100.

Discovery provided to the defense thus far has been substantial and continuous.  In fact,

the government has provided to the defense seven separate batches of discovery, containing

more than 2,400 items, as well as several computer CDs, themselves containing numerous

computer data such as e-mails and correspondence.  In addition, twenty-three boxes of records

containing more than 42,000 pages of search warrant evidence, bank records and items provided

by the defendant pursuant to a subpoena were scanned and provided to the defense.

Despite this voluminous discovery, defendant in his present letter continues to ask for

items already provided to him.[1]  To the extent that defendant requests additional items not

provided, he should be required to be more specific and set forth the legal basis supporting those

requests.  Until that is done, the government is unable to fashion an informed response beyond

that already provided in CR 100.

CR 53 and 90:  Classified Information

The defendant in his letter asks for a ruling in CR53 and 90 on items ##10, 11, 70, and

74.  Yet, as noted in the government's earlier response, these items concern classified

information.  This Court has previously issued discovery rulings on classified information.

CR 53 and 90:  Request that Defendant File a More Specific Request

It is suggested that this Court order defendant to file a more specific request, narrowing

the request to items not already provided, and to provide the Court and government the legal

support for those requests.

CR 101:  Reciprocal Discovery

In CR 101 the government filed a motion for reciprocal discovery.  To date, the defense

has provided no reciprocal discovery, as required under Rule 16.  The government renews its

request for reciprocal discovery.

CR 135 and 137

With regard to CR 135, the defendant's motion to modify the Court's order of May 16,

---

[1]For example, the defense continues to request in CR 53, Item 5, copies of e-mails found
within the computer hard drives seized from the premises of Al-Haramain USA.  The
government has already given a mirrored copy of all of the drives taken from this location to the
defense.  Moreover, the government has made its expert available to the defense, who provided a
step by step understanding of the process used to retrieve the e-mails.  It is unclear from
defendant's present letter what more he is seeking.

3 - Government's Response to Defendant's Letter Dated April 17, 2009

2008, prohibiting access to and discussion of the "sealed document" in the custody of the court, the government agrees that this motion requires a ruling from the Court.  The government requests time to file a formal response to this motion, after consultation with personnel in the Department of Justice, and requests three weeks in which to do so.

With regard to CR 137, the defendant's Motion Regarding Access to Classified Discovery, Parts 1 and 2A, seeking more information concerning the government's CIPA filings, that motion should be denied for the reasons set forth in the government's Response to Defendant's Motion for Clarification Regarding Classified Information, filed April 23, 2009 (CR 168).

Conclusion

For reasons stated, the government requests that defendant file a more detailed request for items not already provided he believes he is entitled to in CR 53 and 90, along with legal support for those requests.

////

////

////

////

////

////

////

////

////

The government renews its request for reciprocal discovery in CR 101.

The government asks for three weeks to respond to CR 135 and 137.

DATED this 24th day of April, 2009.

Respectfully submitted,

KARIN J. IMMERGUT
United States Attorney

*/s/ Christopher L. Cardani*

By: _____

CHRISTOPHER L. CARDANI
Assistant United States Attorney

*/s/ Charles F. Gorder, Jr.*

By: _____
CHARLES F. GORDER, JR.

5 - Government's Response to Defendant's Letter Dated April 17, 2009