**Steven T. Wax, OSB No. 85012**
**Federal Public Defender**
**101 SW Main Street, Suite 1700**
**Portland, OR  97204**
**Tel: (503) 326-2123**
**Fax: (503) 326-5524**
**Email: steve_wax@fd.org**

**Lawrence Matasar, OSB No. 74209**
**621 SW Morrison Street, Suite #1025**
**Portland, OR 97205**
**Tel: (503) 222-9830**
**Email: larry@pdxlaw.com**

**Attorneys for Defendant**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 05-60008** |
| **Plaintiff,** | |
| | **DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S LETTER DATED APRIL 17, 2009** |
| **v.** | |
| **PIROUZ SEDAGHATY,** | |
| **Defendant.** | |

Defendant, Pirouz Sedaghaty, by and through his attorneys, Lawrence Matasar, and

Federal Public Defender Steven T. Wax, hereby provides the Court with a detailed

**Page 1 -**    **DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S LETTER DATED APRIL 17, 2009**

accounting of much of what remains at issue regarding the First Discovery Motion (CR 53), the Supplemental Discovery Motion (CR 90) and the government's response (CR 100). Where appropriate, the language below summarizes what was stated in CR 53, 90 and 100. In addition, Mr. Sedaghaty asserts many of the issues were addressed in his filing of November 6, 2008, CR 141, when he filed a notice of Discovery Matters in Dispute.

First Discovery Motion

A. 5: The defense requested e-mails of Al Haramain Islamic Foundation (AHIF); AHIF-US, Pirouz Sedaghaty, or Soliman Al-Buthe. The government replied that it will provide any copies that it intends to introduce in its case-in-chief. In addition, it replied that provided copies of imaged hard drives as well as assistance with the process by which the government has retrieved e-mails. For non-classified emails, the review process now appears to be adequate. The defense has, however, recovered e-mails that are exculpatory. This confirms our belief that the government is in possession of other communication it has obtained from other means that are also exculpatory. Mr. Sedaghaty seeks further review by this Court of classified material and/or demands on the government to produce material in its possession for review. *See also*, CR 141 at 3.

A.6: Mr. Sedaghaty requested written correspondence the government possesses regarding AHIF, AHIF-US, Pirouz Sedaghaty, or Soliman Al-Buthe. The government only stated that: "To the extent this request calls for written correspondence from third parties subpoenaed during the course of the investigation, Rule 16 does not provide for discovery of such documents." CR 100 at 20. This response does not address the extent of Mr. Sedaghaty's request. He requests a ruling by this Court.

A. 7: Mr. Sedaghaty requested information regarding any informants used in any investigation of AHIF, AHIF-US, Pirouz Sedaghaty, or Soliman Al-Buthe. The government asserts that information concerning informants is not discoverable unless such a person is called to testify at trial. The government is incorrect. Informant information is discoverable whenever the informant is a percipient witness. Mr. Sedaghaty requests a ruling by this Court.

A. 8: Mr. Sedaghaty requested any documentation with regards to any contact with any direct or indirect employee of any government who were contacted regarding AHIF, AHIF -US, Pirouz Sedaghaty, or Soliman Al Buthe and who provided any information with regards to AHIF, AHIF-US, Pirouz Sedaghaty, or Soliman Al Buthe. The government responded that this information is not discoverable under Rule 16(a)(2). However, this information, if it includes exculpatory information, is discoverable pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). It is obvious that the government possess this type of information as information regarding contact with a FSB (Federal Security Service of the Russian Federation) agent was provided in the most recent discovery provided on April 14, 2009. It is likely that the government is in possession of more discovery of this type which may be exculpatory. Mr. Sedaghaty requests a ruling by this Court.

A. 9: Mr. Sedaghaty requested any and all information and material, documents, papers, or tangible items, relating to any and all records and communications, oral, written or recorded, of any defendant or any person whom the government contends is an employee or agent of the defendant, whether or not the government intends to produce evidence or testimony regarding such statements or call any such person(s) as a witness

at any stage of the proceedings in this case.  The government stated that to the extent that the defense requested interview reports, Rule 16 does not entitle the defendant to those reports.  In addition, as to any statements by Mr. Sedaghaty, the government has provided 13 FBI interview reports.  The government has not responded to the extent of Mr. Sedaghaty's request.   In addition, many of the reports would be highly exculpatory.  CR 141 at 4.  Mr. Sedaghaty requests a ruling by this Court.

