Steven T. Wax, OSB No. 85012
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: steve_wax@fd.org

Lawrence Matasar, OSB No. 74209
621 SW Morrison Street, Suite #1025
Portland, OR 97205
Tel: (503) 222-9830
Email: larry@pdxlaw.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>    v.<br><br>PIROUZ SEDAGHATY,<br><br>           Defendant. | CR 05-60008<br><br>**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR CLARIFICATION REGARDING CLASSIFIED INFORMATION** |

Defendant, Pirouz Sedaghaty, by and through his attorneys, Lawrence Matasar, and Federal Public Defender Steven T. Wax, hereby replies to the government's response to the motion for clarification regarding the classified information.

Page 1 -   DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S
           MOTION FOR CLARIFICATION REGARDING CLASSIFIED INFORMATION

**I.   CLARIFICATION IS NEEDED GENERALLY OF THE COURT'S ORDERS OF MARCH 18, 2009**

Upon further review of the Court's Order Denying Defendant's First Motion For Discovery and Supplement to First Motion for Discovery (CR159) in conjunction with the Protective Orders (CR 160 & 161), it remains unclear whether the Court has denied the defense's discovery motion with regards to all of the requests the government has deemed classified or whether it is denied only "insofar as the Motion and Supplement to the Motion relate to the Terrorist Surveillance Program of the NSA."

In addition, while the protective orders signed by the court (CR 160 & 161) provide at a minimum that the Court reviewed a motion, a memorandum of law, and supporting declarations and exhibits, it is unclear, as to the order denying discovery (CR 159) whether the Court was actually provided anything substantive to review.  In this regard, the protective orders (CR 161 & 161) provide for the government's submission to be sealed and maintained by the Court Security Officer, the submission referenced in the Order denying discovery as to the TSP (CR 159) does not provide for any safekeeping of the materials reviewed by the Court.  The defense requests that the Court clarify what was reviewed and whether that information is being held by the CSO in the same manner as the materials referenced in the Protective Orders (CR 160 & 161).

Without clarification of the type and subject matter of the material that the government provided in its classified filings, the defense is unable to determine if the government has responded completely to the discovery requests involving classified information.  *See United States v. Pickard*, 236 F.Supp. 2d 1204, 1209 (D. Kan. 2002) ("CIPA does not create any new right or limits on discovery . . ."). The defense is aware

that there is a plethora of classified information regarding Al Haramain, Al Haramain USA. *See* CR 140 (Declaration of Col. Lang).  Because the defense is without any knowledge or outline of what the government actually provided the Court to review, there is no way for the defense to know whether certain discovery requests remain unanswered.  The defense respectfully requests clarification as to exactly what discovery requests involving classified information were denied.

## II.   FURTHER DISCOVERY ORDERS ARE NEEDED BASED ON THE COURT'S ORDERS OF MARCH 18, 2009, AND THE MARCH 25, 2009 UNCLASSIFIED SUMMARY

The unclassified summary provided by the government mentions a representative of Muhammad Al-Saif, aka Abu Umar, who received the monies at issue from an Al Haramain employee.  The paragraph concludes that the money was claimed to have been provided for needy Chechnyan families.  Such information is precisely the type of information that Mr. Sedaghaty believed the Court would find throughout the materials that the government should have provided.  The fact that he has only been provided one statement raises significant concerns about whether the government complied with its obligation to provide the Court with all of the information gathered by the intelligence community about Al Haramain and its activities from wiretaps, satellite intercepts, and all other electronic and other means from both domestic and foreign sources that are in the possession of any United States government entity or agency.

As reflected in Col. Lang's declaration and the other material originally provided to the Court by the defense, Al Haramain Saudi Arabia, and Al Haramain USA, have been the subject of intense scrutiny for many years.  That scrutiny should have included numerous

communications and also the results of numerous interrogations of numerous individuals by American, Saudi, Russian, and other intelligence agencies. Clarification of the material provided by the government to the Court is essential in order for Mr. Sedaghaty to have any confidence that the government complied with its obligations, and that the Court was in a position to review the voluminous material that should exist and should contain similar statements as well as statements made directly by Mr. Sedaghaty and other principles in Al Haramain USA.

Mr. Sedaghaty seeks a further order from the Court to the government directing production for its inspection of all classified information in its possession regarding the communications and investigation involving Mr. Sedaghaty, Al-Haramain USA, and the subject matter of the indictment as previously specified in his Motions for Discovery.

### III.   FURTHER DISCOVERY REGARDING THE SPECIFIC CONTENTS OF THE MARCH 25, 2009, LETTER IS REQUIRED

It is without dispute that the information provided on March 25, 20009, is exculpatory. In order for the defense to be able to successfully use the information, far more detail is required. Mr. Sedaghaty has filed a separate motion addressing these issues.

RESPECTFULLY SUBMITTED this 7TH day of May, 2009.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender

/s/ Lawrence H. Matasar
Lawrence H. Matasar