Steven T. Wax, OSB No. 85012
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: steve_wax@fd.org

Lawrence Matasar, OSB No. 74209
621 SW Morrison Street, Suite #1025
Portland, OR 97205
Tel: (503) 222-9830
Email: larry@pdxlaw.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PIROUZ SEDAGHATY,<br><br>Defendant. | CR 05-60008<br><br>RENEWED MOTION FOR DISCOVERY OF CLASSIFIED INFORMATION |

Defendant, Pirouz Sedaghaty, through his attorneys, Lawrence Matasar, and Federal Public Defender Steven T. Wax, hereby renews his request for discovery of classified information based upon examination of the unclassified summary of certain classified documents that was provided to the defense by letter dated March 25, 2009.

Page 1 -    RENEWED MOTION FOR DISCOVERY OF CLASSIFIED INFORMATION

**A.      The Unclassified Summary**

  1. The letter of March 25, 2009, relates that the United States obtained information from one Sami 'Abd Al 'Aziz Al-Sanad who worked for Al Haramain during 2000 and 2001.  The letter then states that Al-Sanad was responsible for providing currency supplied by Al Haramain, including currency obtained by the co-defendant, Soliman Al-Buthe, from Al Haramain USA, to a representative of one Muhammad Al-Sayf, a/k/a Abu 'Umar.  The monies were supposed to be smuggled into Chechnya.  Al-Sayf is reported to have stated that the monies he provided to the representative were destined for needy Chechnyan families.

  2. Assuming the accuracy of the information in the unclassified summary, it is highly exculpatory and, if the defense were able to generate witnesses to present to the jury, the testimony would defeat the government's allegation regarding the purpose of the alleged misstatement on the tax return.  The unclassified summary may, however, be unusable by the defense in its present form.  *See United States v. Rezaq*, 134 F.3d 1121, 1143 (D.C. Cir. 1998) (substitutions may not "omit[]" information "that might [be] helpful to [the] defense."  Mr. Sedaghaty, therefore, seeks an order for the government to be directed to provide him with the underlying information so that he can generate witnesses for trial.

  3. More specifically, the summary paragraph states that the United States government "obtained information."  The paragraph does not, however, say from where the information was obtained.  Was it obtained through interrogation of Mr. Al-Sanad?  Was it obtained through interrogation of some other individual?  Or, alternatively, was it obtained through electronic or other eavesdropping?  If so, is there a tape recording or other record of the statement? The answers to these questions, with specific information that Mr.

Sedaghaty can act on, is essential to the ability to prepare a defense, and an order to produce this information is sought from the Court.

4. The paragraph further states that the money Al-Sanad was involved with was "obtained by co-defendant Soliman Al-Buthe from Al-Haramain USA." The same issues exist with respect to that statement as are set out in paragraph 3. If there is a direct link between money obtained from Al-Haramain USA through Soliman Al-Buthe that was destined for needy Chechans, it is highly exculpatory, material to the defense, and Mr. Sedaghaty needs to be in a position to obtain the witnesses who can provide that information to the jury. He seeks an order of production from the Court.

5. The unclassified summary states that Al-Sanad provided the currency to a "representative" of Muhammad Al-Sayf a/k/a Abu 'Umar. The unclassified summary does not, however, state who that representative is. That representative is apparently percipient witness to the legitimate distribution of what is allegedly money that relates to the counts in the indictment. If that is the case, Mr. Sedaghaty needs to be in a position to contact that representative and attempt to present him to the jury. He, therefore, seeks an order that the government disclose the name and other pertinent facts about that individual.

6. The final sentence in the unclassified summary states that Al-Sanad "claimed" that the money was "destined for needy Chechnyan families." As with the first paragraphs of this motion, Mr. Sedaghaty needs to know the origins of that information – fruits of interrogation? Tape recorded? Otherwise recorded? Overheard? Eavesdropped? Or other? He seeks an order of disclosure from the Court.

**B.    Other Discovery**

The provision of the unclassified summary of March 25 strongly suggests to Mr. Sedaghaty that other similar information should have been provided to the Court. As stated in previous pleadings, Al Haramain USA and Al Haramain Saudi Arabia were subjected to intensive scrutiny by numerous intelligence agencies for a prolonged period. Those intelligence agencies used a variety of resources to gather information, including satellites, eavesdropping, interrogation, informers, etc. It is difficult for Mr. Sedaghaty to accept that the only exculpatory information that exists in the government files is that which is reflected in the unclassified summary set forth in the letter of March 25, 2009. Mr. Sedaghaty has, as a result, sought clarification by separate motion of the Court's orders of March 18, 2009. He hereby renews his request for exculpatory information, unclassified or classified.

RESPECTFULLY SUBMITTED this 7TH day of May, 2009.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender

/s/ Lawrence W. Matasar
Lawrence W. Matasar