KARIN J. IMMERGUT, OSB #96314
United States Attorney
District of Oregon
CHRISTOPHER L. CARDANI
Assistant United States Attorney
405 East Eighth Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771
chris.cardani@usdoj.gov
CHARLES F. GORDER, JR., OSB# 912874
Assistant United states Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1117
charles.gorder@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>     Plaintiff,     )<br>  )<br> v.     )<br>  )<br>  )<br>  )<br> PIROUZ SEDAGHATY,    )<br>  )<br>     Defendant.     ) | Case No.  CR 05-60008-HO<br><br>GOVERNMENT'S<br>RESPONSE TO DEFENDANT'S<br>DISCOVERY REQUEST 172 |

The United States, through its undersigned counsel, herein responds to "Defendant's Reply to Government's Response to Defendant's Letter Dated April 17, 2009."  (CR 172).

## Defendant's Discovery Requests

In CR 53 and CR 90 defendant filed motions for discovery. The government responded. (CR 100). It is undisputed that large amounts of discovery have been provided to defendant. This process is ongoing as additional items of discovery are identified. Thus far, seven batches of discovery have been provided to defendant and additional items will be provided shortly.

Defendant believes that the government is required to do more. In CR 172 defendant has provided a lengthy list of items he believes the government is required to provide. In setting forth those requests, he refers to the lettering and numbering he used in CR 53; the government will do the same. Below is the government's response to each of the contested items in CR 172.

## Background

In filing CR 100, the government responded to defendant's initial discovery requests. Included in that filing at pages 2-19 is a summary of the facts of this case and the law of discovery in federal criminal cases. That discussion is pertinent and is incorporated herein.

<u>Responses to Specific Requests</u>

<u>A 5</u>  -  There appears to be no further dispute over non-classified e-mails.  To the extent the defense requests access to classified materials, the government relies on its CIPA filings, which address the discoverability of classified material.

<u>A 6</u> -  Defendant is requesting additional written correspondence regarding "AHIF, AHIF-US, Pirouz Sedaghaty, or Soliman Al-Buthe," not previously provided.  Rule 16 governs this request.  The government has provided relevant written correspondence it intends to use at trial or is material to the defense and will continue to do so before trial if additional such evidence is identified.

<u>A 7</u> -  The defense claims that *any* informant information is discoverable.  The defense asserts the government's proposition that only testifying informant's information is discoverable is incorrect.  Defendant cites no law for this proposition.  The government continues to assert that such information is only discoverable if an informant is to testify at trial, or there is exculpatory information provided by an informant.

<u>A 8</u> -  Absent exculpatory information, nothing in the rules of discovery require the government to disclose all foreign governmental

3 - Government's Response to Defendant's Discovery Request 172

contacts with or concerning AHIF, defendant, or Soliman Al-Buthe. To the extent such non-classified contacts include relevant or exculpatory evidence, it has been turned over, or will be turned over to defendant.

<u>A 9</u> - Numerous witness statements have been provided to the defense. Additional statements of testifying witnesses will be provided in *Jencks* material prior to trial. Non-testifying witness statements are not discoverable unless they contain exculpatory material.

<u>A 10 and 11</u> - The government relies on its CIPA filings and rulings from this Court. Whether a grand jury subpoena or a National Security Letter was issued in this case, standing alone, is not pertinent or subject to discovery.

<u>A 12</u> - The date the investigation commenced is not discoverable under Rule 16. The government's CIPA filings also address this matter.

<u>A 13</u> - Numerous witness statements have been provided to the defense. Additional statements of testifying witnesses will be provided in *Jencks* material prior to trial. Non-testifying witness statements are not discoverable unless they contain exculpatory material.

<u>A 14</u> - All escrow documents obtained from Jackson County Title and other title companies have been provided to the defense. Non-

exculpatory statements of non-testifying witnesses, once again, are not discoverable.

<u>A 15</u> - Physical surveillance records, if they exist, are not discoverable under Rule 16.

<u>A 16</u> - Numerous witness statements have been provided to the defense. Additional statements of testifying witnesses will be provided in *Jencks* material prior to trial. Non-testifying witness statements are not discoverable unless they contain exculpatory material.

<u>A 17</u> - The defense has been provided copies of all bank records in the government's possession concerning account #2880311561, as well as other accounts over which defendant Sedaghaty had signature authority.

<u>A 18</u> - The government provided the defense with a summary indicating that Al-Buthe filed nine CMIRs, as well as copies of seven of them. The defense requests copies of two additional CMIRs filed by Al-Buthe. The government does not have copies of the two other CMIRs, but computer printouts containing information in those CMIRs have been provided to the defense.

<u>A 19</u> - Expert reports of testifying witnesses are being prepared as trial approaches. They have not been finalized but will be provided prior to

5 - Government's Response to Defendant's Discovery Request 172

trial. The government renews its request for reciprocal discovery in this regard.

<u>A 20</u>  -  ICE Forms I-94 (immigration forms filled out by non-citizens entering the United States) have been provided to the defense. A computer statement and some related information concerning one or more of Al-Buthe's visa applications has been located and will be provided to the defense.

<u>A 24</u>  -  Defendant has been provided information concerning his alleged peaceful activities found on his computers. The government has previously addressed defendant's claim for additional information related to this subject in its non-classified and classified submissions.

