# EXHIBIT 1

# United States District Court

AO93 (Rev. 6/92) Search Warrant          DISTRICT OF
                                          OREGON

In the Matter of the Search of
(Name, address or brief description of person or property to be searched)
One story residential building located at 3800 S. Highway 99 in Ashland, Oregon. Further described in Attachment A, incorporated herein.

SEARCH WARRANT

CASE NUMBER: 04-4009-M

To: Special Agent Colleen Anderson and any Authorized Officer of the United States

Affidavit(s) having been made before me by Special Agent Colleen Anderson who has reason to
                                                          Affiant
believe that ☐ on the person of or ☒ on the premises known as (name, description and/or location)

See Attachment A, incorporated herein.

in the Judicial District of Oregon there is now
concealed certain person or property, namely (describe the person or property)

See Attachment B, incorporated herein.

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the person or property so described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before _February 23, 2004_
                                                                Date

(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and making the search (in the daytime - 6:00 A.M. to 10:00 P.M.) (at any time in the day or night as I find reasonable cause has been established) and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the person or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant to
as required by law.                                             U.S. Magistrate Judge

_February 13, 2004_  _10:33 AM_  at _Medford, Oregon_
Date and Time Issued                    City and State

United States Magistrate Judge
Name and Title of Judicial Officer          Signature of Judicial Officer

# RETURN

| DATE WARRANT RECEIVED | DATE AND TIME WARRANT EXECUTED | COPY OF WARRANT AND RECEIPT LEFT WITH |
|---|---|---|
| 2/13/04 | 2/18/04 7:55 a.m | David Berger, Attorney at la |

INVENTORY MADE IN THE PRESENCE OF

David Berger / Jonah Sedaghaty

INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE WARRANT

See Attached Listings of evidence seized pursuant to Execution of Search warrant and Consent to Search.

## CERTIFICATION

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

*Colleen Anderson* (signed)

Subscribed, sworn to, and returned before me this date.

_____ U.S. Judge or Magistrate Judge        2/18/04  Date

00017

## Attachment "A"

## LOCATION TO BE SEARCHED

The location to be searched is a one story residential building located at 3800 S. Highway 99 in Ashland, Oregon. The location is owned by the Al Haramain Islamic Foundation, Inc.

The residence is located on a hillside with acreage, at the end of a paved driveway that intersects S. Highway 99. There are two large white metal gates that mark the entrance of the driveway from S. Highway 99. The gate usually has a no trespassing sign attached to it along with two small American flags and is quite often chained shut.

The residence is gray in color with green trim and has a large deck across the front. According to Jackson County Assessor's records, the residence was built in 1973 and is a one story residence with a basement and garage on the bottom level and a total of 4157 livable square feet. (See attached picture.)

00017

Attachment "B"

## ITEMS TO BE SEIZED

### Individuals Associated with Violations

Pirouz SEDAGHATY (aka Pete Seda, Perouz S. Ghaty, Perouz Seda Ghaty, and Abu Yunus)

Soliman ALBUTHE (aka Soliman A. AlBut'he, Soliman H.S. Al-Buthe, and Brother Soliman)

Aqeel Al-Aqeel (aka Aqeel Abdul-Aziz Al-'Aqeel)

Mansour Al-Kadi

Mahmoud Talaat El-Fiki

### Entities Associated with Violations

Al Haramain

Al Haramain Foundation

Al Haramain Islamic Foundation

Al Haramain Islamic Foundation, Inc.

Al Haramain Headquarters aka Al Haramain Riyadh

### Evidence Relating to the Tax Violation

Evidence concerning the subscription to a false Form 990 Tax Return, in violation of Title 26, United States Code, Section 7206(1), as described in the attached affidavit, for the year 2000, limited to the following:

Records and communications, including electronic records and communications, involving the individuals or entities above, pertaining to the preparation of an IRS Form 990 for the year 2000;

Records relating to bank accounts, bank transactions, bank records, safe deposit records, asset purchases or sales, other financial transactions, and donor and donee lists, involving the year 2000 which relate to the individuals or entities above; and

Records relating to credit card accounts, records and transactions involving the year 2000, which relate to the individuals or entities above.

Evidence Relating to the CMIR Violation

Evidence relating to the failure to file a currency and monetary instrument reporting form, in violation of Title 31, United States Code, Section 5324, as described in the attached affidavit, limited to the following:

Records of financial transactions, and communications, including electronic records of financial transactions and communications, which involve cash, traveler's checks, cashier's checks or money orders conducted between October 1997 and February 2003 and pertain to the individuals or entities listed above,

Computers

The term records include records modified or stored in any form. In searching for data capable of being read, stored or interpreted by a computer, law enforcement personnel executing this search warrant will employ the following procedure:

Upon securing the premises, law enforcement personnel trained in searching and seizing computer data (the "computer personnel") will make an initial review of any computer equipment and storage devices to determine whether these items can be searched on-site in a reasonable amount of time and without jeopardizing the ability to preserve the data.

If the computer equipment and storage devices cannot be searched on-site in a reasonable amount of time, then the computer personnel will determine whether it is practical to copy the data during the execution of the search in a reasonable amount of time without jeopardizing the ability to preserve the data.

If the computer personnel determine it is not practical to perform an on-site search or make an on-site copy of the data within a reasonable amount of time, then the computer equipment and storage devices will be seized and transported to an appropriate law enforcement laboratory for review. The computer equipment and storage devices will be reviewed by appropriately trained personnel in order to extract and seize any data that falls within the list of items to be seized set forth herein.

In searching the data, the computer personnel may examine all of the data contained in the computer equipment and storage devices to view their precise contents and determine whether the data falls within the items to be seized as set forth herein. In addition, the computer personnel may search for and attempt to recover "deleted," "hidden" or encrypted data to determine whether the data falls within the list of items to be seized as set forth herein.

If the computer personnel determine that the data does not fall within any of the items to be seized pursuant to this warrant or is not otherwise legally seized, the government will return these items within a reasonable period of time not to exceed 60 days from the date of seizure unless further authorization is obtained from the Court.

In order to search for data that is capable of being read or interpreted by a computer, law enforcement personnel will need to seize and search the following items, subject to the procedures set forth above:

Any computer equipment and storage device capable of being used to commit, further or store evidence of the offense listed above;

Any computer equipment used to facilitate the transmission, creation, display, encoding or storage of data, including word processing equipment, modems, docking stations, monitors, printers, plotters, encryption devices, and optical scanners.