Steven T. Wax, OSB No. 85012
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: steve_wax@fd.org

Lawrence Matasar, OSB No. 74209
621 SW Morrison Street, Suite #1025
Portland, OR 97205
Tel: (503) 222-9830
Email: larry@pdxlaw.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>                                    Plaintiff,<br><br>           v.<br><br>**PIROUZ SEDAGHATY,**<br><br>                                    Defendant. | CR 05-60008<br><br>**REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS** |

Defendant, Pirouz Sedaghaty, by and through his attorneys, Lawrence Matasar and Federal Public Defender Steven T. Wax, hereby submits this reply to the government's response to defendant's Motion To Suppress.

Page 1    REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS

In its response to Mr. Seda's Motion to Suppress, the government makes several points that warrant a reply.

### A. In Executing The Search Warrant, The Government Agents Exceeded Its Scope.

In responding to Mr. Seda's challenge to the seizure of such items as emails, documents, and web pages involving Chechnya and mujahideen from computers and related media, the government relies on cases involving the circumstances in which an affidavit can be incorporated into, and save, a defective warrant. Resp. at 25-31.[1] The government's reliance on this body of law is misplaced.

The Fourth Amendment provides that warrants must "particularly describ[e] the place to be searched and the things to be seized." The warrant signed by Magistrate Judge Cooney met this requirement. Nothing in the affidavit filed in support of the warrant could expand its scope.

The general rule is that the face of a warrant controls the scope of the search authorized. *Ramirez v. Butte-Silver Bow County*, 298 F.3d 1022, 1027 (9th Cir. 2002), *affirmed*, *Groh v. Ramirez*, 540 U.S. 551 (2004). A warrant may contain both authorizations and limitations. *Ramirez*, 298 F.3d at 1027. The executing officers are bound by the magistrate's determinations. *See Groh v. Ramirez*, 540 U.S. 565 n.9.

The doctrine of incorporation permits reference to an affidavit as well as the language of a warrant itself only to "cure the overbreadth of the warrant." *United States*

---

[1] The government recognized at the time of the execution of the warrant and in its Response to the Motion to Suppress that similar items seized from Mr. Sedaghaty's home were outside the scope of the warrant and sought consent for their seizure from Mr. Sedaghaty's son.

Page 2    REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS

*v. Adjani*, 452 F.3d 1140, 1149 (9th Cir. 2006), quoting *United States v. Spilotro*, 800 F.2d 959, 967 (9th Cir. 1986); *United States v. Towne*, 997 F.2d 537, 544 (9th Cir. 1993). *United States v. SDI Future Health, Inc.*, 568 F.3d 684 (9th Cir. 2009), cited by the government relies on this history. The cases clearly hold that an affidavit that is incorporated into a warrant can provide specificity that is otherwise lacking and limit agents' actions. *Towne*, 997 F.2d at 544-45. However, permitting an affidavit to authorize a search or seizure that is not included within the confines of a particularly drawn warrant would intrude on the function of the neutral magistrate and violate the principles of the warrant clause of the Fourth Amendment. Not surprisingly, we found no law permitting an affidavit to expand the scope of a search authorized by a warrant that meets the particularity requirements of the Fourth Amendment. *Cf. United States v. Aguilar*, 756 F.2d 1418, 1423 (9th Cir. 1985) (substantive amendment of indictment that broadens rather than narrows intrudes on the prerogative of the grand jury).

While the government claims that it seeks to incorporate the affidavit into the warrant "as a limiting tool," Resp. at 25, it is actually using the affidavit to broaden the search beyond the accounting documents listed in the narrow warrant itself into a much broader search that is nowhere sanctioned in the rest of the warrant. The government's argument regarding the affidavit ignores the language of the warrant itself. First, Magistrate Judge Cooney authorized a search only of a detailed and narrow list of accounting and bank documents and communications related to those documents and only for documents involving the year 2000 tax return and one CMIR transaction. The language of Attachment B is clear and defines only a narrow category of items that may be seized – accounting; bank, financial, and credit card records; "records and communications . . .

pertaining to the preparation of an IRS form 990 for the year 2000;" and evidence relating to the failure to file a CMIR. Nothing in these lists authorizes seizure of communications or records of a wholly different character – e.g., emails or web pages about a war.

Second, the warrant did not incorporate the affidavit wholesale. It was, rather, preceded and followed by specific language authorizing search and seizure of the particular items. Of significance is the inclusion of the phrase "limited to the following" that followed immediately after the reference to the affidavit. This is not a case, therefore, in which the court chose to rely on the agent's description of items in the affidavit to define the scope of the search. The reference to the affidavit was solely a parenthetical that limits the scope of the search authority to the particular year and offense described in the affidavit.

The government's effort to redraft the warrant at this time should be rejected. As the drafters of the document, they should be held to its literal terms. *Cf. United States v. Cope*, 527 F.3d 944, 949-50 (9th Cir. 2008) (government ordinarily held to literal terms of plea agreement it made and any lack of clarity should be construed against it).

Even if the affidavit is incorporated into the warrant itself, the warrant still fails to meet the Fourth Amendment's particularity requirement. The law is clear that the descriptions in an affidavit that can cure an overbroad warrant must be specific. As held in *Matter of Property Belonging to Talk of the Town Bookstore*, 644 F.2d 1317, 1318 (9th Cir. 1981), an affidavit can cure a general warrant only when it contains sufficient detail and specificity: "the warrants expressly limited the property subject to seizure to that described in detail in the incorporated affidavits, '(a)s to what (was) to be taken, nothing (was) left to the discretion of the officers executing the warrant.'" *See United States v. Hillyard*, 677

Page 4    REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS

F.2d 1336, 1341 (9th Cir. 1982) (affidavit included a detailed set of procedures to differentiate stolen vehicles from those legally owned).

The affidavit here contains nothing that would pass muster in a warrant. In her affidavit, Special Agent Anderson broadly described the conflict in Chechnya and also cited magazine articles indicating that Al-Haramain (Saudi Arabia) supported the mujahideen in the Chechen conflict. Aff. pp. 8-12. If this entire historical analysis had been cut and pasted directly into the search warrant itself, the warrant would have been subject to attack as overbroad and vague, failing to provide the agents guidance about which particular documents to search and seize.

### B. Mr. Sedaghaty Seeks A *Franks* Hearing.

The government argues that Mr. Sedaghaty has not specifically requested a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). Mr. Sedaghaty hereby clarifies any ambiguity: he believes he is entitled to, and seeks, a *Franks* hearing.

### C. Knowledge Of Illegality By Decision Makers Above Ms. Anderson Would Infect The Legality Of The Warrant.

The government responds to Mr. Sedaghaty's reliance on *Murray v. United States*, 487 U.S. 533 (1988), by asserting that the affiant, Ms. Anderson, had no knowledge of any illegal searches (if any occurred). Mr. Sedaghaty believes, however, that the decision making in this case involved persons other than Ms. Anderson who were tainted by knowledge of the fruits of unlawful activity. *See* discussion of Szubin declaration at Memorandum in Support, p. 9. A hearing will be needed to develop these facts.

Mr. Sedaghaty anticipates that the facts to be adduced at the hearing will further demonstrate unlawful execution of the warrant.

Respectfully submitted July 10, 2009.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender


/s/ Lawrence Matasar
Lawrence Matasar