KENT S. ROBINSON
Acting United States Attorney
District of Oregon
**CHRISTOPHER L. CARDANI**
Assistant United States Attorney
701 High Street
Eugene, OR 97401
Email: chris.cardani@usdoj.gov
Telephone: (541) 465-6771
**CHARLES F. GORDER, JR.**, OSB #912874
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204
Email: charles.gorder@sdoj.gov
Telephone: (503) 727-1000
      Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

**UNITED STATES OF AMERICA**

      **v.**                **CR 05-60008-HO**

**PIROUZ SEDAGHATY, et al.,**

         **Defendants.**

**GOVERNMENT'S RESPONSE TO DEFENDANT'S CIPA NOTICE (CR 195), MOTION FOR PROTECTIVE ORDER (CIPA) (CR 194), AND SECOND CIPA NOTICE (CR 200) <u>PURSUANT TO SECTION 5 OF CIPA AND MOTION TO STRIKE</u>**

      The defendant's two notices and motion for protective order under the Classified

Information Procedures Act ("CIPA") appear to reference potentially classified information

which may or may not exist but to which neither the defendant nor his counsel currently have

access.  The proper vehicle for actually seeking classified information to which the defense does

not have access is a discovery motion, not a CIPA notice.  Many such discovery motions have already been made by the defendant, responded to by the government, and ruled upon by the Court.

"CIPA [is] not . . . intended to expand the traditional rules of criminal discovery under which the government is not required to provide criminal defendants with information that is neither exculpatory nor, in some way, helpful to the defense."  United States v. Varca, 896 F.2d 900, 905 (5th Cir. 1990); see also United States v. Johnson, 139 F.3d 1359, 1365 (11th Cir. 1998).  Rather, it applies the preexisting general law of discovery in criminal cases to classified information and restricts discovery of classified information to protect the government's national security interests.  See United States v. Klimavicius-Viloria, 144 F.3d 1249, 1261 (9th Cir. 1998); Baptista-Rodriguez, 17 F.3d at 1363-64; United States v. Yunis, 867 F.2d 617, 621 (D.C. Cir. 1989).  Therefore, as explained below, the defendant's CIPA notices should be dismissed as moot or stricken.

**First CIPA Notice**

On July 9, 2009, defendant Sedaghaty filed a CIPA Notice and Motion for Protective Order (CIPA) (CR 194-95) concerning his expected use of the so-called "sealed document" which is in the custody of the Court Security Officer.  This simply appears to be an attempt to raise once again defense counsels' repeated requests to have access to the sealed document and to modify the Court's previous order prohibiting discussion of the contents of the sealed document.

/ / /

**Page 2 -       GOVERNMENT'S RESPONSE TO DEFENDANT'S CIPA NOTICE,
                 MOTION FOR PROTECTIVE ORDER, AND SECOND CIPA NOTICE
                 PURSUANT TO SECTION 5 OF CIPA AND MOTION TO STRIKE**

On July 1, 2009, the Court denied defendant's motion (CR 135) to modify the Court's Order of May 16, 2008, which prohibited access to and further discussion about the sealed document. To the extent that the pending motion for a protective order (CR 194) requests reconsideration of that ruling, the government continues to urge that there be no modification of the May 16, 2008, order. See CR 177. There has still been no material change in circumstances to warrant such a modification. The defendant previously filed an *ex parte, in camera* pleading outlining his theory of the defense in connection with the Court's review of the government's classified filings. Although undersigned counsel are not privy to the contents of the defendant's "sealed document" or to defendant's sealed theory of the defense, absent a finding by the Court that the "sealed document" is discoverable or otherwise material to the defense of the criminal case, the document and its contents should not be at issue in this matter. Since there is no current need for defense access to or discussion about the "sealed document," the defendant's first CIPA notice (CR 195) should be stricken and the motion for protective order (CR 194) should be denied.

