Steven T. Wax, OSB No. 85012
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: steve_wax@fd.org

Lawrence Matasar, OSB No. 74209
621 SW Morrison Street, Suite #1025
Portland, OR 97205
Tel: (503) 222-9830
Email: larry@pdxlaw.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>PIROUZ SEDAGHATY,<br><br>                              Defendant. | CR 05-60008<br><br>SUPPLEMENT TO DEFENDANT'S MOTION TO SUPPRESS |

The defendant, Pirouz Sedaghaty, by and through his attorneys, Lawrence Matasar and Federal Public Defender Steven T. Wax, hereby submits this supplemental memorandum to bring to the Court's attention the *en banc* decision in *United States v. Comprehensive Drug Testing, Inc.*, No. 05-10067 (9th Cir. August 26,

Page 1 SUPPLEMENT TO DEFENDANT'S MOTION TO SUPPRESS

2009) (attached as Exhibit A).  The decision buttresses the arguments Mr. Sedaghaty made in his memoranda on the motion to suppress that the government exceeded the scope of the warrant when it searched the computer hard drives it seized during the execution of the warrant on February 18, 2004.  Specifically, Mr. Sedaghaty argued that all fruits of the search must be suppressed because, in executing the search warrant, the agents exceeded its carefully tailored scope and protocol for permanent seizure and search of material on computers and electronic media.  *See* Memorandum in Support of Motion to Suppress at 12-20.

      In *Comprehensive Drug Testing, Inc. (CDI)*, the *en banc* court strongly confirmed the importance of the procedures set forth in *United States v. Tamura*, 694 F.2d 591 (9th Cir. 1982) to computer searches, stating that the point of the procedures is to "maintain the privacy of materials that are intermingled with seizable materials, and to avoid turning a limited search for particular information into a general search of office file systems and computer databases."  *CDI,* No. 05-10067 at 11876.  This limitation prevents the government from conducting a general search under the pretense of looking for  information that falls within the scope of the warrant and coming upon other information, claiming it was in "plain view."  *Id.* at 11877.  The data on computers must first be segregated and this must be done by specialized personnel or a third party.  *Id.* at 11892.  Once data has been properly segregated, "the government agents involved in the investigation may examine only the information covered by the terms of the warrant." *Id.* at 11881.  The holdings and analysis in *CDI* reinforce the arguments previously presented that the government exceeded the scope of the warrant in its prolonged and evolving search of the computers seized on February 18, 2004.  In *CDI*,

Page 2 SUPPLEMENT TO DEFENDANT'S MOTION TO SUPPRESS

the Court also held that, absent further judicial authorization, any other copies must be destroyed or returned along with the actual physical medium seized, to the party from whom they were seized.  *Id.*  "Also, within a time specified in the warrant, which should be as soon as practicable, the government must provide the issuing officer with a return disclosing precisely what data it has obtained as a consequence of the search, and what data it has returned to the party from whom it was seized." *Id.*

The government failed to address *Tamura* in its response to Mr. Sedaghaty's Motion to Suppress.  Rather, the government relied on *United States v. Giberson*, 527 F.3d 882, 888-89 (9th Cir. 2008), and argued that while the government should exercise caution when searching a computer, the fact that there may be intermingled "materials does not justify an exception or heightened procedural protections for computers beyond the Fourth Amendment's reasonableness requirement."  Government Response to Motion to Suppress at 29.   Whether or not there are heightened procedural protections for searches of computers (*compare Giberson with United States v. Payton*, 2009 WL 2151348, ___ F3d ___ (9th Cir. July 21, 2009)), the Ninth Circuit has now held that government searches of computers should be closely monitored in furtherance of the protections of the Fourth Amendment.  This includes ensuring that, regardless of the number of files seized, only the material within the scope of the search warrant be examined by the government agents in the particular case.  *CDI* at 11881.

*CDI* makes clear that the government's view of its search authority is overly broad.  At the hearing on the Motion to Suppress, AUSA Cardani stated that "every bit of information on the computer can be reviewed by qualified agents to determine if

Page 3 SUPPLEMENT TO DEFENDANT'S MOTION TO SUPPRESS

something is within the scope of a search. And it also can be a continuing one, that the investigation can build during the search of that, as it can be done on the site of a search in a paper warrant. One file may be thought of as irrelevant but based on the investigation as it evolves during the search, other things became fair game." Transcript, July 13, 2009 at 97. (Attached as Exhibit B). Mr. Cardani went on to say, "[a]nd there is no rule that says we are under a time limit on how long that review can take. So I think that that stuff can be done right up to the point of trial. And if fair - - if relevant material comes out of those computers, whether the request is from me or from Mr. Gorder or Ms. Anderson based on the state of the investigation, I think it's all fair game." Transcript, July 13, 2009 at 97. (Exhibit B). *CDI* makes clear, however, that the scope of a search may not evolve over time. Observing matters in plain view does not authorize expansion of the scope of a warrant. *Id.* at 11892. If material emerges that could support expanding the scope of a warrant, the government must return to court. *Id.* at 11881 (once data has been segregated, "absent further judicial authorization" remaining copies must be destroyed or returned). *CDI* makes clear that a search is limited in time and that the government's return must include the "data" it seized.[1] Mr. Cardani's statements that the scope of authority granted under a warrant can evolve and that a search for data can continue without time limit are, therefore, admissions that the government violated the terms and scope of the search warrant.

For all of the reasons set forth herein and in the pleadings previously submitted,

---

[1]This aspect of the holding is also relevant to the pending discovery and continuance issues related to computer searches.

Page 4 SUPPLEMENT TO DEFENDANT'S MOTION TO SUPPRESS

all of the fruits of the searches of the computers should be suppressed.

Respectfully submitted this 27th day of August, 2009.


_____
Steven T. Wax
Federal Public Defender
Counsel for Defendant


_____
Lawrence Matasar
Counsel for Defendant