*EXHIBIT B*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) No. 05-60008-2-HO |
| | ) |
| v. | ) July 13, 2009 |
| | ) |
| PIROUZ SEDAGHATY, et al., | ) Eugene, Oregon |
| | ) |
| Defendants. | ) |

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE MICHAEL R. HOGAN

UNITED STATES DISTRICT COURT JUDGE

-:-

Deborah Wilhelm, CSR, RPR
Court Reporter
P.O. Box 1504
Eugene, OR 97440
(541) 431-4113

1  form, how is it -- are there any limitations you can
2  have that are fair to be put on in your review of that
3  evidence? And I can keep coming back to the paper days.
4  If an agent had a white collar warrant, and there is
5  boxes and boxes of material, it's the equivalent, in
6  this case, I think, of having the computers in a
7  searchable form.
8            I think it's a strong argument that every bit
9  of information on the computer can be reviewed by
10 qualified agents to determine if something is within the
11 scope of a search. And it also can be a continuing one,
12 that the investigation can build during the search of
13 that, as it can be done on the site of a search in a
14 paper warrant. One file may be thought of as irrelevant
15 but based on the investigation as it evolves during the
16 search, other things became fair game. Other agents may
17 have some input.
18           And there is no rule that says we are under a
19 time limit on how long that review can take. So I think
20 that that stuff can be done right up to the point of
21 trial. And if fair -- if relevant material comes out of
22 those computers, whether the request is from me or from
23 Mr. Gorder or Ms. Anderson based on the state of the
24 investigation, I think it's all fair game.
25           And I think the cases support us. The recent