KENT S. ROBINSON
Acting United States Attorney
District of Oregon
CHRISTOPHER L. CARDANI
Assistant United States Attorney
405 East Eighth Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771
chris.cardani@usdoj.gov
CHARLES F. GORDER, JR., OSB# 912874
Assistant United states Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1117
charles.gorder@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-CR-60008-HO |
| | ) | |
| v. | ) | |
| | ) | GOVERNMENT'S RESPONSE |
| | ) | TO DEFENDANT'S MOTION |
| PIROUZ SEDAGHATY, | ) | FOR A BILL OF PARTICULARS |
| Defendant. | ) | |

## I. Introduction

The United States of America, through its undersigned counsel, herein responds to Defendant's Motion for a Bill of Particulars (CR 201). Defendant requests that the United States provide names of individuals and organizations unnamed in the indictment, but known to the grand jury or the Government. For reasons set forth below, this Court should deny the motion.

## II.  Factual Background

The defendant is charged in a three-count amended indictment.  (CR 22).  The indictment provides many of the specific facts underlying the charged offenses.  The Government provided a specific account of how the defendant carried out the scheme, the transactions involved, when each transaction occurred, and the purpose of the scheme.  The Government has provided substantial discovery to the defendant.  The Government has recently filed preliminary witness and exhibit lists, providing even more details about its case-in-chief.

## III.  Argument

### The Defendant Has Adequate Information To Prepare His Defense, Avoid Surprise, and Avoid Double Jeopardy

A bill of particulars is a matter within the discretion of the district court.  *United States v. Calabrese*, 825 F.2d 1342, 1347 (9th Cir. 1987).  Fed. R. Crim. P. 7(f) provides the motion as a tool for a defendant requiring clarification of the indictment to prepare a defense, but it is not an appropriate means of obtaining discovery.  *See United States v. Grace*, 401 F.Supp.2d 1103, 1106 (D. Mont. 2005) (citing *United States v. Giese*, 597 F.2d 1170 (9th Cir. 1979) and *Cooper v. United States*, 282 F.2d 527, 532 (9th Cir. 1960)).  The purpose of a bill of particulars is to provide the defendant with enough detail of the charges to (1) avoid surprise at trial, (2) aid the defendant in preparation of defense, and (3) protect against double jeopardy.  *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983).  The court should determine whether the indictment and disclosures made by the government have sufficiently advised the defendant of the charges.  *Id.*

A defendant's request for the names of unindicted co-conspirators does not warrant a bill of particulars. *United States v. Shabazz*, 995 F.Supp. 1109, 1115 (D.Or. 1998) (citing *United States v. DiCesare*, 765 F.2d 890, 897 (9th Cir. 1985). In *Shabazz*, the court denied the motion for a bill or particulars, citing *DiCesare* and holding that the lack of identity for unindicted co-conspirators was not precluding Shabazz from preparing a defense. 995 F.Supp. at 1115.

Even if an indictment is not sufficient to inform the defendant of the charges, the court may still deny a motion for a bill of particulars when "the defendant is otherwise fully informed of the charges." *United States v. Edmonds*, 905 F.Supp. 827, 830 (D. Or. 1995) (denying motion for bill of particulars where government provided extensive discovery materials supplementing the indictment). "The government is required to disclose the theory of the prosecution, but it cannot be forced to disclose all the evidence it intends to produce in support of its theory." *Grace*, 401 F.Supp.2d at 1107-08 (citing *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986).

While defendant Sedaghaty's motion fails to provide legal or factual support for his request, the Ninth Circuit in the *DiCesare* case has ruled that a request for unnamed co-conspirators is not a proper basis for requesting a bill of particulars.

Additionally, the Government's indictment goes beyond listing charges against the defendant and stating the Government's theory for the case. The indictment provides background of the circumstances, specifically identifies the object of the conspiracy, details the manner and means the conspiracy was executed, and then recounts each overt act identified by the Government. The indictment more than adequately informs the defendant of the charges.

3 - Government's Response to Defendant's Motion for a Bill of Particulars

While this can not be an open file discovery case, copious amounts of discovery have nevertheless been provided to defendant, and the Government's recently filed exhibit and witness lists provide even more information to defendant, enabling him to defend the case, and protect against double jeopardy. A bill of particulars is not necessary.

### III. Conclusion

For these reasons, the government urges the Court to deny defendant's motion for a bill of particulars (CR 201).

DATED this 1st day of September, 2009.

                        Respectfully submitted,

                        KENT S. ROBINSON
                        Acting United States Attorney
                        District of Oregon

                              */s/ Christopher L. Cardani*
By: _____
                        CHRISTOPHER L. CARDANI
                        Assistant United States Attorney

                              */s/ Charles F. Gorder, Jr.*
By: _____
                        CHARLES F. GORDER, JR.
                        Assistant United States Attorney