Steven T. Wax, OSB No. 85012
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: steve_wax@fd.org

Lawrence Matasar, OSB No. 74209
621 SW Morrison Street, Suite #1025
Portland, OR 97205
Tel: (503) 222-9830
Email: larry@pdxlaw.com

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>PIROUZ SEDAGHATY,<br><br>　　　　　　　　　Defendant. | CR 05-60008 HO<br><br>**REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR A BILL OF PARTICULARS** |

Defendant, Pirouz Sedaghaty, by and through his attorneys, Lawrence Matasar and Federal Public Defender Steven T. Wax, hereby replies to the government's response to his motion for an order for a Bill of Particulars.

**Page 1    REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR A BILL OF PARTICULARS**

Mr. Sedaghaty requests that the Court order the United States to provide the names of individuals and organizations unnamed in the indictment, but known to the grand jury or the government. The government's response ignores some of the realities of this case. Although the government specifically, in Count One of the indictment, acknowledges that there are other co-conspirators, both known and unknown to the grand jury to defraud the government, it fails to inform Mr. Sedaghaty of the identity of those individuals and organizations. CR 22 at 7. Any ability to prepare a defense to the conspiracy count is dependent on the identity of all co-conspirators.

> The purposes of a bill of particulars are to minimize the danger of surprise at trial and to provide sufficient information on the nature of the charges to allow preparation of a defense. These purposes are served if the indictment itself provides sufficient details of the charges and if the Government provides full discovery to the defense.

*United States v. Mitchell,* 744 F.2d 701, 705 (9th Cir. 1984) (internal citations omitted) (citing *Will v. United States*, 389 U.S. 90, 98-99 (1967) and *United States v. Long,* 706 F.2d 1044, 1054 (9th Cir. 1983)). This is not an open discovery case. CR 214 at 4. And as this Court is aware, there is a staggering amount of discovery, both disclosed and unclosed to the defense. Specifically, as to the electronic discovery, a great deal of recovery of the government's specific discovery is left up to the defendant to find for himself. This requires, *inter alia*, searches with terms that can generate relevant information. This undertaking requires that the defendant be aware of specific details known to the government – the identity of the individuals and organizations unnamed in the indictment, but known to the grand jury or the government. Anything less than that does not provide the defendant with enough detail of the charges to avoid surprise at trial and

Page 2    REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

aid in preparation of the defense. *United States v. Long,* 706 F.2d 1044, 1054 (9th Cir. 1983).

      Mr. Sedaghaty respectfully requests this Court to order the government to provide the identity of the individuals and organizations unnamed in the indictment, but known to the grand jury or the government. CR 22 at 7.

      RESPECTFULLY SUBMITTED this 14th day of September, 2009.

      /s/ Steven T. Wax
      Steven T. Wax
      Federal Public Defender

      /s/ Lawrence H. Matasar
      Lawrence H. Matasar