KENT S. ROBINSON
Acting United States Attorney
District of Oregon
CHRISTOPHER L. CARDANI
Assistant United States Attorney
405 East Eighth Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771
chris.cardani@usdoj.gov
CHARLES F. GORDER, JR., OSB# 912874
Assistant United states Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1117
charles.gorder@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-CR-60008-HO |
| | ) | |
| v. | ) | UNITED STATES' MOTION FOR |
| | ) | CLARIFICATION OF DISCOVERY |
| PIROUZ SEDAGHATY, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

The United States of America, through its undersigned counsel, herein submits this motion, seeking clarification concerning an order previously issued by this Court.

Background

On July 1, 2009, this Court issued a written order concerning matters relating to discovery (CR 191). The government has been reviewing that Order and continuing to provide discovery to defendant in a manner consistent with the Order. Through this motion, the government respectfully requests that the Court clarify aspects of that Order.

PAGE 1 - UNITED STATES' MOTION FOR CLARIFICATION OF DISCOVERY ORDER

1.  <u>Notes of Witnesses</u>

On page 7 of the Order, the Court directed the government to "provide notes regarding interviews with defendant and witnesses." The government is in the process of complying with this by collecting the available notes and disclosing them to the defense. The government, however, does not believe this order should include notes from discussions with expert witnesses, who have or will be providing formal reports, to be disclosed to the defense pursuant to Fed. R. Crim. P. 16(a)(1)(G). The government thus requests a ruling that it need not disclose notes from expert witnesses.

2.  <u>*Henthorn* Request</u>

On page 16 of the Order, the Court directed the government to review the personnel files of Daveed Gartenstein-Ross and Thomas Wilcox in accordance with *United States v. Henthorn*, 931 F.2d 29, 31 (9th Cir. 1991).

*Henthorn* requires the government to examine the personnel files of testifying law enforcement officers and disclose information material to the defense. *Henthorn* also permits the submission of such files to the Court for *in camera* review, if the government is unsure as to whether the files contain material information.

No cases have been found extending the government's *Henthorn* obligations beyond testifying law enforcement officers. Neither Daveed Gartenstein-Ross nor Thomas Wilcox have ever been federal law enforcement officers. To the best of our knowledge, Gartenstein-Ross' only federal employment has been as a judicial law clerk to a federal judge sitting on the United States Court of Appeals for the District of

Columbia Circuit. We do not have Gartenstein-Ross' personnel file from his employment with the judiciary.

Thomas Wilcox is a Certified Public Accountant in Medford, Oregon. To the best of our knowledge, his only federal employment was as a Revenue Agent with the Internal Revenue Service in California for about five years in the 1970's. A Revenue Agent is not a law enforcement officer. Rather, they are civil auditors. We do not have Wilcox's personnel file from his time with the IRS.

The government will comply with its *Henthorn* obligations prior to trial by reviewing the personnel files of testifying law enforcement officers. Yet, for reasons set forth above, this obligation should not have to include review of the personnel files of Gartenstein-Ross or Wilcox.

3. <u>Interview Reports of Non-Testifying Witnesses</u>

On page 3 of the Court's Discovery Order (CR 191), the Court addressed Item A9 and ruled that "[s]tatements of non-testifying witnesses need not be provided to the extent they do not contain exculpatory material." On page 9, the Court, in addressing Item 31, ordered the government to disclose interview reports "of individuals who are mentioned in several reports already provided" which are not classified. These rulings appear to be inconsistent.

The government has already provided to the defense, reports of witnesses who are likely to testify during its case-in-chief. In addition, other interview reports from non-testifying witnesses have been disclosed that contain information which may be exculpatory.

PAGE 3 - UNITED STATES' MOTION FOR CLARIFICATION OF DISCOVERY ORDER

The government has undertaken a comprehensive review of the evidence in determining whether witness reports need to be discovered. This review was done with an eye towards whether the reports contained information which may be helpful to the defense or were statements from testifying witnesses. Requiring the government to engage in an additional review for any reports of any individual mentioned in reports already disclosed would be time-consuming and problematic, as it may necessitate an examination of multiple agency reports, disclosure of confidential informants, and touch upon sensitive information pertaining to separate investigations not pertinent to this case. There is no requirement in the law that the government provide the defense non-exculpatory witness reports from witnesses who will not be testifying at trial.[1] *United States v. Cadet*, 727 F.2d 1453, 1469 (9th Cir. 1984) (district court's order requiring disclosure of witnesses prosecution did not intend to call as witnesses reversed as contrary to law of the circuit).

The government thus requests that the Court clarify its discovery order and not require the disclosure of witness reports from non-testifying witnesses which do not contain exculpatory information.

## Conclusion

For reasons stated, the government requests that this Court clarify its discovery order by stating that:

1) notes from interviews of expert witnesses need not be provided;

---

[1] In CR 100 the government provided a review of the law concerning discovery.

PAGE 4 - UNITED STATES' MOTION FOR CLARIFICATION OF DISCOVERY ORDER

2)  the government need not attempt to obtain and review personnel records of Daveed Gartenstein-Ross or Thomas Wilcox; and

3)  the government need not disclose non-exculpatory reports of interviews with non-testifying witnesses.

DATED this 17th day of September, 2009.

    Respectfully submitted,

    KENT S. ROBINSON
    Acting United States Attorney

    */s/ Christopher L. Cardani*
    CHRISTOPHER L. CARDANI
    Assistant United States Attorney

    */s/Charles F. Gorder, Jr.*
    CHARLES F. GORDER, JR.
    Assistant United States Attorney