Steven T. Wax, OSB No. 85012
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: steve_wax@fd.org

Lawrence Matasar, OSB No. 74209
621 SW Morrison Street, Suite #1025
Portland, OR 97205
Tel: (503) 222-9830
Email: larry@pdxlaw.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>       v.<br><br>PIROUZ SEDAGHATY,<br><br>                             Defendant. | CR 05-60008<br><br>DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S [FIRST] SUPPLEMENT TO MOTION TO SUPPRESS |

Defendant, Pirouz Sedaghaty, by and through his attorneys, Lawrence Matasar, and Federal Public Defender Steven T. Wax, hereby replies to the government's response to defendant's [first] supplement to his motion to suppress.

Page 1 -    DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S [FIRST] SUPPLEMENT TO MOTION TO SUPPRESS

A.  **Application Of *CDT* Does Not Implicate Retroactivity**

The government's retroactivity analysis on the Ninth Circuit's en banc decision in *United States v. Comprehensive Drug Testing, Inc.* 579 F.3d 989 (9th Cir. 2009) (*CDT*), is incorrect.  *CDT* did not make new law on the core issues raised by Mr. Sedaghaty; retroactivity is not an issue here.  As the government itself notes, the majority in *CDT* relied heavily upon the decision in *United States v. Tamura*, 694 F.2d 591 (9th Cir. 1982).  Mr. Sedaghaty relied on *Tamura* in his motion to suppress.  CR 183 at 14, 15, 16, and 19.  While the Court may have addressed the specific procedures to apply to future warrants, it did not so limit the application of the Fourth Amendment  law to computer searches and granted relief in the *CDT* cases.

The government's statement that *CDT* broke new ground is further undermined by review of *United States v. Payton*, 573 F.3d 859 (9th Cir. 2009).  In discussing computer searches in that case, the court noted the widespread practice for judges issuing warrants to include a search protocol and other conditions on the manner and extent of computer searches in the warrants. 573 F.3d at 864.

The statement in the government's response that "there was no prior indication that the government should waive the plain view doctrine . . ." (Resp. at 6), reveals another deficiency in its pleading.  In his memorandum, Mr. Sedaghaty had cited *United States v. Cary*, 172 F.3d 1268 (10th Cir. 1999).  While not a Ninth Circuit case, *Cary* clearly stated, quoting the Supreme Court in *Coolidge v. New Hampshire*, 403 U.S. 443, 466 (1971), that "the plain view doctrine may not be used to extend a general exploratory search from one object to another until something incriminating at last

emerges." *Cary* made that statement in the context of a search of a computer, rejecting the government's plain view argument.

The Magistrate Judge specifically limited the government's search authority in this case. The government's seizures exceeded that authority. Moreover, with respect to many of the exhibits the government seeks to introduce from the computers, it was not readily apparent on their face that they were contraband, evidence, or seizable within the scope of the warrant.

The application of *CDT* to Mr. Sedaghaty's case would not be retroactive.

**B.     *Gonzalez* Would Govern Any Retroactivity Analysis.**

To the extent *CDT* did establish new law, the decision in *United States v. Gonzalez*, 578 F.3d 1130 (9th Cir. 2009), is controlling and requires that it be applied to Mr. Sedaghaty's case.

The government's citation to *United States v. Hay*, 231 F.3d 630 (9th Cir. 2000), is unavailing. *Hay* involved the question of off-site review, not wholesale rummaging and seizure beyond the scope of a warrant. Similarly, nothing in *United States v. Hill*, 459 F.3d 966 (9th Cir. 2006), authorizes seizures that are beyond the scope of a warrant and the result of general rummaging.

The government's argument that, regardless of the applicability of *CDT*, the exclusionary rule should not be applied because the officers acted in good faith completely ignores the fact that the Magistrate Judge had expressly limited the scope of the search that was authorized. It also continues to ignore the clear statements regarding intermingled documents set forth in *Tamura*.

Page 3 -      DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S [FIRST] SUPPLEMENT TO MOTION TO SUPPRESS

The government's argument regarding good faith should also be rejected because of the manner in which the search was conducted.  In its pleading, the government stated that "[i]n limiting the review of the contents of the computers, agents used search terms reasonably related to the investigation, rather than engaging in a wholesale, indiscriminate rummaging of the contents of the computers.  The procedures reflect reasonableness at every stage."  Resp. at 9.  As Mr. Sedaghaty has pointed out in his second supplement to his motion to dismiss (CR 230), it appears that the government engaged in a wholesale, indiscriminate rummaging of the contents of the computers in 2004, before the search terms process was implemented.  *See* CR 230, Ex. 1 (Richard Smith's report).  The inconsistency between the hearing testimony and the expert report provided subsequent to the hearing further undermines the government's argument regarding retroactivity.

The government's arguments that the good faith exception should not apply to a "rule-based" issue (Resp. at 10), is similarly unavailing.  The issues presented by Mr. Sedaghaty, and on which he seeks suppression, are not "rule-based."  Mr. Sedaghaty's arguments are, rather, based on the core requirements of the Fourth Amendment regarding adherence to the scope of a search warrant authorized by a court.  They are, therefore, clearly within the scope of *Gonzalez*.

The Fourth Amendment law as stated in *Tamura* and *CDT,* and argued in Mr. Sedaghaty's earlier pleading, requires this Court to suppress any evidence, and fruits of

Page 4 -     DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S [FIRST]
             SUPPLEMENT TO MOTION TO SUPPRESS

the evidence, recovered from the computer hard drives seized from the Al Haramain building in February of 2004.

    RESPECTFULLY SUBMITTED this 19TH day of October, 2009.

    /s/ Steven T. Wax
Steven T. Wax
Federal Public Defender

/s/ Lawrence H. Matasar
Lawrence H. Matasar