**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 05-60008** |
| **Plaintiff,** | |
| | **REQUEST BY THE UNITED STATES DISTRICT COURT OF OREGON FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY) FROM THE ARAB REPUBLIC OF EGYPT** |
| **v.** | |
| **PIROUZ SEDAGHATY,** | |
| **Defendant.** | |

TO THE APPROPRIATE AUTHORITIES OF THE ARAB REPUBLIC OF EGYPT (hereinafter "Egypt"):

The United States District Court for the District of Oregon presents its compliments to the judicial authorities in Egypt and has the honor to request the assistance of the appropriate authorities in Egypt in connection with the prosecution of Pirouz Sedaghaty, who is charged in the District Court of Oregon with two offenses, each of which refer to Mr. Sedaghaty's involvement with a donation made by Mahmoud Talat El Fiki, an Egyptian citizen, to an Islamic charity in the United States.

**I.     Background**

A grand jury sitting in the District of Oregon returned an indictment on February 17,

2005, charging Mr. Sedaghaty with two offenses.  Specifically, Mr. Sedaghaty is charged with the following offenses against the United States.

Conspiracy to Defraud the United States Government in violation of Title 18, United States Code, Section 371.

False Return by Tax Exempt Organization in violation of Title 26, United States Code, Section 7206(1) and title 18, United States Code, Section 2.

Each of these are serious offenses under United States law.

The indictment alleges that in February 2000, an individual in Egypt (Mr. El Fiki) donated $150,000 to Al-Haramain as zakat to be sent to Chechnya.  These funds were initially wire transferred by Mr. El Fiki to an Al Haramain bank account in Oregon, converted into travelers checks and a cashier's check, and taken out of the United States by Mr. Sedaghaty's co-defendant, Mr. Soliman Al Buthe.  The indictment also alleges that Mr. Sedaghaty and Mr. Al Buthe intended that the funds be delivered to the Chechen mujahideen, and that they engaged in a conspiracy to prevent the United States Government from learning of the transaction by failing to fill out paperwork, as required by law, acknowledging the funds were leaving the United States, and by filing a false tax return with the Internal Revenue Service which falsified how the donated funds were distributed by Al Haramain Islamic Foundation, Inc.

On January 31, 2006, Mr. El Fiki was interviewed by the State Security Investigations Service (SSIS) of Egypt.  Special Agent David Carroll, Special Agent Colleen Anderson and FBI Cairo ALAT Nael Sabha observed the interview via closed circuit televison.  The Special Agents contributed to the questions that were being asked of Mr. El Fiki.  A trial in Mr. Sedaghaty's case is expected to be held in the spring of 2010.  In

**Page 2**

connection with this trial the Court requests that the government of the Arab Republic of Egypt direct (1) Mr. Mahmoud Talat Hassan El Fiki; (2) Mr. Sharif El Fiki, Mr. El Fiki's son; and (3) Mr. Mohammed Salat, Mr. El Fiki's employee, to travel to Eugene, Oregon for the trial in the spring of 2010.  Mr. El Fiki can be located at 4 Ibn Kathir St. - Off Nile St., Suez Canal Tower - 24/1, 12311 Dokki, Giza - Cairo, Egypt.  It is expected that Mr. El Fiki's son and employee can be contacted at the same address.  The travel expenses of these witnesses will be paid by the United States government.

In the alternative, the Court requests the government of the Arab Republic of Egypt make Mr. El Fiki, Mr. Sharif El Fiki, and Mr. Mohammed Salat available to be deposed by defense counsel and the government lawyers in this case.  The Court requests that the arrangements for these depositions be made directly with Steven T. Wax, whose U.S. phone number is 503-326-2123.  Mr. Wax can also be contacted at Steve_Wax@fd.org.

The United States District Court for the District of Oregon assures the judicial authorities of Egypt that the courts of the United states are authorized by statute, 18 U.S.C. § 1781, et seq, to assist foreign tribunals in the execution of similar requests.

## III.    TIME CONSTRAINTS

The Court further advises the judicial authorities in Egypt that this request for international judicial assistance should be considered time sensitive and requests the appropriate authorities to promptly consider it.

Honorable Michael R. Hogan
United States District Court