**KENT S. ROBINSON, OSB #09625**
Acting United States Attorney
District of Oregon
**CHRISTOPHER L. CARDANI**
Assistant United States Attorney
405 East Eighth Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771
chris.cardani@usdoj.gov
**CHARLES F. GORDER, JR., OSB# 912874**
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1117
charles.gorder@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. CR 05-60008-HO |
| ) | |
| v. ) | **GOVERNMENT'S RESPONSE** |
| ) | **TO DEFENDANT'S SUPPLEMENTAL** |
| ) | **MEMORANDUM IN SUPPORT OF** |
| PIROUZ SEDAGHATY, ) | **MOTION TO SUPPRESS** |
| ) | |
| Defendant. ) | |

The United States, through its undersigned counsel, herein responds to defendant's Supplemental Memorandum in Support of Motion to Suppress.

### Introduction

This response addresses defense filing CR 230. Since the matters raised in that filing supplement defendant's motion to suppress (CR 181), this response should be reviewed in conjunction with the government's response to the motion to suppress (CR 192).

1.   **Review of Computers**

   In CR 230, defendant first asserts that:

   "... extensive substantive review of the hard drives was being conducted by the IRS, including Colleen Anderson, and the FBI in 2004. This review appears to have been conducted, at least in part, without search term parameters or any other information."

(CR 230 at p. 3). In support, defendant refers to reports prepared by the IRS indicating agents did try to search the hard drives shortly after they were seized during the February 2004 search.

   It is true that the IRS attempted to search the hard drives in 2004. In paragraphs 6-12 of her attached statement, SA Anderson details what occurred. In brief:

- After the hard drives were seized during the February 2004 search warrant, they were provided to another IRS agent (SA Smith) who had expertise in searching computer evidence;

- SA Smith had difficulty accessing most of the data files from the hard drives because they were intentionally or unintentionally "corrupted," meaning, in lay terms, the files had been deleted from the Al-Haramain computers;

- SA Smith attempted to recover the deleted information by using computer forensic tools, a process that was very time consuming;

- This initial reconstruction process produced limited evidentiary results, but yielded photos of Chechen *mujahideen* and battlefield scenes;

- Because defendant Sedaghaty failed to return to the United States after he departed during the investigation in early 2003, the criminal investigation was largely dormant;

2 - Government's Response to Defendant's Supplemental Memorandum (CR 230)

- After defendant Sedaghaty surrendered to the arrest warrant in August 2007, IRS sent the hard drives to an IRS Senior Forensic Analyst in Washington, D.C.;

- This expert, Jeremy Christianson, was able to reconstruct many of the deleted files from unallocated space by putting them in a format which could be used to engage in text searches using keyword searches; and

- The reconstructed drives were sent back to SA Anderson in Medford, who then used search terms to search through the deleted file data. This process lead to the discovery of highly relevant material to be offered at trial.

As reviewed in pages 24-33 of the government's "Response to Defendant's Motion to Suppress" (CR 192), the process used by agents to seize and subsequently search the Al-Haramain computer hard drives was reasonable under the circumstances.

## 2.    **Inconsistent Testimony**

Defendant next alleges in CR 230 that Special Agent Anderson's testimony before this Court at the July 13, 2009 suppression hearing was inaccurate. Specifically, defendant states that discovery provided to him demonstrates that SA Anderson presented a "significant discrepancy" when she testified about when she became involved in the investigation. Defendant Sedaghaty's new allegation is wrong.

During the suppression hearing, SA Anderson testified that she joined the investigation in "early 2002."[1] Citing discovery provided by the government, defendant now claims that SA Anderson received records from grand jury subpoenas on November 19 and December 18, 2001, as supposedly evidenced by receipt stamps

---

[1] This testimony appears on page 66 of the transcript of the July 13, 2009 hearing.

3 - Government's Response to Defendant's Supplemental Memorandum (CR 230)

placed on those records by SA Anderson.[2]  Thus, defendant says, SA Anderson presented false testimony to the Court about when she joined the investigation.

As set forth in paragraphs 13-15 of her attached statement, the receipt stamps with the November and December 2001 dates appearing on the grand jury records reflect when such records *were received by the FBI*.  Those receipt stamps do not profess to record when SA Anderson received the records; rather, the stamps show when the records were received by the government.

In fact, SA Anderson joined the investigation in early 2002, as she earlier testified.  When she did, she took possession of some of the financial records from the FBI and inventoried them by placing a stamp on them.  SA Anderson's testimony at the suppression hearing was accurate.[3]

### 3.  **Newly Discovered Evidence of Surveillance**

Defendant next presents proof of what he claims is evidence of illegal surveillance.  This Court has already ruled on this matter in CR 216, which states:

> Scheduling Order as to Pirouz Sedaghaty; The Court has reviewed the government's in camera submission dated September 3, 2009.  The court clarifies that with respect to discovery requests regarding whether defendant or any other Al-Haramain employee was subjected to surveillance, only non-classified information need be provided to the extent any exists.  After review of the materials provided, the court finds that none of the items referred to in the sealed letter of September 3, 2009, need be provided to the defense.  by U.S. District Judge Michael R. Hogan

---

[2] Agent Anderson has attached to her present statement a sample of one of the documents with the receipt stamp.

[3] The date SA Anderson joined the investigation is not important to any issue in this case.  It is necessary, however, to address the matter, since defendant has accused SA Anderson of providing false testimony to the Court.  The government thus respectfully asks this Court to rule on defendant's allegation.

4 - Government's Response to Defendant's Supplemental Memorandum (CR 230)

**Conclusion**

At the reconvening of the suppression hearing, the government will tender SA Anderson to adopt the attached statement. The government opposes defendant's request for a classified hearing on these matters.

**DATED** this 11th day of December, 2009.

    Respectfully submitted,

    **KENT S. ROBINSON**
    **Acting United States Attorney**


    */s/ Christopher L. Cardani*
    **By:** _____
    **CHRISTOPHER L. CARDANI**
    **Assistant United States Attorney**


    */s/ Charles F. Gorder, Jr.*
    **By:** _____
    **CHARLES F. GORDER, JR.**
    **Assistant United States Attorney**