## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

In re:  Document 230
United States v. Pirouz Sedaghaty

I, Colleen Anderson, state that:

1.  I am a Special Agent (S/A) with the Internal Revenue Service - Criminal Investigation (IRS-CI), assigned to the Medford, Oregon Post-of-Duty. As a special agent, I investigate possible violations of the Internal Revenue Code (Title 26 United States Code), the Money Laundering Control Act (Title 18 United States Code), and the Bank Secrecy Act (Title 31 United States Code).

2.  I have been a special agent with IRS-CI since December 1995 and have conducted and assisted in numerous criminal investigations involving violations of federal tax laws, money laundering laws, and other related offenses where I have gained experience in locating, tracing, and corroborating financial information pertaining to the receipt and disposition of funds.

3.  I make this statement, in part, on personal knowledge derived from my participation in a joint investigation of Pirouz Sedaghaty and, in part upon information received from other members of the joint investigation, including IRS-CI computer specialists, the Federal Bureau of Investigation (FBI), and the U.S. Immigration and Customs Enforcement (ICE).

## BACKGROUND

4.  On October 15, 2009, attorneys for defendant Pirouz Sedaghaty filed a "Supplemental Memorandum in Support of Motion to Suppress". In the motion, the defendant, through his attorneys, seeks to reconvene the open session of the suppression hearing based on discovery provided subsequent to the hearing held on July 13, 2009, analysis of hearing testimony, and recent investigation.

5. I am aware of the allegations set forth by the defendant in the motion and I have been asked to address two of defendants claims:

   (a) Substantive unguided reviews were conducted of the hard-drives in 2004, at least in part, without search term parameters or any other limitation.
   (b) Testimony that my involvement in the investigation began in early 2002 is inconsistent with material provided in discovery.

This statement supplements one I prepared earlier, which is attached as Exhibit 1 to the government's response to defendant's motion to suppress (CR 192).

## REVIEW OF HARD DRIVES

6. As set forth in my prior statement, IRS-CI computer specialist Richard Smith began examining the imaged computers shortly after the seizure of the computers in February 2004. The recovery of some of the data from the imaged computers proved to be time consuming. S/A Smith soon determined that data files from the Al-Haramain computers had been deleted through user activity, reinstallation of the operating system, or reformatting the hard drive.

7. Just after the February 2004 search, S/A Smith was unable to recover substantial portions of the data files that had been intentionally erased or unintentionally corrupted. Therefore, the review consisted of mainly utilizing text string searches (using search terms to pull up data) and also reviewing tens of thousands of file fragments through hexadecimal viewing. Hexadecimal viewing software displays each byte as a single character and can be used to recover, from unallocated space, computer files that have been deleted or partially overwritten and translate them back into language that is easily read. This process was deemed necessary because, due to the deletion of large amounts of data in the Al Haramain computers, there was no way to retrieve and review the data in an organized fashion.

2

8.  When S/A Smith occasionally obtained a hit through keyword searching, many of the locations of the keywords were located in unallocated space. The only way to review those results and make any sense of them was to view the sections of unallocated space (which is the space in a computer where data temporarily goes when it is deleted until overwritten by new data entries) with a hexadecimal viewer which is a core component in a forensics tool. This essentially is the building block to recovering the data back to its original form or some resemblance of it. The review, although time consuming by both IRS-CI and FBI personnel, was largely unproductive.

9.  Later In 2004 however, S/A Smith was able to recover some limited evidentiary data. Specifically, numerous photos of Chechen war battle scenes and Chechen Mujahideen were recovered from the drives. These photos proved to be of evidentiary value and some of these photos are listed in the government's trial exhibits. A CD of these photos were previously provided to defense in discovery batch # 1, bates items 281-289 in December of 2007.

10. I am familiar with the defense's complaint that some of the searches, early in the review process, were done with out the use of search terms. However, keyword searches without the use of other forensic tools like hexadecimal viewing fail to produce evidence that may be highly relevant in cases such as this. For instance, data like the mujahideen and battle scene photos would not be recoverable, even though they were highly relevant to the search authorized by Judge Cooney. This is why a more general search was required under the circumstances.

11. As previously stated, after the difficult and time consuming review of the computers in 2004, the investigation became somewhat dormant. Pirouz Sedaghaty left the United States for an overseas trip in early 2003. It was expected that he would return to the United States soon after. He did not. Instead, Sedaghaty remained outside the United States in countries we could not extradite him from. After defendant Sedaghaty surrendered in August 2007, the review of seized evidence intensified, including the attempt to retrieve more of the deleted information from the Al-Haramain computers. In 2008, I requested the assistance of Jeremy Christianson, an IRS-CI Senior Forensic Analyst in Washington D.C. to retrieve previously unavailable files from the hard drives.

12.     A large portion of the government's computer related trial exhibits were recovered by me and Analyst Christianson in early 2009 after Analyst Christianson located and extracted previously unknown data in unallocated space. Analyst Christianson was able to recover and repair previously unavailable files and provided me a copy of the hard drives back in a manner that I could utilize the keyword searches. After receiving these drives from Analyst Christianson, I was able to use the search term process described in my previous written statement and my testimony during the suppression hearing on July 13, 2009.

INCONSISTENT TESTIMONY

13.     Second, the defense argues that Testimony that my involvement in the investigation began in early 2002 is inconsistent, or inaccurate, with material provided in discovery. The defense appears to base their assertion on the fact that the discovery includes documents that were stamped as having been received on November 19, 2001. These documents purportedly include financial documents which appear to be consistent with bank records. The defense then refers to several bates numbered documents.

14.     I have reviewed the documents that the defense cites as evidence of the alleged inconsistency or inaccuracy of my previous testimony. These documents were stamped as having been received in 2001 and they do have my initials on them. (A copy of one of these stamps has been attached to this statement, identified as document FPDUS0034920).

15.     As I testified in court on July 13, 2009, my participation in the investigation started in early 2002. At that time I collected financial documents already received by the FBI, to include material referenced by the defense in CR 230, to inventory those records. The records were stamped and then referenced by the date the government received the documents from the financial institutions. Since I was the agent taking possession of such documents from the FBI and inventorying them, my initials are on the stamp. Therefore, the date received on those documents reflects only when the records were received by the government, not when they were received specifically by me.

4

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 10, 2009.

*Colleen Anderson*

Colleen Anderson
Special Agent, IRS-CI

Copy of Records of __Al Haramain__

Copy furnished by __BoA__

Date __Nov 19, 2001__

Special Agent __CAnderson__

FPDUS0034920