Steven T. Wax, OSB No. 85012
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: steve_wax@fd.org

Lawrence Matasar, OSB No. 74209
621 SW Morrison Street, Suite #1025
Portland, OR 97205
Tel: (503) 222-9830
Email: larry@pdxlaw.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>PIROUZ SEDAGHATY,<br><br>                    Defendant. | CR 05-60008 HO<br><br>REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL THE GOVERNMENT TO UTILIZE THE MUTUAL LEGAL ASSISTANCE TREATY ON BEHALF OF MR. SEDAGHATY AND/OR TO ISSUE LETTERS ROGATORY |

On December 3, 2009, Mr. Sedaghaty filed a motion to compel the government to utilize the Mutual Legal Assistance Treaty (MLAT) on behalf of Mr. Sedaghaty and/or to

Page 1 -   REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL THE GOVERNMENT TO UTILIZE THE MUTUAL LEGAL ASSISTANCE TREATY ON BEHALF OF MR. SEDAGHATY AND/OR TO ISSUE LETTERS ROGATORY

issue Letters Rogatory for the purpose of obtaining information necessary to his defense from critical witnesses residing in the Arab Republic of Egypt. On December 18, 2009, the government filed a response to Mr. Sedaghaty's motion in which it urged the Court to deny all of Mr. Sedaghaty's requests. The government's response requires this short reply.

### A. The Evidence Mr. Sedaghaty Seeks Is Highly Relevant And Exculpatory

The government's response includes the statement that "there is nothing in the record to suggest what these witnesses could testify about that would be particularly favorable to defendant Sedaghaty in this criminal case." It is, at best, difficult to understand the basis on which the government makes that statement.

The indictment filed by the government includes, as the object of the alleged conspiracy, and the actions in furtherance of that object, that Mr. Sedaghaty hid facts related to the donation from Mr. El Fiki on the year 2000 tax return filed on behalf of Al Haramain USA. The indictment includes the allegation that the money from Mr. El Fiki was spent in funding activities of Chechen mujahadeen.

In the context of the allegations made by the government, it is unquestionably relevant and exculpatory that Mr. El Fiki's purpose was to provide a charitable donation to victims of the Chechen war, rather than to fighters in the Chechen war. It is further relevant and exculpatory that Mr. El Fiki's contact with Al Haramain USA began with his response to an advertisement soliciting contributions for Chechen refugees and that the decision to make the contribution through Al Haramain USA rather than Al Haramain Saudi Arabia was entirely his and based on banking concerns. It is expected that the government will argue

at trial that the fact that an Egyptian sent money intended for Chechnya to the United States is suspicious and probative of its allegations.

Mr. Sedaghaty attached to his motion the FBI 302 report of the interview of Mr. El Fiki conducted in Egypt at the behest of the United States government. That report sets out the essence of the exculpatory testimony that Mr. Sedaghaty intends to elicit from Mr. El Fiki if he is called to trial. It also sets out the roles played by Mr. El Fiki's son, Sharif El Fiki, and Mr. El Fiki's employee, Mohammed Salat, and the exculpatory nature of their testimony including learning about the availability of a contribution through Al Haramain for Chechen refugees and causing the contribution to be made.

### B. The Government's Response Ignores The Decision In *United States v. Westerdahl*.

In his motion, Mr. Sedaghaty recognized the cases on which the government relies regarding the general unavailability of the MLAT process for defendants in criminal cases. His motion, however, pointed out that none of those cases discussed the principles applicable in this Circuit under *United States v. Westerdahl*, 945 F.2d 1083 (9th Cir. 1991) and the aspect of his request seeking to compel the government to use its power and process on his behalf.

Although ignored by the government, *Westerdahl* is directly applicable on the facts of this case. Where the government utilized its MLAT process in order to obtain information from the Russians, *Westerdahl* requires reciprocal use of the process for the defense in order to comply with the due process clause. In this situation, as in *Westerdahl*, the authority to utilize the process – there, immunity, here, the MLAT – rests exclusively

Page 3 -    REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL THE GOVERNMENT TO UTILIZE THE MUTUAL LEGAL ASSISTANCE TREATY ON BEHALF OF MR. SEDAGHATY AND/OR TO ISSUE LETTERS ROGATORY

with the Executive branch.  Notwithstanding that general limitation, the Ninth Circuit held in *Westerdahl* that the government is not permitted to utilize its Executive powers in a manner that would distort the fact-finding process.  *See also*, *United States v. Straub*, 538 F.3d 1147, 1156-65 (9th Cir. 2008).  Failure to require the government to utilize its authority under the MLAT for Mr. Sedaghaty's benefit would distort the fact-finding process and render any conviction violative of the due process clause.  If the government refuses to exercise its authority, preclusion of its evidence derived from overseas or dismissal of the indictment is required.

### C. The Government's Response Ignores The Fact That It Has Utilized Its MLAT Authority To Assist Other Defendants In Other Cases

In his motion, Mr. Sedaghaty advised the Court that in other cases, the government had willingly agreed to assist defendants in other cases to obtain evidence overseas by using its MLAT authority.  The government's response did not acknowledge or comment on that fact.  Nor did the government refute Mr. Sedaghaty's allegations regarding its use of the MLAT and other Executive authority to obtain documents and witnesses from Egypt and Saudi Arabia.  For purposes of consideration of the *Westerdahl* aspects of his motion, the government's silence should be viewed by this Court as a concession.

Mr. Sedaghaty attached to his motion as Exhibit D the procedures arranged in one case.  Mr. Sedaghaty's investigation has revealed similar procedures used in other cases.  Mr. Sedaghaty seeks a hearing on March 15, 2010, a date already scheduled for pretrial motions in the instant case, at which he can develop the extent of the government's

cooperation with defense counsel in other cases and the reasons for its refusal to do so in this case.

The government's refusal to assist has implications that go beyond the MLAT issue. As the Court and government attorneys are aware, the current Attorney General has directed all attorneys in the Department of Justice to handle their discovery obligations, and their more general obligation "to do justice" in an open and even-handed manner. Most recently, on January 4, 2010, the Attorney General, through Deputy Attorney General David W. Ogden, issued new guidance for prosecutors regarding criminal discovery. One memorandum included the comment, "Moreover, there are times when providing discovery broader than that provided for even by current department policy serves the interest of justice. Providing broad and early discovery often promotes the truth seeking mission of the department . . ." Another of the memoranda included the observations of Justice Sutherland in *Berger v. United States*, 295 U.S. 78, 88 (1935):

> The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such he is in a peculiar and very definite sense a servant of the law, the two-fold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor – indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. it is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.

Understanding that the memoranda do not create any new legal obligations, Mr. Sedaghaty, nevertheless, believes that the refusal of the government in this case to cooperate in our efforts to obtain what is clearly relevant and exculpatory information

Page 5 -    REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL
            THE GOVERNMENT TO UTILIZE THE MUTUAL LEGAL ASSISTANCE TREATY ON
            BEHALF OF MR. SEDAGHATY AND/OR TO ISSUE LETTERS ROGATORY

overseas, is inconsistent with the directives from Washington, D.C. More importantly, the government's position underscores the importance of this Court exercising its authority in ruling on Mr. Sedaghaty's MLAT and discovery requests.

Respectfully submitted this 6th day of January, 2010.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender


/s/ Lawrence Matasar
Lawrence Matasar