

**U.S. Department of Justice**

*Kent S. Robinson*
*Acting United States Attorney*
*District of Oregon*

| | |
|---|---|
| *1000 SW Third Avenue, Suite 600* | *(503) 727-1000* |
| *Portland, OR 97204-2902* | *Fax: (503) 727-1117* |
| | *E-Mail: Charles.Gorder@usdoj.gov* |

January 12, 2010

The Honorable Michael R. Hogan
United States Courthouse
405 East 8th Avenue, Room 5700
Eugene, OR 97401

      Re:    *United States v. Sedaghaty*
               CR No. 05-60008-02-HO

Dear Judge Hogan:

      At our December 8, 2009, status conference in this case, you requested that the parties submit letters concerning our respective positions about the need for a future hearing conducted in a classified setting regarding the defendant's pending motion to suppress the evidence seized pursuant to search warrant. As discussed below, the government opposes a classified hearing on the defendant's motion to suppress. To date, the defendant has made no showing which would justify such a hearing. At a minimum, the need for such a hearing is premature.

      Preliminarily, it is worth noting that the Classified Information Procedures Act, 18 U.S.C. Appendix 3 ("CIPA"), which governs the use of classified information in a criminal proceeding does not contain a provision authorizing a defendant to seek a classified hearing to gain access to classified information which the defendant does not possess. Rather, Section 5 of the Act requires a defendant to give advance notice in writing to the government when he intends to introduce classified evidence in his possession.[1] Only the United States can ask for a classified hearing under the Act. See CIPA Section 6. Thus, it is up to the government to seek such a hearing should it become necessary. And in light of the fact that defendant Sedaghaty himself does not possess and would not qualify for a security clearance, the government questions how the classified hearing that the defendant seeks could even be conducted without a knowing waiver by the defendant of his presence.

      Defense counsel apparently seeks a classified hearing on two separate grounds. First, citing *Murray v. United States*, 487 U.S. 533 (1988), they seek to question the government's

---

      [1] The defendant has filed two such CIPA notices (CR 195, 200) and the government has moved to dismiss or strike those notices (CR 206).

The Honorable Michael R. Hogan
January 12, 2010
Page 2

---

investigative agents (and rummage through the government's classified files) in an effort to discover some purported illegality which allegedly fatally tainted the decision to seek the search warrant executed in this case. Second, they seek to challenge the execution of the search warrant by trying to tie one or more of the search terms the government used to conduct its forensic search of the Al-Haramain computers to some classified illegality. Both issues are raised in the context of the pending motion to suppress as a thinly disguised effort to continue the unsuccessful attempts to drag the so-called President's Terrorist Surveillance Program (hereafter the "TSP" program) into this criminal case. Based upon the record currently before the Court, these justifications for seeking a classified hearing in connection with the motion to suppress simply fail.

The record in this case includes the following:

(1) The affidavit supporting the search warrant signed by Judge Cooney (CR 183-2) contained no classified information in it. Rather, the affidavit contained information gleaned from business and bank records, government records (many of which are available to the public), newspaper reporting, private and government experts, the internet, documents obtained with grand jury subpoenas, and witness interviews, all routinely the type of information contained in criminal search warrant affidavits relevant to the kinds of offenses involved in this case.

(2) The search warrant was sought and issued in February 2004, almost two years before the TSP program became public when it was disclosed by The New York Times in December 2005.

(3) The special agent who sought the search warrant and drafted the affidavit in support thereof has filed a declaration affirming that she had no knowledge of the TSP program when she wrote the affidavit, still has no personal knowledge about it, and is not aware of ever having access to any information obtained from the TSP program (CR 192-2, paragraphs 6-9).

(4) This Court has denied the defendant's several motions for discovery "insofar as they relate to the Terrorist Surveillance Program of the NSA" (CR 159).

(5) The government submitted its Exhibit List, as ordered by the Court, on August 10, 2009 (CR 204). That exhibit list included those items obtained from the Al Haramain computers pursuant to the search warrant which the government intends to introduce into evidence in its case-in-chief.

The Honorable Michael R. Hogan
January 12, 2010
Page 3

---

Turning to the alleged taint in the decision to seek a search warrant in this investigation, the *Murray* case cited by counsel is simply inapposite. In *Murray*, agents conducting a drug trafficking investigation forcibly entered a warehouse without a warrant and observed burlap-wrapped bales of marijuana. They then left the warehouse, secured a search warrant with an affidavit which did not mention the entry, and then re-entered to seize the evidence pursuant to warrant. The Supreme Court assumed that the initial entry was unlawful but held that the evidence should not be suppressed because it was supported by the search warrant secured with information independent of the illegality. 487 U.S. at 541- 42. The Court then remanded the case to the district court for the limited purpose of determining:

> whether the search pursuant to the warrant was in fact a genuinely independent source of the information and tangible evidence at issue here. This would not have been the case if the agents' decision to seek the warrant was prompted by what they had seen during the initial entry.

487 U.S. 542. The Court suggested that the exclusionary rule might be applicable if the district court "explicitly [found] that the agents would not have sought a warrant if they had not earlier entered the warehouse." 487 U.S. 543.

Here, our situation is completely different. There is no evidence that there was a prior search of Al-Haramain's Ashland property and its computers, classified or otherwise, so there is no other evidence for which Agent Anderson's decision to seek a search warrant need be found to be independent. The search warrant was based upon solely unclassified information, and the supporting affidavit must be judged on its four corners, not by rank speculation that there was some hidden illegal rationale underlying it. And specifically with regard to the TSP program, we have Special Agent Anderson's declaration to the contrary – that she knew nothing (and still personally knows nothing) about the TSP program or any information allegedly obtained under that program.

With regard to the execution of the search of the Al Haramain computers, defense counsel apparently wants to question the investigating agents as to any classified information which may have given them the idea for including a particular search term which was used during the computer search. We have previously addressed the propriety of the computer forensic search in this case in connection with our response to the defendant's original motion to suppress (CR 192). Counsel has not cited, and we are not aware of, any case holding that defense counsel should gain access to classified information to question government agents about the inclusion of a particular search term in a forensic search of a computer. The term is either relevant to the authorized search or it is not.

The Honorable Michael R. Hogan
January 12, 2010
Page 4

---

In CR 206, we have previously addressed the relevance of the search term "Timimi" in the forensic search based solely upon unclassified sources. To date, the defense has not questioned the propriety of that basis or of any other search term on the partial list which was discussed during the motion to suppress hearing before the Court last July. Thus, there is no need for a classified hearing to examine the relevance of any particular search term used in this investigation.

More importantly, the defense has had the government's exhibit list since it was filed last August, a list which includes all of those items taken from the Al Haramain computers which the government intends to introduce in its case-in-chief.[2] They have yet to identify a single item from that list which they contend was inappropriately seized pursuant to the search warrant. Until they do so, there is no basis for allowing a fishing expedition into the government agents' mental processes in formulating the search terms for the search of the computers, whether based upon classified or unclassified sources. Thus, at a minimum the request for a classified hearing is premature.

In light of the above discussion, the request for a classified hearing on the motion to suppress should be denied.

Very truly yours,

KENT S. ROBINSON
Acting United States Attorney

CHRISTOPHER L. CARDANI
CHARLES F. GORDER, JR.
Assistant United States Attorneys
District of Oregon

cc:  Steven T. Wax, Esq.
     Lawrence Matasar, Esq.

---

[2] The government also provided defense counsel with a CD containing electronic versions of these computer items on November 23, 2009.