# EXHIBIT E



**U.S. Department of Justice**
*Karin J. Immergut*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Suite 600   (503) 727-1000*
*Portland, OR  97204-2902      Fax: (503) 727-1117*
*E-Mail: Charles.Gorder@usdoj.gov*

March 25, 2009

'Steven T. Wax
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204

> Re:   United States v. Sedaghaty
>        CR 05-60008-HO

Dear Mr. Wax:

Pursuant to Judge Hogan's orders of March 18, 2009, filed on March 20, 2009 (Docket # 160), this letter will inform you of the following unclassified summary of certain classified documents responsive to your discovery requests:

> The U.S. Government obtained information that Sami 'Abd Al 'Aziz Al-Sanad worked during 2000 and 2001 for the Al-Haramain organization and was responsible for providing currency supplied by Al-Haramain, including the currency obtained by codefendant Soliman Al-Buthe from Al-Haramain USA, to a representative of Muhammad Al-Sayf, aka Abu 'Umar, to be smuggled into Chechnya.  Al-Sanad has claimed that the monies he provided to Al-Sayf's representative were destined for needy Chechen families.

Very truly yours,

KARIN J. IMMERGUT
United States Attorney

CHARLES F. GORDER, JR.
Assistant United States Attorney
Anti-Terrorism Coordinator
District of Oregon

cc:   Lawrence Matasar, Esq.
       AUSA Chris Cardani

# EXHIBIT F

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Case No. 3:06-CR-00719 |
| | ) | |
| Plaintiff, | ) | Hon. James G. Carr |
| | ) | |
| v. | ) | **EX PARTE APPLICATION FOR ISSUANCE** |
| | ) | **OF SUBPOENAS FOR FOREIGN WITNESSES** |
| Marwan Othman El Hindi, | ) | |
| | ) | Stephen D. Hartman (0074794) |
| Defendant. | ) | KERGER & ASSOCIATES |
| | ) | 33 S. Michigan St., Ste. 100 |
| | ) | Toledo, OH 43604 |
| | ) | Phone: (419)255-5990 |
| | ) | Fax: (419)255-5997 |
| | ) | stevehartman@kergerkerger.com |
| | ) | |
| | ) | Charles M. Boss (0011436) |
| | ) | BOSS & VITOU CO., L.P.A. |
| | ) | 111 W. Dudley Street |
| | ) | Maumee, OH 43537 |
| | ) | Phone: (419) 893-5555 |
| | ) | Fax: (419) 893-2797 |
| | ) | cboss@bossvitou.com |
| | ) | |
| | ) | A. Alek El-Kamhawy (0071845) |
| | ) | RASLAN, EL-KAMHAWY & PLA, LLC |
| | ) | 1700 East 13th St, Suite 3FE |
| | ) | Cleveland, Ohio 44114 |
| | ) | Phone: (216) 928-1500 |
| | ) | Fax: (216) 928-1501 |
| | ) | alek@replaw.net |
| | ) | |
| | ) | Counsel for Marwan Othman El Hindi |
| | ) | |
| | ) | |

Now comes Defendant Marwan Othman El Hindi ["El Hindi"], by and through counsel and Pursuant to Rule 17 of the Federal Rules of Criminal Procedure, and respectfully requests that the Court order that subpoenas be issued for the witnesses named below. El Hindi further requests that the Court instruct the United States Marshalls to bear the witness fees and expenses and cooperate with "walled off counsel" in order to serve the foreign witness subpoenas for which service by counsel and their representatives is not practical.

Rule 17 of the Federal Rules of Criminal Procedure states that upon a defendant's ex parte application, the Court "must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense." See Crim. R. 17(b). The Court is well aware that Defendant El Hindi is indigent, filed an Affidavit of Indigence at the outset of the case, is represented by counsel pursuant to appointment under the Criminal Justice Act, and has been incarcerated awaiting trial for nearly two years. There is no doubt that he is unable to pay the witness fee and mileage costs of any subpoena.

The defense for Marwan El-Hindi has investigated evidence and developed witnesses and evidence outside of the continental United States. Subsequent to the Court granting the defense request for two-way video conference trial testimony of these witnesses, the parties have reached a compromise which will ensure the presentation of the defense evidence while satisfying the government's concern regarding the sufficiency of two-way video conference testimony in a criminal case. The parties have agreed that "Walled Off Counsel" from the Department of Justice will assist the defense in securing the live attendance of these witnesses at trial. A letter outlining this agreement is attached hereto as Exhibit A. "Walled Off

Counsel" will assist the various witnesses in securing appropriate immigration visas, transportation, and lodging. Furthermore, "Walled Off Counsel" will utilize the Mutual Legal Assistance Treaties (MLAT) between the United States various countries, if necessary, in order to secure the attendance of these witnesses. The identity of the witnesses will not be disclosed to the prosecution trial team until after the government rests its case in chief.

