Steven T. Wax, OSB No. 85012
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: steve_wax@fd.org

Lawrence Matasar, OSB No. 74209
621 SW Morrison Street, Suite #1025
Portland, OR 97205
Tel: (503) 222-9830
Email: larry@pdxlaw.com

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>PIROUZ SEDAGHATY,<br><br>                Defendant. | CR 05-60008 HO<br><br><br><br>SECOND MOTION FOR A BILL OF PARTICULARS |

Defendant, Pirouz Sedaghaty, by and through his attorneys, Lawrence Matasar and Federal Public Defender Steven T. Wax, hereby seeks a Bill of Particulars on the items specified below.  Mr. Sedaghaty previously moved for a Bill of Particulars on the aspect of

Page 1    SECOND MOTION FOR A BILL OF PARTICULARS

Count One relating to unindicted co-conspirators. (CR 201 filed on August 4, 2009). That application remains pending.

Count Two of the Indictment alleges, after incorporating the introductory allegations and the manner and means in Count One, that Mr. Sedaghaty willfully made and subscribed a tax return that was not true in every material fact because " in that:

Line 1 understated 'contributions, gifts, grants and similar amounts received;'

Line 22 understated 'grants and allocations;' and

Line 57a overstated 'lands, buildings, and equipment basis.'"

Mr. Sedaghaty seeks a Bill of Particulars to identify the specific items and amounts by which lines 1 and 22 are alleged to be understated, and line 57a is alleged to be overstated.

A Bill of Particulars may be issued, pursuant to Fed. R. Crim. P. 7(f), where the indictment is insufficient to detail the charges and provide notice to the defendant. *See United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984). The notice that the government is required to provide a defendant may be satisfied either by the sufficiency of detail in the indictment or the provision of "full discovery." *Id.* In this case, neither is sufficient.

The discovery provided by the government includes two documents that appear to shed light on the transactions alleged in the indictment. In the signed statement provided by Mr. Sedaghaty's accountant, Thomas Wilcox, on November 18, 2003, he listed three transactions that relate to line 1 of the tax return, three that relate to line 22, and two that relate to line 57a. In her sworn statement in support of the search warrant obtained in February 2004, however, I.R.S. Agent Colleen Anderson only listed one alleged transaction

Page 2    SECOND MOTION FOR A BILL OF PARTICULARS

for lines 1 and 3 and perhaps two items from line 2 that relate to Count Two. (Paragraph 63 of the affidavit). In addition, Ms. Anderson's affidavit states "at least" with respect to the amounts, adding more confusion. Mr. Sedaghaty is, therefore, provided inconsistent and insufficient notice of the specific transactions alleged in the indictment and against which he must defend.

In addition to Mr. Wilcox's statement and Ms. Anderson's affidavit, Mr. Sedaghaty has spent much of the past six months, since he gained access to the content of the hard drives seized by the government and provided in discovery, attempting to determine, *inter alia*, what transactions might be alleged in Count Two. On January 15, 2010, the government provided a printout of a Quick Books audit trail with a print date of May 1, 2008. Counsel was advised that the government obtained this document from unallocated space on one of the hard drives seized during execution of the search warrant in February 2004. Based both on his review of the material he has been able to recover from the hard drives, the audit trail referenced above, and the fact that he does not know what else the government has recovered, he is unable to determine specifically what he needs to defend against in terms of the alleged under and over statements in Count Two. A Bill of Particulars is, therefore, required in order to enable Mr. Sedaghaty to prepare a defense.

Indeed, the inability of Mr. Sedaghaty to ascertain what the government is alleging in Count Two deprives him of the type of notice that a criminal defendant is entitled to

receive under the due process and double jeopardy clauses.  See, e.g., *United States v. Cecil,* 608 F.2d 1294, 1297 (9th Cir. 1979).

RESPECTFULLY SUBMITTED this 21st day of January, 2010.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender

/s/ Lawrence H. Matasar
Lawrence H. Matasar