KENT S. ROBINSON, OSB #09625
Acting United States Attorney
District of Oregon
**CHRISTOPHER L. CARDANI**
Assistant United States Attorney
405 East 8th Avenue, Suite 2400
Eugene, OR 97401
chris.cardani@usdoj.gov
Telephone:  (541) 465-6771
**CHARLES F. GORDER, JR.**, OSB #91287
charles.gorder@usdoj.gov
**RYAN W. BOUNDS**, OSB #00012
ryan.bounds@usdoj.gov
Assistant United States Attorneys
1000 S.W. Third Ave., Suite 600
Portland, OR  97204
Telephone:  (503) 727-1000
        Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CR 05-60008-02-HO** |
| **v.** | |
| **PIROUZ SEDAGHATY,** | **EXHIBIT C TO DECLARATION OF CHRISTOPHER L. CARDANI** |
| **Defendant.** | |
| **In re AL RAJHI BANK SUBPOENA** | **PART 4:** |
| | **(1)    EXHIBITS E-H TO COLEMAN DECLARATION** |
| **AL RAJHI BANKING & INVESTMENT CORP,** **Real party in interest** | **(2)    CERTIFICATE OF SERVICE** |
| **Respondent.** | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Al-RAJHI BANKING & INVESTMENT CORPORATION,** )<br>**Al-Aqaria Building 3** )<br>**Olaya Road, Riyadh** )<br>**Saudi Arabia** )<br>     **Petitioner,** )<br>)<br>    **v.** )<br>)<br>**ERIC H. HOLDER, JR.,** )<br>**in his official capacity as Attorney General of** )<br>**the United States,** )<br>**950 Pennsylvania Avenue, NW, Room B-103** )<br>**Washington, DC  20530-0001** )<br>)<br>**TIMOTHY F. GEITHNER,** )<br>**in his official capacity as Secretary of the** )<br>**Treasury,** )<br>**1500 Pennsylvania Avenue, NW** )<br>**Washington, DC  20220** )<br>)<br>**KENT S. ROBINSON,** )<br>**in his official capacity as Acting United** )<br>**States Attorney for the District of Oregon,** )<br>**1000 SW Third Avenue, Suite 600** )<br>**Portland, Oregon  97204** )<br>)<br>**and** )<br>)<br>**COLLEEN ANDERSON,** )<br>**in her official capacity as Special Agent for** )<br>**the Internal Revenue Service,** )<br>**960 Ellendale, Suite A** )<br>**Medford, Oregon  97504** )<br>)<br>     **Respondents.** ) | **Misc. Action No.**<br><br><br>**EXHIBIT E TO DECLARATION OF**<br>**TIMOTHY J. COLEMAN** |

**UNITED STATES ATTORNEY'S OFFICE**
**District of Oregon**



**PRESS ROOM**

08/15/2007

### Former Ashland, Oregon Resident Previously Charged with Conspiracy to Defraud the United States and Filing a False Tax Return on Behalf of Al-Haramain Islamic Foundation Appears in Federal Court

Portland, Ore. - Pirouz Sedaghaty, aka Pete Seda, age 49, a former resident of Ashland, Oregon, was arrested today at the Portland International Airport by agents of the Federal Bureau of Investigation, the Internal Revenue Service-Criminal Investigation Division, and Immigration and Customs Enforcement. Karin J. Immergut, United States Attorney said the arrest occurred after Sedaghaty arrived in Portland on a flight from Frankfurt, Germany.

Sedaghaty has been previously charged by a federal grand jury sitting in Eugene, Oregon with conspiracy to defraud the United States and filing a false tax return on behalf of the Al-Haramain Islamic Foundation. Conspiracy to defraud the United States carries a maximum punishment of five years and a $250,000 fine. Filing a false tax return carries a maximum punishment of three years and a $250,000 fine. In September 2004, the United States Treasury Department's Office of Foreign Assets Control placed Al-Haramain Islamic Foundation on the list of "Specially Designated Global Terrorists" pursuant to United States law.

Sedaghaty has been transported by federal agents to the federal courthouse in Eugene, Oregon, where he is scheduled to be arraigned before United States Magistrate Judge Thomas Coffin later today.

An indictment is only an accusation of a crime. The defendant should be presumed innocent unless and until proven guilty.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Al-RAJHI BANKING & INVESTMENT CORPORATION,** )<br>**Al-Aqaria Building 3** )<br>**Olaya Road, Riyadh** )<br>**Saudi Arabia** )<br>      **Petitioner,** )<br>         )<br>    **v.** )<br>         )<br>**ERIC H. HOLDER, JR.,** )<br>**in his official capacity as Attorney General of** )<br>**the United States,** )<br>**950 Pennsylvania Avenue, NW, Room B-103** )<br>**Washington, DC  20530-0001** )<br>         )<br>**TIMOTHY F. GEITHNER,** )<br>**in his official capacity as Secretary of the** )<br>**Treasury,** )<br>**1500 Pennsylvania Avenue, NW** )<br>**Washington, DC  20220** )<br>         )<br>**KENT S. ROBINSON,** )<br>**in his official capacity as Acting United** )<br>**States Attorney for the District of Oregon,** )<br>**1000 SW Third Avenue, Suite 600** )<br>**Portland, Oregon  97204** )<br>         )<br>**and** )<br>         )<br>**COLLEEN ANDERSON,** )<br>**in her official capacity as Special Agent for** )<br>**the Internal Revenue Service,** )<br>**960 Ellendale, Suite A** )<br>**Medford, Oregon  97504** )<br>         )<br>      **Respondents.** ) | **Misc. Action No.**<br><br><br>**EXHIBIT F TO DECLARATION OF TIMOTHY J. COLEMAN** |

