```
 1              IN THE UNITED STATES DISTRICT COURT

 2                   FOR THE DISTRICT OF OREGON

 3   UNITED STATES OF AMERICA,       )
                                     )
 4             Plaintiff,            ) No. 05-60008-2-HO
                                     )
 5      v.                           ) December 8, 2009
                                     )
 6   PIROUZ SEDAGHATY, et al.,       ) Eugene, Oregon
                                     )
 7             Defendants.           )

 8

 9           TRANSCRIPT OF STATUS CONFERENCE

10         BEFORE THE HONORABLE MICHAEL R. HOGAN

11            UNITED STATES DISTRICT COURT JUDGE

12

13                          -:-

14

15

16

17

18

19

20

21

22

23              Deborah Wilhelm, CSR, RPR
                      Court Reporter
24                    P.O. Box 1504
                    Eugene, OR  97440
25                   (541) 431-4113
```

```
 1                    APPEARANCES OF COUNSEL

 2

 3   FOR THE PLAINTIFF:     CHRISTOPHER L. CARDANI
                            United States Attorney's Office
 4                          405 E. 8th Avenue, Suite 2400
                            Eugene, OR  97401
 5                          (541) 465-6771
                            chris.cardani@usdoj.gov
 6
                            CHARLES F. GORDER, JR.
 7                          United States Attorney's Office
                            1000 S.W. Third Avenue, Suite 600
 8                          Portland, OR  97204-2902
                            (503) 727-1021
 9
     FOR THE DEFENDANT:     LAWRENCE H. MATASAR
10                          Lawrence Matasar, P.C.
                            621 S.W. Morrison Street
11                          Suite 1025
                            Portland, OR  97205
12                          (503) 222-9830
                            larry@pdxlaw.com
13
                            STEVEN T. WAX
14                          Federal Public Defender
                            101 S.W. Main Street, Suite 1700
15                          Portland, OR  97204
                            (503) 326-2123
16                          steve_wax@fd.org

17   Also present:          Colleen Anderson
                            David Carroll
18

19

20

21

22

23

24

25
```

```
 1                  (Tuesday, December 8, 2009; 9:51 a.m.)
 2            (The following proceedings were had in chambers.)
 3                      (The defendant is not present.)
 4                          P R O C E E D I N G S
 5            THE COURT:  Good morning.  I have Mr. Matasar's
 6   letter.
 7            MR. MATASAR:  That's really -- all of us worked
 8   on it pretty carefully.  It's not just mine.  But, yeah,
 9   we're in agreement that this is where we are.  It's
10   pretty much a joint plan.  Not that I'm running away
11   from the letter.
12            THE COURT:  You make a nice spokesperson.  All
13   right.  Where do you want to start, folks?
14            MR. MATASAR:  Well, we were just talking about,
15   we think that it might be good to schedule three general
16   things:  The motion to suppress hearings, which we need
17   to talk about; then maybe -- I think we're agreed that
18   if there's going to be motions in limine and the sort of
19   trial type motions, it would be good if we could have
20   those at least a few weeks before the trial so that we
21   can prepare and gear up and we know exactly what the
22   roadmap is going to be and then the trial.
23            MR. CARDANI:  *Daubert*.
24            MR. MATASAR:  Yeah, put *Daubert* sort of in that
25   middle group, that sort of thing.
```

1        THE COURT: Have you talked about when you'd
2   like to schedule those?
3        MR. MATASAR: Well, we've talked about our
4   suggestion that we have the trial part starting on like
5   April 28th. There is another letter that I wrote. I
6   can't remember if I wrote it to the court or if I
7   just -- I think I did write it to the court. Then we
8   can have in March, we can have something before spring
9   break, we can have the other hearings, which we think
10  one of them -- at least the defense side believes there
11  needs to be some classified aspect of that. So, sadly,
12  as you know, Erin is not with us anymore.
13       THE COURT: Right.
14       MR. MATASAR: And her replacement will be
15  there. So some of it -- we're going to need that and
16  maybe we can have that before the March 22nd spring
17  break. And then the other one, I guess we could have at
18  the beginning of April.
19       MR. WAX: Judge, I think that given the
20  tremendous variation in the landscape of the trial based
21  on rulings on the motions to suppress and what the
22  motions in limine will look like, if we can have both
23  sets of hearings before the spring break, I think it
24  would be a heck of a lot better for all of us in terms
25  of our preparation and in terms of your planning, you

