Steven T. Wax, OSB No. 85012
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: steve_wax@fd.org

Lawrence Matasar, OSB No. 74209
621 SW Morrison Street, Suite #1025
Portland, OR 97205
Tel: (503) 222-9830
Email: larry@pdxlaw.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>                                              Plaintiff,<br><br>                 v.<br><br>**PIROUZ SEDAGHATY,**<br><br>                                              Defendant. | CR 05-60008<br><br>**MOTION FOR RECONSIDERATION OF ORDER OF JANUARY 26, 2010, DENYING MOTION FOR USE OF THE MLAT PROCESS AND/OR LETTERS ROGATORY TO THE ARAB REPUBLIC OF EGYPT** |

In an order dated January 26, 2010, this Court denied Mr. Sedaghaty's motion for

Motion to Compel the Government to Utilize the Mutual Legal Assistance Treaty on Behalf

Page 1 -   MOTION FOR RECONSIDERATION OF ORDER OF JANUARY 26, 2010, DENYING
           MOTION FOR USE OF THE MLAT PROCESS AND/OR LETTERS ROGATORY TO
           THE ARAB REPUBLIC OF EGYPT

of Mr. Sedaghaty And/or to Issue Letters Rogatory. The Court's decision appears to be based on a factual assertion that the Government made that is inaccurate and an incomplete understanding of the facts related to the testimony about the El Fiki donation. Attached to this motion for reconsideration are additional documents that provide a more complete context, demonstrating the critical nature of the testimony Mr. Sedaghaty seeks.

Apparently relying on a representation made by the government during oral argument on Mr. Sedaghaty's motion, the Court stated, however, "there appear to be no cases in which the government has actually followed through in utilizing an MLAT in such a manner." Op. at p.5 and 1. Counsel for Mr. Sedaghaty have conferred with Mr. Charles Boss, the attorney in the *El Hindi* matter referenced in Mr. Sedaghaty's motion, and about which the government commented at oral argument that the representations he made are accurate. Mr. Boss confirmed that the United States government sent a request pursuant to the MLAT to the Egyptian government. This is contrary to the representations made by government counsel in this matter. The fact that no evidence appears to have been obtained was not the result of the United States Government's refusal to utilize its resources, but rather the result of inaction by the government from whom the request was made.

At page 12 of the Opinion, the Court stated that "it does not appear the hoped for El Fiki testimony that he intended the donation for legitimate charitable purposes and not to fund the Chechnyan mujahideen necessarily contradicts the defendant and Al Buthe routed it to the mujahideen or that tax documents were falsified." Mr. Sedaghaty urges

Page 2 -    MOTION FOR RECONSIDERATION OF ORDER OF JANUARY 26, 2010, DENYING
            MOTION FOR USE OF THE MLAT PROCESS AND/OR LETTERS ROGATORY TO
            THE ARAB REPUBLIC OF EGYPT

reconsideration of two aspects of this conclusion that appear to be central to the Court's decision. First, the statement unfairly characterizes and limits the scope of the evidence Mr. Sedaghaty is seeking to obtain. The relevant facts to be obtained from Mr. El Fiki are that he:

1. responded to an advertisement for humanitarian relief placed by Al Haramain;

2. understood that Al Haramain was operating under the auspices of the Saudi Joint Relief Committee, a government entity;

3. asked whether he could send the money to a bank in London from his bank in London and that Al Haramain Saudi responded by giving him two options with respect to the transfer of money; the first to Saudi Arabia, the second to Ashland;

4. asked for account details about his donation, and that he was provided account details by Al Haramain stating that his money would be sent to "the poor, orphans, and refugees;"

5. requested a receipt from Al Haramain and received a receipt from Al Haramain; and,

6. is an upstanding Egyptian citizen with a longstanding history of charitable donations.

The second aspect of the statement that Mr. Sedaghaty urges the Court to revisit is its conclusion that that testimony does not contradict the government's assertion that Mr.

Sedaghaty and Mr. Al Buthe routed the money to the mujahideen or the tax documents were falsified. The government's proof with respect to the alleged routing of the money is weak and circumstantial. More importantly, one of the critical issues in the case will be what Mr. Sedaghaty knew and what he intended regardless of the ultimate disposition of the money. Similarly, another critical issue will be whether the error on the tax return was a mistake or an intentional falsification. With respect to both of those issues, the government's case is entirely circumstantial. One aspect of its circumstantial case, as reflected in the discovery and the indictment is that the routing of the money from London to the United States was a part of the alleged conspiracy in which Mr. Sedaghaty and Mr. Al Buthe were engaged.

The sequence of facts as outlined above directly refutes that aspect of the government's case by showing that it was Mr. El Fiki who chose the routing of the money, and that he and Al Haramain were engaged in a dialogue about the routing of the money, the charitable purpose to which the money would be put, and confirmation of its receipt. The fact that Al Haramain acted in an open and appropriate manner with its donor is clear evidence of Mr. Sedaghaty's lawful intent.

Additional evidence shows communication between Mr. Sedaghaty and Al Haramain about the donation and Mr. Sedaghaty's efforts to properly place the money. Exhibits A-J. This further underscores the relevance of Mr. El Fiki's testimony.

For all the reasons set forth herein and in an earlier pleading, Mr. Sedaghaty urges

Page 4 -    MOTION FOR RECONSIDERATION OF ORDER OF JANUARY 26, 2010, DENYING
            MOTION FOR USE OF THE MLAT PROCESS AND/OR LETTERS ROGATORY TO
            THE ARAB REPUBLIC OF EGYPT

the Court for reconsideration of its ruling.

Respectfully submitted this 12th day of February, 2010.

/s/ Steven T. Wax
Steven T. Wax, Federal Public Defender
Attorney for Defendant

/s/ Lawrence Matasar
Lawrence Matasar
Attorney for Defendant