Steven T. Wax, OSB No. 85012
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: steve_wax@fd.org

Lawrence Matasar, OSB No. 74209
621 SW Morrison Street, Suite #1025
Portland, OR 97205
Tel: (503) 222-9830
Email: larry@pdxlaw.com

**Attorneys for Defendant**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CR 05-60008 |
| Plaintiff, | **DECLARATION OF CHARLES M. BOSS, ESQ.** |
| v. | |
| **PIROUZ SEDAGHATY,** | |
| Defendant. | |

I, Charles M. Boss, have been asked to provide this Declaration by William Teesdale, Esquire, of the Federal Public Defender's Office for the District of Oregon, for use in the above-captioned case. I have been asked to provide

information regarding our efforts to obtain the assistance of the Department of Justice in securing the testimony of foreign witnesses from Egypt, Hungary, and the United Arab Emirates during our representation of Marwan Othman El Hindi, one of the defendants in *United States v. Mohammad Zaki Amawi, et al.*, (N.D. OH), 06CR719.

1. In that case, Mr. El Hindi was charged with conspiracy to kill, kidnap, maim, or injure persons outside the United States, conspiring to provide material support to terrorists, and distributing information regarding explosives.

2. During the course of my and co-counsel's work on behalf of Mr. El Hindi, we determined there were a number of important overseas witnesses and evidence located in Egypt, Hungary, and in the United Arab Emirates.

3. During the course of litigating issues relating to the defense access to foreign witnesses, the Court granted a defense request for two-way video conference trial testimony of these witnesses. Because attorneys for the government expressed concern regarding the sufficiency of two-way video conference testimony in a criminal case, the parties reached a compromise position that was memorialized by letter agreement dated January 22, 2008. *See* Exhibit 1. That letter agreement provided for the appointment of "walled-off" counsel, appointed under the authority of the Counter Terrorism Section, National Security Division of the United States Department of Justice, to work with defense attorneys and federal law enforcement agencies, including the FBI, Department of Homeland Security, and United States Immigration and Customs Enforcement, to facilitate entry of seven identified defense witnesses into the United States.

4.      Pursuant to this agreement, walled-off counsel Ranganath "Rags" Manthripragada was appointed and worked with me and other defense counsel to assist in obtaining the testimony of the seven identified witnesses. The agreement included the government's use of Mutual Legal Assistance Treaty (MLAT) requests to foreign governments in order to assist in providing said testimony.

5.      I filed an *Ex Parte* Application for Issuance of Subpoenas for Foreign Witnesses (*see* Exhibit 2) that specifically discussed the government's use of the MLAT process in furtherance of the agreement. I understand in our case, walled-off counsel made a request using the MLAT to the United States Attorney General's Office that was then forwarded to the Egyptian Attorney General for action. I was not provided a copy of the specific MLAT request that was made, but I was informed by walled-off counsel that the request had reached the office of the Egyptian Attorney General. I was also informed later that the Egyptian Attorney General never acted on the request and that cooperation between the United States and Egypt is far from perfect.

6.      Ultimately, the issue relating to our request for testimony of foreign witnesses became less important as our case progressed, and no foreign witnesses, other than those who voluntarily appeared, attended the trial as witnesses for Mr. El Hindi.

7.      Based on the foregoing information provided in this Declaration and attached exhibits, walled-off counsel did make a request via the United States Attorney General to the Egyptian Attorney General pursuant to the MLAT between the United States and Egypt to assist us in obtaining the attendance of

foreign witnesses. That request was never acted upon by the Egyptian Attorney General and no witnesses were, therefore, compelled to attend our trial from Egypt.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15TH day of February, 2010.

Charles M. Boss, Esq.