# EXHIBIT  19

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>PIROUZ SEDAGHATY,<br><br>                              Defendant. | CR 05-60008 HO<br><br>REQUEST BY THE UNITED STATES DISTRICT COURT OF OREGON FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY) FROM THE KINGDOM OF SAUDI ARABIA |

TO THE APPROPRIATE AUTHORITIES OF THE KINGDOM OF SAUDI ARABIA (hereinafter "Saudi Arabia"):

The United States District Court for the District of Oregon presents its compliments to the judicial authorities in Saudi Arabia and has the honor to request the assistance of the appropriate authorities in Saudi Arabia in connection with the prosecution of Pirouz Sedaghaty, who is charged in the District Court of Oregon with two offenses, each of which refer to Mr. Sedaghaty's involvement with money that was deposited with the Al Haramain charity in the Kingdom of Saudi Arabia, whose records are in the possession of the government of the Kingdom of Saudi Arabia.

**Page 1 REQUEST BY THE UNITED STATES DISTRICT COURT OF OREGON FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY) FROM THE KINGDOM OF SAUDI ARABIA**

## I.    Background

A grand jury sitting in the District of Oregon returned an indictment on February 17, 2005, charging Mr. Sedaghaty with two offenses. Specifically, Mr. Sedaghaty is charged with the following offenses against the United States.

Conspiracy to Defraud the United States Government in violation of Title 18, United States Code, Section 371.

False Return by Tax Exempt Organization in violation of Title 26, United States Code, Section 7206(1) and title 18, United States Code, Section 2.

Each of these are serious offenses under United States law.

The indictment alleges that in February 2000, an individual in Egypt (Mr. El Fiki) donated $150,000 to Al-Haramain as zakat to be sent to Chechnya. These funds were initially wire transferred by Mr. El Fiki to an Al Haramain bank account in Oregon, converted into travelers checks and a cashier's check, and taken out of the United States by Mr. Sedaghaty's co-defendant, Mr. Soliman Al Buthe. The indictment also alleges that Mr. Sedaghaty and Mr. Al Buthe intended that the funds be delivered to the Chechen mujahideen, and that they engaged in a conspiracy to prevent the United States Government from learning of the transaction by failing to fill out paperwork, as required by law, acknowledging the funds were leaving the United States, and by filing a false tax return with the Internal Revenue Service which falsified how the donated funds were distributed by Al Haramain Islamic Foundation, Inc.

In connection with this trial the Court requests that the government of Saudi Arabia provide:

**Page 2 REQUEST BY THE UNITED STATES DISTRICT COURT OF OREGON FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY) FROM THE KINGDOM OF SAUDI ARABIA**

A.    Certification of authenticity of  the enclosed copies of the following documents:

1.    Al Haramain Islamic Foundation voucher # 263867;

2.    Al Haramain Islamic Foundation voucher # 262740;

3.    a summary report from Al Haramain charity Foundation to Soliman Al Buthe regarding the deposits made by Soliman Al Buthe;

4.    an Al Haramain Islamic Foundation  affidavit regarding the monies deposited by Soliman Al Buthe;

5.    High Order No. 7/B/1863 dated 3/2/1420 signed by Fahad bin Abdulaziz (Albanian High Order);

6.    High Order No. 7/B/ 12089 dated 1/8/1420AH signed by Abdullah bin Abdulaziz Al-Saud, Deputy Prime Minister (Chechnya High Order);

7.    Saudi Joint Relief Committee (SJRC) for the Aid of the People of Kosovo, Organizational Charter of the SJRC for the Aid of the People of Kosovo;

8.    Memo to His Excellency Minister of Finance and National Economy from President of Council of Ministers No. 7165 dated 5/12/1420 AH;

9.    Order of the King of the Kingdom of Saudi Arabia Number A/1 dated 6/1/1425 H;

10.    Memorandum Reference 1/20/2, dated 25/7/1420 H. from Salih Mohammad al-Duhayshi;

11.    Telegram to His Royal Highness the Minister of the Interior, No. 12089/B/7, dated 1/8/1420 H signed Abdullah Bin Abdul Aziz, Deputy Prime Minister;

12.    Minutes of the Meeting of the Chechnya Committee of Saudi Joint Relief Committee for Kosovo and Chechnya (Chechnya Committee) dated 24/9/1420 H., Approved by Dr. Abd al-Rahman al-Suwaylim, Chair of the Joint Saudi Committee;

13.    The Saudi Joint Relief Committee for Kosovo and Chechnya (Chechnya Committee) Report, No. Ch3/1113, dated 10/11/1420 H., Signature Turki Bin Fahd Bin Jalawi Al Saud;

14.    Saudi Joint Relief Committee for Kosovo and Chechnya (Chechnya Committee), No. Ch3/ dated—14— H. Brief Report of what the Chechnya Committee has achieved (Abroad);

15.    Telegram No. 715/?/715 dated 1/4/1424 H., Recommendations, Signature Salih Bin Abd al-Aziz Bin Mohammad Al al-Shaykn;

