DWIGHT C. HOLTON, OSB# 09054
United States Attorney
District of Oregon
CHRISTOPHER L. CARDANI
Assistant United States Attorney
405 East Eighth Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771
chris.cardani@usdoj.gov
CHARLES F. GORDER, JR., OSB# 912874
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204
(503) 727-1000
charles.gorder@usdoj.gov
       Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> PIROUZ SEDAGHATY, ) <br> ) <br> Defendant. ) | Case No. 05-CR-60008-HO <br><br> Government's Opposition to <br> Defendant's Second Motion <br> For a Bill of Particulars |

     The United States of America, through its undersigned counsel, herein responds to defendant's "Second Motion for a Bill of Particulars." (CR 250).

<u>The Motion</u>

     Referring to an Al-Haramain Islamic Foundation, Inc. that is the subject of Count Two of the indictment (CR 22), defendant seeks a bill of particulars "to identify the specific items and amounts by which lines 1 and 22 are alleged to be understated, and line 57a is alleged to be overstated." (CR 250 at 2). For reasons set forth below, the

motion should be denied.

The Law

An indictment is sufficient if it tracks the language of the statute, contains the elements necessary to convict, and fairly informs the defendant of the nature of the charge to allow him to prepare a defense. *Russell v. United States*, 369 U.S. 749, 763-64 (1962); *United States v. Chinaur*, 552 F.2d 294, 301 (9th Cir. 1977).

A bill of particulars is available under Fed. R. Crim. P. 7(f) where a defendant requires clarification of the charges in order to prepare an adequate defense. *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). In determining if a bill of particulars should be ordered, courts should consider whether the defendant has been adequately advised of the charges through the indictment and all other disclosures made by the government. *Id*.

Count Two of the present indictment charges defendant with filing a materially false return with the Internal Revenue Service, in violation of 26 U.S.C. §7206(1). (CR 22). When read in conjunction with the rest of the incorporated allegations, the indictment provides very specific details concerning the elements of the tax crime, and the facts supporting the allegations. The indictment focuses on defendants' receipt and disposition of the $150,000 from the Egyptian donor. It is alleged that defendants intended to covertly transport these funds to Chechnya. As part of the coverup to prevent the U.S. Government from learning of the true nature of the transaction, a false return known as a Form 990 was prepared for defendant Sedaghaty's Al-Haramain Islamic Foundation which inaccurately depicted some of these funds as having been used to help purchase a building in Missouri and the remainder as having been returned

2 - Government's Opposition to Defendant's Second Motion for a Bill of Particulars

to the donor. Count Two lists three line items in the Form 990 that were consequently false. Thus, the indictment quite clearly informs defendant of the nature of the tax offense charged against him. *United States v. Buckner*, 610 F.2d 570, 574 (9th Cir. 1979) (details presented in indictment charging defendant with tax fraud provided sufficient notice of charges to defend at trial).

In addition, full discovery relating to the tax charge has been provided to the defense. This includes:

- The Form 990 at issue in Count Two;
- Investigative reports from interviews with the accountant who prepared the Form 990;
- The accountant's work files from the preparation of the Form 990;
- Escrow files, bank records, and computer drives containing the Quickbook accounting files on the relevant transactions; and
- Evidence showing that the funds were not used for the Missouri building or returned to the donor.

Full discovery obviates the need for a bill of particulars. *United States v. Long*, 706 F.2d at 1054.

Conclusion

The detailed indictment, coupled with the discovery provided, adequately apprise defendant of the specific charges against him. *Id.*; *United States v. Burt*, 765 F.2d 1364, 1367 (9th Cir. 1985). Defendant's Second Motion for a Bill of Particulars (CR

///

///

3 - Government's Opposition to Defendant's Second Motion for a Bill of Particulars

250) should be denied.

      DATED this 23rd day of February, 2010.

                                      Respectfully submitted,

                                      DWIGHT C. HOLTON
                                      United States Attorney

                                        */s/ Christopher L. Cardani*
By: _____
CHRISTOPHER L. CARDANI
Assistant United States Attorney

                                        */s/ Charles F. Gorder, Jr.*
By: _____
CHARLES F. GORDER, JR.
Assistant United States Attorney