DWIGHT C. HOLTON, OSB# 09054
United States Attorney
District of Oregon
CHRISTOPHER L. CARDANI
Assistant United States Attorney
405 East Eighth Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771
chris.cardani@usdoj.gov
CHARLES F. GORDER, JR., OSB# 912874
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204
(503) 727-1000
charles.gorder@usdoj.gov
        Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>PIROUZ SEDEGHATY, )<br>)<br>    Defendant. ) | Case No. 05-CR-60008-HO<br><br>Government's Response to Defendant's<br>Motion for Reconsideration<br>(Egypt MLAT) |

The United States of America, through its undersigned counsel, herein responds to defendant's "Motion for Reconsideration of Order of January 26, 2010, Denying Motion for Use of the MLAT Process and/or Letters Rogatory to the Arab Republic of Egypt." (CR 267).

Background

In a document docketed as CR 238, defendant moved this Court to compel the United States to use its Mutual Legal Assistance Treaty (MLAT) with Egypt to secure witness testimony and overseas documents allegedly helpful to the defense. In that motion and its attachments, defendant presented information from an unrelated case in the Northern District of Ohio, *United States v. Al-Hindi*, in which defendant claims that an MLAT was sent by "walled-off" government counsel to Egypt. (CR 238 at p. 8).

The government responded in CR 244 by stating, *inter alia*, that MLATs such as the one between the United States and Egypt are not available for defense generated requests. (CR 244 at pp. 4-9).

After oral argument on the motion, this Court, in a ruling docketed as CR 252, denied the motion.

In the present motion, defendant alleges two grounds for reconsideration. First, defendant maintains that during oral argument the government incorrectly stated that no MLAT was sent to Egypt in the *Al-Hindi* case. Second, defendant challenges this Court's characterization of the testimony and documents sought from Egypt.

Response

1. There was no MLAT Request Sent to Egypt in the *Al-Hindi* Case

At oral argument, government counsel addressed the *Al-Hindi* matter, stating:

> And the language in the MLAT at issue here, Egypt, specifically prohibit[s] it being used as an evidence gathering device for private parties like the defendant here. The Jefferson and Rosen cases are the ones that are very good in providing the background on that.
> Now, with respect to what Mr. Wax says about the government does this anyways, we checked into the facts of the Ohio case, which El Hindi, I think, is the case, and he attached a letter where there was some indication that the

2 - Government's Response to Defendant's Motion for Reconsideration (Egypt MLAT)

> government was going to use its MLAT authority for the defense. I don't have chapter and verse, but I talked to the people that were somewhat involved in this back in Washington.
>
> The government's office that deals with interfacing between foreign governments and our government and the State Department is under the Department of Justice called Office of International Affairs, OIA. And they break down to particular regions. And I spoke with the people that deal with this part of the world. They are very aware of this. And what they said in that case, El Hindi, is that although this paperwork was executed by the U.S. Attorney's Office and components of the department, no one ever consulted the central authority, OIA, about this. Once they heard about this, they vetoed it. They said this is not what is done. It is outside of protocol and it never happened.
>
> If the court wishes a statement or testimony to support that, we would be happy to provide it but it was never done. And it shouldn't be done here.

See Exhibit A (January 19, 2010 transcript at 16-17).

Producing a Declaration from Charles Boss, Esq. (CR 268), defendant Sedaghaty now argues that government counsel is incorrect and again asserts that an MLAT was sent by the U.S. Department of Justice to Egypt on behalf of the defense in the *Al Hindi* case. In that Declaration, Mr. Boss, counsel for one of the defendants, presents his understanding of procedures used to attempt to obtain the foreign evidence in his case. In particular, counsel states that he believes an MLAT *was* forwarded by the United State to Egypt, that he was not provided a copy, and that the Egyptian Attorney General never acted on the MLAT request. (CR 268, ¶¶ 5-7).

Attached to this response as exhibit B is a Declaration of David P. Warner. Mr. Warner is an Associate Director (AD) for the U.S. Department of Justice, Office of International Affairs. He has for several years overseen law enforcement cooperation efforts between the United States and, among other countries, Egypt. AD Warner explains that, under U.S. law, OIA is the central authority for mutual assistance treaties. Department of Justice directives delegate the authority to sign treaty requests to deputy

3 - Government's Response to Defendant's Motion for Reconsideration (Egypt MLAT)

assistant attorneys general of the Criminal Division and the Director and Deputy Directors of OIA.

AD Warner is aware of the Mutual Legal Assistance Treaty between the United States and Egypt, and notes that its express terms do not contemplate its use for defense generated requests. AD Warner became involved in the attempt to use an MLAT by "walled-off" government counsel to obtain evidence for the defense in the *Al-Hindi* case. AD Warner has reviewed the Boss Declaration and offers his response.

AD Warner states in his Declaration that once he understood the nature of the proposed arrangement in the Ohio case,

> "neither I nor others in the Office authorized the invocation of the treaty for the exclusive benefit of the defendants. I instructed walled-off counsel to seek assistance through a letter rogatory. I did alert the U.S. Department of Justice Attache' in Cairo, Egypt, about the matter and encouraged the Attache' to coordinate with others at the U.S. Embassy for the immediate delivery of what I understood would be an informal defense request for assistance. I do not know whether the informal request was actually delivered to the appropriate authorities in Egypt."

*See* Exhibit B, ¶6.

AD Warner makes it clear that there was no MLAT request sent in the *Al-Hindi* case. Whatever may have been sent to Egypt by walled-off counsel was an informal request for assistance, not an MLAT request. Thus, as stated before this Court during the oral argument on defendant Sedaghaty's motion to compel an MLAT to Egypt, there was no MLAT request sent to Egypt to facilitate the defense generated requests in the Ohio case.

2. This Court Did Not Mischaracterize the El-Fiki Evidence

Defendant Sedaghaty's second ground for reconsideration challenges this

4 - Government's Response to Defendant's Motion for Reconsideration (Egypt MLAT)

Court's characterization of the importance of testimony he wishes to obtain through an MLAT or Letter Rogatory to schedule a Rule 15 deposition of Mr. El-Fiki. In his new motion, defendant attaches a series of exhibits, including e-mails and handwritten notes, between El-Fiki and Al-Haramain representatives.

The El-Fiki e-mails, however, do not alter the fact that his state of mind in making the donation to Al-Haramain is not relevant to defendant Sedaghaty's state of mind once he obtained the money. None of the submitted materials show that El-Fiki ever met or communicated with defendant Sedaghaty or his fugitive co-defendant Al-But'he who, as the indictment alleges, conspired to fund the *mujahideen* in Chechnya and hide their acts from U.S. authorities. El-Fiki's purported testimony is marginally relevant and is certainly not exculpatory.

Also, defendant has still made no showing that Mr. El-Fiki would be available at a deposition and is willing to voluntarily testify. *United States v. Olafson*, 213 F.3d 435, 442 (9th Cir. 2000). This failure, alone, is sufficient to deny the request for a deposition. *Id*. at 442-43 (denial of request for deposition proper where there was no indication that either party was willing to provide testimony at a deposition).

///
///
///
///
///
///
///

5 - Government's Response to Defendant's Motion for Reconsideration (Egypt MLAT)

Conclusion

    Defendant's motion to reconsider should be denied.

    DATED this 23rd day of February, 2010.

                                      Respectfully submitted,

                                      DWIGHT C. HOLTON
                                      United States Attorney

                                      By: _____
                                      CHRISTOPHER L. CARDANI
                                      Assistant United States Attorney

                                      By: _____
                                      CHARLES F. GORDER, JR.
                                      Assistant United States Attorney