IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 05-60008-HO |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| PIROUZ SEDAGHATY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Several discovery matters are still pending in this case, including defendant's motion for a protective order (#194), defendant's motion for a bill of particulars (#201), the United States' motion for clarification of discovery order (#223), and defendant's second motion for a bill of particulars (#250).

A.   Protective Order (#194)

Defendant seeks a protective order allowing him and his attorneys to view, discuss and recreate a sealed document in the custody of the court security specialist for the purpose of litigating issues under the Classified Information Procedures Act. (#194).  The court has previously denied discovery requests for access to the sealed document or discussion of its contents.  To the extent this court still has jurisdiction over this issue, the motion is denied.[1]

B.   Bill of Particulars (#201)

Defendant moves for an order of a bill of particulars requesting specification of the names of the unnamed individuals and organizations both known and unknown to the grand jury but known to  the government in the conspiracy count of the amended indictment.  The amended indictment provides enough information, through details of the object, manner and means of the conspiracy to allow defendant to prepare an adequate defense, avoid surprise and protect against double jeopardy.  This is particularly true in

---

[1] It should be noted that defendant has also filed a "CIPA Notice" (#195) concerning his expected use of the sealed document. Defendant is not currently in possession of the document and therefore such notice is unnecessary.  Additionally, defendant filed a second "CIPA Notice" (#200) regarding his expected use of various categories of potentially classified information.  There appears to be no indication that defendant has access to any of the potentially classified information.  Rather, defendant appears to indicate  either a desire to obtain classified information and then to use it or a desire to present unclassified information and therefore such  notice is also unnecessary.

light of additional disclosures made by the government such as witness and exhibits lists. The lack of identity of unindicted co-conspirators does not preclude preparation of a defense. See United States v. DiCesare, 765 F.2d 890, 897 (9th Cir. 1995) (request for unnamed co-conspirators does not warrant a bill of particulars). The motion is denied.

C.   Clarification of Discovery Orders (#223)

The United States seeks clarification of a number of issues relating to previous discovery orders.

1.   Notes of Witnesses

The government requests a ruling that it need not disclose notes for discussions with experts witnesses in light of the court's order to turn over notes regarding interviews with defendant and witnesses. The request is granted.

2.   *Henthorn* Request

The court previously required the government to review the personnel files of Daveed Gartenstein-Ross and Thomas Wilcox in accordance with United States v. Henthorn, 931 F.2d 29, 31 (9th Cir. 1991). However, the government informs the court that neither of these individuals are, or ever have been, federal law enforcement officers. In addition, the government is not in possession of any

federal personnel files for Gartenstein-Ross or Wilcox and thus the government need not comply with <u>Henthorn</u> with respect to these two individuals.

### 3.    Interview Reports of Non-Testifying Witnesses

The government is concerned that rulings that statements of non-testifying witnesses need not be provided to the extent they do not contain exculpatory materials and requiring disclosure of interview reports of individuals who are mentioned in several reports already provided.  The government need not disclose witness reports from non-testifying witnesses which do not contain exculpatory information.

### D.   Second Motion for a Bill of Particulars (#250)

Defendant notes that count 2 (filing a false tax return) of the amended indictment alleges:  On Line 1 of the return, understated contributions, gifts, grants and similar amounts received;  on line 22 understated grants and allocations; and on line 57a overstated lands, buildings, and equipment basis. Defendant seeks a bill of particulars to identify the specific items and amounts by which lines 1 and 22 are understated and line 57a is overstated.  Defendant contends that discovery provided to date contains inconsistent and insufficient notice of the specific

Page 4

transactions alleged in the indictment and against which he must defend.

Considering all the allegations in the amended indictment, no clarification of the charge is necessary to prepare an adequate defense. Count 2 incorporates allegations focusing on receipt and disposition of $150,000 from an Egyptian donor to Al Haramain. The indictment alleges covert transfer of these funds to Chechnya and a coverup related to the Form 990 prepared for defendant Sedaghaty's Al Haramain Islamic Foundation through which the funds were described as having been used toward the purchase of a building in Springfield, Missouri and partially returned to the donor. Count 2 thus lists the line items in the Form 990 that were falsely listed.

Moreover, the government has provided the Form 990, investigative reports from interviews and work files of the preparing accountant, files and records regarding the Quickbook accounting files for the alleged transactions, and other evidence allegedly showing that the funds were not used for the Missouri building or returned to the donor. Even if the indictment were insufficient, the discovery provided obviates the need for a bill of particulars. Accordingly, the motion is denied.

CONCLUSION

For the reasons stated above, defendant's motion for a protective order (#194) is denied, defendant's first and second motions for a bill of particulars (## 201, 250) are denied, and the government's motion for clarification (#223) is granted to the extent noted.

DATED this __26th__ day of February, 2010.

                                         s/ Michael R. Hogan
                                         United States District Judge