DWIGHT C. HOLTON, OSB #09054
United States Attorney
District of Oregon
**CHRISTOPHER L. CARDANI**
Assistant United States Attorney
chris.cardani@usdoj.gov
405 East 8th Avenue, Suite 2400
Eugene, OR 97401
Telephone: (541) 465-6771
Facsimile: (541) 465-6316
**CHARLES F. GORDER, JR.**, OSB #91287
Assistant United States Attorney
charles.gorder@usdoj.gov
1000 S.W. Third Ave., Suite 600
Portland, OR 97204
Telephone: (503) 727-1000
Facsimile: (503) 727-1117
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 05-cr-60008-02-HO |
| v. | |
| PIROUZ SEDAGHATY, | MOTION FOR PROTECTIVE ORDER PERTAINING TO CLASSIFIED |
| Defendant. | INFORMATION |

Now comes the United States of America, by and through counsel, Dwight C. Holton, United States Attorney, and Charles F. Gorder, Jr., and Christopher L. Cardani, Assistant United States Attorneys, and hereby moves this Court, pursuant to Section 3 of the Classified Information Procedures Act, 18 U.S.C. App. 3 (2004) ("CIPA"); the Security Procedures Established Pursuant

to Pub. L. 96-456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information (reprinted following CIPA Section 9); Federal Rules of Criminal Procedure 16(d); and the general supervisory authority of the Court, for the purpose of protecting national security, to enter the attached Protective Order Pertaining to Classified Information that addresses information and evidence that may arise in connection with the above-captioned case. In support of this motion, the government states as follows:

1. Defendant Pirouz Sedaghaty has been charged by indictment with conspiracy to defraud the United States in violation of 18 U.S.C. § 371, and filing a false tax return in violation of 26 U.S.C. § 7206(1).

2. By order dated February 26, 2010 (CR 278), the Court authorized the government to provide a classified summary of certain specific classified national security information to defense counsel. As a result, during the pendency of defendant's case, counsel for the defendant will be provided access to certain information in possession of the United States government which may be classified at the "Confidential" or "Secret" levels, and which may be subject to additional restrictions on handling and dissemination within those levels.

3. "Secret" information is information the unauthorized disclosure of which could be reasonably expected to cause serious damage to the national security; and "Confidential" information is information the unauthorized disclosure of which could reasonably be expected to cause damage to the national security. Exec. Order No. 13,292 Section 1.3(a)(1)-(3), 68 Fed. Reg. 15,315, 15,316 (March 25, 2003).

4. Exec. Order No. 13,292 Section 4.1 sets forth the requirements for access to classified information and states that before such access is given, all persons must be cleared by the

appropriate agency head or designee, and have a "need-to-know."  Exec. Order No. 13,292 Section 4.1(a)(1) & (3), Fed. Reg. 15,315, 15,325 (March 25, 2003).  Unauthorized disclosure of classified information is a violation of federal criminal law.  *See*, *e.g.*, 18 U.S.C. § 798 (2004) (prohibiting unauthorized disclosure of classified information).  As a result, this Court must establish procedures to ensure that there is no disclosure or dissemination of the classified information in this case, except as provided by the Court.

5.  The undersigned counsel for the government hold "Top Secret Sensitive Compartmented Information" security clearances issued by the United States government and are authorized to have access to the information subject to the Court's order of February 26, 2010.  The persons listed in paragraph eight of the proposed Protective Order Pertaining to Classified Information are Department of Justice Security Officers who also hold "Top Secret Sensitive Compartmented Information" security clearances and who are authorized to have access to the classified information involved in this case.

6.  CIPA provides procedures designed to protect the rights of a defendant while protecting national security in cases where classified information may be relevant to the criminal proceedings.  *See*, *e.g.*, *United States v. Rezaq*, 134 F.3d 1121, 1142 (D.C. Cir. 1998).  Section 3 of CIPA and Rule 16(d)(1) of the Federal Rules of Criminal Procedure authorize the court to issue a protective order to prevent disclosure or dissemination of sensitive information that could compromise national security.  *See*, *e.g.*, *United States v. Rezaq*, 156 F.R.D. 514, 524 (D.D.C. 1994), *vacated in part on other grounds by* 899 F. Supp. 697 (D.D.C. 1995); *United States v. Musa*, 833 F. Supp. 752, 754 (E.D. Mo. 1993).

/ / /

7.      The legislative history of CIPA describes the type of protection that can be sought in a protective order to ensure that classified information is not improperly revealed and disseminated:

> The court is given authority to issue orders protecting against the disclosure of classified material in connection with the prosecution by the United States. . . . The details of each order are fashioned by the trial judge according to the circumstances of the particular case. The terms of the order may include, but need not be limited to, provisions (1) prohibiting the disclosure of the information except as authorized by the court; (2) requiring storage of material in a manner appropriate for the level of classification assigned to the documents to be disclosed; (3) requiring controlled access to the material during normal business hours and at other times upon reasonable notice; (4) requiring the maintenance of logs recording access by all persons authorized by the court to have access to the classified information in connection with the preparation of the defense; (5) requiring the making and handling of notes taken from material containing classified information; and (6) authorizing the assignment of government security personnel and the provision of government storage facilities. Punishment for violation of a protective order would be contempt of court.

S. Rep. No. 96-823, at 6, (1980), reprinted in 1980 U.S.C.C.A.N. 4294, 4299.

Under this well-established authority, courts have repeatedly entered protective orders to protect the national security interests of the United States in criminal prosecutions involving classified information. *See*, *e.g.*, *United States v. Ressam*, 221 F. Supp. 2d 1252, 1255 (W.D. Wash. 2002).

Counsel of record for the above-named defendant have been contacted and have advised the government that they do not object to the Court entering the accompanying proposed protective order.

/ / /

/ / /

/ / /

**Motion for Protective Order Pertaining to Classified Information**                                              **Page 4**

WHEREFORE, the government respectfully moves that the Court issue the attached protective order.

Dated this 18th day of March 2010.

                                              Respectfully submitted

                                              DWIGHT C. HOLTON
United States Attorney

/s/ *Charles F. Gorder, Jr.*
CHARLES F. GORDER, JR.
Assistant United States Attorney

/s/ *Christopher L. Cardani*
CHRISTOPHER L. CARDANI
Assistant United States Attorney

**Motion for Protective Order Pertaining to Classified Information**　　　　　　　　**Page 5**