FILED '10 MAR 19 12:50 USDC-ORE

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Case No. 05-cr-60008-02-HO** |
| v. | |
| **PIROUZ SEDAGHATY,** | **[Proposed] PROTECTIVE ORDER PERTAINING TO CLASSIFIED INFORMATION** |
| **Defendant.** | |

This matter is before the Court upon the Government's Motion for a Protective Order Pertaining to Classified Information to prevent the unauthorized disclosure or dissemination of classified national security information and documents which may be reviewed by or made available to counsel for the defendant in this case.

Section 3 of the Classified Information Procedures Act, 18 U.S.C. App. 3 ("CIPA"), requires entry of a protective order upon motion by the government. The government has moved for an order to protect against the disclosure of classified information to be disclosed by the United States to defense counsel in this case.

Pursuant to the authority granted under Section 3 of CIPA; the Security Procedures Established Pursuant to Pub. L. 96-456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information (reprinted following Section 9 of CIPA) ("Security Procedures"); Rule 16(d) of the Federal Rules of Criminal Procedure; the general supervisory authority of the Court; and in order to protect the national security,

**THE COURT HEREBY FINDS AND ORDERS:**

1.      By order dated February 26, 2010 (CR 278), the Court authorized the government to provide a classified summary of certain specific classified national security information to defense counsel. This case will therefore involve classified national security information, the storage, handling and control of which, by law or regulation, requires special security precautions, and access to which requires a security clearance and an actual need to know.

2.      The purpose of this Order is to establish the procedures that must be followed by defense counsel, other counsel involved in this case, persons assisting defense counsel, other Court personnel, and all other individuals who are granted access to classified information or documents in connection with this case. It is a further purpose of this Order to ensure that those authorized by the Order to receive classified information do not divulge the classified information disclosed to them to anyone who is not authorized to receive it, or otherwise use the classified information, except in conformity with this Order or with prior written authorization from the originating agency.

3.      The procedures set forth in this Protective Order and in CIPA will apply to all pretrial, trial, post-trial and appellate aspects concerning classified information in this case, and may be modified from time to time by further order of the Court acting pursuant to Fed. R. Crim. P. 16(d), CIPA, and the Court's inherent supervisory authority to ensure a fair trial.

4.      <u>Definitions</u>. The following definitions shall apply to this Order:

        a.      The terms "classified national security information and documents," "classified documents and information," "classified information," and "classified documents" refer to:

/ / /

[~~Proposed~~] Protective Order Pertaining to Classified Information                    **Page 2**

      i.       Any document that has been classified by any Executive Branch agency in the interests of national security or pursuant to Executive Order 12958, as amended, as "CONFIDENTIAL," "SECRET," or "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION" (SCI), and any information contained in such documents;

      ii.      Any document or information that the defendant or the defense know, or should reasonably know, has been derived from United States government information that was classified, regardless whether such document or information has subsequently been classified by the government pursuant to Executive Order 12958 as amended;

      iii.      Verbal classified information that has been disclosed by attorneys for the government or by a witness in a court proceeding to the defendant or the defense; or

      iv.      Any document or information, including verbal information and "foreign government information" (as that term is defined in Executive Order 12958, as amended), that the defendant or the defense has been notified is classified, unless already possessed by or known to the defendant or the defense, provided that such knowledge is not derived from materials described in subparagraph 5(a)(i),(ii), or (iii) above.

      b.      The words "document" and "information" shall include, but are not limited to, all written or printed matter of any kind, formal or informal, including originals, conforming copies and non-conforming copies (whether different from the original by reason of notation made on such copies or otherwise), and further include, but are not limited to:

      i.      Papers; correspondence; memoranda; notes; letters; reports; summaries; interoffice and intra-office communications; notations of any sort concerning conversations, meetings or other communications; bulletins; telexes; cables; teletypes; telegrams;

facsimiles; e-mails; invoices; worksheets; and drafts, alterations, modifications, changes and amendments of any kind to the foregoing;

      ii.     Graphic or oral records or representations of any kind, including, but not limited to, photographs, maps, charts, graphs, microfiche, microfilm, videotapes, sound recordings of any kind and motion pictures;

      iii.    Electronic, mechanical, magnetic, optical or electric records of any kind, including, but not limited to, data stored on tapes, cassettes, CD-ROMS, disks, recordings, films, typewriter ribbons, word processing or other computer tapes or disks, and all manner of electronic data processing storage; and

      iv.    Information acquired aurally.

