...

Steven T. Wax, OSB No. 85012
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: steve_wax@fd.org

Lawrence Matasar, OSB No. 74209
621 SW Morrison Street, Suite #1025
Portland, OR 97205
Tel: (503) 222-9830
Email: larry@pdxlaw.com

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CR 05-60008 HO |
| Plaintiff, | **REPLY TO GOVERNMENT LETTER OF MARCH 19, 2010, REGARDING CDT AND MOTION TO SUPPRESS** |
| v. | |
| **PIROUZ SEDAGHATY,** | |
| Defendant. | |

Defendant Pirouz Sedaghaty, by and through his attorneys, Lawrence Matasar and Federal Public Defender Steven T. Wax, hereby submits this reply to the letter submitted by the government on March 19, 2010, captioned "Update On Application Of United States vs. Comprehensive Drug Testing." In its submission, the government cited a number of

cases that, it says, bear on the Motion to Suppress, particularly with respect to the question of retroactivity of *United States v. Comprehensive Drug Testing, Inc.,* 579 F.3d 989 (9th Cir. 2009) (*en banc*).

The first point to be made in response was covered in defendant's Reply to Government Response to Defendant's [First] Supplement To Motion To Suppress (CR 234) in which Mr. Sedaghaty pointed out that retroactivity of *CDT* is not an issue in this case. *CDT* did not make new law with respect to the issues before this Court. *CDT* reconfirmed the long standing law in this Circuit as set out in *United States v. Tamura*, 694 F.2d 591 (9th Cir. 1982). *See also United States v. Payton*, 573 F.3d 859 (9th Cir. 2009); *United States v. Carey*, 172 F.3d 1268, 1272 (10th Cir. 1999) (quoting *Coolidge v. New Hampshire*, 403 U.S. 443 (1971)). In his earlier pleading, Mr. Sedaghaty also referred this Court to *United States v. Gonzalez*, 578 F.3d 1130 (9th Cir. 2009) on the question of retroactivity.

None of the cases cited by the government involve the type of defect in the warrant presented by Mr. Sedaghaty. None discuss *Tamura, Payton, Carey,* or *Gonzalez*. Indeed, further review of *United States v. King*, CR No. 09-0027-DAE, 2010 WL 727981 (D. Ha.) underscores the need for suppression in this case. As stated in the opinion,

> The search warrant approved by Magistrate Judge Kobyoshi was limited as to the place to be searched as it specifically listed the computer and peripheral devices seized from the Defendant . . . Further, the search warrant was limited to evidence of crimes for which there was probable cause as provided by the Schmidt Affidavit.

2011 WL 727981, *23. The opinion further went on to describe the affidavit as disclosing the procedures to be followed and the search methodology to be employed, specifically the fact that it contained a "'detailed list of nineteen types of items pertaining to sex trafficking

Page 2 -    REPLY TO GOVERNMENT LETTER OF MARCH 19, 2010, REGARDING CDT AND MOTION TO SUPPRESS

or conspiracy crimes that were to be search for and seized from Defendant's computer and peripheral devices by federal agents.'" *Id.* In upholding the search, the court specifically found that it was limited to the warrant as potentially narrowed by the affidavit.

> Law enforcement limited its search of Defendant's computer and peripheral devices to that which would produce evidence of Defendant's alleged prostitution crimes and, in fact, search pursuant to the warrant produced evidence related only to the crimes for which Defendant was suspected.

*Id*. at *25. The court went on to distinguish *CDT* in which agents "'seize[d] data as to which it lacked probable cause.'" *Id.*

In contrast, as set out in his previous pleadings, the core of Mr. Sedaghaty's arguement on this aspect of the Motion to Suppress is the fact that the government far-exceeded the scope of the warrant and that the warrant specifically limited that for which the government could search. The facts of *King* are materially distinguishable on the very issues on which Mr. Sedaghaty seeks suppression.

**CONCLUSION**

For all of the reasons set forth herein and in the earlier pleadings, the motion to suppress should be granted.

RESPECTFULLY SUBMITTED on March 23, 2010.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender

/s/ Lawrence Matasar
Lawrence Matasar