**Steven T. Wax, OSB No. 85012**
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: steve_wax@fd.org

**Lawrence Matasar, OSB No. 74209**
621 SW Morrison Street, Suite #1025
Portland, OR 97205
Tel: (503) 222-9830
Email: larry@pdxlaw.com

**Attorneys for Defendant**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>                                    Plaintiff,<br><br>                    v.<br><br>**PIROUZ SEDAGHATY,**<br><br>                                    Defendant. | CR 05-60008<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTIONS TO SUPPRESS EVIDENCE BASED ON *AL HARAMAIN ISLAMIC FOUNDATION, INC. v. OBAMA***<br><br>**CLASSIFIED HEARING REQUESTED** |

Page 1 -   SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTIONS TO SUPPRESS
               EVIDENCE BASED ON *AL HARAMAIN ISLAMIC FOUNDATION, INC. v. OBAMA*
CLASSIFIED HEARING REQUESTED

Defendant, Pirouz Sedaghaty, through his attorneys, Federal Public Defender Steven T. Wax, and Lawrence Matasar, hereby submits this supplemental memorandum in support of his Motion to Suppress based on *Murray v. United States*, 487 U.S. 533 (1988). This pleading is submitted at this time to bring to the Court's attention the opinion, and the facts found therein, handed down today by the Honorable Vaughn R. Walker, United States District Court Judge, Northern District of California, in *Al Haramain Islamic Foundation, Inc. v. Obama,* MDL No. 06-1791, Case No. C-07-0109. Mr. Sedaghaty relies on the facts and exhibits recited in the opinion and the fact findings and conclusions of law reached by Judge Walker.[1]

The litigation addressed by Judge Walker involves the lawsuit by Al Haramain Islamic Foundation, Inc. (Al Haramain Ashland) seeking, *inter alia*, damages for unlawful surveillance conducted against it and several of its employees. The lawsuit was originally brought based on the "sealed document" that was released in the OFAC litigation involving Al Haramain. In today's opinion, Judge Walker granted plaintiffs' motion for summary judgment and denied the government's cross-motion for summary judgment. He concluded that, even in the absence of reference to that sealed document, sufficient evidence exists to make out a *prima facie* case that Al Haramain was subjected to unlawful surveillance and that the government failed to meet its burden to come forward with countervailing evidence. The facts in support of his finding are summarized first at pages 12 through 13 of the opinion, and again, in more detail, at pages 34 through 41. Mr.

---

[1]The opinion and relevant exhibits referenced in the opinion are filed as exhibits to this pleading under separate cover.

Page 2 -    SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTIONS TO SUPPRESS
            EVIDENCE BASED ON *AL HARAMAIN ISLAMIC FOUNDATION, INC. v. OBAMA*
**CLASSIFIED HEARING REQUESTED**

Sedaghaty believes that those facts should be found and adopted by this Court and that the United States government should be estopped from making any effort to refute them. *See, e.g., Yeager v. United States*, ___ U.S. ___, 129 S.Ct. 2360, 2367 fn4 (2009).

In resolving the legal issues in the civil case, Judge Walker concluded that, because the government was in exclusive control of information regarding the existence, *vel non,* of unlawful activity, it bore the burden of refuting the plaintiff's claims and that its refusal to come forward with any evidence would be held against it.

> Defendant's possession of the exclusive knowledge whether or not a FISA warrant was obtained, moreover, creates such grave equitable concerns that defendants must be deemed estopped from arguing that a warrant might have existed or, conversely, must be deemed to have admitted that no warrant existed. The Court now determines, in light of all the aforementioned points and procedural history of this case, that there is no genuine issue of material fact whether a warrant was obtained for the electronic surveillance of plaintiffs.

Op. at 30.

The facts as found by Judge Walker buttress the facts previously submitted to this Court regarding the extent of surveillance of Al Haramain by the United States government from the mid-1990's on (CR 53; 90; 106; 134; 136; 138; 140; 154; 164; 165; 172; 173; 174; 181; 182; 183; 194; 196; 200; 205; 213; 224; 230; 231; 233; 234; 235; 284; 302). It provides a conclusion that we submit this Court must adopt, that Al Haramain was victimized by unlawful surveillance. It is particularly important to note that, while the unlawful surveillance discussed in the civil action involved communications between Al Haramain board member and co-defendant in this case, Soliman Al Buthe with his U.S. lawyers, Wendell Belew and Asim Ghafor, Al Haramain board member and defendant in

this case, Pirouz Sedaghaty, was also represented at that time by a U.S. lawyer, Lawrence Matasar, with whom Mr. Sedaghaty was in communication. In 2003 and 2004, Mr. Sedaghaty was residing in the Middle East.

With respect to the relationship between the unlawful activity found by Judge Walker and the Motion to Suppress pending before this Court and the *Murray* issue, Judge Walker's recitation of the facts commences with the statement that President Bush authorized (outside of the FISA process) interception of international communications in the fall of 2001. Judge Walker went on to note the Treasury Department's creation of "Operation Green Quest," to track financing of terrorist activities in October 2001, and that among the targets of Operation Green Quest were the foreign branches of Al Haramain. Judge Walker proceeded to recite the fact that in April 2002, the FBI created a terrorist financing section and that that entity "acquired, analyzed and disseminated data and information, including telecommunications data from a variety of sources" and that the FBI took over the investigation of Al Haramain Islamic Foundation "pertaining to terrorist financing." Op. at 35-36. As Judge Walker noted, all of that activity took place prior to the execution of the search warrant of Al Haramain's offices in Ashland.

With the inclusion of Judge Walker's findings and the facts supporting them, the existing record in this case establishes beyond cavil sufficient information to require the government to refute Mr. Sedaghaty's allegations that the decision to seek the search warrant in February 2004, was, as Justice Scalia stated in *Murray*, "prompted" by prior unlawful activity.

Mr. Sedaghaty renews his *Murray* claims, arguments for discovery of the exculpatory classified information for which there is more proof than ever exists. He renews his claim both to support his Motion to Suppress and to exonerate himself at trial. Finally, Mr. Sedaghaty notes that he continues to be handicapped in his presentation of these claims by the Court's Order of May 16, 2008.

RESPECTFULLY SUBMITTED this 31st day of March, 2010.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender

/s/ Lawrence Matasar
Lawrence Matasar