# EXHIBIT Q

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

AL-HARAMAIN ISLAMIC FOUNDATION, INC., et al.

Plaintiffs,

v.

GEORGE W. BUSH, et al.

Defendants.

Case No: 3:06-cv-00274-KI

### SUPPLEMENTAL DECLARATION OF FRANCES R. HOURIHAN

I, Frances R. Hourihan, declare as follows:

(1) I am a special agent with the Federal Bureau of Investigation ("FBI") assigned to the FBI Washington Field Office, Washington, D.C. I have been a special agent with the FBI since July 1998. This declaration supplements my April 11, 2006 declaration previously submitted in this matter and is intended to provide additional detail about the FBI's investigation concerning the classified document that was inadvertently disclosed by a government employee without proper authorization.

(2) The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3) In late August 2004, FBI headquarters received notification that a government document containing classified information had been improperly disclosed to a private party without authorization. On August 31, 2004, after receipt of that notification, the FBI Washington Field Office initiated an investigation to determine the nature and circumstances of the unauthorized disclosure to private counsel for the Al-Haramain Islamic Foundation in Oregon, in connection with that group being designated as "Specially Designated Global Terrorist" pursuant to the

1  International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701-1706, and Exec.
2  Order No. 13,224.
3      (4) Based on information developed in the investigation, the FBI determined that the
4  disclosure of the classified government document occurred on or about August 20, 2004, and was
5  unauthorized and inadvertent. During the investigation, it was determined that an employee of
6  the Office of Foreign Assets Control ("OFAC"), a Department of Treasury component,
7  inadvertently included the classified government document in a group of unclassified documents
8  that the government employee had assembled and subsequently produced to private counsel in
9  connection with the Treasury designation of the Al-Haramain Islamic Foundation.
10     (5) Prior to the inadvertent disclosure, this classified information had been properly
11 maintained in a secure facility at the Department of Treasury. The FBI investigation showed that
12 the assigned workspace of the government employee who disclosed the classified information, as
13 well as the secure storage for the classified document, were both located within an approved
14 Sensitive Compartmented Information Facility (SCIF) maintained by the Department of
15 Treasury. The investigation also showed that the government employee assembled and copied
16 the unclassified documents intended for disclosure while working within the secure SCIF space.
17 During the unclassified document assembly process and while within the SCIF, the classified
18 document, which was related to the terrorist designation, was inadvertently copied by the
19 government employee and inadvertently included with the unclassified OFAC materials that were
20 collected for disclosure to private counsel. The FBI investigation therefore determined that the
21 original classified government document remained stored within the SCIF maintained by the
22 Department of Treasury.
23     (6) In early October 2004, after approximately six weeks of a non-public national security
24 investigation, the FBI made the determination that the unauthorized disclosure was inadvertent
25 and not the result of a knowing or intentional unauthorized disclosure. Because the first weeks
26 of this investigation were devoted to discovering the source and motivation, if any, for the
27 disclosure, the FBI's investigation was necessarily non-public. This initial, non-public FBI
28 national security investigation was necessary for several reasons including, but not limited to, the

2

1    investigative need to: determine the facts and circumstances relating to this unauthorized
2    disclosure without alerting potential subject(s), known or unknown, to the existence or scope of
3    the investigation which would provide the opportunity to destroy, conceal or alter evidence;
4    identify the full scope of the unauthorized disclosure; assess whether the unauthorized disclosure
5    was an isolated event or an indication of a broader intentional compromise; conduct a security
6    risk assessment of the involved government employees; and make the investigative determination
7    whether the unauthorized disclosure was or was not an intentional or knowing unauthorized
8    disclosure of classified information to a Specially Designated Global Terrorist with the intent to
9    harm the national security of the United States. The FBI could not make efforts to retrieve the
10   classified document during this stage because its investigation would have been thereby
11   publicized, undermining law enforcement and investigative efforts.
12       (7) At the conclusion of the non-public aspect of the national security investigation, FBI
13   personnel with appropriate government security clearances were able to begin the process of
14   retrieving copies of the classified government document from persons not authorized to have
15   possession of the classified document. As noted in my previous declaration, several people who
16   were identified as having unauthorized access to the government document were interviewed by
17   the FBI. See Decl. of Frances R. Hourihan ¶¶ 5-7 (Apr. 11, 2006). Each person interviewed was
18   asked to return all copies of the classified document; asked to identify the location of any copies
19   of the document not in their possession; and advised that they should not further review, disclose,
20   discuss, retain and/or disseminate the classified document or the classified information contained
21   in the document. During this phase of the investigation the following individuals were among
22   those interviewed: Lynne Bernabei was interviewed on October 07, 2004; Wendell Belew was
23   interviewed on October 14, 2004; and Asim Ghafoor was interviewed on October 13, 2004,
24   November 01, 2004, and November 03, 2004. Finally, the copies of the classified document
25   retrieved by FBI personnel were transported by FBI special agents with appropriate government
26   security clearances to a secure and limited access FBI facility that is approved for the storage of
27   classified government materials.
28       Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is

3

1 | true and correct to the best of my knowledge and belief.

Executed this 10th day of May, 2006.

*Frances R. Hourihan*
Frances R. Hourihan
Special Agent
Federal Bureau of Investigation
Washington, D.C.

4

080