

**U.S. Department of Justice**
*Dwight C. Holton*
*United States Attorney*
*District of Oregon*
405 E. Eighth Avenue, Ste. 2400     (541) 465-6839
Eugene, OR  97401-2708     Fax: (541) 465-6917

Christopher L. Cardani, Supervisory AUSA

April 5, 2010

The Honorable Michael R. Hogan
United States District Court
405 East Eighth Avenue
Eugene, OR 97401

      Re: <u>United States v. Pirouz Sedaghaty</u>; CR 05-60008-HO

Dear Judge Hogan:

      On April 1, 2010 you presided over a second hearing concerning defendant Sedaghaty's Motion to Suppress. I informed you at the outset of that hearing that we were prepared to call IRS SA Colleen Anderson as a witness, and had FBI SA Dave Carroll available as well. I also told you that the day prior to the hearing, Mr. Wax had sent me an e-mail asking for the presence of IRS SA Rick Smith and former IRS employee Jeremy Christianson for potential testimony. Unfortunately, SA Smith was in Idaho at a search warrant and was not immediately available, though I reported we could make him available later that day by telephone, if necessary. Jeremy Christianson works on the East Coast and had not been given notice by the defense that he would need to be available.

      At the hearing on April 1, 2010, SA Anderson again testified about the search of the computers. This supplemented extensive testimony she provided at the first hearing on the motion to suppress on July 13, 2009 (*see* CR 198 at pp. 41-62 & pp. 71-85), as well as a statement she submitted as an attachment to CR 242, again addressing the manner in which the computers were searched.

      You requested that defense counsel write you a letter indicating why they believe additional testimony is necessary concerning their motion to suppress. On April 2, 2010, Mr. Wax sent you such a letter, which we have reviewed. Below is the government's response.

      The government has provided defense counsel and the court with a copy of the exhibits it intends to offer at trial. The exhibits denoted SW-1 through SW-66 were seized by the government during the execution of the search warrant at Al-Haramain in Ashland in February 2004. Most of these exhibits are documentary copies of images found in computer files of Al-Haramain which someone had previously deleted or overwritten. Through extensive forensic work, the IRS was able to reconstruct many of these files. SA Anderson then discovered highly pertinent evidence, mostly by using search terms related to the warrant.

The Honorable Michael R. Hogan/*US v. Sedaghaty; CR 05-60008-HO*
Page two of four
April 5, 2010

A review of those exhibits demonstrate an obvious relation to the search warrant, including SA Anderson's search warrant affidavit, which was incorporated into the warrant. The proposed computer-related exhibits include:

- information about the activities of the *mujahideen* in Chechnya;
- information about how to fund the *mujahideen* in Chechnya;
- pictures of some of the more prominent *mujahideen* commanders and their request for money;
- battlefield updates and maps depicting the progress of the *mujahideen* fighting Russian forces in Chechnya;
- records and communications concerning defendant Sedaghaty's receipt of funds and how he spent those funds;
- records and communications about the $150,000 donation received by defendant Sedaghaty that is the basis of the indictment;
- a religious edict, known as a *fatwa*, blessing martyrdom operations and requiring individuals to financially support the *mujahideen* in Chechnya; and
- electronic communications between defendant Sedaghaty and Al-Haramain officials in Saudi Arabia concerning funds received and spent.

These exhibits are all within the scope of the search warrant issued by Judge Cooney.

The manner in which SA Anderson searched for and discovered these exhibits and the computer evidence in general has been extensively briefed by the parties. SA Anderson has now testified before you on two occasions, been cross examined, and has provided two written statements for the court on the subject of the computer searches (*see* CR 192, exhibit 1 at ¶¶20-28 and attachment to CR 242).

Reports by SA Rick Smith and Jeremy Christanson were long ago provided in discovery to the defense. In CR 230, defendant Sedaghaty offered as attachments the reports of Rick Smith and Jeremy Christianson. Thus, a summary of the work they performed on the computers is available to the court.

While we have no objection to the court reviewing the reports of SA Smith and Mr. Christianson, we disagree with Mr. Wax's legal characterization of them in the final paragraph of his letter. In particular, he asserts that Rick Smith's work was an unguided general search. It was not. As explained in his report (CR 230-2) and in SA Anderson's statements (attachment to CR 242 & exhibit 1of CR 192), most of the information in the Al-Haramain computers had been deleted prior to the warrant. Information deleted from a computer is nevertheless potentially recoverable by experts from the "unallocated space"

The Honorable Michael R. Hogan/*US v. Sedaghaty;* CR 05-60008-HO
Page three of four
April 5, 2010

of the computer's hard drive, which contains deleted information in a random unorganized manner, unless or until it is overwritten with other material. To attempt to restore the deleted Al-Haramain files in a way in which they could be effectively searched by SA Anderson, it was necessary for computer experts to employ forensic tools, including hexadecimal viewing, to piece together various fragments and files found in the unallocated portions of the Al-Haramain hard drives.

      An analogy to this procedure would be a situation where agents serving a search warrant discover various paper documents, some shredded, and others found in unorganized, mixed up piles, with no obvious connections to each other. To properly determine whether the information in those fragmented documents is within the scope of the warrant requires that agents be able to seize, review and sort through this material to see if it can be put back together into an organized product, much like a jigsaw puzzle. Since the Al-Haramain computers contained vast amounts of this type of scrambled information, Rick Smith, and later Jeremy Christianson, used procedures like hexadecimal viewing to reconstruct as best as possible the deleted Al-Haramain files in a way in which SA Anderson could then search for pertinent evidence. As this court knows, she did this by employing search terms relating to the investigation to help guide her search, a search which produced many of the exhibits denoted as proposed exhibits SW-1 through SW-66. The procedures used to search the Al-Haramain computers was reasonable at every stage.

      In his letter, Mr. Wax has proffered a series of questions he would like to ask of SA Smith, and apparently of Mr. Christianson and SA Anderson as well. We do not believe this is necessary, but if the court wishes to hear testimony related to those questions from SA Smith, Mr. Christianson, or SA Anderson, we will present their testimony for the court, although we ask that advance notice be provided so that logistical arrangements may be made.

///

///

///

The Honorable Michael R. Hogan/*US v. Sedaghaty; CR 05-60008-HO*
Page four of four
April 5, 2010

      In sum, the government believes that there is sufficient information already before the court to make final rulings on all motions to suppress, including those that involve the computer searches, and that no further testimony or briefing is necessary.

                                    Very truly yours,

                                    Dwight C. Holton
                                    United States Attorney

                                    CHRISTOPHER L. CARDANI
                                    Supervisory Assistant U.S. Attorney

cc:    Colleen Anderson, IRS Special Agent
        Dave Carroll, FBI Special Agent