
**DWIGHT C. HOLTON, OSB #09054**
United States Attorney
District of Oregon
**CHRISTOPHER L. CARDANI**
Assistant United States Attorney
405 East Eighth Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771
chris.cardani@usdoj.gov
**CHARLES F. GORDER, JR., OSB# 912874**
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1117
charles.gorder@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiff, | ) | Case No.  CR 05-60008-HO |
| v. | ) | **GOVERNMENT'S MOTION IN LIMINE** |
| **PIROUZ SEDAGHATY,** | ) | |
| Defendant. | ) | |

    The United States of America, through its undersigned counsel, herein seeks to preclude the defense from offering certain evidence or asking questions of witnesses relating to the subjects identified below.

**Evidence Relating to the Foreign Policy of the United States**

    The main issue to be decided at trial is whether defendant Sedaghaty conspired to prevent the United States from discovering Al Haramain's attempt to fund the

1 - Government's Motion *in Limine* to Exclude Evidence

*mujahideen* in Chechnya and his later attempt to cover it up by signing a return with the IRS that he knew to be false.  While there will be evidence at trial concerning the armed conflict between Russia and the *mujahideen* in Chechnya, United States foreign policy about the conflict in Chechnya or the *mujahideen* in other parts of the world are not relevant to our trial.  Similarly, the opinion of various American politicians concerning the conflict in Chechnya is not relevant.  Witnesses should be precluded from attempting to testify about the foreign policy affairs of the United States.

**Interviews with Defendant Sedaghaty**

After the terrorist attacks on September 11, 2001, FBI agents met with and interviewed defendant Sedaghaty.  During these meetings, agents were unaware of defendant's earlier involvement in attempting to send money to the Chechen *mujahideen*, and defendant was not a suspect in any known criminal activity.  Defendant was never interviewed about Chechnya, or the financial transaction which serves as the basis for the indictment, because defendant Sedaghaty removed himself from the United States for four years.  When he finally returned in 2007, defendant was immediately represented by counsel and agents never had an opportunity to question him about the pertinent financial transactions.

Defendant has named as defense witnesses two of the FBI agents who interviewed him after September 11, 2001: Special Agents David Carroll and Joseph Boyer.  Yet, any statements to be offered by defendant through these witnesses is inadmissible hearsay.  See United States v. Ortega, 203 F.3d 675, 682 (9th Cir. 2000) (when offered by the government, inculpatory statements made by defendant admissible as admissions of party opponent; defendant's non-self-inculpatory

**2 - Government's Motion *in Limine* to Exclude Evidence**

statements are inadmissible hearsay). Any testimony from these witnesses is also irrelevant to the trial.

Defendant should be precluded from offering testimony on the subject of his unrelated FBI interviews through any witness, including the agents.

**References to the Terrorist Surveillance Program**

In the extensive pretrial proceedings in this case, defense counsel have expended significant effort in attempting to litigate issues surrounding the so-called Terrorist Surveillance Program ("TSP") of the National Security Agency ("NSA") as it may or may not allegedly relate to the Al Haramain organization. In CR 159, this Court denied the defendant's motions for discovery "insofar as they relate to the Terrorist Surveillance Program of the NSA." More recently, the Court denied the defendant's motion to suppress, finding that Special Agent Anderson "had no knowledge of any illegal surveillance program or even knowledge about what is publicly known of the TSP." CR 324, at page 7.

Any references to the TSP or to the pending civil litigation in the Northern District of California concerning the TSP or any other alleged electronic surveillance of Al Haramain, whether legal or illegal, have no place in the trial of the criminal charges in this case. Such alleged surveillance does not make "the existence of any fact that is of consequence to the determination" of guilt or innocence of the defendant in this case more or less probable and thus is irrelevant. FRE 401. Therefore, the government seeks an order prohibiting defense counsel from referring to or eliciting any evidence about the TSP program or any alleged unlawful electronic surveillance of the Al Haramain organization.

**3 - Government's Motion *in Limine* to Exclude Evidence**

**Length of Time Between Transaction and Prosecution**

The transaction which serves as the basis for the indictment occurred in 2000 and 2001.  Defendant Sedaghaty departed the United States during the criminal investigation in February 2003 and remained outside the United States for four years, two and a half years of which was during a time he knew he had been indicted in this case.  Defendant voluntarily returned to the United States in August 2007 and surrendered himself to authorities.

At this time, the government does not intend to attempt to affirmatively offer evidence of defendant's flight as consciousness of guilt evidence at trial.  United States v. Harris, 792 F.2d 866, 869 (9th Cir. 1986) (evidence of flight generally admissible as evidence of consciousness of guilt).

The defense should be precluded from raising as an issue at trial the length of time it took to bring this case forward.  Otherwise, the government will likely seek to counter by offering evidence of defendant's flight and conduct overseas prior to his return.

**References to Defendant's Attempts to Condemn Osama bin Laden, the Bombings of the U.S. Embassies in East Africa, and the Terrorist Attacks of September 11, 2001**

An examination of defendant's proposed exhibits reflect an intent to portray defendant as a peaceful individual who condemned acts of terrorism and, specifically, claims to have sought religious edicts, called *fatwas*, against Osama bin Laden and those responsible for the bombings in 1998 of two U.S. Embassies in Tanzania and Kenya.  The defense exhibits also include articles reflecting statements about the

September 11, 2001 attacks.

The exhibits offered by defendant in this regard are inadmissible hearsay. They are also irrelevant to the trial.

**Classified Evidence**

The Classified Information Procedures Act (CIPA), codified in Title 18, United States Code, Appendix 3, governs the admissibility of classified evidence at trial. Absent a contrary ruling from this Court, defense counsel, and all witnesses, should be prohibited from disclosing classified evidence at trial.

**DATED** this 19th day of April, 2010.

                Respectfully submitted,

                **DWIGHT C. HOLTON**
                **United States Attorney**

                */s/ Christopher L. Cardani*
                **By:** _____
                **CHRISTOPHER L. CARDANI**
                **Assistant United States Attorney**

                */s/ Charles F. Gorder, Jr.*
                **By:** _____
                **CHARLES F. GORDER, JR.**
                **Assistant United States Attorney**