DWIGHT C. HOLTON, OSB #09054
United States Attorney
District of Oregon
**CHRISTOPHER L. CARDANI**
Assistant United States Attorney
chris.cardani@usdoj.gov
405 East 8th Avenue, Suite 2400
Eugene, OR 97401
Telephone: (541) 465-6771
Facsimile: (541) 465-6316
**CHARLES F. GORDER, JR.**, OSB #91287
Assistant United States Attorney
charles.gorder@usdoj.gov
1000 S.W. Third Ave., Suite 600
Portland, OR 97204
Telephone: (503) 727-1000
Facsimile: (503) 727-1117
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 05-cr-60008-02-HO |
| v. | |
| PIROUZ SEDAGHATY, | GOVERNMENT'S MOTION FOR A *DAUBERT* HEARING |
| Defendant. | |

The United States of America, by and through Dwight C. Holton, United States Attorney for the District of Oregon, and Charles F. Gorder, Jr. and Christopher L. Cardani, Assistant United States Attorneys, hereby moves the Court for a *Daubert* hearing with respect to W. Patrick Lang.

## Introduction

On April 28, 2010, counsel for the defendant provided the government with and identified four summaries of the expected testimony of one W. Patrick Lang, one of persons that they have noticed as a proposed expert witness at the upcoming trial. Several of the summaries identified are declarations of Lang which counsel has filed in connection with pretrial litigation; a new declaration was also provided. These summaries of his testimony concern Lang's opinions about any number of issues that appear to be beyond any possible expertise he might possess. Furthermore, most of his expressed opinions in these declarations are either irrelevant, not a proper subject for expert testimony, or offered solely in an attempt to present otherwise inadmissible hearsay before the jury. By this motion, the government seeks a hearing to determine the extent of Lang's expertise and the scope of the opinions which he may proffer to the jury.

## Argument

**A.     Legal Standard**

Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

All evidence admitted at trial must be relevant to a material fact and have "probative value." Fed. R. Evid. 402, 403; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993) (requiring that all expert testimony be "relevant to the task at hand"). Expert testimony is relevant and probative when it helps the jury understand other evidence or assists the jury with its fact-

finding function. Fed. R. Evid. 702; *see also Daubert*, 509 U.S. at 591-92 (requiring expert testimony to have a "connection to the pertinent inquiry").

Expert testimony can be presented to show the modus operandi of certain kinds of criminal organizations. *See, e.g., United States v. Freeman*, 498 F.3d 893, 906-07 (9th Cir. 2007) (admitting expert testimony on common practice of drug traffickers when using telephones); *United States v. Cordoba*, 104 F.3d 225, 229 (9th Cir. 1997) (admitting expert testimony that drug trafficking organizations do not use unknowing dupes to transport large amounts of valuable drugs); *Accord, United States v. Campos*, 217 F.3d 707, 712 (9th Cir. 2000). On the other hand, expert testimony should not be admitted which calls on the jury to rely on cultural stereotypes. *United States v. Bahena-Cardenas*, 411 F.3d 1067, 1078-79 (9th Cir. 2005) (rejecting defense expert who would testify that Mexicans will lie to get a Mexican birth certificate).

The Federal Rules of Evidence normally allow expert witnesses to testify regarding ultimate issues in a case. Fed. R. Evid. 704(a). But, however, Rule 704(b) provides as follows:

> No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.

An expert witness may testify regarding a "predicate matter, even if the jury might infer the necessary mens rea from such testimony, so long as the testimony . . . does not necessarily imply the mens rea element." *United States v. Morales*, 108 F.3d 1031, 1033 (9th Cir. 1997).

/ / /

/ / /

/ / /

**Government's Motion for a *Daubert* Hearing**                                                                                 **Page 3**

Presumptively, an expert may not be used to introduce otherwise inadmissible evidence before a jury. Rule 703 of the Federal Rules of Evidence provides as follows:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted. *Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.*

(Emphasis added). A defendant in a criminal case should not be allowed to have his "expert" present the defendant's own self-serving statements while relying on his right not to testify to avoid cross-examination.

