Steven T. Wax, OSB No. 85012
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: steve_wax@fd.org

Lawrence Matasar, OSB No. 74209
621 SW Morrison Street, Suite #1025
Portland, OR 97205
Tel: (503) 222-9830
Email: larry@pdxlaw.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PIROUZ SEDAGHATY,<br><br>　　　　　　Defendant. | CR 05-60008 HO<br><br><br>RENEWED SECOND MOTION FOR A BILL OF PARTICULARS RE CO-CONSPIRATORS AND MOTION FOR PRE-TRIAL DETERMINATION OF EXISTENCE OF CONSPIRACY FOR PURPOSES OF ADMISSION OF CO-CONSPIRATOR STATEMENTS |

Defendant, Pirouz Sedaghaty, by and through his attorneys, Lawrence Matasar and Federal Public Defender Steven T. Wax, hereby renews his request for a list of the alleged unindicted co-conspirators.

On January 21, 2010, Mr. Sedaghaty filed a Second Motion for a Bill of Particulars seeking the names of unindicted co-conspirators. On February 26, 2010, the Court denied that motion.

Subsequently, the government has in one pleading stated that Aqeel al Aqeel is an unindicted co-conspirator. More recently, in the government's pleadings regarding the admissibility of exhibits, it has stated that Mr. Al Shoumar and Mr. Abdul Qaadir Abdul Khaaliq are unindicted co-conspirators. The statements in the pleadings regarding the admissibility of exhibits appears to indicate that the government believes that certain documents prepared by those two men should be admissible under the co-conspirator exception to the hearsay rules. Mr. Sedaghaty disagrees. *See* Defense Motion in Limine at 12-13. With respect to Mr. Al Shoumar, Mr. Sedaghaty is aware of no evidence that he was anything other than an accountant for Al Haramain which, as the government expert himself says, was primarily a legitimate charitable organization. The government has not provided any other information regarding any other co-conspirators whose statements the government may be relying on in its case-in-chief or on cross.

In addition to a bill of particulars, Mr. Sedaghaty requests that this Court determine the existence of a conspiracy by a preponderance of the evidence and the identities of the co-conspirators and any statements of such co-conspirators the government intends to introduce at any time during the trial including through cross of any defense witness. See *United States v. James*, 590 F.2d 575, 579-80 (5th Cir. 1979) (en banc) (providing for a

pre-trial screening procedure to determine in advance the admissibility of co-conspirator statements, avoiding the potential of later inadmissibility prejudice).

Under the co-conspirator exception to the hearsay rule, the government must first establish the existence of a conspiracy and the participation of the maker of the statement the government seeks to introduce in that conspiracy. *Bourjaily v. United States*, 483 U.S. 171, 175 (1987). There are three foundational prerequisites:

(1) the offering party must show that a conspiracy existed which involved the declarant and the non-offering party;

(2) the declaration must be during the course of the conspiracy; and,

(3) the declaration must be in furtherance of the conspiracy.

These foundational points are preliminary questions of fact governed by F.R.E. 104. When preliminary facts relevant to Rule 801(d)(2)(E) are disputed, the offering party must prove them by a preponderance of the evidence. *Bourjaily*, 483 U.S. at 176.

There must be a threshold showing of a conspiracy beyond the statement itself. F.R.E. 802(d)(2)(E) states in relevant part: "the contents of the statement shall be considered but are not alone sufficient to establish . . . the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered under subdivision (E)." It is essential that there be evidence regarding who made the statement because in order to corroborate or refute [whether the declarant and the defendant were co-conspirators] "the litigants must know the identity the declarant." *United States v. Gil*, 58 F.3d 1414, 1420 (9th Cir. 1995) (internal quotations omitted).

In order for Mr. Sedaghaty to make meaningful strategic trial decisions, including who to call as a witnesses, fundamental fairness dictates that he be informed of any additional co-conspirators and that this Court hold a pre-trial hearing in order to determine

Page 3    RENEWED SECOND MOTION FOR A BILL OF PARTICULARS

in advance the admissibility of any expected co-conspirator statements, whether to be used in the case in chief or through cross, with respect to unindicted co-conspirators. *Bourjaily*, 483 U.S. at 175. *United States v. Grassi*, 616 F.2d 1295, 1300 (5th Cir. 1980)("The purpose of the [ ] hearing is to establish the existence, or nonexistence, of the predicates for the admission of a coconspirator's extrajudicial declaration before the declaration is made known to the jury."). For example, Mr. Sedaghaty may seek to call as witnesses persons who are, in fact, in the government's view, unindicted co-conspirators. Rather than wait for the government to assert during the trial that certain people are unindicted co-conspirators, it is imperative that these determinations be made pre-trial. The potential for prejudice is great.

This prejudice is underscored by the government's potential position that the signatories on some defense documents, which show that the current King of Saudi Arabia, various other princes, and government officials signed documents allowing for financial support to Chechens, may very well amount to the government classifying these persons and organizations as co-conspirators.

Without a pre-trial determination of the existence of a conspiracy and its members as asserted by the government, Mr. Sedaghaty cannot make informed decisions regarding his trial strategy, he will suffer great prejudice, and there will be an increased inefficiency as these issues are dealt with during trial.

RESPECTFULLY SUBMITTED this 11th day of May, 2010.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender

/s/ Lawrence H. Matasar
Lawrence H. Matasar