Steven T. Wax, OSB No. 85012
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: steve_wax@fd.org

Lawrence Matasar, OSB No. 74209
621 SW Morrison Street, Suite 1025
Portland, OR 97205
Tel: (503) 222-9830
Email: larry@pdxlaw.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br>     v.<br><br>PIROUZ SEDAGHATY,<br><br>               Defendant. | No. CR 05-60008 HO<br><br>DEFENDANT'S OBJECTIONS TO NEW EXHIBITS INCLUDED IN GOVERNMENT'S SECOND AMENDED EXHIBIT LIST |

      Defendant, Pirouz Sedaghaty, by and through his attorneys, Federal Public Defender Steven T. Wax and Lawrence Matasar, objects to the Government's Second Amended Exhibit List.  Following are Mr. Sedaghaty's position with respect to the new

Page 1     DEFENDANT'S OBJECTIONS TO NEW EXHIBITS INCLUDED IN GOVERNMENT'S
             SECOND AMENDED EXHIBIT LIST

exhibits by exhibit number.

**BOA-17**    Bank of America cashier's check Number 1001041224 dated 6/23/00 for $318,291.74 issued to First Escrow Inc.

    NO OBJECTION

**BOA-18**    Signature card and corporate documents for Al Haramain's Bank of America account number 003473386549

    Mr. Sedaghaty objects on grounds of relevance.

**BOA-19**    Bank of America wire transfer dated 1/16/01 from Pete Seda to David Rodgers at Bank Al Rajhi in Saudi Arabia

    Mr. Sedaghaty objects on grounds of relevance. There is nothing in the charges in this case that relate to any transactions that took place in 2001 between Pete Seda and David Rodgers.

**BOA-20**    Bank of America wire transfer dated 6/18/01 from Pete Seda to David Rodgers at Bank Al Rajhi in Saudi Arabia

    See objection to BOA-19.

**ICE-FinCen-4 CMIR Summary**

    Mr. Sedaghaty objects on grounds of relevance. The government indicates that it is offering this exhibit as proof of Mr. Al Buthe's knowledge of the CMIR reporting requirement. In the absence of any evidence that Mr. Sedaghaty was aware of that requirement, this exhibit has no bearing on the issues in the case. The indictment requires proof of Mr. Sedaghaty's knowledge, not just to the jury leading it to believe Mr. Al Buthe's knowledge can be imputed to Mr. Sedaghaty when it cannot. A summary of Mr. Al Buthe's reports are likely to be confusing.

**AHIF-1a**    Translation of Bank of America cashier's check number 1001040568 for $21,000

    The defense reserves objection until the defense can confirm the accuracy of the translation and determine if the accurate translation is hearsay, or inadmissible for another reason under the evidence rules.

**SW-65**    E-mail to Sheeshaan group dated 2/15/00 at 9:22 p.m.

Many of the exhibits in the SW category, and many of the exhibits proffered by Mr. Sedaghaty, are e-mails recovered from the computers that were seized on the Al Haramain premises on February 18, 2004. Many of the government's exhibits are hearsay, there is no evidence that Mr. Sedaghaty received them as opposed to anyone else in the organization. Many were sent out to a list-serve. Some were sent out by a generic address. Many contain inflammatory statements so that the specter of unfair prejudice outweighs any potential relevance. Anticipating the government's objection to many of his e-mail exhibits, Mr. Sedaghaty raises a blanket objection to the government's e-mail exhibits.

Mr. Sedaghaty objects as this is hearsay. It is not admissible under Rule 802. The attachment is written by an unidentified declarant.

That this e-mail was found on an Al Haramain USA computer, does not render it an admission by a party opponent. It does not qualify under Rule 801(2)(A)(B)(C)(D) or (E). It is not a statement by Mr. Sedaghaty, it is not a statement that he has manifested an adoption or belief in its truth, it is not a statement by a person authorized by Mr. Sedaghaty to make a statement concerning the subject, nor is it a statement by an agent of Mr. Sedaghaty's concerning a matter within the scope of any employment, made during the existence of the relationship. Nor is this exhibit admissible as any type of business record.

This email is also irrelevant and inadmissible under Rules 401 and 402. Mr. Sedaghaty has a protected First Amendment right to read any information available, including material related to his religion and current events. The fact that he reads about any particular subject does not make the reading material relevant to these charges.

Even if relevant, it is inadmissible because its probative value is substantially outweighed by unfair prejudice pursuant to Rule 403. The content of many of the e-mails is inflammatory. Use of e-mails of this nature invites speculation and a finding of guilt based solely on association.

**SW-66**     **Photo of AHIF building at 3800 S. Highway 99, Ashland, Oregon**

No objection as long as defense exhibits 610, 611, 612, photographs of the Al Haramain building are also admitted.

**SW-67**     **E-mail from P to Shoumar, Abdulaziz S dated 3/12/2001 at 1:56 a.m.**

NO OBJECTION

Page 3        DEFENDANT'S OBJECTIONS TO NEW EXHIBITS INCLUDED IN GOVERNMENT'S SECOND AMENDED EXHIBIT LIST

**SW-68**　　E-mail to Sheeshaan group dated 3/8/2000 at 10:21 p.m.

　　See objection to SW-65

**DGR-3**　　Picture of Soliman Al-Buthe

　　Mr. Sedaghaty objects. This is a poor likeness, rendered in a manner intended to appeal to the jurors' prejudice and fears, and should be excluded as irrelevant and unduly prejudicial.

**BC-1**　　E-mail from Raya Shokatfard dated 10/24/00

　　Mr. Sedaghaty objects on grounds of relevance and hearsay.

　　Respectfully submitted this 14th day of May, 2010.


　　　　　　　　　　　　　　　　　　/s/ Steven T. Wax
　　　　　　　　　　　　　　　　　　Steven T. Wax
　　　　　　　　　　　　　　　　　　Federal Public Defender

　　　　　　　　　　　　　　　　　　/s/ Lawrence H. Matasar
　　　　　　　　　　　　　　　　　　Lawrence H. Matasar