DWIGHT C. HOLTON, OSB #090540
United States Attorney
District of Oregon
CHRISTOPHER L. CARDANI
Assistant United States Attorney
405 East Eighth Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771
chris.cardani@usdoj.gov
CHARLES F. GORDER, JR., OSB# 912874
Assistant United states Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1117
charles.gorder@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-CR-60008-HO |
| | ) | |
| v. | ) | UNITED STATES' RESPONSE TO |
| | ) | DEFENDANT'S *POST-DAUBERT* |
| PIROUZ SEDAGHATY, | ) | HEARING MEMORANDUM |
| | ) | |
| Defendant. | ) | |

The United States of America, through its undersigned counsel, herein submits the following response to defendant Sedaghaty's Post-*Daubert* Hearing Memorandum. (CR 375).

In CR 344, the government filed its response to defendant's *Daubert* challenge to the background and proposed testimony of expert Evan Kohlmann. On May 10, 2010, this Court presided over a *Daubert* hearing concerning Mr. Kohlmann. Defendant Sedaghaty has now filed another motion (CR 375) seeking to exclude many of the

PAGE 1 - UNITED STATES' RESPONSE TO DEFENDANT'S *POST-DAUBERT* HEARING MEMORANDUM

proffered subjects to be covered at trial by Mr. Kohlmann.  In CR 344, at pages 9-11, the government outlined the areas of pertinent testimony for Mr. Kohlmann.  That outline is incorporated herein.

In ruling on defendant's *Daubert* motions, it is important for the Court to consider that, through his experience as an expert on the Russian-Chechen conflict, Kohlmann knows the identity and roles of many of the individuals and websites featured in the "SW" series of the government's exhibits.  Most of these exhibits were discovered in the deleted portions of defendant's computers, including photographs, biographies, fatwas seeking funding for the Chechen mujahideen, and the Sheeshan e-mails updating readers on the plight of the mujahideen and their need for funding.  Mr. Kohlmann will be able to provide the jury with an understanding as to who those individuals are, their prominence among pro-jihadi groups, and the significance of pro-Chechen jihadi websites such as azzam.com and gogaz.net.

The most prominent individuals, websites and entities to be covered by Kohlmann's testimony are:

- Ibn-ul-Khattab (mujahideen leader in Chechnya);

- Shamil Basayev (partnered with Khattab; leader of mujahideen in Chechnya after Khattab killed);

- Aqeel al Aqeel (Director of Al-Haramain in Saudi Arabia, and President of Al-Haramain in Oregon);

- Abdul-Qaadir Abdul-Khaliq ("AQ" - the author of the Sheeshan website);

- Kavkaz Institute (training camp established by Khattab for Chechen mujahideen);

PAGE 2 - UNITED STATES' RESPONSE TO DEFENDANT'S *POST-DAUBERT* HEARING MEMORANDUM

- Sheikh Abu Umar al-Saif (supervisor of Kavkaz Institute and spiritual leader of mujahideen in Chechnya; worked directly with financiers to obtain funding for Khattab and the mujahideen);

- Qoqaz.net; Azzam.net; and Kavkazcanter.com (prominent websites for Chechen mujahideen);

- Shaykh ibn Jibreen and ibn Uthaimeen (two clerics who issued fatwas stating Muslims obligated to fund or fight for mujahideen in Chechnya; English translations found in defendant's computers); and

- AIG (pro mujahideen group which produced Chechen fundraising video found at defendant Sedaghaty's residence).

The jury will need assistance in understanding the identities and significance of these individuals, entities and websites in order to properly assess defendant Sedaghaty's knowledge, intent and presence or absence of willfullness concerning the charges. All of these names, websites and entities are directly relevant to this case, as they were found in defendant's computer hard drives, or in other evidence seized during the search warrant.[1]

---

[1] Assuming defense counsel agree, it would be appropriate for the Court to issue limiting instructions when Kohlmann testifies, advising the jury on how it should consider his testimony. Also, FRE 403 findings should be made on the relevant aspects of Kohlmann's testimony.

PAGE 3 - UNITED STATES' RESPONSE TO DEFENDANT'S *POST-DAUBERT* HEARING MEMORANDUM

Kohlmann's expertise on these matters falls squarely within FRE 702, which permits "specialized knowledge [to] assist the trier of fact to understand the evidence or to determine a fact in issue...."[2]

On this basis, the Court should reject defendant's attempts in CR 329 and CR 375 to prevent Kohlmann from testifying about matters relevant to the trial.

DATED this 14th day of May, 2010.

    Respectfully submitted,

    DWIGHT C. HOLTON
    United States Attorney

    */s/ Christopher L. Cardani*
    CHRISTOPHER L. CARDANI
    Assistant United States Attorney

    */s/Charles F. Gorder, Jr.*
    CHARLES F. GORDER, JR.
    Assistant United States Attorney

---

[2] Kohlmann mentions other names, entities and websites as part of the background for his report. The government will not seek to elicit each and all of them during the case-in-chief.

PAGE 4 - UNITED STATES' RESPONSE TO DEFENDANT'S *POST-DAUBERT* HEARING MEMORANDUM