DWIGHT C. HOLTON, OSB #090540
United States Attorney
District of Oregon
CHRISTOPHER L. CARDANI
Assistant United States Attorney
405 East Eighth Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771
chris.cardani@usdoj.gov
CHARLES F. GORDER, JR., OSB# 912874
Assistant United states Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1117
charles.gorder@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-CR-60008-HO |
| | ) | |
| v. | ) | UNITED STATES' RESPONSE TO |
| | ) | DEFENDANT'S RENEWED SECOND |
| PIROUZ SEDAGHATY, | ) | MOTION FOR A BILL OF |
| | ) | PARTICULARS |
| Defendant. | ) | |

The United States of America, through its undersigned counsel, herein responds to defendant's "Renewed Second Motion for a Bill of Particulars ..." (CR 374). In this motion defendant seeks a pretrial hearing concerning the identity and admissibility of co-conspirators and statements to be offered by the government. The motion should be denied.

The government will likely be offering evidence at trial under FRE 801(d)(2)(E) as co-conspirator statements. To be admissible, out of court statements offered under

FRE 801(d)(2)(E) requires the offering party to establish by a preponderance of the evidence that: 1) there was a conspiracy involving the declarant and the defendant; and 2) the statements were made during and in furtherance of the conspiracy. *Bourjaily v. United States*, 483 U.S. 171, 175-76 (1987). In making this determination, the court is entitled to examine the statements themselves, but some additional evidence of the conspiracy's existence and the involvement of the defendant and the declarant is required. *Id*. at 177; *United States v. Gordon*, 844 F.2d 1397, 1402 (9th Cir. 1988); FRE 801(d)2).

    Citing out-of-circuit and dated cases, defendant suggests in his motion that the court should engage in a pretrial hearing to determine the admissibility of co-conspirator statements. The government is unaware of any such procedure in the Ninth Circuit. Rather, trial judges are given wide latitude in making the preliminary findings that the foundational requirements for FRE 801(d)(2)(E) statements have been satisfied. *United States v. Tamez*, 941 F.2d 770, 775 (9th Cir. 1991) (noting *Bourjaily* does not require trial courts to hold separate evidentiary hearing to determine whether FRE foundational requirements established). In this case, it will be shown that defendant Sedaghaty conspired with others to covertly fund the Chechen mujahideen. In deciding whether the government has met its burden of showing by a preponderance of the evidence that this conspiracy existed, that defendant was part of it, and that proffered statements were made during and in furtherance of the conspiracy, the Court is allowed to examine the statements themselves (found mainly in defendant's e-mails and receipts), as well as any other corroborative evidence. The government is prepared to meet this burden

PAGE 2 - UNITED STATES' RESPONSE TO DEFENDANT'S RENEWED SECOND
MOTION FOR A BILL OF PARTICULARS

at trial by showing the defendant and the declarants' links to the conspiracy, and that the proffered statements were made during and in furtherance of that conspiracy. No pretrial hearing is necessary.

In addition, many of the statements are likely admissible on grounds other than FRE 801(d)(2)(E). The Court may wish to wait until trial to determine whether FRE 801(d)(2)(E) findings are necessary for particular items of evidence.

For reasons stated, defendant's motion should be denied.

DATED this 14th day of May, 2010.

Respectfully submitted,

DWIGHT C. HOLTON
United States Attorney

*/s/ Christopher L. Cardani*
CHRISTOPHER L. CARDANI
Assistant United States Attorney

*/s/Charles F. Gorder, Jr.*
CHARLES F. GORDER, JR.
Assistant United States Attorney

PAGE 3 - UNITED STATES' RESPONSE TO DEFENDANT'S RENEWED SECOND MOTION FOR A BILL OF PARTICULARS