**Steven T. Wax, OSB No. 85012**
**Federal Public Defender**
**101 SW Main Street, Suite 1700**
**Portland, OR  97204**
**Tel: (503) 326-2123**
**Fax: (503) 326-5524**
**Email: steve_wax@fd.org**

**Lawrence Matasar, OSB No. 74209**
**621 SW Morrison Street, Suite #1025**
**Portland, OR 97205**
**Tel: (503) 222-9830**
**Email: larry@pdxlaw.com**

**Attorneys for Defendant**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br>                                    Plaintiff, <br><br>           v. <br><br> **PIROUZ SEDAGHATY,** <br><br>                                    Defendant. | CR 05-60008 HO <br><br> **THIRD ADDITION TO MOTION IN LIMINE** |

      Defendant Pirouz Sedaghaty, through his attorneys, Steven T. Wax and Lawrence Matasar, respectfully requests the preclusion of any government witness, including Evan Kohlmann, from relying on or referring to Government Exhibits FSB-1 through FSB-3b and

Page 1   THIRD ADDITION TO MOTION IN LIMINE

any other material provided by the FSB.

At the hearing on May 10, 2010, the government informed the Court and Mr. Sedaghaty that the government witness, Sergey Ignatchenko, an FSB officer, was unlikely to be able to testify at trial and that the Court should refrain from making any decisions about the admissibility of those exhibits. It remains the understanding of the defense that the government's position has not changed and that the FSB officer will probably not be testifying at trial.

Mr. Sedaghaty objected to the inclusion of the FSB exhibits in his first Motion in Limine. That objection remains. In light of the development of the unavailability of the FSB officer, Mr. Sedaghaty also requests that no other government witness, including Evan Kohlmann, rely on or refer to the FSB exhibits listed above during his testimony at trial. This request is made pursuant to Fed. R. Evid. 703. This evidence is not of the type that is reasonably relied upon by experts in the field. First, the tape of the alleged conversation has been destroyed by the Russians. Thus, the best evidence does not exist. Second, as stated by Col. Lang, the story of the alleged destruction is incredible. Third, Colonel Lang has stated that the FSB is unreliable. *See* Declaration of Colonel Lang, CR 235, Attachment 1. Col. Lang specifically stated: "The FSB motivation in providing this material to the FBI must be questioned . . .[a]ny materials supplied by these Russian agencies should be treated with the greatest suspicion as having been produced for some reason unrelated to a search for the truth." CR 236, Attachment 1 at paragraphs 14 & 17. Fourth, the refusal of the Russian government to permit testimony by an FSB agent further undermines any reliability of the FSB information.

Therefore, these documents, some prepared by and some discovered by the FSB,

Page 2  THIRD ADDITION TO MOTION IN LIMINE

are inherently unreliable and cannot be relied upon by any government expert witness. These should not be mentioned or disclosed to the jury on direct examination. The probative value is substantially outweighed by the prejudicial effect. Fed. R. Evid. 703. *See Christopher v. Allied Signal Corp.*, 939 F.2d 1106 (5th Cir. 1991) (overruled on other grounds) (data upon which the expert based his opinion were inherently unreliable and, consequently, an inappropriate basis for expert opinion under Rule 703); *United States v. 45/194 Kg. Drums of Pure Vegetable Oil*, 961 F.2d 808, 813 (9th Cir. 1992) (opinions of experts were contaminated by consideration of unsuitable evidence).

The government exhibits FSB-1 through FSB-3b, along with all other material provided to the government by the FSB, should not be relied upon or referred to by any government witness, including Evan Kohlmann, at trial.

Submitted this 24th day of May, 2010.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender

/s/ Lawrence Matasar
Lawrence Matasar