DWIGHT C. HOLTON, OSB #09054
United States Attorney
District of Oregon
**CHRISTOPHER L. CARDANI**
Assistant United States Attorney
chris.cardani@usdoj.gov
405 East 8th Avenue, Suite 2400
Eugene, OR 97401
Telephone: (541) 465-6771
Facsimile: (541) 465-6316
**CHARLES F. GORDER, JR.**, OSB #91287
Assistant United States Attorney
charles.gorder@usdoj.gov
1000 S.W. Third Ave., Suite 600
Portland, OR 97204
Telephone: (503) 727-1000
Facsimile: (503) 727-1117
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**EUGENE DIVISION**

**UNITED STATES OF AMERICA** **Case No. 05-cr-60008-02-HO**

**v.**

**PIROUZ SEDAGHATY,**

**Defendant.**

**GOVERNMENT'S RESPONSE TO DEFENDANT'S THIRD ADDITION TO MOTION IN LIMINE**

At our last hearing on May 10, 2010, counsel for the government informed the Court that there was a question concerning whether a witness from the Russian FSB would be available to testify at the trial of this matter. We are still awaiting a final decision on that question from the

government of the Russian Federation. At this point, however, we are not planning on having such a witness testify at the trial and we have so communicated that information to defense counsel. Should that situation change, we will immediately advise the Court and counsel. Defendant now seeks to advance his cause by requesting an order precluding any government witness from "relying on or referring to" the FSB exhibits at the trial. Because an expert witness can rely on such information even if not admitted into evidence, the defendant's Third Addition to Motion in Limine should be denied.

Without a witness from the FSB, we do not intend to have a government witness sponsor any of the FSB exhibits into evidence on direct examination. Nevertheless, an expert witness such as Mr. Kohlmann can rely on the FSB exhibits, even if not admitted.

Rule 703 of the Federal Rules of Evidence provides as follows:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted. Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.

Consequently, Mr. Kohlmann can rely on any evidence, admitted or not, in formulating his expert testimony, as long as it is of a type reasonably relied upon by experts in his field.

As applied to the FSB exhibits, Mr. Kohlmann can rely, and has relied, upon the information contained in the FSB exhibits, along with facts and data from numerous other sources in preparing his analysis of the background history of the Al-Haramain organization in financing terrorist activity in the Caucasus and elsewhere. The FSB information, even accounting for the dispersions cast upon

it by defense counsel, can be considered by him, along with other information available to Mr. Kohlmann, who cross-checks all of his information, including the information from the FSB, with all other available information. Here, Mr. Kohlmann has considered the FSB exhibits, along with other information he has learned from organizations supporting jihad, charitable organizations, and other governments and local authorities in formulating his opinion. His ultimate testimony about Al-Haramain's historical activities abroad can be expressed to the jury without disclosing the FSB exhibits to the jury. Of course, should defense counsel open the door to such a reference by cross-examining Mr. Kohlmann on the basis for his testimony in this area, that situation could change.

Because an expert witness such as Mr. Kohlmann can rely on the FSB exhibits, the defendant's Third Addition to Motion in Limine should be denied.

Dated this 1st day of June 2010.

DWIGHT C. HOLTON
United States Attorney

/s/ *Charles F. Gorder, Jr.*
CHARLES F. GORDER, JR.
Assistant United States Attorney

/s/ *Christopher L. Cardani*
CHRISTOPHER L. CARDANI
Assistant United States Attorney