Steven T. Wax, OSB No. 85012
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: steve_wax@fd.org

Lawrence Matasar, OSB No. 74209
621 SW Morrison Street, Suite #1025
Portland, OR 97205
Tel: (503) 222-9830
Email: larry@pdxlaw.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>PIROUZ SEDAGHATY,<br><br>                    Defendant. | CR 05-60008<br><br>DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S THIRD ADDITION TO MOTION IN LIMINE AND SUPPLEMENT TO DEFENDANT'S MOTION FOR EVIDENTIARY DAUBERT HEARING AND POST-DAUBERT HEARING MEMORANDUM |

Page 1 -   DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S THIRD ADDITION TO MOTION IN LIMINE AND SUPPLEMENT TO DEFENDANT'S MOTION FOR EVIDENTIARY DAUBERT HEARING AND POST-DAUBERT HEARING MEMORANDUM

Defendant, Pirouz Sedaghaty, by and through his attorneys, Lawrence Matasar, and Federal Public Defender Steven T. Wax, hereby replies to the Government's Response to Defendant's Third Addition to Motion in Limine (CR 390), and supplements Defendant's Motion for an Evidentiary Daubert Hearing (CR 329) and Post-Daubert Hearing Memorandum (CR 375).

While the government acknowledges that the government will not seek to introduce the FSB exhibits into evidence without a witness from the FSB (CR 390 at 2), the government does contend that Mr. Kohlmann can rely on these materials pursuant to Rule 703. This raises two issues.

First, as addressed in the Defendant's Third Addition to Motion in Limine (CR 385 at 2), Defendant's Motion for an Evidentiary Daubert Hearing (CR 329 at 13), and his Post-Daubert Hearing Memorandum (CR 375 at 5), these materials are not of the type reasonably relied upon by experts in the field as contemplated by Rule 703. The government has failed to address the reliability of the FSB materials in the Response. Rather, the government simply repeats that Mr. Kohlmann has relied on the information provided by the FSB, and has himself cross-checked the information with other available information. This ignores the evaluation of the material by Col. Lang, who has, by way of his vast experience and security clearance level, a greater capacity for analysis of the reliability of the FSB material than Mr. Kohlmann. In addition, Rule 703 requires that the material be relied upon by experts in the field, not a self-determination of the reliability of one expert.

Page 2 -    DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S THIRD
            ADDITION TO MOTION IN LIMINE AND SUPPLEMENT TO DEFENDANT'S MOTION
            FOR EVIDENTIARY DAUBERT HEARING AND POST-DAUBERT HEARING
            MEMORANDUM

Second, although the government asserts that it will not seek to admit the FSB exhibits, it is equally as important that the government be prevented from using Mr. Kohlmann as a conduit for introducing the unreliable FSB material through his testimony.  This would allow for the inadmissible unreliable hearsay material to be transmitted to the jury through the expert.  This is not permitted under Rule 703 and *Daubert v. Merrel Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).   As articulated in the Courtroom Handbook Fed. Evid. FRE R 703 (2010 ed.), Ch. 5, Article VII, comment (8), " an expert must do more than merely relate inadmissible hearsay to the jury.  The expert's value as a witness must derive from his ability to apply his expertise to the facts and draw inferences from them."  *See United States v. Mejia*, 545 F.3d 179, 197 (2d Cir. 2008) (finding that an expert who simply repeats information read or heard is not acting as an expert, but instead as a case agent that "[t]he expert may not . . . simply transmit that hearsay to the jury."); *Therasense, Inc. v. Becton, Dickinson and Company*, No. C 04-02123 WHA, 2008 WL 2323856, *1 ( N.D. Cal. May 22, 2008) (recognizing that a court should not allow an expert to promulgate favorable hearsay to the jury via Rule 703).

In addition, by allowing an expert to be a conduit for presenting inadmissible hearsay to the jury, the protections guaranteed by the Confrontation Clause of the Sixth Amendment to the United States Constitution may also be jeopardized.  *Ramirez v. Hernandez*, No. 1:08-CV-01743 JMD HC, 2010 WL 1486901, *6 (E.D. Cal. April 13, 2010) (citing to *Mejia* for the proposition that "testimony explaining the inadmissible

Page 3 -    DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S THIRD
            ADDITION TO MOTION IN LIMINE AND SUPPLEMENT TO DEFENDANT'S MOTION
            FOR EVIDENTIARY DAUBERT HEARING AND POST-DAUBERT HEARING
            MEMORANDUM

evidence [the expert] relied upon in reaching his conclusion may implicate the Confrontation clause where the expert 'simply transmit[s] that hearsay to the jury'". )

Mr. Kohlmann should be prevented from relying on or referring to the FSB materials provided to the United States by the Russian government.  They are unreliable and any reference to the materials would simply be providing inadmissible hearsay to the jury.

RESPECTFULLY SUBMITTED this 16th day of June, 2010.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender

/s/ Lawrence H. Matasar
Lawrence H. Matasar