DWIGHT C. HOLTON, OSB #09054
United States Attorney
District of Oregon
CHRISTOPHER L. CARDANI
Assistant United States Attorney
405 East Eighth Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771
chris.cardani@usdoj.gov
CHARLES F. GORDER, JR., OSB# 912874
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1117
charles.gorder@usdoj.gov


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No.  CR 05-60008-HO |
| Plaintiff, ) | |
| ) | Declaration of Special Agent Colleen |
| v. ) | Anderson In Support of United States' |
| ) | Motion In Limine to Determine Admissibility |
| ) | of Proposed Exhibits AHIF-1 through |
| PIROUZ SEDAGHATY, ) | AHIF-12 |
| ) | |
| Defendant. ) | |

I, Colleen Anderson, declare that:

1.  I am a Special Agent with the Internal Revenue Service - Criminal

Investigation (IRS-CI), assigned to the Medford, Oregon Post-of-Duty.  As a special

agent, I investigate possible violations of the Internal Revenue Code (Title 26 United

States Code), the Money Laundering Control Act (Title 18 United States Code), and the

Bank Secrecy Act (Title 31 United States Code).

1 - Declaration of Special Agent Colleen Anderson In Support of United States' Motion In
        Limine to Determine Admissibility of Proposed Exhibits AHIF-1 through AHIF-12

2.  I have been a special agent with IRS-CI since December 1995 and have conducted and assisted in numerous criminal investigations involving violations of federal tax laws, money laundering laws, and other related offenses where I have gained experience in locating, tracing, and corroborating financial information pertaining to the receipt and disposition of funds.

3.  This declaration has been prepared to summarize contacts and events relative to the production and attainment of certain exhibits to be offered by the prosecution at trial.  These exhibits are referenced in the government's proposed exhibit list as AHIF-1 through AHIF-12.

BACKGROUND

4.  In June 2003, I obtained from the United States Attorney's Office (USAO) a Federal Grand Jury subpoena issued to the Al-Haramain Foundation at 3800 S. Highway 99, Ashland, OR  97520.  This subpoena is attached to this Declaration as Item #1.

5.  I served the subpoena on June 23, 2003 at the Al-Haramain Ashland office at 3800 S. Highway 99 on two women who were inside the premises, Lahleh Zahedi and Summer Rife.  Defendant Sedaghaty was not present at the time of service and was believed to have left the United States several months earlier in February of 2003.  Ms. Zahedi and Ms. Rife confirmed at the time of service they both input financial records for the Al Haramain Foundation and that there were not any other representatives of the organization available to accept service.

6.  After service of the subpoena, the USAO was contacted by Attorney Lawrence Matasar.  In a letter dated July 11, 2003 (Item #2), Mr. Matasar stated he represented Al-Haramain as well as Perouz Sedaghaty concerning the investigation and the grand jury subpoena.  Mr. Matasar indicated in the letter that he was preparing to turn over about 250 pages of responsive documents and referenced additional responsive documents.

7.  On or about July 15, 2003, Mr. Matasar sent to the USAO approximately 450 pages of documents believed to be responsive to the subpoena (Item #3).  These documents were stamped by Mr. Matasar as document numbers 00001-00456.

8.  I reviewed the documents provided by Mr. Matasar and noticed that numerous items that I believed should exist in the Al-Haramain offices, and were within the scope of the subpoena, were not part of the documents provided to me on July 15, 2003.  I spoke to AUSA Christopher Cardani.  He had me prepare a list which summarized the items provided and those which I believed existed, but were not provided to me.  That list is attached to this declaration as Item #4.

9.  On August 13, 2003, I met with AUSA Cardani and Mr. Matasar at the U.S. Attorney's Office.  We provided Mr. Matasar with the list of missing items, shown as Item #4.

10.  On September 10, 2003, Mr. Matasar notified AUSA Cardani that he was collecting additional documents for the subpoena, but needed more time.  This letter is listed as Item #5.

11.  On or about September 29, 2003, Mr. Matasar met me in Medford, Oregon and provided me with approximately 140 additional pages of Al-Haramain documents in response to the subpoena.  He stamped the documents as document numbers 20001-20140.

12.  I again reviewed the documents provided by Mr. Matasar and prepared a list which summarized the items provided and those which I believed should have been provided by the Al-Haramain Foundation pursuant to the subpoena.  This list is attached to this declaration as Item #6.

13.  On October 27, 2003, Mr. Matasar provided me a third batch of records, stamped as document numbers 300001-301522, along with a cover letter dated that same day.  (Item #7).  This batch included approximately 1,500 additional pages of Al-Haramain Foundation documents in response to the subpoena.

14.  On December 8, 2003, I contacted Mr. Matasar via phone to ask about the production of the three groups of documents provided to the government pursuant to the subpoena issued to the Al-Haramain Foundation.  Mr. Matasar told me that all three groups of records had come from Oregon (as opposed to Saudi Arabia) and that the second and third set of documents were provided following the August 13, 2003 meeting in which the government gave him a specific list of requested documents.

15.  Well after he submitted the Al-Haramain Foundation documents to me, Mr. Matasar later indicated that he no longer represented Al-Haramain (Foundation).  In a letter dated February 26, 2004, Mr. Matasar confirmed that he represented Defendant Sedaghaty and that he no longer represented the Al-Haramain (Foundation).  In

4 - Declaration of Special Agent Colleen Anderson In Support of United States' Motion In
        Limine to Determine Admissibility of Proposed Exhibits AHIF-1 through AHIF-12

addition, Mr. Matasar stated that he was going to suggest that the Al-Haramain (Foundation) obtain separate counsel.  This letter is attached as Item #8.

16.  I am familiar with proposed government exhibits AHIF-1 through AHIF-12, both the original and amended filings.  The AHIF exhibits, as originally submitted to the court with the document numbers stamped by Mr. Matasar, are attached to this declaration as Item #9.  All of these documents were part of the documents given to me by Mr. Matasar in response to the Grand Jury subpoena.

17.  On May 13, 2010, I interviewed Attorney David Berger.  Mr. Berger is an attorney in Southern Oregon and had previously provided legal services for Defendant Sedaghaty.  Mr. Berger told me during the interview that he was asked by Mr. Matasar to assist in gathering the documents from Al-Haramain Foundation's offices at 3800 S. Highway 99 in Ashland, Oregon for the grand jury subpoena.  Mr. Berger told me that he and one of Defendant Sedaghaty's sons, Jonah, went to the site.

18.  During the interview, I showed Mr. Berger a floor plan of the building, which is attached to this declaration as Item #10.  Mr. Berger told me that he found most of the documents given to the government in response to the subpoena in the room depicted on Item #10 as "room X", which he described as "Pete's Office".

19.  Based on Mr. Berger's statements and on other information obtained in this investigation, I believe that room X was a room in which Defendant Sedaghaty and a few others used to conduct the business affairs of the Al-Haramain Foundation.  I also believe that proposed exhibits AHIF-1 through AHIF-12 provided by Mr. Matasar were originally obtained from room X by Mr. Berger.

5 - Declaration of Special Agent Colleen Anderson In Support of United States' Motion In
        Limine to Determine Admissibility of Proposed Exhibits AHIF-1 through AHIF-12

20.  I have reviewed the signatures in proposed exhibits AHIF-2 and AHIF-3. Based on what I believe are known signatures of Defendant Sedaghaty and his fugitive co-defendant Soliman Al-But'he, it is my opinion that both of these defendants signed the AHIF-2 and AHIF-3 exhibits.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 13, 2010.

_____
Colleen Anderson, Special Agent
Internal Revenue Service/CI