Steven T. Wax, OSB No. 85012
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: steve_wax@fd.org

Lawrence Matasar, OSB No. 74209
621 SW Morrison Street, Suite #1025
Portland, OR 97205
Tel: (503) 222-9830
Email: larry@pdxlaw.com

**Attorneys for Defendant**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Plaintiff, <br><br> v. <br><br> **PIROUZ SEDAGHATY,** <br><br> Defendant. | CR 05-60008 <br><br> **DEFENDANT'S FOURTH ADDITION TO MOTION IN LIMINE** |

Defendant Pirouz Sedaghaty, through his attorneys, Steven T. Wax and Lawrence Matasar, respectfully requests the preclusion of Proposed Government

Exhibits SW-1 and EK-7. The government has prepared a compilation of video clips which is what the government intends on introducing at trial. These clips are compiled from the videos labeled as SW-1 and EK-7 in the government's proposed exhibit list. Mr. Sedaghaty objects to the videos in their entirety[1], the complication, as well as EK-7a, a translation of a portion of the clips. The SW-1 and EK-7[2] video clips are labeled as:

    Chechnya 1-1.wmv
    Chechnya1-2.wmv
    Chechnya1-3.wmv
    Chechnya2-1.wmv
    Chechnya2-2.wmv
    Chechnya2-3.wmv
    Kohlmann1-1.wmv
    Kohlmann1-2.wmv
    Kohlmann1-3.wmv
    Kohlmann2-1.wmv
    Kohlmann2-2.wmv

The clips labeled "Chechnya" are apparently excerpted from a video that was found in the Al Haramain building during the execution of the search warrant. We understand that the clips labeled "Kohlmann" are excerpted from an electronic video

---

[1] The arguments that are made herein apply to the videos in their entirety, as well as the specific clips compiled by the government.

[2] The government has informed counsel that it intends on adding 3578-80 GOV as Proposed Government Exhibit EK-7a. Mr. Sedaghaty objects to this proposed exhibit on several grounds. First, the translation appears to over-emphasize certain words thereby communicating an incorrect meaning to the jury. For example, at 3579 GOV, the translation of "Taliban" is capitalized. The meaning of this word in this context is "student" not a "fighter" as the capitalized word suggests. Second, this translation is of a video that is entirely irrelevant in this case. There is no connection between the video and Mr. Sedaghaty, rather it was downloaded from the internet. It is from a time period entirely outside any of the alleged facts in this case. The video clips and this translation should be excluded because they are irrelevant and overly prejudicial.

Page 2 -    DEFENDANT'S FOURTH ADDITION TO MOTION IN LIMINE

that Evan Kohlmann downloaded from the internet, from a website that has no connection to Al Haramain.  Of these eleven clips, only portions of five different clips reveal any dates reflecting when these clips may have been recorded.  The earliest date reflected may possibly be from 1991, and the latest dates appears to be from sometime in 1997.  In addition, the videos are also of a very poor visual quality.  They are dark and grainy, and it is difficult to decipher exactly what is taking place in the clips.  *See* e.g. Ex. A (compare a screen shot of Chechnya2-3.wmv to a screen shot taken from a CNN video).  This is a problem throughout all of the video clips.

     Review of these clips reveal several factors that warrant their exclusion.  First, the clips that were excerpted from a video found at the Al Haramain building are overly prejudicial, not only because of the content, which will be addressed below, but also because the existence of those clips in the Al Haramain building is insignificant.  *See* Fed. R. Evid. 403.  The defense has reviewed all of the videos that were recovered from the Al Haramain building.  The review revealed that there is no question that Mr. Sedaghaty collected a great number of videos on a variety of topics.  Specifically, he taped a great number of television shows and news stories.  For example, of the approximately 2, 237 segments/taped programs, 411 segments were taped from the Discovery channel and 231 segments were from the TLC (The Learning Channel).  Defense Proposed Exhibit 1002 (in progress).  Moreover, many people had access to the Al Haramain building.  In addition to the employees, the Al Haramain building was consistently used as a religious and social meeting place, and even as a home for numerous people.    Therefore, it is impossible to confirm whether the video that the "Chechnya" clips were excerpted from are actually from a video that was collected by

Page 3 -	DEFENDANT'S FOURTH ADDITION TO MOTION IN LIMINE

Mr. Sedaghaty. As a result, the clips themselves are irrelevant, and their presence in the Al Haramain buidling is overly prejudicial. Fed. R. Evid. 401, 403.

