**Steven T. Wax, OSB No. 85012**
**Federal Public Defender**
**101 SW Main Street, Suite 1700**
**Portland, OR  97204**
**Tel: (503) 326-2123**
**Fax: (503) 326-5524**
**Email: steve_wax@fd.org**

**Lawrence Matasar, OSB No. 74209**
**621 SW Morrison Street, Suite #1025**
**Portland, OR 97205**
**Tel: (503) 222-9830**
**Email: larry@pdxlaw.com**

**Attorneys for Defendant**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>                                    **Plaintiff,**<br><br>         v.<br><br>**PIROUZ SEDAGHATY,**<br><br>                                    **Defendant.** | CR 05-60008<br><br>**MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING GOVERNMENT'S MOTION IN LIMINE TO DETERMINE ADMISSIBILITY OF EXHIBITS AHIF-1 THROUGH AHIF-12** |

Defendant Pirouz Sedaghaty, through his attorneys, Steven T. Wax and

Lawrence Matasar, previously argued against the admissibility of government exhibits

**Page 1 -**       **DEFENDANT'S SUPPLEMENTAL  RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO DETERMINE ADMISSIBILITY OF EXHIBITS AHIF-1 THROUGH AHIF-12**

AHIF-1 through AHIF-12. On July 27, 2010, the Court ordered that AHIF-1 and AHIF-2 should be admitted over Mr. Sedaghaty's objections. Mr. Sedaghaty requests that the Court reconsider the decision admitting these documents for the following three reasons.

It is undisputed that AHIF-1 and AHIF-2 did not come from the Ashland Al Haramain building. Rather, they originated in Saudi Arabia and were provided to the government in response to a grand jury subpoena in 2003. These documents include handwritten statements on them. The government is in possession of AHIF-1 in another form with no handwriting on it, the check as it existed on March 11, 2000. (government proposed exhibit BOA-9). The government is also in possession of the AHIF-2 form as it existed on March 10 or 11, 2000, without the handwritten notation. (GOV 1269). It is unknown when the handwritten statements were placed on these documents. The only date certain is that the handwriting existed on these documents in the fall of 2003 when they were provided to Mr. Matasar and then to the government. These handwritten statements cannot be considered statements of a co-conspirator under Fed. R. Evid. 801(d)(2)(E) and are inadmissible for several reasons. Their excision from the exhibits is required.

First, under Fed. R. Evid. 801(d)(2)(E) and *Bourjaily v. United States*, 483 U.S. 171, 175 (1987), the offering party must show that the conspiracy existed which involved the declarant and the non-offering party; the declaration must be during the course of the conspiracy; and, the declaration must be in furtherance of the conspiracy. Here, there is no evidence to suggest that the handwritten statements were made

during the course of and in furtherance of the alleged conspiracy which, according to the indictment, existed from late 1999 until October 2001. As stated above, the earliest proof the government has that the statement existed was in 2003.

The indictment alleges that the conspiracy began in late 1999 and ended in October 2001. The Court will be required to instruct that the acts alleged in the conspiracy count occurred within that time frame. *See* Proposed Ninth Circuit Model Jury Instruction 8.20. See *also*, *United States v. Gordon*, 844 F.2d 1397, 1401 (9th Cir. 1988) (in discussing improperly pled duplicative conspiracy counts in the indictment, the Ninth Circuit held that acts in the nature of a cover up, occurring six months after the core conspiracy count, were part of a separate conspiracy). Statements made in 2003 were well outside the "course of conspiracy" charged. *See United States v. Vowiell*, 869 F.2d 1264, 1267 (9th Cir. 1989) (statements made outside the conspiracy are not made "during the course of" the conspiracy). They are, therefore, inadmissible.

Second, it is the government's burden, as the offering party, to establish that the statements were made during the course of and in furtherance of a conspiracy. *See United States v. Bowman,* 215 F.3d 951, 960-61 (9th Cir. 2000) ("statement of a co-conspirator is admissible against the defendant *if the government shows by a preponderance of the evidence* that a conspiracy existed at the time the statement was made; the defendant had knowledge of, and participated in, the conspiracy; and the statement was made in furtherance of the conspiracy") (emphasis added) (citing *Bourjaily*). The government has failed to offer any proof of the foundational

prerequisites required by Fed. R. Evid. 801(d)(2)(E) and the Supreme Court in *Bourjaily*, 483 U.S. at 175.  They do not even offer speculation as to the date.

As established above, these statements are not admissible as statements of a co-conspirator under Fed. R. Evid. 801(d)(2)(e).  The fact that the government asserts that the statements on the forms are not offered for their truth does not render them admissible.  First, assertion in no manner eliminates the "course of conspiracy" requirement.  Second, the offer is for the purpose of proving a separate act of the co-defendant by the utterances of a co-defendant that the government contends are lies.  This assertion assumes facts that cannot be assumed but must be proven.  Moreover, even if the government could prove that Mr. Al Buthe lied, there is no connection to Mr. Sedaghaty or to the alleged conspiracy that ended in October of 2001.  In any case, the prejudice far exceeds the probative value.   The statements cannot be admitted under the government's theory, or for any other purpose, without violating the Confrontation Clause of the Sixth Amendment of the United States' Constitution.

Mr. Sedaghaty respectfully requests that the Court reconsider its Order admitting AHIF-1 and AHIF-2.  These should not be admitted.

RESPECTFULLY SUBMITTED this 28th day of July, 2010.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender

/s/ Lawrence H. Matasar
Lawrence H. Matasar

Michelle Sweet
On The Pleading

Page 4 -   DEFENDANT'S SUPPLEMENTAL  RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO DETERMINE ADMISSIBILITY OF EXHIBITS AHIF-1 THROUGH AHIF-12