**Steven T. Wax, OSB No. 85012**
**Federal Public Defender**
**101 SW Main Street, Suite 1700**
**Portland, OR  97204**
**Tel: (503) 326-2123**
**Fax: (503) 326-5524**
**Email: steve_wax@fd.org**

**Lawrence Matasar, OSB No. 74209**
**621 SW Morrison Street, Suite 1025**
**Portland, OR 97205**
**Tel: (503) 222-9830**
**Email: larry@pdxlaw.com**

**Attorneys for Defendant**

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **No. CR 05-60008 HO** |
| **Plaintiff,** | |
| **v.** | **DEFENDANT'S PROPOSED JURY INSTRUCTIONS** |
| **PIROUZ SEDAGHATY,** | |
| **Defendant.** | ***ORAL ARGUMENT REQUESTED*** |

Defendant, Pirouz Sedaghaty, by and through his attorneys, Federal Public Defender Steven T. Wax and Lawrence Matasar, pursuant to Federal Rule of Criminal Procedure 30, hereby requests that the Court give the following instructions to the jury

impaneled in this case.

Mr. Sedaghaty requests permission to file such additional requested jury instructions as may become necessary during the course of the trial.

Mr. Sedaghaty further requests that in reading any instructions to the jury which contain the term "the defendant" or "the accused," the Court substitute the defendant's name, Mr. Sedaghaty, for such term.

**PRELIMINARY INSTRUCTIONS AT THE BEGINNING OF THE CASE**

| Defendant's Requested Preliminary Instruction No. | Instruction | Page |
|---|---|---|
| A | DUTY OF JURY | 4 |
| B | THE CHARGES – INDICTMENT – PRESUMPTION OF INNOCENCE | 5 |
| C | PUBLICITY AND NEWS MEDIA REPORTS (pre-trial) | 9 |
| D | RULING ON OBJECTIONS | 10 |
| E | CREDIBILITY OF WITNESSES | 11 |
| F | CONDUCT OF THE JURY | 12 |
| G | NO TRANSCRIPT AVAILABLE TO JURY | 13 |
| H | OUTLINE OF TRIAL | 16 |
| I | SEPARATE CONSIDERATION FOR EACH DEFENDANT | 17 |

Defendant's Requested
Preliminary Instruction No. A

INSTRUCTION NO. _____

## DUTY OF JURY

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. These are preliminary instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.[1]

---

[1]Based on Ninth Circuit Manual of Model Criminal Jury Instructions § 1.1.

Defendant's Requested                                    INSTRUCTION NO. _____
Preliminary Instruction No. B

### THE CHARGES – INDICTMENT – PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government. The government charges Mr. Sedaghaty with conspiracy and filing a false tax return.  The charges against Mr. Sedaghaty are contained in the indictment. The indictment is simply the description of the charges made by the government against the defendant.  The indictment is not evidence of anything.

Mr. Sedaghaty has pleaded not guilty to the charges, denying his guilt.  Under our system of laws, a defendant is presumed to be innocent.  This means that the government bears the heavy burden of proving his guilt of each and every element of the offenses charged, if it can, beyond a reasonable doubt.  Mr. Sedaghaty is presumed innocent and does not have to testify or present any evidence to prove his innocence.[2]

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes which the government must prove to make its case:

First, beginning in late 1999 and ending in October 2001, there was an agreement between two or more persons to defraud the United States by obstructing the lawful functions of the IRS and the former United States Customs Service by deceitful or dishonest means as charged in the indictment.

Specifically, the government must prove, as charged in the indictment, that Mr. Sedaghaty, Mr. Al Buthe, and other persons, known or unknown, agreed to impede, impair,

---

[2]Based on NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS § 1.2.

obstruct, and defeat the former United States Customs Service in the collection of information concerning the transportation of currency and monetary instruments leaving the United States when Mr. Al Buthe left the United States and knowingly failed to complete a customs form regarding the travelers checks and cashiers check, purchased at Bank of America.

The indictment also alleges that Mr. Sedaghaty, Mr. Al Buthe, and other persons, known or unknown, agreed to impede, impair, obstruct, and defeat the IRS in the collection of information concerning financial transactions of tax exempt organizations.

