DWIGHT C. HOLTON, OSB #09054
United States Attorney
District of Oregon
CHRISTOPHER L. CARDANI
Assistant United States Attorney
405 East Eighth Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771
chris.cardani@usdoj.gov
CHARLES F. GORDER, JR., OSB# 912874
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1117
charles.gorder@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.  CR 05-60008-HO |
| ) | |
| v. ) | GOVERNMENT'S REQUESTED |
| ) | JURY INSTRUCTIONS |
| ) | |
| PIROUZ SEDAGHATY, ) | |
| a/k/a Pete Seda, Perouz Seda Ghaty ) | |
| and Abu Yunus ) | |
| ) | |
| Defendant. ) | |

The United States of America, through its undersigned counsel, herein submits the following jury instructions for consideration by the Court.

In addition to the Court's customary instructions provided prior to the evidence, the government respectfully requests the additional following jury instructions. References below are to the 2003 edition of the Ninth Circuit Model Criminal Jury

GOVERNMENT'S REQUESTED JURY INSTRUCTIONS - Page 1

Instructions unless otherwise noted.

## Preliminary Instructions

1.1

1.2	The defendant is charged in two counts.  The first charges him with conspiring to defraud the United States by attempting to prevent the government from learning about the movement of $150,000 out of the United States.  The second count charges defendant with filing a false tax return with the IRS on behalf of a tax exempt charity he ran which allegedly falsified where these funds went.

1.3

1.4

1.5

1.6

1.7

1.8

1.9	[Note: This case and some of the litigation related to Al-Haramain have received attention from the media.  It is requested that the Court emphasize the third portion of this instruction, reminding the jury they are not to attempt to get any information from outside sources, including the internet].

1.10

1.11

1.12

1.13       [Note: There will likely be some Arabic in some of the exhibits.  English translations will be provided for the jury].

## Instructions During Trial

2.1

2.2

2.3 & 2.4   [There is likely to be stipulated testimony or facts throughout this trial.  If so, these instructions are appropriate].

2.10       [There will be evidence of other acts by defendant offered for various purposes such as proving his knowledge, intent and absence of mistake.  If this evidence is received, this instruction is appropriate].

2.13       [Defendant Al-But'he is a fugitive.  The jury should be instructed that his actions are relevant to the case, but only to determine whether defendant Sedaghaty conspired with him.  The jury should be told that they are not determining his guilt or innocence].

## Instructions at the Close of Evidence

The government requests that the Court provide the following instructions at the end of the evidence.  References are, again, to the 2003 edition of the Ninth Circuit Model Criminal Jury Instructions, unless otherwise noted.  Modifications are noted and support is provided where necessary.

3.1

3.2

3.3    (if defendant does not testify)

3.4    (if defendant testifies)

3.5

3.6

3.7

3.8    (as amended in April 2006 by Ninth Circuit Committee on Model Instructions)

3.9

3.10   (appropriate if 404(b) evidence is admitted)

3.11

3.12

4.1    (appropriate if, as expected, statements by defendant to others are elicited)

4.3    (appropriate if 404(b) evidence is received at trial)

4.4    (appropriate if defendant elicits character evidence)

4.7    (only if witness character evidence is admitted)

4.8    (only if conviction evidence of a witness is received)

4.9    (the prosecution does not expect to call any witnesses who received benefits from the government; if no such testimony is received then this instruction is not appropriate)

4.17   (only if, as expected, expert testimony is received)

4.18   (the government will use demonstrative summaries such as a timeline and identification charts for the jury)

4.19   (the government will be offering financial and electronic evidence summaries as exhibits for the jury)

**Substantive Charges**

Prior to this trial, the Court's staff advised counsel that the Ninth Circuit is in the process of adopting new substantive jury instructions covering tax crimes and the type of conspiracy relevant to this case. Those instructions, while in draft form, are cited below.

**Count One**

The defendant is charged in Count One of the indictment with conspiring to defraud the United States by impeding, impairing, obstructing and defeating the lawful functions of the U.S. Immigration and Customs Enforcement and Customs and Border Protection of the Department of Homeland Security, formerly the United States Customs Service of the Department of Treasury, in the collection of information concerning the transportation of currency and monetary instruments leaving the United States, and the Internal Revenue Service of the Treasury Department, in the collection of information concerning financial transactions of tax exempt organizations, through deceitful or dishonest means, in violation of Section 371 of Title 18 of the United States Code. In order for defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt;

First, beginning in or about late 1999, through October 2001, there was an agreement between two or more persons to defraud the United States by impeding, impairing, obstructing or defeating the lawful functions of the U.S. Immigration and Customs Enforcement and Customs and Border Protection of the Department of Homeland Security, formerly the United States Customs Service, or the Internal Revenue Service, by deceitful or dishonest means as charged in the indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act during the conspiracy for the purpose of carrying it out, with all of you agreeing on a particular overt act that you find was committed.

