DWIGHT C. HOLTON, OSB #09054
United States Attorney
District of Oregon
CHRISTOPHER L. CARDANI
Assistant United States Attorney
405 East Eighth Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771
chris.cardani@usdoj.gov
CHARLES F. GORDER, JR., OSB# 912874
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1117
charles.gorder@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Case No.  CR 05-60008-HO |
| v. | ) | GOVERNMENT'S OBJECTIONS TO DEFENDANT'S PROPOSED TRIAL EXHIBITS |
| PIROUZ SEDAGHATY, a/k/a Pete Seda, Perouz Seda Ghaty and Abu Yunus | ) | |
| Defendant. | ) | |

The United States of America, through its undersigned counsel, herein submits the following objections to defendant's proposed trial exhibits.

**<u>Introduction</u>**

On August 19, 2010 the Court's staff notified counsel that the Court wanted both parties to submit any objections to exhibits which have not yet been ruled upon. In

GOVERNMENT'S OBJECTIONS TO DEFENDANT'S PROPOSED TRIAL EXHIBITS - Page 1

response to the Court's request, attached hereto is a spreadsheet which lists each exhibit and indicates whether the government objects to the exhibit or not.  Where there is an objection, there is a shorthand categorical reference to the bases for the objection(s).  Below is a more explanatory description of the categories of objections which the Court may find useful in reviewing the spreadsheet.

**Lack of Foundation and Authentication; Inadmissible Hearsay**

Many of the proposed exhibits are hearsay with no apparent exception applicable.  In addition, most of the exhibits can not be presently authenticated.

**In Computers But Need a Witness**

Some of the proposed exhibits are e-mails and files which were found in defendant's computers.  If so, the government will not object as to authenticity, but a witness with knowledge needs to testify if the exhibit is relevant.

**Not in Computers; Lack of Foundation and Authentication; Inadmissible Hearsay**

Some of the exhibits are e-mails, but have not been found in defendant's computers.  To be admissible, they need to be authenticated by a competent witness.  In addition, many of these exhibits are inadmissible hearsay.

**In Computers but Rule of Completeness**

Some of the proposed exhibits are in the computers, but were attachments to e-mails which are not exhibited in his proposed exhibits.  To be admissible, the e-mails are necessary for a contextual understanding of the attachment.

**Probably in Computer but Need a Witness**

Some of the exhibits appear to have emanated from defendant's computers but relate to lawyers working with Al-Haramain.  Since the documents may be privileged,

GOVERNMENT'S OBJECTIONS TO DEFENDANT'S PROPOSED TRIAL EXHIBITS - Page 2

the prosecution team has avoided reviewing the documents as the computers were analyzed.  It is thus difficult to render an informed objection on these documents.

**Florin Documents; Lack of Foundation and Authentication; Inadmissible Hearsay**

Several proposed exhibits were apparently prepared for defendant by a woman named Pat Florin.  The defense has indicated she will be called as a defense witness. If so, some of her documents may become admissible, but absent her testimony, they are inadmissible hearsay with insufficient foundation. In addition, many of the Florin documents are not relevant to issues in this case.

**Saudi Arabia Documents**

The government objects to the introduction of purported Al Haramain records (see, e.g., proposed exhibits 704A through 729B) from Saudi Arabia without an appropriate foundation being laid by a former Al Haramain official, or another foreign witness with knowledge. Only persons who were familiar with the day-to-day operations of Al Haramain, who can be cross-examined at trial, should be permitted to lay the foundation necessary for these proposed exhibits.  The Al Haramain Islamic Foundation has been designated by the U.S. Treasury's Office of Foreign Assets Control ("OFAC") as a Specially Designated Global Terrorist.  The organization was officially dissolved by the Kingdom of Saudi Arabia for similar reasons in June 2004.  Federal Rule of Evidence 803(6) prohibits the introduction of any business record when "the source of information or the method or circumstances of preparation indicate lack of trustworthiness."  The prosecution in this case has strong concerns over the legitimacy, authenticity or applicability of most of the proposed Saudi records and objects to a pretrial ruling permitting any of these documents into evidence.

GOVERNMENT'S OBJECTIONS TO DEFENDANT'S PROPOSED TRIAL EXHIBITS - Page 3

Finally, the objections set forth in the spreadsheet are to the *pretrial* receipt of the proposed exhibits. Should competent witnesses testify, including defendant, the government may agree to the admissibility of some of the exhibits.

DATED this 20th day of August, 2010.

>Respectfully submitted,
>DWIGHT C. HOLTON
>United States Attorney
>
>*/s/ Christopher L. Cardani*
>By: _____
>CHRISTOPHER L. CARDANI
>Assistant United States Attorney
>
>*/s/ Charles F. Gorder, Jr.*
>By: _____
>CHARLES F. GORDER, JR.
>Assistant United States Attorney