Steven T. Wax, OSB No. 85012
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: steve_wax@fd.org

Lawrence Matasar, OSB No. 74209
621 SW Morrison Street, Suite 1025
Portland, OR 97205
Tel: (503) 222-9830
Email: larry@pdxlaw.com

**Attorneys for Defendant**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. CR 05-60008 HO |
| Plaintiff, | |
| v. | **DEFENDANT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTION** |
| **PIROUZ SEDAGHATY,** | |
| | *ORAL ARGUMENT REQUESTED* |
| Defendant. | |

Defendant, Pirouz Sedaghaty, by and through his attorneys, Federal Public Defender Steven T. Wax and Lawrence Matasar, pursuant to Federal Rule of Criminal Procedure 30, hereby requests the following Supplemental Proposed Jury Instructions.

Page 1.    DEFENDANT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTION

These instructions are requested based on further review of the government's trial memorandum and its objections to the defense exhibits filed on August 20, 2010. The government is offering, pursuant to F.R.E. 404(b), emails received by Mr. Sedaghaty that were supportive of the mujahideen while, at the same time, objecting to emails received contemporaneously that were decrying the horrible humanitarian conditions in Chechnya. Assuming that the evidence is admitted, it is necessary that the jury be instructed that all Americans have a right under the First Amendment of the United States Constitution to read, think, or believe a wide diversity of views. Following is an instruction modeled after jury instruction No. 48 given in the case, *United States v. Sami Omar Al-Hussayen*, No. CR 03-048-C-EJL (D. Idaho June 6, 2004) (Jury Instructions), on this subject.

The government is also offering under F.R.E. 404(b) evidence that Mr. Sedaghaty personally wrote a $2,000 check from The Arborist account and wired it to Albania in the spring of 1999, and that Raya Shokatfard gathered money from other "sisters" in the winter and spring of 2000 and sent that money to Chechnya in the fall of 2000. It is the government's theory, which Mr. Sedaghaty vehemently denies, that this money was earmarked for mujahadeen in Albania/Kosovo and Chechnya. Even under the government's theory, however, this is not evidence of any bad act. It was entirely lawful in 1999 and 2000 for individuals or businesses to send money in support of the mujahadeen. None of the entities that could potentially have been involved in receipt of any such money in those years were designated by the United States government as entities whose support was prohibited. As a result, an instruction on the legality of those actions is required.

Defendant's Requested
Instruction No. 25A

INSTRUCTION NO. _____

The First Amendment of the United States Constitution ensures individuals certain rights and liberties including: freedom of speech, freedom of religion, and freedom to associate. These rights are guaranteed equally to citizens of foreign countries residing in the United States.

In this case, evidence relating to the First Amendment, whether protected or not, may be considered by you only on the issue of the defendant's knowledge or intent. The appropriate weight, if any, for you to give to such evidence is for you, the jury, to decide.

a       Freedom of Speech:

Freedom of speech protects an individual's or a group's right to advocate their beliefs even if those beliefs advocate the use of force or violation of law unless the speech is directed to inciting or producing imminent lawless action and is likely to incite or produce such action. freedom of speech is not, however, absolute and may be regulated in certain instances. The charges in this case do not regulate speech.

b.      Freedom of Religion:

Freedom of religion protects an individual's or a group's right to believe, profess, practice, and exercise whatever religious doctrine he or she may chose. An individual's freedom of religion, however, does not allow one to engage in conduct or actions based on their religious beliefs where those actions have been statutorily defined as criminal conduct.

c.      Freedom to Associate:

Page 3.    DEFENDANT'S SUPPLEMENTAL  PROPOSED JURY INSTRUCTION

The right to associate protects an individual's right to associate with individuals, groups, or organizations; even where that group, individual, or organization may advocate, conduct, or engage in illegal activity. The right to associate remains protected, thus not criminal based on the association alone, unless it is established that 1) the group itself possessed unlawful goals and 2) the individual held a specific intent to further those illegal aims.

Defendant's Requested                                  INSTRUCTION NO. _____
Instruction No. 25B


The law does not impose upon any person any obligation to delete, respond, or otherwise moderate e-mail traffic on a web site or e-mail group.  It is not an offense, or evidence of an offense, to fail to delete, respond, or otherwise moderate e-mail traffic.

Defendant's Requested                                        INSTRUCTION NO. _____
Instruction No. 25C


It was not a criminal act for individuals or businesses to send money to fighters or the mujahideen in Kosovo, Albania, or Chechnya in the years 1999 or 2000.