Steven T. Wax, OSB No. 85012
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: steve_wax@fd.org

Lawrence Matasar, OSB No. 74209
621 SW Morrison Street, Suite #1025
Portland, OR 97205
Tel: (503) 222-9830
Email: larry@pdxlaw.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>PIROUZ SEDAGHATY,<br><br>　　　　　　　　　Defendant. | CR 05-60008 HO<br><br>DEFENDANT'S MOTION FOR A CONTINUANCE, OR IN THE ALTERNATIVE, A MOTION TO ALLOW WITNESS TESTIMONY VIA TWO-WAY VIDEO CONFERENCING<br><br>ORAL ARGUMENT REQUESTED |

　　　　Defendant, Pirouz Sedaghaty, by and through his attorneys, Lawrence Matasar and Federal Public Defender Steven T. Wax, hereby moves the Court to

Page 1　　DEFENDANT'S MOTION FOR A CONTINUANCE, OR IN THE ALTERNATIVE, A
　　　　　MOTION TO ALLOW WITNESS TESTIMONY VIA TWO-WAY VIDEO

grant a continuance of at least six months, or in the alternative, to allow witness testimony via two-way video conference.

The defense has recently located and contacted a witness, Muhammad Sui. The defense has been actively looking for Mr. Sui for 16 months. Ex. A (Declaration of James Strupp). Based on our conversations with Mr. Sui, he can offer highly exculpatory testimony for Mr. Sedaghaty regarding several key aspects of the government's case.

Muhammad Sui is one of the signers of the agreement offered as evidence by the government at AHIF-3. Ex. C. He is a United States citizen. Based on our conversations with Mr. Sui, he will offer highly exculpatory testimony regarding the origination of the agreement and how the amount was derived. Ex. B (Investigation Memorandum of James Strupp). He can also testify regarding his travel with Mr. Al Buthe in March of 2000, as he was traveling with Mr. Al Buthe when he arrived in the United States and when he departed with Mr. Al Buthe on his return to Saudi Arabia. Ex. B. Mr. Sui can testify to several crucial aspects of the case and can provide significant exculpatory testimony for Mr. Sedaghaty. His testimony is unique and not cumulative of any other evidence in the case. It goes to the heart of the government's case - its argument that AHIF-2 and AHIF-3 are fabrications.

The challenge in this case is that Mr. Sui is currently residing in Guangzhou, China. Ex. A. Because he was found very recently, it would

extremely difficult for him to arrange for a departure to the United States in order to be present at trial.  Ex. A.  Travel on short notice would seriously jeopardize Mr. Sui's business in China, and because he is Muslim, travel during Ramadan and on the days of Eid to attend trial causes him great religious concerns.

The defense prefers that Mr. Sui be present in the courtroom to testify in this trial.  However, due to the laws of China, even with a subpoena from this Court, it would take approximately three to four months to serve Mr. Sui and arrange for his travel to come to the United States.   In order for Mr. Sui to be present at trial, the trial would need to be continued for several months in order to allow for the proper service and travel arrangements.

Mr. Sui is, however, willing to appear via two-way video testimony.  Ex. A. Mr. Sui would accept voluntary service of a subpoena to testify in this case in order to travel to the United States Consulate in Hong Kong which is approximately  two hours from Guangzhou.

The defense has contacted the United States Consulates General in Guangzhou, China, and Hong Kong & Macau.  While both facilities offer two-way video conferencing, it may be more effective for the testimony to take place from the consular office in Hong Kong.  Ex. A.  During the testimony, a United States consular officer would administer the oath to Mr. Sui and swear in any court reporters or other personnel attending the testimony, and certify the proceedings to this Court.

**Page 3     DEFENDANT'S MOTION FOR A CONTINUANCE, OR IN THE ALTERNATIVE, A MOTION TO ALLOW WITNESS TESTIMONY VIA TWO-WAY VIDEO**

Therefore, Mr. Sedaghaty requests, in the alternative to a continuance, that the Court to allow for a two-way video conference to accommodate Mr. Sui's testimony at trial.  The government may be unwilling to agree to Mr. Sui appearing via video.  It is important to note that in several other cases, the government has asserted the reliable nature of testimony via video conferencing.  *See, e.g., United States v. Yates*, 438 F.3d 1307, 1312-13 (11th Cir. 2006) (although the government was initially successful at trial, and the district court allowed the two-way video testimony of a government witness, the Eleventh Circuit ultimately held that two-way video conferencing of a government witness violated the defendant's Sixth Amendment rights to confrontation).

When sought by the government, video testimony is generally disfavored in criminal cases due to confrontation clause concerns.  *Maryland v. Craig*, 497 U.S. 836, 849-50 (1990).  This concern is reflected in the Federal Rules of criminal Procedure: "[i]n every trial the testimony of witnesses must be taken in open court."  Fed. R. Crim. P. 26.  Notably, there are cases that have permitted video testimony even in the face of confrontation concerns.  *See, e.g., Horn v. Quarterman*, 508 F.3d 306, 320 (5th Cir. 2007) (use of video conferencing for testimony by prosecution witness who was terminally ill with liver cancer did not violate the Confrontation Clause).  Here, however, because Mr. Sui is a witness for Mr. Sedaghaty, confrontation clause concerns are absent.

Mr. Sedaghaty's case is similar to *United States v. Guild*, No. 1:07cr404 (JCC), 2008 WL 191184 (E.D. Va. Jan. 17, 2008).  In that case, the defendant wanted to call several witnesses who were overseas.  Recognizing that the confrontation clause was not implicated, the court looked to Federal Rule of Civil Procedure 43(a) that allows video testimony in compelling circumstances.  The court ruled that the "[d]efendant must demonstrate that this is a situation of compelling circumstances where there is good cause for the court to allow video conferencing and that there are measures in place to safeguard the important interests at stake in criminal proceedings." *Guild*, 2008 WL 191184 *3.  There the court found that compelling circumstances existed because there would be a great cost to bringing the witnesses to the United States and because the court lacked subpoena power over foreign-citizen witnesses, the only way to secure their testimony was via a video conference. *Guild*, 2008 WL 191184 *3-4.  *See also*, *United States v. Valencia-Trujillo*, No. 8:02-CR-329-T-17-EAJ, 2006 WL 244067 (M.D. Fla. August 22, 2006) (granting motion to present testimony of unavailable defense witnesses by contemporaneous video transmission).

In Mr. Sedaghaty's case, Mr. Sui is unable to arrange for travel to the United States in the time that remains before his testimony would be required at trial and Mr. Sedaghaty cannot procure and process a subpoena in time due to Chinese legal constraints.  However, he is able to appear via two-way video conference.  His

**Page 5    DEFENDANT'S MOTION FOR A CONTINUANCE, OR IN THE ALTERNATIVE, A MOTION TO ALLOW WITNESS TESTIMONY VIA TWO-WAY VIDEO**

testimony is critical to the defense.  The defense has been diligent in seeking Mr. Sui.

In conclusion, Mr. Sedaghaty requests that the Court grant a six month continuance to permit subpoenaing Mr. Sui,  or in the alternative, allow Mr. Sui to testify via two-way video conference at trial.

Respectfully submitted on August 25, 2010.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender

/s/ Lawrence H. Matasar
Lawrence H. Matasar

Michelle Sweet
On the Motion