Steven T. Wax, OSB No. 85012
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: steve_wax@fd.org

Lawrence Matasar, OSB No. 74209
621 SW Morrison Street, Suite #1025
Portland, OR 97205
Tel: (503) 222-9830
Email: larry@pdxlaw.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> PIROUZ SEDAGHATY, <br><br> Defendant. | CR 05-60008 HO <br><br> SUPPLEMENTAL DECLARATION OF FEDERAL PUBLIC DEFENDER INVESTIGATOR JAMES STRUPP |

I, James Strupp, declare:

1)   I am an investigator employed with the Federal Public Defender for the

Page 1   SUPPLEMENTAL DECLARATION OF FEDERAL PUBLIC DEFENDER INVESTIGATOR JAMES STRUPP

District of Oregon. I have been assigned to work on the above-captioned case.

2)      I make this declaration in support of Defendant's Motion to Allow Witness Testimony Via Two-way Video Conferencing, as a supplement to my earlier declaration in support of the same, previously filed with this court.

3)      On August 26, 2010, I spoke again with a consular officer at the United States Consulate General in Hong Kong about particulars in arranging for videoconference testimony. She confirmed for me that a U.S. consular officer would be available to attend a video conference testimony session in this case at a private location in Hong Kong. That officer would administer the oath to the witness and attend the duration of the testimony. She advised that particular arrangements could be initiated with her once the court has determined whether it will receive this testimony. She advised further that the consular officer would be available during off-hours, to accommodate testimony being given during this court's normal court hours. She also referred me to her legal adviser to the American Citizen services section of the State Department in Washington DC.

4)      On August 27, 2010 and I spoke with an attorney advisor of the State Department, American Citizens Services section in Washington DC. He said that a consular officer's duties at video testimony would be to administer the

Page 2    SUPPLEMENTAL DECLARATION OF FEDERAL PUBLIC DEFENDER INVESTIGATOR JAMES STRUPP

oath and ensure a United States presence for the purpose of admissibility of evidence to the Court. He confirmed for me that all State Department fees associated with providing a consular officer would be waived in this case, as the defendant has been found to be indigent and suitable for appointed counsel. He said that there was no additional requirements in a criminal case needed from the State Department, in addition to those present in a civil case.

5)      On August 27, 2010 I spoke with an attorney practitioner in the Eastern District of Missouri in St. Louis, who very recently successfully arranged for voluntary direct two-way video conference testimony from Hong Kong before the U.S. District Court in May, 2010. The matter for which he arranged for video testimony was a civil matter tried before United States Magistrate Judge Thomas Mummert . He is providing me with the reference to the commercial provider of the video conference equipment in Hong Kong so that we may make use of them. He said that a U.S. consular officer also oversaw testimony in their case, which lasted upwards of six hours. He said that the U.S. District Court Magistrate and Chief Judge were satisfied with the execution of the video transmission testimony in their proceeding. He advised that this court could be referred to both Magistrate Judge Mummert as well as Chief Judge Catherine Perry of the Eastern District of Missouri, should this Court wish to obtain additional information about the workings and outcome of the proceedings their district.

Page 3   SUPPLEMENTAL DECLARATION OF FEDERAL PUBLIC DEFENDER INVESTIGATOR JAMES STRUPP

additional information about the workings and outcome of the proceedings their district.

6) On August 27, 2010 I spoke with Dan Osborne, this court's courtroom technology specialist about available videoconference technology. Based on our conversation, he assured me that the necessary technology exists to transmit the testimony directly to the court and jury's video monitors live during the proceedings. He also advised me of technical information necessary to procure a suitable private videoconference provider in Hong Kong. Further, he advised that should the court permit the taking of this testimony, he would ask the parties to allow him to conduct a test of the connection with the private provider several days in advance, if possible.

7) On August 28, I again spoke with Muhammad Sui, over the telephone, who reaffirmed his availability to provide testimony in these proceedings by way of videoconference to the court, from Hong Kong.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of knowledge and belief, and that this declaration was executed on August 29, 2010, at Portland, Oregon.

_____
James Strupp

Page 4  SUPPLEMENTAL DECLARATION OF FEDERAL PUBLIC DEFENDER INVESTIGATOR JAMES STRUPP