**Steven T. Wax, OSB No. 85012**
**Federal Public Defender**
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: steve_wax@fd.org

**Lawrence Matasar, OSB No. 74209**
621 SW Morrison Street, Suite #1025
Portland, OR 97205
Tel: (503) 222-9830
Email: larry@pdxlaw.com

**Attorneys for Defendant**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>                              **Plaintiff,**<br><br>                    v.<br><br>**PIROUZ SEDAGHATY,**<br><br>                              **Defendant.** | CR 05-60008 HO<br><br>**DEFENDANT'S OBJECTIONS TO JURY INSTRUCTIONS** |

Defendant Pirouz Sedaghaty, through his attorneys, Steven T. Wax and Lawrence Matasar, hereby objects to jury instructions provided by the Court in the following specific instances:

Page 1    DEFENDANT'S OBJECTIONS TO JURY INSTRUCTIONS

1)      Mr. Sedaghaty objects to the Court's Reasonable Doubt instruction. Mr. Sedaghaty's Requested Instruction No. 3 set forth language that should be included on page two of the Court's jury instruction.  The Court's reasonable doubt instruction should add the following language:

> A reasonable doubt may arise not only from the evidence produced at trial, but also from a lack of evidence.  The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant, for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

2)      The jury instructions fail to provide an instruction regarding multiple inferences.  The jury instructions should include Mr. Sedaghaty's Requested Instruction No. 4 regarding Multiple Inferences.

3)      Mr. Sedaghaty objects to the Court's Right Not to Testify instruction. That instruction should include the following language from Mr. Sedaghaty's Requested Instruction No. 5: "The burden is entirely on the prosecution to present evidence to rebut the presumption of innocence."

4)      Mr. Sedaghaty objects to the Court's description of the elements to be proved for the conspiracy.  On pages 13 -14, the Court should add that the jury must find that Mr. Sedaghaty knew of the filing requirement and intended that Mr. Al Buthe not file the report.  It is not enough if the jury finds that Mr. Al Buthe knew of the requirement but not Mr. Sedaghaty.

5)      Mr. Sedaghaty objects to the Court's description of the elements to be proved for the Failing to File a False Tax Return.  In Mr. Sedaghaty's Second

Motion for a Bill of Particulars (CR 250), he requested a Bill of Particulars identifying the specific items and amounts by which lines 1 and 22 are alleged to be understated, line 57a is alleged to be overstated, as alleged in the indictment. The government opposed this motion, stating that the indictment provided very specific details concerning the elements of the tax crime and the facts supporting the allegation. CR 273. The government stated that the indictment focused specifically on the El Fiki donation of $150,000. The government also stated that the indictment quite clearly informs the defendant of the nature of the tax offense charged against him. The Court denied Mr. Sedaghaty's Second Motion for a Bill of Particulars, finding that "Count 2 incorporates allegations focusing on receipt and disposition of $150,000 from an Egyptian donor to Al Haramain. The indictment alleges covert transfer of these funds to Chechnya and a coverup related to the Form 990 prepared for defendant Sedaghaty's Al Haramain Islamic Foundation through which the funds were described as having been used toward the purchase of a building in Springfield, Missouri, and partially returned to the donor. Count 2, thus, lists the line items in the Form 990 that were falsely listed." CR 276.

In light of the government's position and this Court's order, an instruction regarding the elements of Filing a False Tax Return in this case requires specificity as to the lines of the tax return that are at issue. In this particular

case, Mr. Sedaghaty's Requested Instruction No. 23 should be used. Specifically, the following description of the elements should be used.

      1.    Mr. Sedaghaty made and signed a tax return for the year 2000 that he knew contained false information in lines 1, 22, and 57a; that is, that the income reported on line 1 was understated, that the donations included in line 22 were understated, and that the value of the Springfield prayer house listed on line 57a was overstated;

      2.    The mistakes in lines 1, 22, and 57a were material;

      3.    The return contained a written declaration that it was being signed subject to the penalties of perjury; and

      4.    In filing the false tax return, Mr. Sedaghaty acted willfully.

6) Mr. Sedaghaty objects to the definition of Willfully as related to the Filing a False Tax Return count. Mr. Sedaghaty's Requested Instruction No. 25 should be substituted.

7) Mr. Sedaghaty objects to the jury instructions and requests that his Requested Instruction No. 25A regarding the First Amendment be presented to the jury.

8) Mr. Sedaghaty objects to the jury instructions and requests that his Requested Instruction No. 25B regarding lack of any legal obligation to moderate e-mail traffic on a web site or an e-mail group be presented to the jury.

9) Mr. Sedaghaty objects to the jury instructions and requests that his Requested Instruction 25C regarding the fact that in 1999 or 2000, it was not a

criminal act for individuals or businesses to send money to fighters or the mujahideen in Kosovo, Albania, or Chechnya, be presented to the jury.

10)    Mr. Sedaghaty objects to the jury instructions and requests that his Requested Instruction No. 14 regarding the Credibility of Witnesses - Inconsistent Statement be presented to the jury. Much of the government's case against Mr. Sedaghaty involves what various witnesses have reported to the government about Mr. Sedaghaty. Many of these witnesses's statements have altered and shifted in their reporting to the government. The jury should be instructed as to how to properly evaluate these statements.

11)    Mr. Sedaghaty objects to the jury instructions and requests that his Requested Instruction No. 15 regarding Law Enforcement Officer Testimony be presented to the jury.

12)    Mr. Sedaghaty objects to the jury instructions and requests that his Requested Instruction No. 19 regarding Character Testimony and Evidence be presented to the jury.

13)    Mr. Sedaghaty objects to the jury instructions and requests that his Requested Instruction No. 21 regarding less satisfactory evidence be presented to the jury.

14)    Mr. Sedaghaty objects to the jury instructions and requests that, in the context of the conspiracy count, the jury be instructed that willfulness

requires that an act by done knowingly and intentionally, not through ignorance, mistake, or accident.

Respectfully submitted on September 6, 2010.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender

/s/ Lawrence Matasar
Lawrence Matasar

Attorneys for Defendant