A. 10 & 11: Mr. Sedaghaty requested any information gathered regarding AHIF, AHIF-US, Pirouz Sedaghaty, or Soliman Al Buthe pursuant to any National Security Letters or the Foreign Intelligence Surveillance Act.  The government claims that this information is classified and would be addressed in a separate pleading.  It is unclear, as Mr. Sedaghaty has argued to this Court (CR 164), whether the classified information submitted to this Court *ex parte* and *in camera* originated from National Security Letters, the FISA, or otherwise.  CR 127, 128, 129.  Mr. Sedaghaty requests clarification of the classified information provided to this court and that the government respond to the defense's request.  Mr. Sedaghaty requests a ruling by this Court.

A. 12: Mr. Sedaghaty requested that the government provide notice and all information regarding when the investigation against AHIF, AHIF-US, Pirouz Sedaghaty, or Soliman Al Buthe began.  The government claims this information is not discoverable pursuant to Rule 16(a)(2).  If the investigation of Mr. Sedaghaty began before the date on which he filed his tax return in 2001, it would be material to the defense of this case and his requests for exculpatory classified information.  Mr. Sedaghaty requests a ruling by this Court.

A. 13: Mr. Sedaghaty requested any reports of interviews of employees or representatives of the Mail Stop in Ashland, Oregon regarding the investigation of AHIF, AHIF-US, Pirouz Sedaghaty, or Soliman Al Buthe. The government claims that it will only provide the reports of the witnesses that they intend on calling at trial and that they will do so at a future date. The government states that anything outside of that is not discoverable pursuant to Rule 16. Mr. Sedaghaty requests a ruling by this Court. *See* CR 141 at 4.

A. 14: Mr. Sedaghaty requested any documents and records from Jackson County Title Company, including any reports generated from government contact with said company, during any investigation related to AHIF, AHIF-US, Pirouz Sedaghaty, or Soliman Al Buthe. The government has provided title records and it claims that it will provide additional title records involving real estate transactions of Mr. Sedaghaty. This response does not cover the extent of the request made by the defense. Mr. Sedaghaty requests a ruling by this Court.

A. 15: Mr. Sedaghaty requested any and all reports, photographs, video recording, or audio recordings of the building and surroundings of 3800 S. Highway 99, including any and all reports, documents or records from the Jackson County Oregon Title company and Jackson County Assessors. The government stated "If any video surveillance records of the property exist, they are not relevant to the charges in this case." CR 100 at 21. Mr. Sedaghaty disagrees with the government's assessment of relevance and requests that the Court order the government to provide the defense with those video surveillance records if they exist. It is believed that this surveillance would provide highly exculpatory information and should be disclosed at this time. Mr. Sedaghaty requests a ruling by this

Court.

A. 16: Mr. Sedaghaty requested any and all copies of interviews, and or reports of interviews, with persons "familiar with the location" of 3800 S. Highway 99 as indicated in paragraphs 13 and 14 of the search warrant affidavit of February 13, 2004. The government claims that it will only provide the reports of the witnesses that it intends on calling at trial and that it will do so at a future date.  The government states that anything outside of that is not discoverable pursuant to Rule 16.  Mr. Sedaghaty requests a ruling from this Court.  *See* CR 141 at 4.

A. 17: Mr. Sedaghaty requested any and all bank records relating to AHIF, AHIF-US, Pirouz Sedaghaty, or Soliman Al Buthe; specifically Bank of America account number 2880311561.  The government stated it will only provide bank records obtained pursuant to subpoena over which Mr. Sedaghaty had signature authority.  This does not respond to the extent of the request.  Mr. Sedaghaty requests a ruling by this Court.

A. 18: Mr. Sedaghaty requested any and all copies of all Currency Monetary Instrument Reports (CMIRs) related to Soliman Al-Buthe.  The government responded that those documents were provided.  However, according to discovery from the government, there were nine CMIRs filed by Soliman Al-Buthe between October 1997 and April 2001. (*See* Bates numbers 2159-2162).  According to the discovery provided by the government, the defense has only received seven (Bates number 240-251) of the nine CMIRs.  Mr. Sedaghaty requests the additional two CMIRs and any others that may exist.