<u>A 25 & 27</u>  -  Absent a showing of materiality by the defense, irrelevant telephone and ISP records are not discoverable under Rule 16.

<u>A 28</u>  -  Defendant will be provided discovery concerning a consensually recorded call between defendant and another individual. To the extent that this request calls for surveillance that is classified, it would be addressed in CIPA filings.

<u>B 4</u>  -  Reports relating to the execution of the search warrant have been provided to the defense. An inventory of items seized has likewise

6 - Government's Response to Defendant's Discovery Request 172

been provided.

<u>B 5-10</u>  -  The government has previously provided its position on these requests in its non-classified and classified submissions.

<u>B 14</u> -  Defendant's criminal history records will be provided.

<u>B 15</u>  -  The government has previously provided its position on this request.  See above at <u>A 12.</u>

<u>B 16 and 17</u>  -  Agent notes concerning interviews with the defendant and witnesses have been retained and are available to the defense if this Court orders them to be disclosed.

<u>B 18</u>  -  Grand jury testimony of testifying witnesses will be provided prior to trial.  The defense is not entitled to other grand jury records.

<u>B 19</u>  -  Much of this request is a boilerplate recitation of Rule 16.  To the extent any of these requests bear on evidence gathered in this case, such requests are addressed in the government's non-classified and classified submissions.

<u>B 20</u>  -  The government will provide the defense prior to trial a list of prior acts as required under Federal Rule of Evidence 404.

<u>B 21</u>  -  The government will comply with its *Henthorn* obligations prior to trial.

<u>B 22</u>  -  The government has previously provided its position on this request for non-discoverable information.

<u>B 23</u>  -  The government will provide criminal history reports of its witnesses prior to trial, as well as any substantial impeaching information in the possession of the government not previously provided.

<u>B 26</u>  -  The government has previously provided its position on this request in its non-classified and classified submissions.

<u>B 28 & 29</u>  -  Absent some showing of necessity defendant is not entitled to the administrative records of the grand jury.

<u>Supplemental Discovery Motion</u>

Starting on page 9 of CR 172, defendant renews discovery issues he first raised in CR 90, responded to by paragraph number below.

<u>31</u>  -  The government has previously provided its position on this request in its non-classified and classified submissions.

<u>36</u>  -  There are no FBI reports concerning the arrest of defendant.

<u>37</u>  -  All interview reports of Wilcox have been provided.

<u>38 & 39</u>  -  This request is for materials not discoverable under Rule 16.

<u>40</u>  -  Records concerning shipments by Al-Haramain and its related

entities is not pertinent to this case, nor discoverable under Rule 16.

<u>42</u>  -  The government has previously provided its position on this request in its non-classified and classified submissions.

<u>43 & 44</u>  -  The FOCA report will be provided to the defense.  Agents are attempting to identify e-mails concerning Al-Buthe.

<u>46</u>  -  The prosecution has no intention of introducing the bin Laden e-mail at trial and continues to believe that, although the source of the e-mail is credible, it is not discoverable.  The government will continue to examine the matter to determine if there is any exculpatory information.

<u>47</u>  -  The government has previously provided its position on this request for non-discoverable information.

<u>52 & 53</u>  -  The government has previously provided its position on this request for non-discoverable information.  See CR 100, pages 21-22.

<u>55</u>  -  Surveillance of mail, whether it occurred or not, is not discoverable under Rule 16.  The government relies on its prior response. CR 100, page 24.

<u>57</u>  -  The Russian Federation has provided the United States with evidence concerning Al-Haramain's support of the mujahideen in Chechnya.  The defense has been provided some of this material; the

9 - Government's Response to Defendant's Discovery Request 172

remainder of the material will be provided once it is received and translated. Communications between the United States and foreign governments is not discoverable unless it contains exculpatory material.

<u>58</u> - Lili Zahedi is the sister of one of defendant Sedaghaty's wives. She is not a government witness and we possess no discoverable information concerning her.

<u>59 & 60</u> - Witness reports of Ross have been provided and will continue to be provided prior to trial.

<u>62</u> - The government has provided extensive information of this sort that is contained in the investigative file or in defendant's own computers. Once again, this issue is addressed in the government's non-classified and classified submissions.

<u>63</u> - The government has previously provided its position on this request. Shipments of material by defendant are not relevant to the trial.

<u>66</u> - FBI SA Mathews met defendant at a speech. He did not prepare a report of this contact.

<u>68</u> - All interview reports of defendant have been provided.

<u>69</u> - The government has previously provided its position on this request, particularly in pages 10-13 of CR 100.

10 - Government's Response to Defendant's Discovery Request 172

<u>70</u>  -  CIPA filings address these matters.

<u>71</u>  -  The government has addressed this request above.

<u>74</u>  -  Such information, to the extent it exists, is not discoverable unless it contains exculpatory information.

DATED this 12th day of June, 2009.

        Respectfully submitted,

        KARIN J. IMMERGUT
        United States Attorney


         */s/ Christopher L. Cardani*
        By: _____
        CHRISTOPHER L. CARDANI
        Assistant United States Attorney


         */s/ Charles F. Gorder. Jr.*
        By: _____
        CHARLES F. GORDER, JR.
        Assistant United States Attorney