**Second CIPA Notice**

On July 27, 2009, the defendant filed a second CIPA notice (CR 200) indicating that counsel expects to use four categories of potentially classified information. There is no indication that the defendant currently has access to any of the potentially classified information he references. These four matters are further discussed below:

1.      Information About the President's Surveillance Program. The defendant has already introduced at the last court hearing the unclassified version of the July 10, 2009, report

**Page 3 -**      **GOVERNMENT'S RESPONSE TO DEFENDANT'S CIPA NOTICE,**
                 **MOTION FOR PROTECTIVE ORDER, AND SECOND CIPA NOTICE**
                 **PURSUANT TO SECTION 5 OF CIPA AND MOTION TO STRIKE**

of the Inspectors General of the intelligence community concerning the "President's Surveillance Program."  Counsel do not indicate that they have had access to the classified version of that report.  Undersigned counsel for the government have not had access to the classified version of the report.  Therefore, this portion of the second CIPA motion is moot unless and until defense counsel has access to the classified report and can demonstrate its relevance to this case.

2.      Information About the FSB.  Special Agent Carroll testified in court that copies of the Al-Haramain USA hard drives were provided to the Russian Federal Security Service ("FSB").  That information is not classified and therefore not subject to the provisions of CIPA.[1] This portion of the CIPA motion should be dismissed as moot.

3.      Information About the Initiation of the Investigation.  The Court has already denied the defendant's discovery motion concerning when the investigation in this case began.  See Order of July 1, 2009 (CR 191), page 3, Item A12.  Rule 16(a)(2) of the Rules of Criminal Procedure prevents disclosure of internal government reports concerning an investigation, which would certainly include the decision to initiate such an investigation.  Thus, even if any such information were classified, it is not discoverable and this portion of the CIPA notice should be stricken.

4.      References to Ali Al-Timimi.  At the July 13, 2009, hearing on the motion to suppress, Special Agent Carroll indicated that he was not sure whether he could articulate in open court the reason to include the terms "Timimi" or "Ali Timimi" in the list of search terms for Al Haramain USA's computers because such information might be classified.  There is,

---

[1]      The fact that this information is not classified does not necessarily make such information further discoverable.

**Page 4 -**      **GOVERNMENT'S RESPONSE TO DEFENDANT'S CIPA NOTICE, MOTION FOR PROTECTIVE ORDER, AND SECOND CIPA NOTICE PURSUANT TO SECTION 5 OF CIPA AND MOTION TO STRIKE**

however, sufficient information in the unclassified public record to explain the inclusion of those terms.

Ali Al-Timimi was convicted by a jury in the Eastern District of Virginia in April 2005 of, *inter alia*, soliciting others to wage war against the United States and to assist the Taliban. According to declassified conversations intercepted pursuant to the Foreign Intelligence Surveillance Act ("FISA") which were introduced at his trial, Al-Timimi was associated with and communicated with Soliman Al-Buthe, the fugitive co-defendant in this prosecution. Specifically, Al-Timimi contacted Al-Buthe to obtain Al-Buthe's assistance in editing and publishing an anti-Semitic article glorifying the crash of the United States Space Shuttle Columbia as a sign from God that "overjoyed" the "heart of each believer" and signaled the end of American supremacy.  A copy of this article as introduced at Al-Timimi's trial is attached hereto.  Obviously, connections between Al-Haramain, Al-Buthe and terrorists such as Al-Timimi could be relevant to the intent element of the offenses in this investigation and prosecution and were proper search terms under the warrant.

Dated this 12th day of August 2009.

Respectfully submitted,

KENT S. ROBINSON
Acting United States Attorney

/s/ Charles F. Gorder, Jr.
CHARLES F. GORDER, JR.
Assistant United States Attorney

/s/ Christopher L. Cardani
CHRISTOPHER L. CARDANI
Assistant United States Attorney

Page 5 -    GOVERNMENT'S RESPONSE TO DEFENDANT'S CIPA NOTICE,
            MOTION FOR PROTECTIVE ORDER, AND SECOND CIPA NOTICE
            PURSUANT TO SECTION 5 OF CIPA AND MOTION TO STRIKE