The expenses of producing these witnesses will be borne by the Department of Justice if this Court finds that El Hindi is unable to pay the costs of producing his witnesses. This finding has previously been made and is here sought in order to secure the attendance of these foreign witnesses. Attached as Exhibit B is an email confirmation of the financial arrangements from Joseph Lazar, Associate General Counsel, United States Marshal Service.

Testimony of each of the witnesses listed below in Exhibit C is necessary for an adequate defense, although for different reasons. The witnesses are expected to establish certain facts for the defense that will show that El Hindi's actions throughout the course of this investigation were, in fact, in furtherance of his various business enterprises and his religious beliefs rather than part of a criminal conspiracy. These witnesses may also establish facts to demonstrate manipulation and entrapment by the government's confidential informant. Specifically, El Hindi states that witnesses are necessary for the following non-exclusive list of reasons:

- All of the witness will establish El Hindi's involvement in various legitimate business activities.

- Each of these witnesses will help establish a pattern of manipulative entrapment by the government's cooperating witness.

3

- These witnesses will also refute the allegations El Hindi expects the government to make in its case in chief.

For those reasons and others, El Hindi respectfully requests that the Court order subpoenas for those five listed in Exhibit C.

Once the Court grants the instant Motion, counsel for El Hindi will complete and return the subpoena forms to the Clerk for issuance and service.

Respectfully submitted,


By  /s/ Charles M. Boss
       CHARLES M. BOSS (0011436)
       Counsel for Defendant El Hindi

Charles M. Boss (0011436)
BOSS & VITOU, CO., L.P.A.
111 W. Dudley
Maumee, OH 43537
Telephone: (419) 893-5555
Fax (419) 893-2797

Stephen D. Hartman (0074794)
KERGER & ASSOCIATES
33 S. Michigan St., Suite 100
Toledo, Ohio 43604
Telephone: (419) 255-5990
Fax: (419) 255-5997

A. Alek El-Kamhawy (0071845)
RASLAN, EL-KAMHAWY & PLA, LLC
1700 East 13th St, Suite 3FE
Cleveland, Ohio 44114
Phone: (216) 928-1500
Fax: (216) 928-1501

Counsel for Marwan Othman El Hindi

> Motion granted.
> So Ordered.
>
> S/ James G. Carr
> Chief Judge

4

Jan. 22. 2008  4:48PM    us attorney                              No. 3674    P. 1

DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES ATTORNEY
NORTHERN DISTRICT OF OHIO
UNITED STATES COURT HOUSE
801 WEST SUPERIOR AVENUE, SUITE 400
CLEVELAND, OHIO 44113-1852



*GREGORY A. WHITE*
*UNITED STATES ATTORNEY*

FAX NO: (216) 685-2378                          TELEPHONE: (216) 622-3600

PACSIMILE OUTGOING TRANSMISSION COVER SHEET

TO:    **Charles M. Boss, Esq.**          FAX NO:    **419-893-2797**

ORGANIZATION:   **Boss & Vitou Co., L.P.A.**

DATE:    **1/22/2008**                    PHONE:    **419-893-5555**

FROM:    **Linda Williams for AUSA Thomas E. Getz**

PHONE:    **216-622-3840**

NUMBER OF PAGES:    **2**    (EXCLUDING FAX TRANSMISSION COVER SHEET)

COMMENTS:    **Attached is letter regarding "walled-off" counsel which was promised
by AUSA Getz.**

SENSITIVE LAW-ATTORNEY FACSIMILE COMMUNICATION

[text illegible]

JAN-22-2008   16:36                    2166852378                    96%                    P.01

Jan. 22. 2008  4:48PM    us attorney                      No. 3674    P. 2



U.S. Department of Justice

*United States Attorney*
*Northern District of Ohio*

*United States Court House*
*801 West Superior Avenue, Suite 400*
*Cleveland, Ohio 44113-1852*

January 22, 2008

Stephen D. Hartman, Esq.
Charles M. Boss, Esq.
Alek H. El-Kamhawy, Esq.
c/o Kerger & Associates
33 South Michigan Street, Suite 100
Toledo, Ohio 43604

Re:    United States v. Mohammad Zaki Amawi, et al. (N.D. Ohio), 06CR719

Counsel:

Pursuant to our recent discussions, the government agrees to provide an attorney to serve as "walled-off" counsel in the above-captioned case. The government will also appoint appropriate "walled-off" federal agents to assist "walled-off" counsel. Counsel will be appointed under the authority of the Counterterrorism Section, National Security Division, United States Department of Justice.