Steven T. Wax, OSB No. 85012
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: steve_wax@fd.org

Lawrence Matasar, OSB No. 74209
621 SW Morrison Street, Suite #1025
Portland, OR 97205
Tel: (503) 222-9830
Email: larry@pdxlaw.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 05-60008 |
| Plaintiff, | |
| v. | MEMORANDUM IN SUPPORT OF MOTIONS TO SUPPRESS EVIDENCE SEIZED PURSUANT TO SEARCH WARRANT AND PURPORTED CONSENTS, AND TO COMPEL GOVERNMENT TO CEASE ALL SEARCHES OF COMPUTERS AND ELECTRONIC MEDIA SEIZED ON FEBRUARY 18, 2004 |
| PIROUZ SEDAGHATY, | |
| Defendant. | |

**III.    THE EVIDENCE OBTAINED PURSUANT TO THE SEARCH SHOULD BE
SUPPRESSED BECAUSE THE WARRANT AFFIDAVIT WHOLLY LACKED
PROBABLE CAUSE AND WAS INFECTED BY MATERIAL MISSTATEMENTS
OF FACT AND/OR RECKLESS MATERIAL OMISSIONS**

**A.    Under The Fourth Amendment A Warrant May Be Issued Only Upon
Probable Cause**

The Fourth Amendment authorizes the issuance of search warrants only upon a showing of probable cause. Probable cause exists "where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Ornelas v. United States*, 517 U.S. 690, 696 (1996).

For the magistrate to be able to perform his constitutionally-mandated function properly, the affidavit presented must contain adequate supporting facts about the underlying circumstances to show that probable cause exists for the issuance of the warrant. *Whitely v. Warden*, 401 U.S. 560, 564 (1971); *Nathanson v. United States*, 290 U.S. 41, 47 (1933) (same). The question is whether, in viewing the totality of the circumstances, the judicial officer who issued the warrant had a substantial basis for finding a fair probability that contraband or other evidence of a crime would be found in the place searched. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The warrant must also describe the things to be seized with sufficient particularity and be "no broader than the probable cause on which it is based." *United States v. Weber*, 923 F.2d 1338, 1342 (9th Cir. 1991). A court reviewing the issuance of a warrant is "limited to the information and circumstances contained within the four corners of the underlying affidavit." *United States v. Bertrand*, 926 F.2d 838, 841 (9th Cir. 1991) (citation omitted). From whatever source, however, the information presented must be sufficient to allow the issuing magistrate to determine probable cause independently; the magistrate's action "cannot be a mere ratification of the bare conclusions of others." *Gates*, 462 U.S. at 239.

Page 23 -    MEMORANDUM IN SUPPORT OF MOTIONS TO SUPPRESS EVIDENCE SEIZED
             PURSUANT TO SEARCH WARRANT AND PURPORTED CONSENTS, AND TO
             COMPEL GOVERNMENT TO CEASE ALL SEARCHES OF COMPUTERS AND
             ELECTRONIC MEDIA SEIZED ON FEBRUARY 18, 2004

**B.      Searches Conducted Pursuant To Warrants Are Generally Upheld
Under The Good Faith Exception To The Exclusionary Rule Unless
The Warrant Was Wholly Lacking In Probable Cause Or Obtained By
An Affidavit Riddled by Reckless Or Intentional Material Omissions
Or Misstatements**

In *United States v. Leon,* 468 U.S. 897 (1984), the court announced the "good

faith" exception to the exclusionary rule.  Under *Leon,* officers executing a search based

on a warrant are presumed to act in good faith unless the showing of probable cause in

the affidavit offered in support of a warrant is so weak that reliance on it is objectively

unreasonable.  *Leon,* 468 U.S. at 926.

Evidence obtained pursuant to a search warrant later found invalid can only be

admitted if the officers executing the warrant acted in good faith and in reasonable

reliance on the warrant.  *Leon*, 468 U.S. at 913.  *Leon* articulated two exceptions to the

good faith rule applicable here.  First, an officer cannot in good faith rely on a warrant

supported by an affidavit "so lacking in indicia of probable cause as to render official

belief in its existence entirely unreasonable."  *Id.* at 923 (citations omitted).