1  know, it would be really helpful for us to have rulings
2  on both sets of motions, you know, a month in advance of
3  trial, because --
4           MR. MATASAR:  That's if -- if I could add,
5  that's if April is the end date.  We were told months
6  ago before you had your current schedule that you were
7  looking for April as the end date.  I have a -- as -- I
8  have a summer trip starting June 24th, so that's
9  really the -- the trial needs to be over by then if it's
10 going to be in May or June, otherwise we'll have to wait
11 until after that.  So the April date was just based on
12 our guidance from your chambers that you wanted it in
13 April.  I have no problem with May 2nd or any other day.
14 But we had just artificially chose that as a date.  And
15 we also have an expert on the 15th -- an accounting
16 expert who's busy with other stuff on -- through
17 April 15th.  So that's why I picked the April 28th.
18          THE COURT:  28th?
19          MR. CARDANI:  28th is a Wednesday.
20          MR. MATASAR:  27th is a Wednesday.
21          MR. CARDANI:  Judge, I think we've predicted as
22 long as two weeks, we're hopeful that it will be less.
23          THE COURT:  Right.  Well, some of your dates
24 have been preempted by Mrs. Hogan, so we're going to
25 start the trial June 7th.

1            We will have the in limine type motions the
2   week of May 10.  And the first group you wanted to
3   separate out, what was that, Mr. Matasar?
4            MR. MATASAR:  We thought maybe classified and
5   unclassified.  The classified material --
6            MR. CARDANI:  Motion to suppress.
7            MR. MATASAR:  Motions to suppress, all the
8   first ones.  Remember, there were some questions that we
9   couldn't ask at the last one?  Those could be the same
10  day or a different day, whichever is easier for the
11  court security officer.  But we think sooner rather than
12  later for those, probably.
13           MR. GORDER:  Your Honor, we, at this point,
14  disagree that we need a classified hearing on the motion
15  to suppress.
16           THE COURT:  Give me a short brief on that or
17  letter from both of you.
18           MR. MATASAR:  Okay.  We'll do that.
19           MR. CARDANI:  But we do agree that we need some
20  supplemental, nonclassified testimony on the aftermath
21  of the motion to suppress.  So you had the full-blown
22  motion to suppress, we had a hearing, CDT came down
23  afterwards and some other motions were filed afterwards,
24  and we think some argument and maybe brief testimony on
25  the nonclassified side is appropriate sooner than later,

```
 1  whenever you are ready to do that.
 2          MR. MATASAR:  How much time -- if we're talking
 3  about the nonclassified part --
 4          MR. CARDANI:  Yes.
 5          MR. MATASAR:  -- should we say -- well, maybe
 6  the nonclassified part plus argument on these things
 7  that don't really need facts, like numbers 2, 3 and 4,
 8  maybe half a day.  Do you think that's enough time?
 9          MR. CARDANI:  Are you ready to do that now?
10          MR. MATASAR:  We're not ready to do it today,
11  but we can do that in March or probably sooner than
12  that.
13          MR. WAX:  Yeah, we are ready.
14          MR. MATASAR:  Yeah, we're pretty much ready to
15  do that, give us at least two weeks and we can do that
16  half a day anytime from -- what's this?  From like
17  January 1st on, I think we could be ready, or
18  January 10th on.  Whenever you have a -- you don't have
19  to tell us now.
20          THE COURT:  I want to make sure I have your
21  briefing substantially before the suppression --
22          MR. MATASAR:  We'll do that.
23          THE COURT:  -- motions.  I'm going to set those
24  on March 15th.  And the night before, I'll be conducting
25  the Soldiers' Chorus in Faustus, the opera.
```

```
 1              MR. WAX:  Conducting or singing or both?
 2              THE COURT:  I'm conducting this time.
 3              MR. WAX:  Wow.
 4              MR. MATASAR:  A wide variation of interests.
 5              THE COURT:  A lot, yeah.  Hard to keep down on
 6   the farm.
 7              MR. GORDER:  Just want you to know, Your Honor,
 8   my calendar says daylight savings time begins the day
 9   before, so make sure you get there on time.
10              THE COURT:  All right.  I see that also.
11              MR. MATASAR:  So we will get some sort of --
12   maybe we could have a date, we can just do it at the
13   same time or however, we'll write something about why we
14   think a classified section of testimony is necessary.
15   We'll have it by -- if it's March 15th, maybe we should
16   say January -- I'm just picking days.
17              MR. WAX:  Whenever.
18              MR. MATASAR:  January 1st.
19              THE COURT:  What I'm going to allow you to do
20   on the suppression motions is talk to each other, come
21   up with a schedule that gives me all the briefing at
22   least three weeks in advance.
23              MR. MATASAR:  I think that there will be very
24   little additional briefing necessary since we have all
25   of these things here.  You -- be careful before you ask
```