16.    Very Urgent Telegram No. 1/2/161 S, dated 22/1/1425 H., Signature Salih Bin Abd al-Aziz Bin Muhammad Al al-Shayklh;

17.    Justice Minister Confirmation No. 72/S/S, dated 30/1/1425 H.; and,

18.    Statement from the Al-Haramain Charity Foundation, Issued 3 May 2004, signature Khalid Bin Ubayd al Zahiri.

B.    In the alternative to A above, an authenticated, certified copy of the original following documents as possessed by the government of Saudi Arabia

1.    Al Haramain Islamic Foundation voucher # 263867;

2.    Al Haramain Islamic Foundation voucher # 262740;

3.    a summary report from Al Haramain charity Foundation to Soliman Al Buthe regarding the deposits made by Soliman Al Buthe;

4.    an Al Haramain Islamic Foundation  affidavit regarding the monies deposited by Soliman Al Buthe;

5.    High Order No. 7/B/1863 dated 3/2/1420 signed by Fahad bin Abdulaziz (Albanian High Order);

6.    High Order No. 7/B/ 12089 dated 1/8/1420AH signed by Abdullah bin Abdulaziz Al-Saud, Deputy Prime Minister (Chechnya High Order);

7.    Saudi Joint Relief Committee (SJRC) for the Aid of the People of Kosovo, Organizational Charter of the SJRC for the Aid of the People of Kosovo;

8.    Memo to His Excellency Minister of Finance and National Economy from President of Council of Ministers No. 7165 dated 5/12/1420 AH;

9.    Order of the King of the Kingdom of Saudi Arabia Number A/1 dated 6/1/1425 H;

10.     Memorandum Reference 1/20/2, dated 25/7/1420 H. from Salih Mohammad al-Duhayshi;

11.     Telegram to His Royal Highness the Minister of the Interior, No. 12089/B/7, dated 1/8/1420 H signed Abdullah Bin Abdul Aziz, Deputy Prime Minister;

12.     Minutes of the Meeting of the Chechnya Committee of Saudi Joint Relief Committee for Kosovo and Chechnya (Chechnya Committee) dated 24/9/1420 H., Approved by Dr. Abd al-Rahman al-Suwaylim, Chair of the Joint Saudi Committee;

13.     The Saudi Joint Relief Committee for Kosovo and Chechnya (Chechnya Committee) Report, No. Ch3/1113, dated 10/11/1420 H., Signature Turki Bin Fahd Bin Jalawi Al Saud;

14.     Saudi Joint Relief Committee for Kosovo and Chechnya (Chechnya Committee), No. Ch3/ dated—14— H. Brief Report of what the Chechnya Committee has achieved (Abroad);

15.     Telegram No. 715/?/715 dated 1/4/1424 H., Recommendations, Signature Salih Bin Abd al-Aziz Bin Mohammad Al al-Shaykn;

16.     Very Urgent Telegram No. 1/2/161 S, dated 22/1/1425 H., Signature Salih Bin Abd al-Aziz Bin Muhammad Al al-Shayklh;

17.     Justice Minister Confirmation No. 72/S/S, dated 30/1/1425 H.; and,

18.     Statement from the Al-Haramain Charity Foundation, Issued 3 May 2004, signature Khalid Bin Ubayd al Zahiri.

C.      In addition, an authenticated, certified copy of the entries of voucher numbers 263867 and 262740 in the log referenced in the summary report from Al Haramain charity Foundation to Soliman Al Buthe regarding the deposits made by Soliman Al Buthe.

D.      In addition, Mr. Sedaghaty requests that the government of Saudi Arabia direct Mr. Sami 'Abd Al 'Aziz Al-Sanad to travel to Eugene, Oregon for the trial in June 2010. The government of the Kingdom of Saudi Arabia is aware of Mr. Al-Sanad's location.   The travel expenses of these witnesses will be paid by the United States government.

E.      In the alternative to D above, the Court requests the government of the Kingdom of Saudi Arabia make Mr. Al-Sanad available to be deposed by

defense counsel and the government lawyers in this case. The Court requests that the arrangements for these depositions be made directly with Steven T. Wax, whose U.S. phone number is 503-326-2123. Mr. Wax can also be contacted at Steve_Wax@fd.org.

The United States District Court for the District of Oregon assures the judicial authorities of the Kingdom of Saudi Arabia that the courts of the United States are authorized by statute, 18 U.S.C. § 1781, et seq, to assist foreign tribunals in the execution of similar requests.

## III.    TIME CONSTRAINTS

The Court further advises the judicial authorities in Kingdom of Saudi Arabia that this request for international judicial assistance should be considered time sensitive and requests the appropriate authorities to promptly consider it.

_____
Honorable Michael R. Hogan
United States District Court

**Page 6 REQUEST BY THE UNITED STATES DISTRICT COURT OF OREGON FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY) FROM THE KINGDOM OF SAUDI ARABIA**