    c.     "Access to classified information" means having access to, reviewing, reading, learning, or otherwise coming to know in any manner any classified information.

    d.     "Secure area" shall mean a physical facility accredited for the storage, handling, and control of classified information.

    e.     "The defense" means any person assisting the defendant with the preparation of his defense in this case including (but not limited to) counsel for the defendant and employees of, consultants to or contractors for defense counsel.

    f.     "Attorneys for the government," "government counsel," and "counsel for the government" means the attorneys listed in paragraph 9.

    g.     "Originating agency" means the government agency, department or entity from which the classified document or the information contained therein originated.

/ / /

[Proposed] **Protective Order Pertaining to Classified Information**          **Page 4**

5.      Any document or information provided by attorneys for the government to the defense referencing, mentioning, originating from, or concerning any agency, or part of an agency, that is a member of the United States "intelligence community" (as defined in Section 3.4 of the National Security Act of 1947, codified at 50 U.S.C. § 401a(4)), other than the FBI, or information in possession of such agency, or part thereof, other than the FBI, shall be presumed to fall within the meaning of classified information unless and until the Court Security Officer or an attorney for the government advises otherwise in writing.

6.      All classified documents and information shall remain classified unless such document or information bears a clear indication that it has been declassified by the originating agency.

7.      Information in the public domain is ordinarily not classified.  However, such information may be considered classified, and therefore subject to the provisions of CIPA, if it is confirmed by any person who has had access to the classified information, and that confirmation corroborated the information in question.  Any attempt by the defendant or the defense to have such information confirmed or denied at trial, or in connection with any pretrial, post-trial or other proceeding in this case, shall be governed by CIPA and the provisions of this Order.

8.      In accordance with the provisions of CIPA and the Security Procedures, the Court designates Security Specialist Winfield S. "Scooter" Slade as Court Security Officer for this case and Security Specialists John D. Arszulowicz, Jennifer H. Campbell, Miguel A. Ferrer, Christine E. Gunning, Daniel O. Hartenstine, Joan B. Kennedy, Michael P. Macisso, and Maura P. Peterson as Alternate Court Security Officers (collectively "the CSO"), for the purpose of providing security arrangements necessary to protect from unauthorized disclosure any classified documents or

information to be made available in connection with this case. The defense shall seek guidance from the CSO with regard to the appropriate storage, handling, transmittal, and use of classified information.

9.    The Court has been advised that the following government attorneys will be working on this case:  Assistant United States Attorneys Charles F. Gorder, Jr. and Christopher L. Cardani, along with various supervisory attorneys and other attorneys specifically designated in the United States Attorney's Office, District of Oregon. The Court has also been advised that the government attorneys have the requisite security clearances to have access to the classified information which is the subject of the Court's Order of February 26, 2010 (CR 278) in this case. The government may add additional attorneys with notice to the Court and defense counsel.

10.    <u>Protection of Classified Documents and Information</u>:  The Court finds that, in order to protect the classified documents and information involved in this case, no person except the attorneys for the government, personnel of the originating agency and other intelligence agencies, appropriately-cleared Department of Justice employees, judicial personnel, and members of the defense, shall have access to the classified documents and information in this case.

a.    Judicial personnel, other than the Court, may obtain access to classified documents or information after having been granted security clearance by the CSO.

b.    No member of the defense shall have access to any classified documents or information in this case unless that person shall first have:

i.    received approval for access to the particular classified documents or information from the government or, should the government reject the request, from the Court in a