### B.    Lang's Proffered Testimony

Mr. Lang's résumé indicates that he is a retired intelligence officer who left the government in mid-1994 before the first serious conflict in Chechnya, that he was previously a defense attaché in the Middle East in the early 1980s, that he speaks Arabic, and that after leaving government service he worked for a Lebanese business. His résumé does not indicate that he has any professional experience dealing with terrorist financing, Islamic charities, Chechnya, or criminal and terrorist organizations. His various reports and declarations suggest that his testimony will cover, among other matters, the following subjects:[1]

---

[1] Counsel has also notified the government that information contained in the "Declaration of Col. W. Patrick Lang, Retired," filed under seal with the Court Security Officer (CR 354) in connection with defendant's recent CIPA filing also contains expert testimony that the defendant wishes to introduce. Until a classification review of this Declaration is completed by the Court Security Officer, the government cannot respond to those matters in a public filing. We reserve the right to object to that proffered expert testimony, also.

**Government's Motion for a *Daubert* Hearing**                                                                 **Page 4**

1. Many Muslims are "hostile" toward Russia and it is not unusual for them to have a collection of pro-Chechen material. This subject is beyond Lang's expertise and calls on the jury to rely on a crude stereotype.

2. Defendant Sedaghaty "retained El Fiki's money for a period while seeking a suitable method of disbursing the money in accordance to Mr. El Fiki's wishes" and while doing so Sedaghaty's acts in drawing attention to himself were "inconsistent with the allegation that he was willfully funding the Chechen mujahideen." This subject of Lang's testimony should be excluded as proffering the defendant's self-serving hearsay, expressing an opinion on the defendant's wilfulness (an element of the offense charged), and as beyond Lang's expertise.

3. Defendant Sedaghaty "lost all control over the funds" received from El Fiki once they were transferred to co-defendant Al-Buthe. The jury is fully capable of determining the facts in this area and this is not a proper subject of expert testimony.

4. As a pious Muslim, defendant Sedaghaty had "a general obligation to oppose aggressive war against other Muslims," "lend support to Muslims so attacked" depending upon his view of "acceptable jihad," and, comparing the defendant to George Washington, Lang says "mujahid [holy warrior] is not a dirty word for" the defendant. This subject of Lang's testimony should be excluded as proffering the defendant's self-serving hearsay, expressing an opinion on the defendant's ultimate intent, and as beyond Lang's expertise.

/ / /

/ / /

5. Al-Haramain officials would not include the defendant in their inner circle because Sedaghaty had a "secular Shia" background. Whether or not the defendant was in the "inner circle" of Al-Haramain is not relevant.

6. There is "little doubt in my opinion that the US government conducted a variety of surveillance operation (sic) against . . . Pete Seda." CR 140-2, ¶19. Although the defendant's belief that he was under surveillance may be relevant, Lang's speculation as to whether the government did or did not conduct surveillance against the defendant is not.

7. The Federal Security Service ("FSB") of Russia is not to be trusted. FSB reports of intercepted communications and other documents regarding Chechnya are "possible forgeries." CR 235-2, ¶ 18. Lang's opinion of the FSB is not the subject of expert testimony in this trial and he should no more testify to it than could the government call an expert witness to say that IRS agents don't lie. This is a matter for the jury to determine.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**Conclusion**

For the reasons set forth above, the government requests a hearing to determine the expertise of W. Patrick Lang and the scope of his proffered expert testimony.

Dated this 4th day of May 2010.

    Respectfully submitted,

    DWIGHT C. HOLTON
    United States Attorney


    /s/ *Charles F. Gorder, Jr.*
    CHARLES F. GORDER, JR.
    Assistant United States Attorney


    /s/ *Christopher L. Cardani*
    CHRISTOPHER L. CARDANI
    Assistant United States Attorney