Second, the "Kohlmann" clips are excerpted from an electronic file that Mr. Kohlmann downloaded from the internet. These clips are not related to Mr. Sedaghaty in any manner. There is no argument the government can assert that connects these clips to Mr. Sedaghaty in a manner that would make them relevant or probative to any issue in this case. Even if this Court discerns some relevance in the downloaded clips, the prejudice caused by such inflammatory images far outweighs any possible probative value. Fed. R. Evid. 401, 403.

Third, all of the clips are either undated, or are too far outdated to be relevant or probative in this case. Fed. R. Evid. 401, 403. The only dates revealed in portions of these clips are from possibly as early as 1991 through as late as 1997. It is important to note, that these videos are of very poor quality and it is impossible to clearly read the dates that sporadically appear on the screen. For example, throughout chechnya2-3.wmv, it appears as possibly dated April 22, 1995, however, it is very blurry. *See* Ex. A. Also, in kohlmann2-2.wmv, at approximately 3:15 through 3:28, part of the year appears to be purposely blacked out, altering and obscuring the date of the video. It is possibly from sometime in the 1990s. All of the clips are far outside of the relevant time period of the charges in the indictment. In addition, any minimal probative value is again outweighed by prejudice.

Fourth, the content of the clips is not relevant and is extremely inflammatory. Fed. R. Evid. 401, 403. The content of the clips from the videos taken from the Al Haramain building reflects a Turkish video about the plight of the Chechen people

Page 4 -      DEFENDANT'S FOURTH ADDITION TO MOTION IN LIMINE

during the first Chechen war.  *See* Kohlmann report, 3065 GOV.  This video, which is marked with the logo of the American Islamic Group, appears to have been created well before the formation of Al Haramain USA.  It is unclear how it is related to this case.  Other than the fact that the video was found in the Al Haramain building, nearly a decade after the events contained in the video, there is no foundation for the admissibility of this video.  Nor are these clips relevant for any point the government is attempting to make.  Following the war in Chechnya only indicates that persons at Al Haramain were concerned and interested in the plight of the Chechen people.  It is not relevant to the idea that a person who follows the Chechen war therefore supports Chechen fighters.

   The videos that Kohlmann downloaded mention the Kavkaz camp, an entity the government continues to focus on in this case.  The government relies on Kohlmann to connect Al Haramain to the Kavkaz center.  *See* Kohlmann report, 3056-57 GOV.  However, Kohlmann primarily restates information provided by the Russian Federal Police Service (FSB).  This information is currently inadmissible and unreliable.  *See e.g.* CR 393.  Even if the government has an argument that the Kavkaz camp is somehow related to Al Haramain Saudi Arabia, the clips are outdated and bear no significance to Al Haramain USA nor to Mr. Sedaghaty.

   Mr. Sedaghaty is not charged with material support of terrorism, nor is he charged with anything regarding the war in Chechnya in the early 1990s.  Admission of video of these events, and in support of these events, would be a "blatant appeal to the jury's emotions and prejudices." *United States v. Al-Moayad*, 545 F.3d 139, 161  (2d Cir. 2008) (finding that video of a speaker praising a bus bombing during a wedding

Page 5 -    DEFENDANT'S FOURTH ADDITION TO MOTION IN LIMINE

related to the defendant should not have been admitted during the criminal trial).

Similar to the government's efforts in this case, the prosecutor in the case of Mr. Al-Moayad, a person charged with, inter alia, providing material support to a terrorist organization, presented testimony and images related to an Al-Qaeda training camp. *Al-Moayad*, 545 F.3d at 162-63.  The Second Circuit recognized that the government failed to link the testimony and images related to the Al-Qaeda training camp to Mr. Al-Moayad.  The court found that "the district court seems simply to have failed to make the required 'conscientious assessment' of the testimony's prejudicial effect in comparison with its probative value."  Al-Moayad, 545 F.3d at 162 (ultimately concluding that had the district performed the weighing analysis, it would not have found the material admissible).

In this case, the government seeks to admit evidence that is not related to Mr. Sedaghaty.  The video clips that the government has collected and excerpted are irrelevant, and even if probative, overly prejudicial and should be excluded from the evidence in this case.  Fed. R. Evid. 401, 403.

RESPECTFULLY SUBMITTED this 21st day of July, 2010.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender

/s/ Lawrence H. Matasar
Lawrence H. Matasar

Michelle Sweet
On the Motion