The government must also prove that Mr. Sedaghaty became a member of the conspiracy knowing of its object and intending to help accomplish it.  The object alleged that the government must prove beyond a reasonable doubt was to prevent the United States government from learning of a particular transaction; the transaction being that an Egyptian donor wired $150,000 to Al-Haramain Ashland, that the funds were converted into travelers checks and a cashier's check, and were then taken out of the United States by Mr. Al Buthe, intending that the funds be delivered to the Chechen mujahideen.

The government must also prove that one of the members of the conspiracy performed at least one overt act after late 1999 for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

An agreement to defraud is an agreement to deceive or to cheat, but one who acts on an honest and good faith misunderstanding as to the requirements of the law does not act with an intent to defraud simply because his understanding of the law is wrong or even irrational.

A conspiracy is a kind of criminal partnership - an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

Mr. Sedaghaty is charged in Count 2 of the indictment with filing a false tax return in violation of Section 7206(1) of Title 26 of the United States Code. In order for Mr. Sedaghaty to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1.      Mr. Sedaghaty made and signed a tax return for the year 2000 that he knew contained false information in lines 1, 22, and 57a; that is, that the income reported on line 1 was understated, that the donations included in line 22 were understated, and that the value of the Springfield prayer house listed on line 57a was overstated;

2.      The mistakes in lines 1,22, and 57a were material;

3.      The return contained a written declaration that it was being signed subject to the penalties of perjury; and

4.      In filing the false tax return, Mr. Sedaghaty acted willfully.

In this case, in order to prove materiality the government must establish that the

mistakes on line 1, 22, and 57a were predictably capable of affecting, i.e., had a natural tendency to affect[3] the IRS's ultimate determination of Al Haramain's tax exempt status. In other words, would an understatement of Line 1, an understatement of Line 22, or an overstatement of Line 57a, have changed the IRS's ultimate determination of Al Haramain's tax exempt status?[4]

In order to prove that Mr. Sedaghaty acted willfully, the government must prove beyond a reasonable doubt that Mr. Sedaghaty willfully provided false information to his accountant in order to hide money donated to Chechen mujahadeen, willfully signed the tax return knowing that the federal tax law imposed upon him a duty to report accurately on lines 1, 22, and 57a and that he intentionally and voluntarily underreported income and donations on lines 1, 22, and overvalued the Springfield prayer house on line 57a, and that it was predictable that these amounts would have affected the IRS's ultimate determination of Al Haramain's tax exempt status for the express purpose of hiding the fact that he had donated money to Chechen mujahadeen.

---

[3]*See Kungys v. United States*, 485 U.S. 759, 771 (1988) (whether the misrepresentation or concealment was "predictably capable of affecting, *i.e.*, had a natural tendency to affect, the official decision.").

[4]Based on NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS § 9.37.

Defendant's Requested                         INSTRUCTION NO. _____
Preliminary Instruction No. C

## PUBLICITY AND NEWS MEDIA REPORTS (pre-trial)

There has been publicity about this case before the beginning of this trial. The statements contained in some of the accounts may not be accurate and may have come from individuals who will not be present in court as witnesses to be seen and evaluated by the jury, and will not be examined or cross-examined by either of the parties under oath.

In addition, there has been media coverage about actions of other Muslims and men from the Middle East.  That publicity has no relation to Mr. Sedaghaty or the charges in this indictment.

You must lay aside and completely disregard anything you may have read or heard about this case or other people outside of this courtroom. Your verdict must be based solely and exclusively on the evidence presented here in court in accordance with my instructions to you about the law you must apply to the evidence. It would also be a violation of your oath as jurors to allow yourselves to be influenced in any manner by any publicity.

*See United States v. Doggett*, 821 F.2d 1049, 1050 (5th Cir. 1987).

**Page 9.        DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Defendant's Requested
Preliminary Instruction No. D

INSTRUCTION NO. _____

## RULING ON OBJECTIONS

There are rules of evidence which control what can be received into evidence.

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the

other side thinks that it is not permitted by the rules of evidence, that lawyer may object.

If I overrule the objection, the question may be answered or the exhibit received. If I

sustain the objection, the question cannot be answered, and the exhibit cannot be

received. Whenever I sustain an objection to a question, you must ignore the question

and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you

disregard or ignore the evidence.  That means that when you are deciding the case,

you must not consider the evidence which I told you to disregard.[5]

---

[5]Based on NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS § 1.7.