An agreement to defraud is an agreement to deceive or to cheat.

A conspiracy is a kind of criminal partnership, which in this case means an agreement between two or more persons to defraud the United States through deceitful or dishonest means. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the unlawful objectives were committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to advance or further the object of the conspiracy, with all of you agreeing as to the particular object of the conspiracy which the conspirators agreed to advance or further.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not

become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

(See 8.20 (2010 draft - modified); United States v. Caldwell, 989 F.2d 1056 (9th Cir. 1993)).

The Internal Revenue Service and Department of Homeland Security (Immigration and Customs Enforcement and Border Protection), formerly known as the United States Customs Service, are agencies of the United States.

One of the lawful functions of the Internal Revenue Service is to collect information concerning financial transactions of tax exempt organizations.

One of the lawful functions of the Department of Homeland Security (Immigration and Customs Enforcement and Border Protection), formerly the United States Customs Service, is to collect information concerning the transportation of currency and monetary instruments leaving and entering the United States.

Federal law requires that anyone who transports more than $10,000 in monetary instruments into or out of the United States must file a report with the Secretary of Treasury.

(See  31 U.S.C. §5316(a)(1)(A); 31 C.F.R. §103.23(a)).


Traveler's checks in any form are considered monetary instruments under this

law.

(See  31 C.F.R. §103.11(u)(1)(ii)).

## Count Two

Defendant is charged in Count Two with willfully causing a materially false return on behalf of a tax exempt organization to be filed with the Internal Revenue Service, in violation of Section 7206(1) of Title 26, and Section 2 of Title 18, United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, defendant made and signed a Form 990, Return of Organization Exempt from Income Tax, for the year 2000, that he knew contained false or incorrect information as to a material matter;

Second, the return contained a written declaration that it was being signed subject to the penalties of perjury; and

Third, in filing the false return, defendant acted willfully.

A matter is material if it had a natural tendency to influence, or was capable of influencing, the ability of the IRS to audit or verify the accuracy of the tax form.  A false statement need not have actually influenced the IRS, and the IRS need not have relied on the information in fact for it to be material.

> 9.37 (2010 draft - modified); see United States v. Peterson, 538 F.3d 1064, 1067 (9th Cir. 2008) (district courts should instruct on materiality "tracking the language" of United States v. Gaudin, 515 U.S. 506, 509 (1995)); United States v. Serv. Deli Inc., 151 F.3d 938, 941 (9th Cir. 1998); see also United States v. Matsumaru, 244 F.3d 1092, 1101 (9th Cir. 2001).

In order to prove the defendant acted "willfully," the government must prove beyond a reasonable doubt that the defendant knew federal tax law imposed a duty on

him and the defendant intentionally and voluntarily violated that duty.  Willfulness is a state of mind that may be established by evidence of fraudulent acts.

>9.40 (2010 draft - modified); see United States v. Voorhies, 658 F.2d 710, 715 (9th Cir. 1981); United States v. Conforte, 624 F.2d 869, 875 (9th Cir. 1980).

Defendant may be found guilty of filing a materially false tax return even if he did not personally prepare the return, but willfully caused the materially false return to be prepared by someone else.  In this context, a defendant acts "willfully" if he acts on purpose.

>See 18 U.S.C. §2(b);  United States v. Haeng Hwa Lee, 602 F.3d 974, 975-76 (9th Cir. 2010);  United States v. Valenicia, 492 F.2d 1071, 1074 (9th Cir. 1974).

**Deliberation Charges**

7.1

7.2

7.3

7.4

7.5

7.6

///

///

///

///

///

///

///

GOVERNMENT'S REQUESTED JURY INSTRUCTIONS - Page 9

Leave is requested to file additional requested instructions as the case proceeds.

DATED this 19th day of August, 2010.

        Respectfully submitted,
        DWIGHT C. HOLTON
        United States Attorney

        */s/ Christopher L. Cardani*
        By: _____
        CHRISTOPHER L. CARDANI
        Assistant United States Attorney

        */s/ Charles F. Gorder, Jr.*
        By: _____
        CHARLES F. GORDER, JR.
        Assistant United States Attorney