A. 19: Mr. Sedaghaty requested any and all reports, summaries, and notes of any non-governmental international terrorism consultant who was contacted in relation to the

investigation of AHIF, AHIF-US, Pirouz Sedaghaty, or Soliman Al Buthe. The government stated that it will provide expert witness reports as required by Rule 16(a)(1)(F)( and (G). Given the scope of the case, if the government has the reports in its possession at this time, it should provide them now.

A. 20**:** Mr. Sedaghaty requested any and all U.S. Immigration and Custom's Enforcement documents and records regarding Soliman Al-Buthe's entrances and exits to and from the United States. The government responded that the defense had received these documents and referenced Bates numbers 240-76. However, upon review of these documents, it does not appear to be complete. For example, there are no documents regarding any visas that Soliman Al-Buthe may have applied for and been granted. Mr. Sedaghaty requests that the Court order the government to obtain additional information from Immigration and Customs Enforcement regarding Soliman Al Buthe.

A. 24: Mr. Sedaghaty requested any information relating to the peaceful nature of Pirouz Sedaghaty. The government responded that this information - other than Mr. Sedaghaty's intent regarding activity in Chechnya in the years 1999-2000 - is not relevant and not discoverable. This is inaccurate and in light of the indictment against Mr. Sedaghaty, information regarding his peaceful nature and other charitable efforts, particularly overseas, is highly relevant. Mr. Sedaghaty requests a ruling by this Court.

A. 25: Mr. Sedaghaty requested any and all records or notes relating to any telephone numbers held by AHIF, AHIF-US, Pirouz Sedaghaty, or Soliman Al Buthe. The government claims that these records are not material since the government does not intend to introduce these records in its case-in-chief. In addition, the government claims

that because the records were not seized from Pirouz Sedaghaty they are not discoverable under Rule 16(a)(1)(E).  This information is material to the defense and it is likely that this information would provide exculpatory information and is discoverable pursuant to *Brady*. *See* CR 141 at 5.  Mr. Sedaghaty requests a ruling by this Court.

A. 27: Mr. Sedaghaty requested any and all records, documents, notes, regarding any internet provider, including but not limited to, Unicom, as relative to AHIF, AHIF-US. Pirouz Sedaghaty, or Soliman Al Buthe.  The government claims that these records are not material since the government does not to introduce these records in its case-in-chief.  In addition, the government claims that because the records were not seized from Pirouz Sedaghaty they are not discoverable under Rule 16(a)(1)(E).  This information is material to the defense and it is likely that this information would provide exculpatory information and is discoverable pursuant to *Brady*.  See CR 141 at 5.  Mr. Sedaghaty requests a ruling by this Court.

A. 28: Mr. Sedaghaty requested any and all reports, tapes, videotapes, cd's. or documentation in any form of surveillance, electronic and in person, of Pirouz Sedaghaty, wherever such surveillance occurred, including AHIF, its employees and offices in Oregon, Missouri, and elsewhere in the United States, and Soliman Al Buthe, wherever any such surveillance occurred.  The government claims that because it will not be introducing any evidence of surveillance of Mr. Sedaghaty, that any surveillance reports that may exist are not discoverable under Rule 16(a)(2).  Any surveillance reports would provide exculpatory information that is discoverable pursuant to *Brady*.  Mr. Sedaghaty requests a ruling from this Court.

B. 4-10, 15-23, 26, 28-29: The government did not specifically respond in writing to the requests made in Defendant's First discovery request (CR 53) on pages 7-21.  These requests are specifically noted because these requests have not been responded to via the discovery provided thus far. Mr. Sedaghaty requests a ruling by this Court.

Supplemental Discovery Motion

31: Mr. Sedaghaty requested interview reports of individuals who are mentioned in several of the reports already provided, in addition to interview reports of other individuals that may contain information regarding Mr. Sedaghaty's peaceable nature.   The government responded that it will provide discovery that includes "genuinely exculpatory" evidence.  In addition, the government states that "[t]he defendant is not entitled to all of the files of the government concerning him under Rule 16(a)(2)."   The government continues to disagree regarding the nature of what kind of information is exculpatory.   Mr. Sedaghaty requests a ruling by this Court.