Based upon the defense's representations, we understand that there are approximately seven (7) witnesses that the defense currently seeks to present via video testimony at trial. In order to present these witnesses "live" in court, the defense has suggested that the government provide counsel to help these witnesses gain entry into the United States. To accomplish this, the government's "walled-off" counsel will need to work with defense attorneys, the Federal Bureau of Investigation (FBI), and the Department of Homeland Security (DHS) (including, but not limited to, U.S. Immigration, Customs Enforcement (ICE)) to attempt to facilitate temporary entry of these seven (identified) defense witnesses into the United States. The defense must provide biographical information to, and cooperate fully and as needed with, "walled-off" counsel so that counsel may properly assess the viability of securing these witnesses during trial. If the "walled-off" counsel obtains information relating to a defense witness that would preclude their admission into the country, the "walled-off" counsel could raise this issue with the court and the defense outside the presence of government counsel. Notwithstanding any of the foregoing, the government is under no obligation to facilitate entry of individuals who pose a threat to the United States.

The prosecution team will be provided with all information obtained via "walled-off" counsel at the conclusion of the government's case-in-chief so that it may properly prepare for the defense's

case. Once the government and the defense agree that each witness has completed their trial testimony in this case, that witness must return immediately to their country of origin unless they are otherwise entitled to remain in the United States.

CTS "walled-off" counsel will have no contact with the prosecution team regarding this case, and he/she will not divulge any information gathered during this effort to the prosecution team until the end of the government's case-in-chief. If acceptable, CTS will appoint counsel and the appropriate agents. Please contact us at your earliest convenience.

Sincerely,

Jerome J. Teresinski
Trial Attorney
Counterterrorism Section
(202) 514-7146

Thomas E. Getz
Assistant United States Attorney
(216) 622-3840

David L. Miller
Trial Attorney
Counterterrorism Section
(202) 353-2440

Justin E. Herdman
Assistant United States Attorney
(216) 622-3965

Gregg N. Sofer
Assistant United States Attorney
(512) 916-5858

2

## Chuck Boss

**From:**     Lazar, Joe (USMS) [Joe.Lazar@usdoj.gov]
**Sent:**     Wednesday, February 06, 2008 11:39 AM
**To:**       Chuck Boss
**Subject:** Witness fees

Rule 17 of the Federal Rules of Criminal Procedure allows a federal judge, when he/she finds that a defendant is unable to pay for the costs of producing his/her witnesses, to shift that cost to the Department of Justice.  If that is the case, the witnesses expenses would be borne by the DOJ, though the Fees and Expenses of Witnesses Appropriation, X0311 Account.  The USMS administers the account and makes the payments upon certification by the court/attorney.  Unusual fact witness expenses would have to be approved by the DOJ, Justice Management Division, Procurement Staff.

Joe Lazar

Associate General Counsel

U.S. Marshals Service

202-307-9060

2/7/2008

## WITNESSES FOR WALLED OFF COUNSEL

1.  **Dr. Hisham Yehia El Sayed Azzam**        **Cairo Police Veterinarian**
    6 Osman Abazah St. of El Haram St.
    Guizah Egypt
    PH:  011 202 3867820 (Home)
          011 201 060 63471 (Cell)
    Work Address:
    Police Academy, 5th District
    Elzahraa City, Ring Road
    Cairo, Egypt
    PH: 011 202 24109117-24092553 (Work)

2.  **Mustaffa Bassem**        **Cairo Police Superior of Azzam**
    Police Academy, 5th District
    Elzahraa City, Ring Road
    Cairo Egypt
    PH:  011 201 232 92368
          0111 202 24109117-24092553  (Work)

3.  **Dr. Yasser El-Baroudy**        **Egyptian Businessman**
    Environment and Development House
    29 El-flah St-Mohandeseen-Giza-Egypt
    Personal: yenviro1958@yahoo.com
    environmenthouse@yahoo.com
    011 202 302 1257 (office)
    011 012 311 9997 (cell)

4.  **Dr. Yousef El Hindi**        **Brother of Marwan El Hindi**
    Budapest, Hungary (Legal resident)
    011 367 0533 0634
    +36-70-533-0634 (Cell)
    + 1-775-317-9694 (Fax)

5.    **Mohammed Othman El Hindi**                    **Brother of Marwan El Hindi**
      Sharjah-Bohaira (home)
      Cornich Street
      Abdul A2i2 Majed Tower
      Bin Sina Pharmacy Tower
      Flat 2208
      Dubai
      United Arab Emirates
      PH:  00971-50-6595080 (mobile)
           00971-6-5567440 (home)
      Fax: elhindi@emirates.net.ae

      Etisalat, P.O. Box 4499 (work)
      Ajman, United Arab Emirates
      T: (+971) 6 6744220
      F: (+971) 6 6748000
      M: (+971) 50 6595080 (Dubai)