Second, the good faith exception does not apply if the issuing magistrate "was

misled by information in an affidavit that the affiant knew was false or would have

known was false except for his reckless disregard of the truth."  *United States v. Leon*,

468 U.S. at 923.  When law enforcement officers have intentionally, or with reckless

disregard for the truth, omitted or misrepresented material information which negates a

finding of probable cause, then "the search warrant must be voided and the fruits of the

search excluded to the same extent as if probable cause was lacking." *Franks*, 438 U.S. at 156; *United States v. Dozier*, 844 F.2d 701, 705 (9th Cir. 1988).

A defendant is entitled to an evidentiary hearing to challenge the validity of a search warrant if he makes a substantial preliminary showing that the affidavit contains intentionally or recklessly-made false statements and, when the affidavit is purged of its falsities, would not be sufficient to support a finding of probable cause. *Franks v. Delaware,* 438 U.S. 154, 171-72 (1978). Similarly, a defendant is entitled to an evidentiary hearing to challenge the validity of a search warrant if the search warrant is marred by deliberate or reckless omissions of fact which undermine a facial showing of probable cause. *United States v. Stanert*, 762 F.2d 775, 781 (9th Cir.), amended by 769 F.2d 1410 (9th Cir. 1985). *See also United States v. Martinez-Garcia*, 397 F.3d 1205, 1214 (9th Cir. 2005) (both false statements and omissions may serve as the basis for a *Franks* hearing).

Clear proof of deliberate or reckless misrepresentations or omissions is not required. *Stanert,* 762 F.2d at 781. All the defendant must do is make a substantial preliminary showing that the affiant intentionally or recklessly misrepresented facts or "omitted facts required to prevent technically true statements in the affidavit from being misleading." *Id. See also United States v. Jacobs*, 986 F.2d 1231, 1235 (8th Cir. 1993) (finding an omission to be reckless when "[a]ny reasonable person would have known that this was the kind of thing the judge would wish to know"). When a search warrant affidavit contains material omissions, as well as false statements, the court should

Page 25 -    **MEMORANDUM IN SUPPORT OF MOTIONS TO SUPPRESS EVIDENCE SEIZED PURSUANT TO SEARCH WARRANT AND PURPORTED CONSENTS, AND TO COMPEL GOVERNMENT TO CEASE ALL SEARCHES OF COMPUTERS AND ELECTRONIC MEDIA SEIZED ON FEBRUARY 18, 2004**

delete the false or misleading statements and insert the omitted truths and then examine the "reformed" affidavit to see whether it still establishes probable cause. *United States v. DeLeon*, 979 F.2d 761, 764 (9th Cir. 1992).

## C.    The Search Warrant Was Wholly Lacking in Probable Cause

The affidavit describes a mistake on the tax return. In order to elevate that mistake to criminal conduct that could support issuance of a warrant, the government was required to establish probable cause to believe that this mistake was made by Mr. Sedaghaty or one of the other principals of Al Haramain USA, rather than Accountant Wilcox. In addition, the government was required to show probable cause that the mistake was not benign, but one made with a criminal purpose. *Ornelas*, 517 U.S. at 696. The purpose offered by the affiant in the warrant was the desire to fund Chechen mujahideen. However, the core of what was offered is set out in paragraphs 22-28 of the search warrant affidavit. Those paragraphs fail to provide probable cause of a criminal purpose. The only alleged direct link between Al Haramain USA and funding Chechen mujahideen is derived from newspaper accounts (paragraphs 23, 24, 26, 27). We have found no cases in which a court has upheld a warrant on newspaper accounts. Indeed, newspaper accounts are notoriously unreliable. *See Jane Doe I-V v. Texaco*, No. C06-02820 WHA, 2006 WL 2850035 *3 (N.D. Cal. 2006). *Cf. Larez v. Los Angeles*, 946 F.2d 630, 642-43 (9th Cir. 1991).

## D.    The Warrant Issued In This Case Was Infected By Material Misstatements And Omissions Which, When Corrected, Becomes Invalid

The affidavit submitted in support of the search warrant is replete with material misstatements and omissions. The affidavit, taken in its entirety, skewed the information and created an overall false impression regarding the relationship of Al Haramain Saudi Arabia and Al Haramain USA, the significance of the role that Accountant Wilcox played as the accountant of Al Haramain USA, the extent of the surveillance and investigation of Al Haramain USA, and the history of the Chechen/Russian conflict. The misstatements and omissions include: 1. the unlawful and warrantless surveillance; 2. The investigation commenced in 2001; 3. The publicly available information about Mr. Sedaghaty from the 1990s forward; 4. Mr. Sedaghaty's contacts with the government from 2001-2003; 5. Mr. Sedaghaty's communications with the government regarding refugees from 2001-2003; 6. Mr. Sedaghaty's relationship with Accountant Wilcox; and 7. Information provided to the government by Accountant Wilcox. The remainder of this section details the material misstatements and omissions and why an affidavit that had not been riddled with such statements would not have provided probable cause.