1  for more briefing, Your Honor.  There is lots of stuff
2  here, lots of paper.
3          THE COURT:  I just don't want last minute
4  briefs.
5          MR. CARDANI:  Yes.  But most of the briefing is
6  now done.  There is a couple of responses that are
7  coming in soon, but -- but -- most of that stuff for the
8  first motion to suppress hearing I think is completed.
9          MR. MATASAR:  Let's try to do -- because if
10 we're going to have some classified material, the court
11 security office is going to need to be involved.  So
12 let's try to get the court that stuff by like January
13 10, I'm just picking again, or sooner.  I'm not sure
14 what the need is.
15         MR. WAX:  Yeah.
16         THE COURT:  I'm going to interrupt.  I should
17 have put this on the record.  Your client is not here.
18         MR. MATASAR:  That's correct.
19         THE COURT:  You are waiving that?
20         MR. MATASAR:  We are.
21         THE COURT:  Thank you.
22         MR. CARDANI:  The rogatory issue.
23         MR. GORDER:  There is a new motion, Your Honor,
24 that's not on the letter.
25         THE COURT:  Yes.

1         MR. GORDER:  That the defense just filed
2    regarding testimony involving witnesses in Egypt.  We
3    will be responding to that in the next week and a half.
4         THE COURT:  Thank you.
5         MR. GORDER:  Before Christmas.  So I think that
6    might be wise to get that on as early --
7         MR. MATASAR:  On the 15th, that's a good idea.
8         MR. WAX:  No, I think January.
9         MR. GORDER:  Or even in January.
10        MR. WAX:  Well, if there is an affirmative
11   ruling, it's very time-consuming to try to effectuate
12   anything.
13        MR. CARDANI:  This involves kind of a
14   significant issue because they are requesting the aid of
15   the court to get an Egyptian witness interviewed, who's
16   the donor of the money, so it's a sensitive witness.
17   And we're just fine with the process, but we're told
18   that that process can take an awful long time and may
19   never happen with the Egyptians.  And we just don't want
20   to -- we've got a trial date, and we just don't want to
21   lose it.
22        THE COURT:  Yeah.
23        MR. MATASAR:  But that could be on the regular
24   calendar.  That's like a ten-minute argument.  We'll
25   brief it so the court can just put it on a regular

1   criminal calendar in January sometime.  And I don't want
2   to presume that --
3           THE COURT:  How about the 19th?
4           MR. MATASAR:  January 19th?
5           THE COURT:  My staff is in some transition now.
6   I've had some, you know, in between, so I need to -- I
7   only have one Mr. Baker to abuse.  And we have a lot of
8   filings coming up on a Sunwest case, and I only have one
9   person in the clerk's office that's handling thousands
10  of filings right now.  And we have -- we have a flurry
11  of activity coming up in the next period of time.
12          MR. MATASAR:  So the 15th is the motion to
13  suppress and the other pending motions.  The 19th will
14  just be the letters rogatory?
15          THE COURT:  Yes.
16          MR. MATASAR:  And we'll have our -- maybe we
17  can before -- no later than the 12th, we'll have our
18  letters to you about the classified issues if you should
19  want to discuss it on the 19th, although there would be
20  no need for you to rule on it then.
21          THE COURT:  That's fine.
22          MR. WAX:  I lost something there.
23          MR. MATASAR:  Go ahead.
24          MR. WAX:  The letter rogatory --
25          THE COURT:  The 19th.