/ / /

**[~~Proposed~~] Protective Order Pertaining to Classified Information**                    **Page 6**

separate order, which shall not occur except upon a showing of a need to know the particular

classified information and upon consideration of any responsive pleading from the government;

        ii.    received the necessary security clearance at the appropriate level of

classification as determined by the Department of Justice Security Officer working in conjunction

with the CSO; and

        iii.    signed a Memorandum of Understanding (a form for which is attached

hereto), agreeing to comply with the terms of this Order.

        c.    Subject to the provisions of subparagraph b above, the following attorneys

for the defendant shall be given access to classified documents and information as required by the

government's discovery obligations and otherwise as necessary to prepare for proceedings in this

case: Steven T. Wax, Lawrence Matasar, and William Teesdale.

        d.    Any additional person whose assistance the defense reasonably requires may

only have access to classified information in this case after obtaining from the Court–with prior

notice to the government–an approval for access to the appropriate level of classification on a need-

to-know basis, and after satisfying the other requirements described in this Order for access to

classified information. The substitution, departure, or removal for any reason from this case of

defense counsel or anyone associated with the defense as an employee or otherwise, shall not release

that person from the provisions of this Order or the Memorandum of Understanding executed in

connection with this Order.

        e.    The substitution, departure or removal of counsel for the defense or anyone

associated with the defense as an employee, consultant, contractor, witness or otherwise shall not

/ / /

release that person from the provisions of this Order or the Memorandum of Understanding executed in connection with this Order.

        f.     The defendant shall not have access to any classified documents or information in this case.

11.    For the purpose of establishing the security clearances necessary for access to classified documents and information that may be involved in this case, the defense, and such Court personnel as the Court requires for its assistance shall forthwith complete and submit to the CSO Standard Form 86 ("Security Investigation Data for Sensitive Position"), the necessary releases, and full fingerprints, unless such person already holds an appropriate security clearance and is approved for access to classified documents and information in this case. The CSO shall take all reasonable steps to process all security clearance applications in a timely manner. The CSO shall not disclose to government attorneys any information supplied by anyone applying for security clearance pursuant to this Order.

12.    The CSO shall arrange for and maintain an appropriately approved secure area for the use of the defense. The CSO shall establish procedures to ensure that the secure area is accessible during normal business hours, and at other times on reasonable request as approved by the CSO, to the defense. The secure area will be outfitted with any secure office equipment requested by the defense that is reasonable and necessary to the preparation of a defense in this case. The CSO, in consultation with defense counsel, shall establish procedures to assure that the secure area may be maintained and operated in the most efficient manner consistent with the protection of classified information. No documents containing classified information may be removed from the secure area by anyone, including the defense, unless authorized by the CSO. No person, including

the defense, shall copy or reproduce any classified document or information in any form, except with the approval of the CSO or in accordance with the procedures established by the CSO for the operation of the secure area.

13.    <u>Filing of Papers by the Defense</u>:  Any pleading or other document filed by the defense that contains classified information or information that is reasonably believed to be classified shall be filed under seal with the Court through the CSO or his designee.  Pleadings filed under seal with the CSO shall be marked, "Filed In Camera and Under Seal with the Court Security Officer or Designee."  Such pleadings need not be accompanied by a separate motion to seal, but should include in the introductory paragraph a statement that the item is being filed under seal pursuant to this Order.  At the time of making a physical submission to the Court Security Officer or designee, counsel shall file on the public record in the CM/ECF system a notice of filing that notifies the Court that a filing has been made.  The CSO shall promptly examine the pleading or document and, in consultation with representatives of the appropriate agencies, determine whether the pleading or document contains classified information.  If the CSO determines that the pleading or document contains classified information, he shall ensure that the portion of the document that contains classified information, and only that portion, is marked with the appropriate classification marking(s) and remains under seal.  Any papers filed by the defense that do not contain any classified information shall be immediately unsealed by the CSO and placed in the public record. The CSO shall immediately deliver under seal to the Court and attorneys for the government any pleading or document filed by the defense that contains classified information.