Defendant's Requested                                    INSTRUCTION NO. _____
Preliminary Instruction E

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.      the opportunity and ability of the witness to see or hear or know the things testified to;

2.      the witness's memory;

3.      the witness's manner while testifying;

4.      the witness's interest in the outcome of the case and any bias or prejudice;

5.      whether other evidence contradicted the witness's testimony;

6.      the reasonableness of the witness's testimony in light of all the evidence; and

7.      any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.[6]

---

[6]Based on NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS § 1.8.

**Page 11.        DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Defendant's Requested                         INSTRUCTION NO. _____
Preliminary Instruction No. F

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, website or other feature. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind throughout your service as jurors.[7]

_____

[7]Based on NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS § 1.9.

Defendant's Requested                    INSTRUCTION NO. _____
Preliminary Instruction No. G

### NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial you will have to make your decision based on what you

recall of the evidence. You will not have a written transcript of the trial. I urge you to pay

close attention to the testimony as it is given.[8]

---

[8]Based on NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS § 1.10.

**Page 13.        DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Defendant's Requested
Preliminary Instruction No. H

INSTRUCTION NO. _____

### OUTLINE OF TRIAL

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, the defendant may present evidence and counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will then make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.[9]

---

[9]Based on NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS § 1.12.

Defendant's Requested                          INSTRUCTION NO. _____
Preliminary Instruction No. I

## SEPARATE CONSIDERATION FOR EACH DEFENDANT

Although there are two named defendants in the indictment, only Mr.

Sedaghaty's case is before you today.  You must give separate consideration to his

case.  In doing so, you must determine which evidence in the case applies to Mr.

Sedaghaty, disregarding any evidence that applies solely to Mr. Al Buthe.  The fact that,

if he were here before you today, you may find Mr. Al Buthe guilty or not guilty may not

control your verdict as to Mr. Sedaghaty.[10]

---

[10]Based on NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS § 1.14.

## INSTRUCTIONS IN THE COURSE OF TRIAL

| Defendant's Requested Instruction No. | Instruction | Page |
|---|---|---|
| A-1 | OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT | 17 |
| A-2 | PUBLICITY AND NEWS MEDIA REPORTS ON THE TRIAL (during trial) | 18 |

Defendant's Requested                    INSTRUCTION NO. _____
Instruction No A-1

### OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT

You are about to hear testimony that the defendant previously committed other

[crimes] [wrongs] [acts] not charged here.  I instruct you that the testimony is being

admitted only for the limited purpose of being considered by you on the question of

defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity]

[absence of mistake] [absence of accident] and for no other purpose.[11]

---

[11]Based on NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS § 2.10.

Defendant's Requested                           INSTRUCTION NO. _____
Instruction No. A-2

### PUBLICITY AND NEWS MEDIA REPORTS ON THE TRIAL (during trial)

I am advised that reports about this trial are appearing in the newspapers, on

television, on radio, and on the internet. The person who wrote or is reporting the story

may not have listened to all of the testimony as you have, may be getting information

from people who you will not see here in Court under oath and subject to cross-

examination, may emphasize an unimportant point, or may be wrong.

Do not read anything or listen to anything or watch anything regarding this trial,

or surf the Internet in regard to anything about this case. The case must be decided by

you solely and exclusively on the evidence received here in court.[12]

***Requested Only If Publicity and News Media Reports on the Trial Occur During***

***Trial.***

---

[12]Based in part on NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS § 2.1; *see United States v. Doggett*, 821 F.2d 1049, 1050-1051 (5th Cir. 1987).

**Page 18.        DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

## INSTRUCTIONS AT END OF TRIAL

| Defendant's Requested Instruction No. | Instruction | Page |
|---|---|---|
| 1 | DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW | 21 |
| 2 | CHARGE AGAINST DEFENDANT NOT EVIDENCE — PRESUMPTION OF INNOCENCE — BURDEN OF PROOF | 22 |
| 3 | BURDEN OF PROOF – REASONABLE DOUBT | 23 |
| 4 | MULTIPLE INFERENCES | 25 |
| 5 | EFFECT OF DEFENDANT'S NOT TESTIFYING | 26 |
| 6 | DEFENDANT'S DECISION TO TESTIFY | 27 |
| 7 | EVIDENCE | 28 |
| 8 | WHAT IS NOT EVIDENCE | 29 |
| 9 | PROOF OF EACH ELEMENT | 30 |
| 10 | EVIDENCE OF OTHER ACTS OF DEFENDANT OR ACTS AND STATEMENTS OF OTHERS | 31 |
| 11 | EVIDENCE FOR LIMITED PURPOSE | 32 |
| 12 | STATEMENT OF DEFENDANT | 33 |
| 13 | GENERAL CONSIDERATIONS IN EVALUATING WITNESSES' TESTIMONY | 34 |
| 14 | CREDIBILITY OF WITNESSES – INCONSISTENT STATEMENT (*FALSUS IN UNO FALSUS IN OMNIBUS*) | 35 |
| 15 | LAW ENFORCEMENT OFFICER TESTIMONY | 36 |
| 16 | EXPERT TESTIMONY | 37 |
| 17 | SEPARATE CONSIDERATION OF MULTIPLE COUNTS | 38 |
| 18 | STIPULATIONS | 39 |