36: Mr. Sedaghaty requested all FBI reports of their participation of the arrest of Pirouz Sedaghaty.  The government stated that the defense has the IRS prepared report of the arrest.  The government does not state that the defense has all of the reports relating to the arrest.  Mr. Sedaghaty continues to request all reports relating to Mr. Sedaghaty's arrest and seeks a ruling from the Court.

37:  Mr. Sedaghaty requested the reports from IRS Special Agent Kurt Charlton regarding the interview at which he participated of accountant Wilcox.   The government responded that the defense had that report (Bates numbers 19-21).  The defense team reviewed the discovery and concluded that the report referenced by the government (one

of four reports of interviews with Mr. Wilcox) is signed by Agents Anderson and Charlton. If there are no other reports, this request is satisfied.

38:  Mr. Sedaghaty requested a letter sent by Colleen Anderson to ISNA Canada on April 4, 2005.  In the discovery provided by the government, the ISNA's response to that letter is included, but not Ms. Anderson's letter.   The government claims that Agent Anderson's correspondence is not discoverable under Rule 16.  Mr. Sedaghaty believes that reports of those contacts will be exculpatory.  Mr. Sedaghaty requests a ruling by this Court.

39: Mr. Sedaghaty requested a letter sent to Colleen Anderson by Dr. Mohammad Ashraf, the Secretary General of ISNA Canada.  The letter is referenced in the discovery but not provided.  The government again responds that Ms. Anderson's correspondence is not discoverable under Rule 16.  Mr. Sedaghaty believes that information from ISNA is exculpatory.  Mr. Sedaghaty requests a ruling from this Court.

40: Mr. Sedaghaty requested all information from all government agencies regarding shipments in and out of the country made by AHIF, AHIF-US, other AHIF branches, and the Qu'ran Foundation.  The government responded that it has provided the relevant and material documents covered by this request (Bates number 240-76).  It is without dispute that these organizations had been investigated for numerous years.  It is highly likely that this investigation, in addition to the extensive record keeping by the governments involved, would yield significantly more relevant information than what has been provided.  Much of that information will be exculpatory, demonstrating the legitimate and charitable nature of the entities' work.  Mr. Sedaghaty requests a ruling by this Court.

42: Mr. Sedaghaty requested records of all communication, oral, written, telephonic, e-mail, or otherwise between El Fiki, Al-Haramain, The Arborist, Soliman Al Buthe, and/or Pirouz Sedaghaty and any of their employees.  The government stated that other than what may be on the hard drives seized pursuant to the search warrant, the government will only provide relevant written or recorded statements of the defendant pursuant to Rule 16(a)(1)(B)(I).  This information would include exculpatory material. Mr. Sedaghaty requests a ruling by this Court.

43-44: The discovery reflects that government witness Daveed Gartenstein-Ross prepared an analytical report on FOCA and provided that report to the interviewing agents. The defense requests a copy of that report.  The discovery also reflects that Daveed Gartenstein-Ross provided the government with e-mails regarding communication between himself and Soliman Al Buthe.  Mr. Sedaghaty requests copies of these e-mails.  The government responds that it has provided nine reports of interviews involving Daveed Gartenstein-Ross.  The government states that it will provide any other relevant material concerning him at a later dates as required under the *Jencks Act*.  The few interview reports of Gartenstein-Ross are less meaningful to the defense without the information that he provided to the government in the FOCA report and the e-mails between himself and Soliman Al Buthe. Mr. Sedaghaty requests a ruling by this Court regarding provision of discovery at this time.

46: Mr. Sedaghaty requests all information regarding the computer or server from which the alleged Osama Bin Laden e-mail that was utilized in the detention/release process was derived. This includes the results of any government investigation into the

origin and bona fides of the e-mail.  The government claims that it will not be using the e-mail at trial and therefore information concerning its origin is not relevant and hence not discoverable under Rule 16.  However, Mr. Sedaghaty remains concerned that this e-mail, which was used during the detention/release process, was not credible and that the source of the e-mail may be the source of other information that the government may be relying on in this case.   The material is exculpatory, whether or not the government intends to introduce it at trial. Mr. Sedaghaty requests a ruling by this Court.