The material omissions and misstatements in the affidavit are summarized as follows:

• Paragraphs 11 & 16 - The government provided the court with a general description of how funds were brought into the United States in order to purchase two different pieces of property, including the fact that Soliman Al-Buthe brought the money into the country via travelers checks. The government failed to inform the court that

Page 27 -     MEMORANDUM IN SUPPORT OF MOTIONS TO SUPPRESS EVIDENCE SEIZED
              PURSUANT TO SEARCH WARRANT AND PURPORTED CONSENTS, AND TO
              COMPEL GOVERNMENT TO CEASE ALL SEARCHES OF COMPUTERS AND
              ELECTRONIC MEDIA SEIZED ON FEBRUARY 18, 2004

travelers checks are used in the normal course of business. By omitting this piece of
information, the affiant led the court to believe that there is significance in the use of
travelers checks, when really, there is no significance at all. Had the court been aware
that the use of travelers checks by a foreigner in various foreign financial transactions is
not significant, that would have negated any probable cause surrounding the use of
travelers checks as asserted in Paragraphs 30, 31, 45, and 47.

• Paragraph 18 - The affiant provided an inaccurate and truncated version of
the government's use of the grand jury in its investigation of Al Haramain USA. First,
the affiant continued to allow the court to presume that AHIF and Al Haramain USA are
one and the same organization, which they are not. Second, the affiant explained to
the court that in June 2003 a grand jury subpoena was served on AHIF. However, she
omitted the fact that the government received grand jury subpoenas in 2001, targeting
Pete Seda, as well as Al Haramain USA. It is without dispute that the investigation of
Pete Seda and Al Haramain USA began many years prior to the June 2003 subpoena.
However, this information was left out of the affidavit. Had the court been aware of the
extent of the government's investigation, it would have been cautioned by how little
inculpatory information the government provided at the time the affidavit was presented
to the magistrate judge.

• Paragraphs 22 - 24 - The government provided a one-sided view of the history
and evolution of the Chechen/Russian conflict focusing on the purported threat of the
Chechen mujahideen to Russia in the 1990s. The affiant relied on a non-governmental

international terrorism consultant. She failed to inform the court who this person is or
what their qualifications are to provide such information. The affiant also reported that
a news article stated that AHIF (Riyadh), had provided support to the Chechens. The
government failed to include in the affidavit the fact that the United States was also
supporting the Chechens during this time. In fact, the Chechen mujahideen, prior to
September 11, 2001, were not seen as engaging in violent terrorism, but were viewed
as freedom fighters in a war of liberation. As recently as 2007, now Vice-President
Joseph Biden stated that the war in Chechnya is a war of liberation.

http://www.politico.com/ news/stories/0507/3850.html. The affiant failed to inform the
court of the humanitarian crisis that existed in Chechnya during this time. Even Senator
John McCain criticized the Clinton administration for its support of Russia in the war
against Chechnya. See Eric Schmitt, McCain Urges Ending Aid To Russia In Wake Of
Chechen Policy, N.Y. Times, Dec. 2, 1999; available at:

www.nytimes.com/1999/12/02/us/mccain-urges-ending-aid-to-russia-in-wake-of-
chechen-policy.html. This one-sided, unsubstantiated view of the Chechen crisis,
coupled with an inaccurate shared description of Al Haramain, Riyadh and Al Haramain
USA, when corrected and more fully explained negated probable cause in this instance.

● Paragraph 47 - Affiant Anderson asserted that "since it appears that SEDA
and ALBUTHE have attempted to conceal the movement of funds to Chechnya, as
more fully described below, there may be other similar transactions conducted which
we have not yet detected." This supposition is completely unsupported and should

Page 29 -     MEMORANDUM IN SUPPORT OF MOTIONS TO SUPPRESS EVIDENCE SEIZED
              PURSUANT TO SEARCH WARRANT AND PURPORTED CONSENTS, AND TO
              COMPEL GOVERNMENT TO CEASE ALL SEARCHES OF COMPUTERS AND
              ELECTRONIC MEDIA SEIZED ON FEBRUARY 18, 2004

have been stricken from the affidavit. Without this groundless assertion, any probable cause asserted by the government is eliminated and would not have been found by the magistrate.

• Paragraph 55 - Affiant Anderson reported what Accountant Wilcox recalled of his initial meetings with Mr. Sedaghaty, and that Mr. Sedaghaty specifically told him that he needed the books to be right and clean. This paragraph, or any other paragraph, failed to mention that Accountant Wilcox also told the government that he (Wilcox) never thought that Mr. Sedaghaty was intentionally dishonest in his record keeping. See GOV 11-12. Because Mr. Sedaghaty's financial honesty is one of the primary issues in this case, it is particularly important that Mr. Sedaghaty's own accountant, and one of the government's key witnesses throughout its investigation, believed in Mr. Sedaghaty's honesty as to his financial records. This information, had it been known by the court, would have undermined the core of the affiant's assertions and suppositions peppered throughout the affidavit. The court would have been unable to find probable cause to allow a search of the residence.