1        MR. WAX:  Of January or March?
2        THE COURT:  January.
3        MR. MATASAR:  On the regular, quick, ten-minute
4   calendar.
5        MR. WAX:  Okay.
6        MR. CARDANI:  Does the clerk's office
7   understand scheduling of all that?
8        THE CLERK:  No, but that's why I have David.
9        MR. BAKER:  The *Daubert* issues are going to be
10  done --
11       MR. CARDANI:  So --
12       MR. MATASAR:  I thought we decided *Daubert* and
13  motions in limine on May 10th.
14       MR. GORDER:  I think I heard week of May 10th,
15  so will it be May 10th?
16       THE COURT:  Yes.
17       MR. WAX:  Judge, if you do have the ability to
18  set that in April, I think it would be in everyone's
19  interests if we could move that a little farther from
20  the trial date.  We have --
21       THE COURT:  This is a habeas corpus issue.  My
22  body has been promised in another place.  If it's not
23  there, then I can actually probably do it in April.
24       MR. MATASAR:  Well, in my view, a month ahead
25  of time is -- whatever.

1          MR. WAX:  Well, the issues that you are going
2    to be presented, I anticipate will address and challenge
3    somewhere between 50 and 75 percent of the government's
4    case.  And the challenges will run the gamut from the
5    fundamental constitutional to the rule-based to the
6    practical.  And it's just --
7          MR. MATASAR:  I see your point.  If the hearing
8    is on May 10th, that doesn't mean the ruling is on
9    May 10th.
10         MR. WAX:  To be on May 10th.  And you will be
11   asked, I anticipate, to rule on the admissibility of
12   several hundred exhibits, and the theories are going to
13   be relatively fact specific.  So that --
14         THE COURT:  I'll consider that.
15         MR. WAX:  I'm just --
16         THE COURT:  I'm not going to have the
17   discussion among my folks right now.
18         MR. WAX:  I appreciate that, Judge.  I'm just
19   pointing out that it's not going to be your standard,
20   you know, motion in limine, we got three exhibits and
21   ten pages.  There could be 10 pages on each of, you
22   know, 100 exhibits.
23         THE COURT:  What else do we have this morning?
24   I've got a lot of places to be.
25         MR. GORDER:  Your Honor, just one additional

```
 1   thing.  Roman numeral 5 on Mr. Matasar's letter, we have
 2   two pending CIPA filings before you that are ripe for
 3   resolution.
 4           THE COURT:  Okay.
 5           MR. GORDER:  So we'd appreciate it when you can
 6   get to those.
 7           THE COURT:  Thank you.
 8           MR. CARDANI:  And then on the scheduling, the
 9   additional deadlines that go with the trial date,
10   exhibit list, witness list.
11           THE COURT:  We'll give you a minute order on
12   that.
13           MR. CARDANI:  Okay.  Anything else?
14           MR. GORDER:  Thank you.
15           THE COURT:  Thank you very much, everyone.
16           (The proceedings were concluded at 10:05 a.m.)
17
18
19
20
21
22
23
24
25
```

Case 6:05-cr-60008-AA    Document 259    Filed 02/08/10    Page 15 of 15

15

```
 1                        CERTIFICATE
 2        I, Deborah Wilhelm, Certified Shorthand Reporter
 3   for the State of Oregon, do hereby certify that I was
 4   present at and reported in machine shorthand the oral
 5   proceedings had in the above-entitled matter.  I hereby
 6   certify that the foregoing is a true and correct
 7   transcript, to the best of my skill and ability, dated
 8   this 8th day of February, 2010.
 9
10
11
12                            /s/ Deborah Wilhelm
                              Deborah Wilhelm, RPR
13                            Certified Shorthand Reporter
                              Certificate No. 00-0363
14
15
16
17
18
19
20
21
22
23
24
25
```