14.    <u>Filing of Papers by the Government</u>:  Any pleading or document filed by attorneys for the government that contains classified information shall be filed under seal with the Court

[~~Proposed~~] **Protective Order Pertaining to Classified Information**                    **Page 9**

through the CSO or his designee. Such pleadings and documents shall be marked, "Filed In Camera and Under Seal with the Court Security Officer or Designee." Such pleadings need not be accompanied by a separate motion to seal, but should include in the introductory paragraph a statement that the item is being filed under seal pursuant to this Order. At the time of making a physical submission to the Court Security Officer or designee, counsel shall file on the public record in the CM/ECF system a notice of filing that notifies the Court that a filing has been made. The time of physical submission to the CSO shall be considered that date and time of filing or as otherwise determined by the CSO. The CSO shall immediately deliver under seal to the Court and the defense (unless such filing is an *ex parte* filing) any pleading or document filed by the government that contains classified information, provided that the defense has proper clearance and need-to-know to receive the pleading or document.

15. Sealing of Records: The CSO shall maintain a separate sealed record for those pleadings or documents containing classified materials. The CSO shall be responsible for maintaining the secured records for purposes of later proceedings or appeal.

16. Access to Classified Information: The defense shall have access to classified documents or information only as follows:

a. All classified documents or information produced by the government to the defense, in discovery or otherwise, and all classified documents or information possessed, created, or maintained by the defense, shall be stored, maintained, and used only in the secure area established by the CSO or in another area authorized by the CSO.

/ / /

/ / /

[Proposed] Protective Order Pertaining to Classified Information          Page 10

b.     The defense shall have free access in the secure area to the classified documents or information made available to them in accordance with this Order, and shall be allowed to take notes and prepare documents with respect to those materials.

c.     All documents prepared by the defense (including pleadings or other documents intended for filing with the Court) that contain or deal in any way with classified information shall be transcribed, recorded, typed, duplicated, copied, and otherwise prepared only by persons who have received an appropriate approval for access to classified information, and only in the secure area on approved word processing and data handling equipment, and in accordance with the procedures approved by the CSO. All such documents and any associated materials (such as notes, drafts, copies, typewriter ribbons, magnetic recordings, and exhibits) containing classified information shall be maintained in the secure area unless and until the CSO determines that those documents or associated materials are unclassified in their entirety. None of these materials shall be disclosed to counsel for the government.

d.     The defense shall discuss classified documents or information only within the secure area or in another area authorized by the CSO, and shall not discuss or attempt to discuss classified information over any standard commercial telecommunications system or office communication system, including, but not limited to, by facsimile and over the internet.

e.     The CSO shall not reveal to the government or the Court the content of any conversation he may hear among the defense, reveal the nature of the documents being reviewed by them, or the work generated by them. In addition, the presence of the CSO shall not operate as a waiver of, limit, or otherwise render inapplicable, the attorney-client or work product privilege.

/ / /

**[Proposed] Protective Order Pertaining to Classified Information**                    **Page 11**

17.    <u>Disclosure of Classified Information</u>:  The defense shall not disclose, without prior approval of the Court, any classified document or information to any person not authorized pursuant to this Order, <u>except for</u> the Court or those Court personnel, personnel of the originating agency and other intelligence agencies, appropriately-cleared Department of Justice employees, or attorneys for the government who have been identified by the CSO as having the appropriate clearances and the need-to-know and in accordance with the procedures of CIPA and the procedures established by the CSO.  Counsel for the government shall be given an opportunity to be heard in response to any defense request for disclosure to a person not named in this Order.  Any person approved by the Court for disclosure under this paragraph shall be required to obtain the appropriate security clearance, to sign and submit to the Court a Memorandum of Understanding in the form attached to this Order, and to comply with all terms and conditions of this Order.  If preparation of the defense requires that classified documents or information be disclosed to a person not named in this Order, the CSO shall promptly seek to obtain a security clearance for such person at the request of defense counsel.

a.    No person shall discuss classified documents or information in the presence of any person who has not been granted access by the Court to such classified documents or information.

b.    No person shall disclose classified documents or information to the defendant.

c.    Procedures for the use or the public disclosure of classified information shall be those provided in Sections 5, 6 and 8 of CIPA.  These provisions, and this Order, require that:

i.    Any and all items which are classified that the defense seeks to use shall be listed in the defendant's Section 5 notices.