| 19 | CHARACTER TESTIMONY AND EVIDENCE | 40 |
|----|----------------------------------|----|
| 20 | CHARTS AND SUMMARIES IN EVIDENCE | 41 |
| 21 | EVIDENCE CONSIDERATIONS | 42 |
| 22 | ELEMENTS OF THE OFFENSE - Conspiracy to Defraud the United States | 43 |
| 23 | ELEMENTS OF THE OFFENSE - Filing False Tax Return | 47 |
| 24 | KNOWLEDGE | 49 |
| 25 | WILLFULLY | 50 |
| 26 | THEORY OF DEFENSE | 51 |
| 27 | DUTY AS JURORS | 52 |
| 28 | IMPROPER CONSIDERATIONS | 53 |
| 29 | COMMUNICATION WITH COURT | 54 |

Defendant's Requested
Instruction No. 1

INSTRUCTION NO. _____

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.[13]

---

[13]Based on NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS §3.1

Defendant's Requested                                     INSTRUCTION NO. _____
Instruction No. 2

## CHARGE AGAINST DEFENDANT NOT EVIDENCE
## — PRESUMPTION OF INNOCENCE — BURDEN OF PROOF

As I explained at the outset of the case, the indictment is not evidence.  It is simply the description of the charges made by the government against Mr. Sedaghaty; not evidence of any kind or of anything. Mr. Sedaghaty has pleaded not guilty to the charges. As I told you at the outset, this plea put in issue each of the essential elements of the offenses as described in these instructions, and imposes on the government the burden of establishing each of these elements by proof beyond a reasonable doubt.  A defendant maintains the right to remain silent and never has to prove his innocence or present any evidence.[14] Mr. Sedaghaty is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

---

[14]Based on NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS § 1.2 and 3.2 (2003).

Defendant's Requested                    INSTRUCTION NO. _____
Instruction No. 3

## BURDEN OF PROOF – REASONABLE DOUBT

The law presumes a defendant to be innocent of crime. Thus a defendant, although accused, begins the trial with a "clean slate" – with no evidence against him. The law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. The presumption of innocence alone is sufficient to acquit a defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

It is not required that the government prove guilt beyond all possible doubt. A reasonable doubt is a doubt based upon reason and common sense – the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant; for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

A reasonable doubt may rise not only from the evidence produced at trial, but also from a lack of evidence. Since the burden is upon the prosecution to prove an accused guilty beyond a reasonable doubt of every essential element of a criminal charge, a

defendant has the right to rely upon failure of the prosecution to establish such proof.

If the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that a defendant is guilty of the charge, it must acquit. If the jury views the evidence in the case as reasonably permitting either of two conclusions -- one of innocence, the other of guilt – the jury must adopt the conclusion of innocence.

Remember also that the question before you can never be: Will the government win or lose the case? The government does not win or lose, justice is done, regardless of whether the verdict be guilty or not guilty.[15]

---

[15] *See*, MODERN FEDERAL JURY INSTRUCTIONS § 4-1 (2007); NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS § 3.5 (2003); O'Malley, *et.al*, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 12.10 (2000)*; United States v. James*, 576 F.2d 223, 227 (9th Cir. 1978)

Defendant's Requested                              INSTRUCTION NO. _____
Instruction No. 4

## MULTIPLE INFERENCES

When there is an innocent explanation for a defendant's conduct as well as one that

suggests wrongdoing, the defendant is entitled to the favorable inference and a verdict of

not guilty.