47: Mr. Sedaghaty requested all reports and records of surveillance of the Al Haramain building and Mr. Sedaghaty's residence.  Several people have described being aware of video surveillance of those entities and visually sighted the camera.  The government stated that because it does not intend on introducing evidence of any surveillance that those reports which might exist are not discoverable under Rule 16(a)(2). Any surveillance reports would provide exculpatory information that is discoverable pursuant to *Brady*.  Mr. Sedaghaty requests a ruling from this Court.

52-53: The discovery provided refers to information obtained from UNICOM and Qwest.  Mr. Sedaghaty requested all information obtained from UNICOM and Qwest.  The government states that the information is not material, that it does not intend to use this information in its case-in-chief and therefore, it is not discoverable under Rule 16(a)(1)(E). Mr. Sedaghaty requests a ruling from this Court.

55: Mr. Sedaghaty requested all reports on the opening, tracing, or in any other way engaging in surveillance of mail delivered to Pirouz Sedaghaty, Al-Haramain USA, the Qu'ran Foundation, The Arborist, and any other business entities with whom Mr. Sedaghaty

was associated, either at their business or residence address, or any mail stop, or other postal or private mail service.  The government responded that other than items seized during the execution of the search warrant, the contents of mail delivered to the defendant were not obtained by the government.  The government also states that if the requests asks for additional information, that that information is not relevant and hence not discoverable.  Mr. Sedaghaty continues to assert that the additional information requested may very well be exculpatory. Mr. Sedaghaty requests a ruling by this Court.

57: Mr. Sedaghaty requests all information in the possession of the United States government regarding communications between Russia and Saudi Arabia or Russia and the United States or Saudi Arabia and the United States or any other country regarding communications between Russia and Saudi Arabia regarding the Saudi Joint Relief Committee (SJRC).  The government responded that it had provided copies of letters from attorney Lynne Bernabei which covers this topic.  The government contends that any internal government documents on this subject, if they exist, are not discoverable. Mr. Sedaghaty believes they are exculpatory and requests a ruling by this Court.

58: Mr. Sedaghaty requested all information in the possession of the United States regarding contact by Canadian authorities and Lili (Lilly) Zahedi in the years 2000 through 2002 that involved any communication regarding Pirouz Sedaghaty.  The government claims that this information is not relevant or discoverable under Rule 16(a)(2).  Mr. Sedaghaty disagrees.  The investigation of Pirouz Sedaghaty, which extended to an investigation of remote family members, will include exculpatory information that the government has failed to provide. Mr. Sedaghaty requests a ruling by this Court.

**Page 13 -**        **DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S**
                          **LETTER DATED APRIL 17, 2009**

59-60: Mr. Sedaghaty requested all records regarding all monetary payments made by the United States or affiliated with the United States government, to any entity, agency or employer with whom Daveed Gartenstein-Ross is or has been associated. In addition, Mr. Sedaghaty requested all FBI and other agency interviews of Daveed Gartenstein-Ross regarding his activities and provision of information to the United States and any effort by him to obtain any security clearance and any investigation of Daveed Gartenstein-Ross regarding any security clearance. The government responded that it had provided several interview reports and that any other relevant material would be provided at a later time as required under the *Jencks Act*. No ruling appears to be required at this time.

62: Mr. Sedaghaty requested all records regarding contacts made by Pirouz Sedaghaty with the United States Department of State or any other United States government agency regarding his efforts to provide relief or aid of any type or have any type of contact with the government of Israel, any Palestinian refugees or Palestinian entities, Russia, Saudi Arabia, the SJRC, and any reports prepared by any agent or employee of the United States government about any such contacts. The government responded that contacts of this nature exist on the imaged hard drives provided to the defendant. The government also stated that if there is any further communications in the possession of the FBI or IRS, the government will provide them but will not provide any internal reports under Rule 16(a)(2). Mr. Sedaghaty requests that the government provide copies of the communications that are possessed by any agency, not just the FBI or IRS, of the United States. *See* CR 141 at 5. Mr. Sedaghaty requests a ruling by this Court.