• Paragraph 60 - Affiant Anderson reported that Accountant Wilcox received the Quickbooks Springfield building schedule that he used to prepare the organizations 2000 Form 990 for the Internal Revenue Service from Mr. Sedaghaty. Affiant Anderson failed to explain that Accountant Wilcox was more than a mere tax preparer for Al Haramain USA. He provided more expansive services to Al Haramain USA, which were addressed in an engagement letter between himself and Al Haramain USA. See

Page 30 -    MEMORANDUM IN SUPPORT OF MOTIONS TO SUPPRESS EVIDENCE SEIZED
             PURSUANT TO SEARCH WARRANT AND PURPORTED CONSENTS, AND TO
             COMPEL GOVERNMENT TO CEASE ALL SEARCHES OF COMPUTERS AND
             ELECTRONIC MEDIA SEIZED ON FEBRUARY 18, 2004

3333

Case 6:05-cr-60008-AA   Document 255-7   Filed 02/01/10   Page 15 of 29

GOV 466. Affiant Anderson failed to credit Accountant Wilcox with his past experience as an agent for the IRS. Affiant Anderson also omitted how Accountant Wilcox received information regarding the Springfield house, whether it was verbal or written. Had the court been aware that Wilcox failed to perform basic duties of an accountant when preparing the tax return, and also that he had had experience in the past as an IRS agent, the court would have been less likely to believe the government's assertion of the questionable nature of the accounting of the purchase of the Springfield property. With this information, the government's assertions do not give rise to probable cause.

• Paragraph 66 - The government asserts that there did not appear to be any business or religious activities at 3800 S. Highway 99 and that Mr. Sedaghaty's son, Jonah, appeared to be living there. The affiant failed to inform the court of how she was able to confirm that. If there was surveillance of the property, the court should have been informed of the method and manner of such surveillance. Had that been discussed, the court would then have known that with the vast surveillance being conducted at the time, the lack of inculpatory information would negate the probable cause asserted by the government.

• Paragraph 70 -71 - In order to explain to the court that evidence of the nature described in the affidavit would be present at 3800 S. Highway 99, the affiant described a meeting between Mr. Sedaghaty and FBI Special Agent Dave Carroll on September 15, 2001. This meeting included a tour of the upper floor of 3800 S. Highway 99. Special Agent Carroll was shown a room above a garage which contained a computer

Page 31 -     MEMORANDUM IN SUPPORT OF MOTIONS TO SUPPRESS EVIDENCE SEIZED PURSUANT TO SEARCH WARRANT AND PURPORTED CONSENTS, AND TO COMPEL GOVERNMENT TO CEASE ALL SEARCHES OF COMPUTERS AND ELECTRONIC MEDIA SEIZED ON FEBRUARY 18, 2004

and several boxes of pamphlets and other materials. First, this information was stale
and should have been stricken from the affidavit. Second, the affiant failed to inform
the court that Mr. Sedaghaty voluntarily met with Agent Carroll on several occasions
including September 15, 2001. It was during the meeting on the 15th, that Mr.
Sedaghaty discussed with Agent Carroll the amount of money that Al Haramain, Riyadh
provided to purchase the Springfield property. This was just a short time before Mr.
Sedaghaty signed the tax return that involved the purchase of the Springfield property
that is at issue in this case. Had the court been more fully informed of Mr. Sedaghaty's
transparency and cooperation with the FBI, the probable cause to justify a search of a
residence would have been negated.

  The search warrant affidavit also omitted the following:

  • Mr. Sedaghaty, throughout his lifetime, has endeavored to help those in need;
in his own community, in various parts of the United States, and internationally. These
include numerous contacts with the United States government, as well as governments
of other countries, in an effort to deliver humanitarian aid to refugees in places like
Chechnia, Afghanistan, and Israel/Palestine. Many of these efforts have been
documented and known by the government, yet information regarding Mr. Sedaghaty's
efforts was kept from the court when it was reviewing the affidavit. *See, e.g.,* GOV 120;
GOV 290; GOV 523; GOV 527-29; GOV 2187-89; GOV 2190. This information is
directly related to and contradictory to what the government asserted in its affidavit.

Page 32 -  MEMORANDUM IN SUPPORT OF MOTIONS TO SUPPRESS EVIDENCE SEIZED
     PURSUANT TO SEARCH WARRANT AND PURPORTED CONSENTS, AND TO
     COMPEL GOVERNMENT TO CEASE ALL SEARCHES OF COMPUTERS AND
     ELECTRONIC MEDIA SEIZED ON FEBRUARY 18, 2004

This information, had it been known by the court, would have negated the finding of probable cause.

• Mr. Sedaghaty requested that FBI Agent Dave Carroll obtain an e-mail account so that he (Sedaghaty) would be able to communicate with Agent Carroll while he was overseas. Agent Carroll, in an e-mail to Mr. Sedaghaty confirmed that he had done so. FPDUS 0024256.

The omissions and misstatements described herein, had they been known by the issuing court, would have prevented the court from finding probable cause. Unfortunately, this information is incomplete because the government has not provided the defense with the information available to it that was collected through the surveillance of Al Haramain and its officers. It is expected that the information collected during that time would include information regarding Mr. Sedaghaty that would have further negated any probable cause asserted in the search warrant affidavit.