[~~Proposed~~] **Protective Order Pertaining to Classified Information**              **Page 12**

ii.    To facilitate the filing of notices required under Section 5 of CIPA, the CSO shall make arrangements with the appropriate agencies for a determination of the classification level, if any, of materials or information either within the possession of the defense or about which the defense has knowledge and which the defense intends to use in any way at any pretrial proceeding, deposition, trial or post-trial or other proceeding. Nothing submitted by the defense to the CSO pursuant to this paragraph shall be made available to counsel for the government unless so ordered by the Court or so designated by the defense.

18.    Any unauthorized use or disclosure of classified information may constitute a violation of United States criminal law. In addition, any violation of the terms of this Order shall be immediately brought to the attention of the Court and may result in a charge of contempt of the Court and possible referral for criminal prosecution. Any breach of this Order may also result in the termination of the person's access to classified documents and information. Persons subject to this Order are advised that direct or indirect unauthorized use, disclosure, retention or negligent handling of classified documents or information could cause serious damage, and in some cases exceptionally grave damage, to the national security of the United States and may be used to the advantage of a foreign power against the interests of the United States.

19.    All classified documents and information to which the defense has access in this case are now and forever remain the property of the government. Any member of the defense who receives classified documents or information shall return all such documents and information in their possession or for which they are responsible, upon demand of the CSO. Any notes, summaries, or other documents prepared by the defense that contain classified information shall remain at all times in the custody of the CSO for the duration of this case. All such notes, summaries, and other

documents shall be destroyed by the CSO in the presence of defense counsel, should they choose to be present, (a) one year after the judgment in this case is final or (b) at the conclusion of litigation (including appeals) of any motion filed pursuant to 28 U.S.C. § 2255, if said motion was filed within one year after the judgment became final, whichever event is later.

20.    A copy of this Order shall be issued to the attorneys for the government, the CSO, and counsel of record for the defendant.  Counsel for the defense shall be responsible for advising any other member of the defense who should be made aware of the contents of this Order.  Counsel for the defendant and any other individuals who will be provided access to classified documents or information pursuant to this Order shall execute the Memorandum of Understanding in the form attached hereto.  Counsel for the defendant shall file executed originals of such documents with the Court, and serve copies of executed originals of such documents upon the CSO and the government. The execution and filing of the Memorandum of Understanding is a condition precedent for any member of the defense or any other individual to have access to classified information.

21.    This Protective Order is not intended to modify, amend, or supersede the Court's Order of May 16, 2008 (CR 103) which remains in full force and effect until further order of this or another Court.  In addition, this Protective Order does not cover any aspects of access to or use of the material subject to the Order of May 16, 2008.  Should that Order be changed, a new Protective Order addressing that material will be required before the defense can communicate, review the material, or prepare any pleadings.

/ / /

/ / /

/ / /

**[Proposed] Protective Order Pertaining to Classified Information**                **Page 14**

22.    The Court may amend this Protective Order and/or issue additional Protective Orders

as needed.

Dated this *19th* day of *March* 2010.

_Michael R. Hogan_

THE HONORABLE MICHAEL R. HOGAN
United States District Judge

Presented by:

DWIGHT C. HOLTON, OSB #09054
United States Attorney
District of Oregon


/s/ Charles F. Gorder, Jr.
CHARLES F. GORDER, JR., OSB #91287
Assistant United States Attorney


/s/ Christopher L. Cardani
CHRISTOPHER L. CARDANI
Assistant United States Attorney

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

UNITED STATES OF AMERICA

v.