Defendant's Requested                           INSTRUCTION NO. _____
Instruction No. 5

## EFFECT OF DEFENDANT'S NOT TESTIFYING

Our system of law permits an accused in a criminal case to choose to testify or

proceed through his attorney. No inference of any kind may be drawn from the

defendant's choice not to testify. As previously stated, the burden is entirely on the

prosecution to present evidence to rebut the presumption of innocence.[16]


*Requested if Mr. Sedaghaty does not testify at trial.*

---

[16]Adapted from O'Malley, *et.al* , FEDERAL JURY PRACTICE AND INSTRUCTIONS § 15.14 (2000); *see also* NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS §3.3.

Defendant's Requested
Instruction No. 6

INSTRUCTION NO. _____

## DEFENDANT'S DECISION TO TESTIFY

The defendant has testified. You should treat this testimony just as you would

the testimony of any other witness.[17]

*Requested only if Mr. Sedaghaty testifies at trial*

---

[17]Based on NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS §3.4

Defendant's Requested                                    INSTRUCTION NO. _____
Instruction No. 7

## EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. The sworn testimony of any witness;

2. The exhibits that are received into evidence; and

3. Any facts to which all lawyers stipulate.[18]

---

[18]Based on Ninth Circuit Manual of Model Criminal Jury Instructions §3.6

Defendant's Requested                          INSTRUCTION NO. _____
Instruction No. 8

**WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits

received into evidence.  Certain things are not evidence and you may not consider them

in deciding what the facts are.  I will list them for you:

1.      Arguments and statements by lawyers are not evidence.  The lawyers are

not witnesses.  What they have said in their opening statements, will say in their closing

arguments and at other times is intended to help you interpret the evidence, but it is not

evidence.  If the facts as you remember them differ from the way the lawyers state

them, your memory of them controls.

2.      Questions and objections by lawyer are not evidence.  Attorneys have a

duty to their clients to object when they believe a question is improper under the rules of

evidence.  You should not be influenced by the question, the objection, or the court's

ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been

instructed to disregard, is not evidence and must not be considered.  In addition, some

testimony and exhibits have been received only for a limited purpose; where I have

given a limiting instruction, you must follow it.

4.      Anything you may have seen or heard when the court was not in session

is not evidence.  You are to decide the case solely on the evidence received at the

trial.[19]

---

[19] Based on NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS §3.7 (2003).

Defendant's Requested
Instruction No. 9

INSTRUCTION NO. _____

## PROOF OF EACH ELEMENT

Mr. Sedaghaty is entitled to an acquittal unless the government proves beyond a reasonable doubt that he has committed each and every element of the offense with which he is charged. Failure of proof on any one of the elements must lead to an acquittal regardless of the strength of the proof on any others.[20]

---

[20] Based on NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS § 3.2 (2003).

Defendant's Requested
Instruction No. 10

INSTRUCTION NO. _____

## EVIDENCE OF OTHER ACTS OF DEFENDANT
## OR ACTS AND STATEMENTS OF OTHERS

You are here only to determine whether the government has proven Mr.

Sedaghaty guilty of the charges in the indictment. Your determination must be made

only from the evidence in the case. Mr. Sedaghaty is not on trial for any conduct or

offense not charged in the indictment. You should not consider evidence about other

acts of Mr. Sedaghaty or speculate about any other offenses.[21]

You should consider evidence about the acts, statements, and intentions of

others, or evidence about other acts of the defendant, only as they relate to the charges

against this defendant.

Your verdict must be specific to Mr. Sedaghaty on these charges and not be

guided by any belief about guilt or lack of guilt of Mr. Al Buthe or any other person.

---

[21] Based on NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS § 3.10, 4.3
(2003).

**Page 31.**       **DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Defendant's Requested                          INSTRUCTION NO. _____
Instruction No. 11

## EVIDENCE FOR LIMITED PURPOSE

Some evidence has been admitted for a limited purpose only. When I instruct

you that an item of evidence has been admitted for a limited purpose, you must

consider it only for that limited purpose and for no other.

*Requested if applicable.*

Defendant's Requested
Instruction No. 12

INSTRUCTION NO. _____

## STATEMENT BY DEFENDANT

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  Evidence about a statement should be disregarded entirely unless the evidence in the case convinces the jury beyond a reasonable doubt that the statement or act or omission was made and was made or done knowingly and voluntarily.[22]

In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

---

[22]Adapted from O'Malley, *et.al* , FEDERAL JURY PRACTICE AND INSTRUCTIONS  § 4.1 and § 14.03 (2000).