63: Mr. Sedaghaty requested all reports, documentation, and information in the

possession of the United States regarding material shipped from the United States by Pirouz Sedaghaty, Al Haramain USA, or the Qu'ran Foundation, or shipped to Pirouz Sedaghaty, Al Haramain USA or the Qu'ran Foundation.  The government claims that documents concerning shipments aside from the currency reflected in the CMIRs contained in the discovery already provided are irrelevant. Mr. Sedaghaty requests a ruling by this Court.

66: Mr. Sedaghaty requested reports of the contacts between FBI Agent Charles Matthews and Pirouz Sedaghaty.   The government responded that there are no discoverable reports of any interrogation by FBI Special Agent Charles Mathews of Mr. Sedaghaty.  Mr. Sedaghaty was interviewed by Agent Charles Mathews and these reports should be provided to the defense.  Mr. Sedaghaty requests a ruling by this Court.

68: Mr. Sedaghaty requested all statements of Pirouz Sedaghaty pursuant to Rule 16(a)(1)(A) and (B) and (i), (ii),and(iii).  The government stated that it provided 13 reports of FBI interviews of or contacts with defendant Sedaghaty.  Mr. Sedaghaty believes that there were more than 13 interviews and requests that these statements be provided to the defense.  Mr. Sedaghaty is entitled to all written or recorded statements in the possession of the government, whether made to law enforcement agents or not.  Mr. Sedaghaty believes that all such statements are exculpatory.  Mr. Sedaghaty requests a ruling by this Court.

69: Mr. Sedaghaty requested all information and all files of the United States regarding Pirouz Sedaghaty, including but not limited to all work by Pirouz Sedaghaty with and for Al Haramain, the Al Haramain charity in any of its branches, the Qu'ran Foundation,

efforts to assist Muslims in any place in the world in any form, efforts to assist any refugees or victims of conflict in any place in the world in any form, and all records that demonstrate a prolonged period and pattern of activity by Pirouz Sedaghaty that is oriented toward peace, ecumenical work, charitable work, and does not involve support for or assistance to any person or entity involved, or believed to be involved, in any terrorist or mujahideen activity. The government does not appear to respond directly to this request. CR 100 at 26. Mr. Sedaghaty requests a ruling by this Court.

70: Mr. Sedaghaty requests information regarding whether Pirouz Sedaghaty, Al Haramain USA, Qu'ran Foundation, and any employees of those entities were subjected to surveillance or other investigation by: a) the use of Article III warrants in addition to that one previously disclosed; b) activity under the FISA; c) the Patriot Act; d) National Security Letters; e) the TSP; f) any other governmental activity not authorized pursuant to any judicial warrant; g) any activity authorized pursuant to the directive of the Attorney General or any of his delegates or any government, person, or entity. The government responded that any information regarding this request would be classified and would be addressed pursuant to a separate response. Mr. Sedaghaty continues to require this information and if this information is classified, requests a protective order so that the defense can obtain access to this information. This material is addressed in the Request for Clarification and Renewed Motion for Discovery. Mr. Sedaghaty requests a ruling by this Court.

71: Mr. Sedaghaty requested all forms, documents, and reports, on the movement of travelers checks into or out of the United States by Soliman Al Buthe from 1995 to the present. The government states that this information was provided. However, for example,

as explained in No. A 18 above, the government has not provided all of the CMIRs referenced in the discovery.  As to travelers checks specifically, the defense is aware that there are copies of travelers checks in the discovery.  At this time, Mr. Sedaghaty accepts the government's response that it has turned over the requested travelers checks.

74: Mr. Sedaghaty requested a statement by the government whether the United States government communicated with the Iranian, Saudi Arabian, Syrian, or other governments about Mr. Sedaghaty while he was overseas.  If so, Mr. Sedaghaty requested copies of all reports of such communications.   The government responded that any information regarding this request would be classified and would be addressed pursuant to a separate response.  Mr. Sedaghaty continues to require this information and if this information is classified, requests a protective order so that the defense could obtain access to this information.  Mr. Sedaghaty requests a ruling by this Court.

The defense respectfully requests the above rulings from the Court.

Respectfully submitted this 7th day of May, 2009.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender


/s/ Lawrence H. Matasar
Lawrence H. Matasar