Upon review of the affidavit, with the omissions included and the mis-statements corrected, the affidavit would have shown that Al Haramain USA was not the same as Al Haramain, Saudi Arabia, and that the person in charge of the local organization, Mr. Sedaghaty, had, throughout his life, sought out peaceful methods to provide help to those in need. The magistrate judge would have been aware that Mr. Sedaghaty was cooperative with the Federal Bureau of Investigation, particularly after 9/11, and that he abhorred terrorist activities. The affidavit would have provided the magistrate judge with a more thorough recitation of the Chechen crisis and the desire to help the

Page 33 -     MEMORANDUM IN SUPPORT OF MOTIONS TO SUPPRESS EVIDENCE SEIZED
              PURSUANT TO SEARCH WARRANT AND PURPORTED CONSENTS, AND TO
              COMPEL GOVERNMENT TO CEASE ALL SEARCHES OF COMPUTERS AND
              ELECTRONIC MEDIA SEIZED ON FEBRUARY 18, 2004

refugees in that area would not have been portrayed as a questionable desire on the

part of Mr. Sedaghaty, Al Haramain USA and Al Haramain Saudi.

The affidavit would also have alerted the magistrate judge to the fact that

although an extensive investigation of Al Haramain USA had been going on, at that

time, for at least two and a half years, involving multiple agencies of the United States

government and lawful and unlawful surveillance, only a very few details surrounding a

donation and an out of state real estate purchase had attracted the government's

attention.

The magistrate judge would have known that Accountant Wilcox was intimately

involved in the bookkeeping of Al Haramain USA and was just as likely to have created

the errors alleged in the affidavit as anyone associated with Al Haramain USA. This

information would not have provided probable cause for a search of 3800 S. Highway

99 and any evidence recovered pursuant to the search warrant, or by consent, as

discussed below, should be suppressed.

## IV.    THE GOVERNMENT MUST PROVE THAT THE CONSENTS TO SEARCH AND SEIZE WERE VOLUNTARY AND NOT THE PRODUCT OF AN UNLAWFUL WARRANT

### A.    The Government Bears The Burden Of Establishing Consent

The right of a citizen to be free in his own home from unreasonable government

intrusion stands at the very core of the Fourth Amendment. *Groh v. Ramirez*, 540 U.S.

551, 559 (2004) (citing *Kyllo v. United States*, 533 U.S. 27, 31 (2001)). Generally, the

Supreme Court disapproves of searches and seizures not authorized by a judge,

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Al-RAJHI BANKING & INVESTMENT CORPORATION,**<br>**Al-Aqaria Building 3**<br>**Olaya Road, Riyadh**<br>**Saudi Arabia**<br>                    **Petitioner,**<br><br>                    **v.**<br><br>**ERIC H. HOLDER, JR.,**<br>**in his official capacity as Attorney General of**<br>**the United States,**<br>**950 Pennsylvania Avenue, NW, Room B-103**<br>**Washington, DC  20530-0001**<br><br>**TIMOTHY F. GEITHNER,**<br>**in his official capacity as Secretary of the**<br>**Treasury,**<br>**1500 Pennsylvania Avenue, NW**<br>**Washington, DC  20220**<br><br>**KENT S. ROBINSON,**<br>**in his official capacity as Acting United**<br>**States Attorney for the District of Oregon,**<br>**1000 SW Third Avenue, Suite 600**<br>**Portland, Oregon  97204**<br><br>**and**<br><br>**COLLEEN ANDERSON,**<br>**in her official capacity as Special Agent for**<br>**the Internal Revenue Service,**<br>**960 Ellendale, Suite A**<br>**Medford, Oregon  97504**<br>                    **Respondents.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **Misc. Action No.**<br>)<br>)<br>)<br>)  **EXHIBIT G TO DECLARATION OF**<br>)  **TIMOTHY J. COLEMAN**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# United States Department of Justice
# United States Attorney's Office
# for the District of Oregon



## *ADMINISTRATIVE SUBPOENA*

To: Al Rajhi Banking and Investment; Al-Rajhi Bank
    C/O King & Spalding
    Attn: Isam Salah, Partner
    1185 Avenue of Americas
    New York, New York
    Telephone: (217) 556-2140

----

By service of this subpoena upon you, you are hereby commanded and required to appear before the Internal Revenue Service Criminal Investigation Division and to bring with you and produce for examination the following books, records and papers at the time and place set forth below.