PIROUZ SEDAGHATY,

Defendant.

Case No. 05-cr-60008-02-HO

MEMORANDUM OF
UNDERSTANDING

1.      Having familiarized myself with the applicable laws, I understand that I have already received, and may be the future recipient of information and documents, that pertain to the national security of the United States, and which are the property of the United States, and that such documents and information, together with the methods of collecting such information, are classified according to security standards set by the United States government.

2.      I agree that I shall never divulge, publish or reveal, either by word, conduct or any other means, such classified information and documents unless specifically authorized to do so in writing by an authorized representative of the United States government, or as required by the Classified Information Procedures Act, or as otherwise ordered by this Court.

3.      I understand that this agreement will remain binding upon me after the conclusion of trial in *United States v. Pirouz Sedaghaty*, Criminal Case No. 05-cr-60008-02-HO, and any subsequent related proceedings including the appellate process.

4.      I have received, read and understand the Protective Order entered by the United States District Court for the District of Oregon in the above-styled case, and I agree to comply with the provisions contained therein.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

_____
STEVEN T. WAX
Counsel for Defendant Pirouz Sedaghaty


_____
Date


_____
Witness Name


_____
Witness Signature

**Memorandum of Understanding**                                    **Page 2**

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

**UNITED STATES OF AMERICA**                     **Case No. 05-cr-60008-02-HO**

      **v.**

**PIROUZ SEDAGHATY,**                            **MEMORANDUM OF**
                                                 **UNDERSTANDING**
      **Defendant.**

---

1.    Having familiarized myself with the applicable laws, I understand that I have already received, and may be the future recipient of information and documents, that pertain to the national security of the United States, and which are the property of the United States, and that such documents and information, together with the methods of collecting such information, are classified according to security standards set by the United States government.

2.    I agree that I shall never divulge, publish or reveal, either by word, conduct or any other means, such classified information and documents unless specifically authorized to do so in writing by an authorized representative of the United States government, or as required by the Classified Information Procedures Act, or as otherwise ordered by this Court.

3.    I understand that this agreement will remain binding upon me after the conclusion of trial in *United States v. Pirouz Sedaghaty*, Criminal Case No. 05-cr-60008-02-HO, and any subsequent related proceedings including the appellate process.

4.      I have received, read and understand the Protective Order entered by the United States District Court for the District of Oregon in the above-styled case, and I agree to comply with the provisions contained therein.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.


_____

LAWRENCE MATASAR
Counsel for Defendant Pirouz Sedaghaty


_____

Date


_____

Witness Name


_____

Witness Signature

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

UNITED STATES OF AMERICA

      v.

PIROUZ SEDAGHATY,

           Defendant.

Case No. 05-cr-60008-02-HO

**MEMORANDUM OF
UNDERSTANDING**

---

1.      Having familiarized myself with the applicable laws, I understand that I have already received, and may be the future recipient of information and documents, that pertain to the national security of the United States, and which are the property of the United States, and that such documents and information, together with the methods of collecting such information, are classified according to security standards set by the United States government.

2.      I agree that I shall never divulge, publish or reveal, either by word, conduct or any other means, such classified information and documents unless specifically authorized to do so in writing by an authorized representative of the United States government, or as required by the Classified Information Procedures Act, or as otherwise ordered by this Court.

3.      I understand that this agreement will remain binding upon me after the conclusion of trial in *United States v. Pirouz Sedaghaty,* Criminal Case No. 05-cr-60008-02-HO, and any subsequent related proceedings including the appellate process.

4.    I have received, read and understand the Protective Order entered by the United States District Court for the District of Oregon in the above-styled case, and I agree to comply with the provisions contained therein.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.


_____
WILLIAM TEESDALE
Chief Investigator for Counsel for
Defendant Pirouz Sedaghaty


_____
Date


_____
Witness Name


_____
Witness Signature


**Memorandum of Understanding**                                         **Page 2**