Defendant's Requested                          INSTRUCTION NO. _____
Instruction No. 13

## GENERAL CONSIDERATIONS IN EVALUATING WITNESSES' TESTIMONY

As I have just reminded you, it is your job to decide if the government has proved

the guilt of the defendant beyond a reasonable doubt. An important part of that job will

be making judgments about the witnesses who testified in this case. You should decide

whether you believe what each person had to say, and how important their testimony

was by asking yourself a few questions: Did the person impress you as honest? Did he

or she have any particular reason not to tell the truth? Did he or she have a personal

interest in the outcome of the case? Did the witness seem to have a good memory? Did

the witness have the opportunity and ability to observe accurately the things he or she

testified about? Did he or she appear to understand the questions clearly and answer

them directly? Did the witness's testimony differ from the testimony of other witnesses?

Did the witness's testimony change over time? These are a few of the considerations

that will help you determine the accuracy of what each witness said.

In making up your mind and reaching a verdict, do not make any decisions

simply because there were more witnesses on one side than on the other. Do not reach

a conclusion on a particular point just because there were more witnesses testifying for

one side on that point. Your job is to think about the testimony of each witness you hear

and decide how much you believe of what he or she had to say.[23]

---

[23] *See*, Based on NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS § 3.9;
MODERN FEDERAL JURY INSTRUCTIONS § 7-1 (2007).

Defendant's Requested                           INSTRUCTION NO. _____
Instruction No. 14

## CREDIBILITY OF WITNESSES – INCONSISTENT STATEMENT
### (*FALSUS IN UNO FALSUS IN OMNIBUS*)

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has made prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.[24]

---

[24] O'Malley, *et.al* , FEDERAL JURY PRACTICE AND INSTRUCTIONS  § 15.06 (2000).

Defendant's Requested                          INSTRUCTION NO. _____
Instruction No. 15

## LAW ENFORCEMENT OFFICER TESTIMONY

The testimony of a law enforcement officer is to be treated by you in the same manner as that of any other witnesses. All witnesses who appeared in the court swore to tell the truth. Law enforcement officers (including FBI or IRS officers) did no more and no less.[25]

---

[25] *See generally* O'Malley, *et.al* , FEDERAL JURY PRACTICE AND INSTRUCTIONS  § 15.01 (2000) (regarding credibility of witnesses generally).

Defendant's Requested                    INSTRUCTION NO. _____
Instruction No. 16

## EXPERT TESTIMONY

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call expert witnesses. Witnesses who by education and experience have become expert in some art, science, profession, or calling may state an opinion as to relevant material matters in which they profess to be expert. They may also state their reasons for the opinion.[26]

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence or that the expert has not presented to you a sufficient basis for his opinion, you may disregard the opinion entirely.[27]

---

[26] Fed. R. Evid. 702

[27] Fed. R. Evid. 704.

Defendant's Requested
Instruction No. 17

INSTRUCTION NO. _____

## SEPARATE CONSIDERATION OF MULTIPLE COUNTS

A separate crime is charged against Mr. Sedaghaty in each count. You must

decide each count separately. Your verdict on one count should not control your verdict

on any other count.[28]

---

[28]Based on NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS §3.12

Defendant's Requested                          INSTRUCTION NO. _____
Instruction No. 18

## STIPULATIONS

In this case, the prosecution and defense have entered into several stipulations.

You may adopt the stipulations of the parties as fact if you so chose.

Defendant's Requested
Instruction No. 19

INSTRUCTION NO. _____

## CHARACTER TESTIMONY AND EVIDENCE

You have heard evidence of Mr. Sedaghaty's good character for peacefulness and good works. In deciding this case, you should consider that evidence together with and in the same manner as all the other evidence in the case.

Such character evidence may indicate to you that it is improbable that a person of such good character would commit the offense charged. Evidence of a defendant's reputation, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character in respect to those traits would commit such a crime. Accordingly, if after considering the question of Mr Sedaghaty's character for peacefulness and good works, you have a reasonable doubt whether Mr. Sedaghaty committed the charged offenses, you must acquit him of all the charges.[29]

---

[29]Based on , in part, NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS § 4.4.

Defendant's Requested                          INSTRUCTION NO. _____
Instruction No. 20

## CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been received into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.[30]

---

[30]Based on NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS § 4.19.

Defendant's Requested
Instruction No. 21

INSTRUCTION NO. _____

## EVIDENCE CONSIDERATIONS

If a party offers weaker or less satisfactory evidence when stronger and more satisfactory evidence could have been produced at trial, you may, but are not required to, consider this fact in your deliberations.