## REQUIRED DOCUMENTS

Authenticated copies of certified bank records, belonging to Soliman Al-But'he from the Al Rajhi Bank, in Riyadh, Saudi Arabia. The records should cover the time period between February 1, 2000 through April 30, 2000, and should include the following documents:

Account records for account number 140608010109206 for the time period of February, March, and

April of 2000, to include:

(1) Copies of signature cards and customer applications;

(2) Copies of bank statements, ledger cards, or records reflecting dates and amounts of deposits and withdrawals;

(3) Copies of debit and credit memos;

(4) Copies of deposit slips and checks deposited (including the backs of the checks);

(5) Copies of withdrawal slips and teller records showing the withdrawal of currency, including records reflecting the type of currency received (U.S. dollars or Saudi Riyals);

(6) Copies of checks issued for withdrawals (including the backs of the checks);

(7) Copies of all records reflecting the cashing of traveler's checks, including teller records, receipts indicating the number of cashier's checks cashed, the denominations of the cashier's checks cashed, and the type of currency received (U.S. dollars or Saudi Riyals);

(8) Records reflecting the customer exchange rate of U.S. dollars to Saudi Riyals on March 13, 2000, March 14, 2000, March 27, 2000, and March 28, 2000;

(9) Records pertaining to the cashing of 130 $1,000 American Express Traveler's checks by Soliman Al-But'he in March of 2000 at Al Rajhi Bank, to include the date and time of the transaction, the amount of the transaction, and type of currency received by Al-But'he (U.S. dollars or Saudi Riyals). (A copy of one of the traveler's checks is attached for review); and

(10) Records pertaining to the deposit and any subsequent disposition of a Bank of America cashier's check, check number 1001040568, issued to Soliman Al-But'he on March 11, 2000, for $21,000. (A copy of the cashiers check is attached for review.)

## PLACE AND TIME OF APPEARANCE

Internal Revenue Service
Criminal Investigation Division
960 Ellendale, Suite A
Medford, Oregon 97504

August 28, 2009; 10:00 a.m.

_____

Issued under authority of 31 United States code, Section 5318(k)(3), by a duly authorized delegate of the Attorney General.

7-17-09

Kent S. Robinson
Acting United States Attorney
U.S. Attorney's Office for the District of Oregon
U.S. Department of Justice

Name, address and phone number of government attorney and investigating agent:

Charles F. Gorder, Jr.,
Assistant United States Attorney
1000 SW Third Ave., Suite 600
Portland, OR 97204
(503) 727-1021

Special Agent Colleen Anderson
Internal Revenue Service CID
960 Ellendale, Suite A
Medford, Oregon 97504
(541) 282-1341





## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Al-RAJHI BANKING & INVESTMENT CORPORATION,** ) <br> **Al-Aqaria Building 3** ) <br> **Olaya Road, Riyadh** ) <br> **Saudi Arabia** ) <br>           **Petitioner,** ) <br> ) <br>      **v.** ) <br> ) <br> **ERIC H. HOLDER, JR.,** ) <br> **in his official capacity as Attorney General of** ) <br> **the United States,** ) <br> **950 Pennsylvania Avenue, NW, Room B-103** ) <br> **Washington, DC  20530-0001** ) <br> ) <br> **TIMOTHY F. GEITHNER,** ) <br> **in his official capacity as Secretary of the** ) <br> **Treasury,** ) <br> **1500 Pennsylvania Avenue, NW** ) <br> **Washington, DC  20220** ) <br> ) <br> **KENT S. ROBINSON,** ) <br> **in his official capacity as Acting United** ) <br> **States Attorney for the District of Oregon,** ) <br> **1000 SW Third Avenue, Suite 600** ) <br> **Portland, Oregon  97204** ) <br> ) <br> **and** ) <br> ) <br> **COLLEEN ANDERSON,** ) <br> **in her official capacity as Special Agent for** ) <br> **the Internal Revenue Service,** ) <br> **960 Ellendale, Suite A** ) <br> **Medford, Oregon  97504** ) <br> ) <br>           **Respondents.** ) | **Misc. Action No.** <br><br><br> **EXHIBIT H TO DECLARATION OF** <br> **TIMOTHY J. COLEMAN** |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CR NO. 3:04-CR-240-G |
| | § | |
| HOLY LAND FOUNDATION | § | |
| FOR RELIEF AND DEVELOPMENT, | § | |
| also known as the "HLF" (01) | § | |
| SHUKRI ABU BAKER,   (02) | § | **ECF** |
| MOHAMMED EL-MEZAIN, (03) | § | |
| GHASSAN ELASHI, (04) | § | |
| HAITHAM MAGHAWRI,  (05) | § | |
| AKRAM MISHAL,  (06) | § | |
| MUFID ABDULQADER,  (07) and | § | |
| ABDULRAHMAN ODEH   (08) | § | |

## GOVERNMENT'S TRIAL BRIEF

The United States submits this trial brief in support of the evidence and arguments

relied upon in its case-in-chief.  The purpose of this submission is to provide the Court

with an overview of the case, the scope of the conspiracy, and the different kinds of

evidence that the government will seek to admit at trial and the evidentiary bases for the

admission of that evidence. The government is not detailing all of the evidence that it

will present in its case-in-chief nor all of the evidence showing the existence of the

alleged conspiracy and the statements made in furtherance of the conspiracy. Instead, this

trial brief will outline the law with respect to types of evidence the government will be

seeking to admit and provide background to the Court for evaluating their admissibility.

**GOVERNMENT'S TRIAL BRIEF (U.S. v. HLF, et al) - Page 1**

government's summary of the case. The American Express records will also prove travel

payments made by the HLF on behalf of "overseas speakers" - Hamas members and other

radical speakers who were brought to the United States to raise funds for the HLF.