You must remember, however, that no defendant is ever obliged to produce any evidence or to call any witnesses.

Defendant's Requested                     INSTRUCTION NO. _____
Instruction No. 22

### ELEMENTS OF THE OFFENSE - Conspiracy to Defraud the United States

The defendant is charged in Count 1 of the indictment with conspiracy to defraud

the United Sates by obstructing the lawful functions of the Internal Revenue Service

(IRS) and the former United States Customs Service by deceitful or dishonest means in

violation of Section 371 of Title 18 of the United States Code.  In order for the

defendant to be found guilty of the charge, the government must prove each of the

following three elements beyond a reasonable doubt:[31]

First, beginning in late 1999 and ending in October 2001, Mr. Sedaghaty agreed

with Mr. Al Buthe (and others) to defraud the United States by obstructing the lawful

functions of the IRS and the former United States Customs Service by deceitful or

dishonest means as charged in the indictment.

Specifically, as alleged in the indictment, the government must prove that Mr.

Sedaghaty, Mr. Al Buthe, and other persons, known or unknown, agreed to impede,

impair, obstruct, and defeat the former United States Customs Service in the collection

of information concerning the transportation of currency and monetary instruments

leaving the United States when Mr. Al Buthe left the United States and failed to

complete a customs form regarding the travelers checks and cashiers check,

purchased at Bank of America.  In order to find Mr. Sedaghaty guilty on this theory, the

government must prove that Mr. Sedaghaty knew that it was unlawful to take the money

out of the country without reporting it and that Mr. Al Buthe intended not to complete the

---

[31]Based on the recently adopted NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY
INSTRUCTIONS § 8.20.

CMIR form to hide the intended donation to Chechen mujahadeen and that it was illegal to do so.

The indictment also alleges that Mr. Sedaghaty, Mr. Al Buthe, and other persons, known or unknown, agreed to impede, impair, obstruct, and defeat the IRS in the collection of information concerning financial transactions of tax exempt organizations. In order to find Mr. Sedaghaty guilty on this theory, the government must prove that Mr. Sedaghaty willfully misrepresented material facts on the tax return to hide a donation to Chechen mujahadeen.

Second, the defendant became a member of the conspiracy knowing of its object and intending to help accomplish it.  The object alleged that the government must prove beyond a reasonable doubt was to prevent the United States government from learning of a particular transaction; the transaction being that an Egyptian donor wired $150,000 to Al-Haramain Ashland, that the funds were converted into travelers checks and a cashier's check, and were then taken out of the United States by Mr. Al Buthe, intending that the funds be delivered to the Chechen mujahideen.

Third, one of the members of the conspiracy performed at least one overt act after late 1999 for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

An agreement to defraud is an agreement to deceive or to cheat, but one who acts on an honest and good faith misunderstanding as to the requirements of the law does not act with an intent to defraud simply because his understanding of the law is wrong or even irrational.

A conspiracy is a kind of criminal partnership - an agreement of two or more

persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  Willfulness requires that an act be done knowingly and intentionally, not through ignorance, mistake, or accident.[32]  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful.  A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy.  The government is not required to prove that the defendant personally did one of the overt

---

[32]Based on NINTH CIRCUIT MODEL CRIMINAL JURY INSTRUCTIONS § 5.5.

acts.

In this case, the government must prove beyond a reasonable doubt, that Mr. Sedaghaty had an agreement with Mr. Al Buthe, or others known and unknown, to hide money intended to go to the Chechen mujahideen, that the agreement included Mr. Al Buthe failing to report money donated for Chechen refugees that he took with him from the United States to Saudi Arabia, that Mr. Sedaghaty knew of that obligation and intent of Mr. Al Buthe not to report, and for Mr. Sedaghaty to sign a tax return, knowing that the federal tax law imposed upon him a duty to report accurately on lines 1, 22, and 57a and that he intentionally and voluntarily underreported income and donations on lines 1, 22, and 57a, overvalued the Springfield prayer house on line 57a, and that it was predictable that these amounts would have affected the IRS's ultimate determination of Al Haramain's tax exempt status.