## 2.    Foreign Bank Records Without a Live Witness

The government will offer into evidence records from up to seventy-two bank

accounts from twelve banks, spanning seven different countries.

The records were obtained from the foreign banks through either: a Mutual Legal

Assistance Treaty request; a Bank of Nova Scotia grand jury subpoena; an administrative

subpoena issued pursuant to 31 U.S.C. § 5318(k)(3) (commonly referred to as a Patriot Act

subpoena)[2]; and a request and voluntary compliance by the bank.

18 U.S.C. § 3505(a)(1) provides that, in a criminal proceeding, a foreign record of

regularly conducted activity shall not be excluded as evidence by the hearsay rule if a

certification is attached which comports to the requirements of the business records

---

[2]  A Bank of Nova Scotia grand jury subpoena is issued to a foreign bank that has a branch in the
United States. *In re Grand Jury Proceedings the Bank of Nova Scotia*, 740 F.2d 817 (11ᵗʰ Cir. 1984).
The subpoena is served upon the branch or a bank representative and requires the bank to obtain records
from other bank branches located outside the United States. A Patriot Act subpoena is not a grand jury
subpoena but is an administrative subpoena authorized by the Attorney General or the Secretary of the
Treasury. It is designed to be used in situations where the foreign bank does not have a branch in the
United States but instead has a correspondent account. Correspondent accounts are bank accounts held
under the foreign bank's name at a United States bank that allow the foreign bank to avail itself of the
United States banking system. As with a Bank of Nova Scotia subpoena, the Patriot Act subpoena
requires the bank to obtain the records from whichever bank branch worldwide possesses them.

Bank of Nova Scotia and Patriot Act subpoenas are generally used in situations where the United
States does not have a treaty with the country, where the bank branch possessing the needed records is
located abroad, or where the government has exhausted all other avenues to obtain the records from that
country. In this case, the government used these tools (or the possibility of these tools) to obtain bank
records from the West Bank, Gaza and Lebanon.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Al-RAJHI BANKING & INVESTMENT** ) | |
| **CORPORATION,** ) | |
| **Al-Aqaria Building 3** ) | |
| **Olaya Road, Riyadh** ) | |
| **Saudi Arabia** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **ERIC H. HOLDER, JR.,** ) | |
| **in his official capacity as Attorney General of** ) | |
| **the United States,** ) | |
| **950 Pennsylvania Avenue, NW, Room B-103** ) | **Misc. Action No.** |
| **Washington, DC  20530-0001** ) | |
| ) | |
| **TIMOTHY F. GEITHNER,** ) | |
| **in his official capacity as Secretary of the** ) | **CERTIFICATE OF SERVICE** |
| **Treasury,** ) | |
| **1500 Pennsylvania Avenue, NW** ) | |
| **Washington, DC  20220** ) | |
| ) | |
| **KENT S. ROBINSON,** ) | |
| **in his official capacity as Acting United** ) | |
| **States Attorney for the District of Oregon,** ) | |
| **1000 SW Third Avenue, Suite 600** ) | |
| **Portland, Oregon  97204** ) | |
| ) | |
| **and** ) | |
| ) | |
| **COLLEEN ANDERSON,** ) | |
| **in her official capacity as Special Agent for** ) | |
| **the Internal Revenue Service,** ) | |
| **960 Ellendale, Suite A** ) | |
| **Medford, Oregon  97504** ) | |
| ) | |
| **Respondents.** ) | |

I, Boaz Green, hereby certify that on this $\underline{19}^{th}$ day of January, 2010, I caused copies of
Petitioner's Motion to Quash USA PATRIOT Act Subpoena, Memorandum of Points and
Authorities in Support of Motion to Quash USA PATRIOT Act Subpoena, Proposed
Order, Certificate Required by LCvR 7.1, Declaration of Timothy J. Coleman with
Exhibits A through H, and Declaration of Khalid A. Al-Thebity with Exhibits A through
G to be served via certified mail on the following parties:

                Eric H. Holder, Jr.
                Attorney General of the United States
                United States Department of Justice
                950 Pennsylvania Avenue, NW, Room B-103
                Washington, DC  20530-0001

                Civil Process Clerk
                Office of the United States Attorney
                for the District of Columbia
                555 Fourth Street, N.W.
                Washington, D.C. 20001

                Timothy F. Geithner
                Secretary
                Department of the Treasury
                1500 Pennsylvania Avenue, NW
                Washington, DC  20220

                Kent S. Robinson
                Acting United States Attorney
                for the District of Oregon
                1000 SW Third Avenue, Suite 600
                Portland, Oregon  97204

                Colleen Anderson
                Special Agent
                Internal Revenue Service
                960 Ellendale, Suite A
                Medford, Oregon  97504

Dated: Jan. 19, 2010

Respectfully submitted,

Boaz I. Green (D.C. Bar No. 977520)
Dewey & LeBoeuf LLP
1101 New York Avenue, NW
Washington, DC 20005-4213
Telephone: (202) 346-8000
Facsimile: (202) 346-8102

ATTORNEYS FOR PETITIONER