Defendant's Requested
Instruction No. 23

INSTRUCTION NO. _____

## ELEMENTS OF THE OFFENSE - Filing False Tax Return

Mr. Sedaghaty is charged in Count 2 of the indictment with filing a false tax

return in violation of Section 7206(1) of Title 26 of the United States Code.  In order for

Mr. Sedaghaty to be found guilty of that charge, the government must prove each of the

following elements beyond a reasonable doubt:

1.    Mr. Sedaghaty made and signed a tax return for the year 2000 that he

knew contained false information in lines 1, 22, and 57a; that is, that the income

reported on line 1 was understated, that the donations included in line 22 were

understated, and that the value of the Springfield prayer house listed on line 57a was

overstated;

2.    The mistakes in lines 1,22, and 57a were material;

3.    The return contained a written declaration that it was being signed subject

to the penalties of perjury; and

4.    In filing the false tax return, Mr. Sedaghaty acted willfully.

In this case, in order to prove materiality the government must establish that the

mistakes on line 1, 22, and 57a were predictably capable of affecting, i.e., had a natural

tendency to affect[33] the IRS's ultimate determination of Al Haramain's tax exempt

status.  In other words, would an understatement of Line 1, an understatement of Line

22, or an overstatement of Line 57a, have changed the IRS's ultimate determination of

---

[33]*See Kungys v. United States*, 485 U.S. 759, 771 (1988) (whether the
misrepresentation or concealment was "predictably capable of affecting, *i.e.*, had a natural
tendency to affect, the official decision.").

Al Haramain's tax exempt status?[34]

In order to prove that Mr. Sedaghaty acted willfully, the government must prove beyond a reasonable doubt that Mr. Sedaghaty willfully provided false information to his accountant, in order to hide money donated to Chechen mujahadeen and willfully signed the tax return knowing that the federal tax law imposed upon him a duty to report accurately on lines 1, 22, and 57a and that he intentionally and voluntarily underreported income and donations on lines 1, 22, and overvalued the Springfield prayer house on line 57a, and that it was predictable that these amounts would have affected the IRS's ultimate determination of Al Haramain's tax exempt status for the express purpose of hiding the fact that he had donated money to Chechen mujahadeen.

---

[34]Based on NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS § 9.37.

Defendant's Requested                          INSTRUCTION NO. _____
Instruction No. 24

## KNOWLEDGE

An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

The purpose of adding the word "knowingly" to a statute is to ensure that no one will be convicted for an act done because of mistake, or accident, or other innocent reason.[35]

---

[35] Based on NINTH CIRCUIT MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS § 5.6 (2003).

Defendant's Requested                          INSTRUCTION NO. _____
Instruction No. 25


**WILLFULLY - Defined**

In order to prove the defendant acted "willfully," the government must prove

beyond a reasonable doubt that the defendant knew federal tax law imposed a duty on

him, and the defendant intentionally and voluntarily violated that duty.  In order to prove

that the defendant acted willfully, the government must prove beyond a reasonable

doubt that the defendant did not have a good faith belief that he was complying with the

law.

In this case, the government must establish that Mr. Sedaghaty knew that the

federal tax law imposed upon him a duty to report accurately on lines 1, 22, and 57a

and that he intentionally and voluntarily failed to accurately report on lines 1, 22, and

57a to hide the fact that he had donated money to Chechen mujahideen.

Defendant's Requested                          INSTRUCTION NO. _____
Instruction No. 26

## THEORY OF DEFENSE

*To be submitted at the close of the case.*

Defendant's Requested                                    INSTRUCTION NO. _____
Instruction No. 27

## DUTY AS JURORS

The verdict you return must reflect the considered judgment of each juror. In order to return a verdict, it is necessary that you each agree to it. Your verdict must be unanimous as to each count. It is your duty as jurors to consult with one another and deliberate with a view to reaching an agreement. In your deliberations, however, you should not do violence to your own individual judgments. Each of you must decide the case for him or herself. While you should consider the views of your fellow jurors and reexamine your own views, you should not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict. You should not be swayed by the time or length of deliberations, the vehemence of a fellow juror's opinion, or any other factor which is not consistent with your conscientious duty to judge the facts.[36]

-----------------------------

[36] Based in part on Ninth Circuit Model Criminal Jury Instructions § 7.1 (2003).

Defendant's Requested
Instruction No. 28

INSTRUCTION NO. _____

## IMPROPER CONSIDERATIONS

Your verdict must be based solely upon the evidence developed at trial, or the lack of evidence. It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the individual defendants' culture, national origin, race, or religion. All persons are entitled to the presumption of innocence. It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process.

Defendant's Requested                                  INSTRUCTION NO. _____
Instruction No. 29

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.