**Steven T. Wax, OSB No. 85012**
**Federal Public Defender**
**101 SW Main Street, Suite 1700**
**Portland, OR  97204**
**Tel: (503) 326-2123**
**Fax: (503) 326-5524**
**Email: steve_wax@fd.org**

**Lawrence Matasar, OSB No. 74209**
**621 SW Morrison Street, Suite #1025**
**Portland, OR 97205**
**Tel: (503) 222-9830**
**Email: larry@pdxlaw.com**

**Attorneys for Defendant**


# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 05-60008 HO** |
| **Plaintiff,** | |
| **v.** | **DEFENDANT'S MOTION TO RESOLVE PENDING EVIDENTIARY MATTERS** |
| **PIROUZ SEDAGHATY,** | |
| **Defendant.** | |

Defendant Pirouz Sedaghaty, through his attorneys, Steven T. Wax and Lawrence Matasar, hereby submits this motion to resolve pending evidentiary matters.  There are several evidentiary matters that need to be resolved before the case goes to the jury.

**Exhibits Resubmitted Pursuant To Hearing On August 26, 2010, And Not Yet Received**

Exs. 634, 637, and 641 were re-submitted with the e-mail attached to the website.  The government will stipulate as to the foundation of these exhibits.  The defense requests that these be received.

Ex. 755.7.  The government requested that the defense resubmit this exhibit with a redacted first page.  The redacted first page has been resubmitted to the Court and provided to the government.  The defense requests that this exhibit be received.  The government will stipulate as to the foundation of this exhibit.

**Exhibits That Are Currently Not Received**

Ex. 990 - Islam Is

After the hearing on August 26, 2010, defense counsel noticed that the minute order stated that Ex. 990 was not received.  The defense filed a "Motion For Clarification of Minute Order Concerning Defense Exhibit 990."  CR 434.  In that motion, the defense explained that the government's objection to the exhibit was "need a witness, inadmissible hearsay."  In response to that objection, the defense clarified that several witnesses would testify about Islam Is and the fact that they had edited, reviewed, and/or received it.  On Friday, September 3, 2010, Rabbi Zaslow, in response to a question from the government, testified that Mr. Sedaghaty showed him a small booklet called "Islam Is" and that Rabbi Zaslow edited it and that Mr. Sedaghaty altered the booklet in response to Rabbi Zaslow's concerns.  The defense requests that this exhibit be received.

**Several Additional Exhibits That Should Be Received**

Exs. 755.9 - 755.12.  These are all e-mails and QuickBooks files derived from the Al Haramain Ashland Computers.  These should be received.

Ex. 1238    Excerpt of Wilcox Working Papers Presented

This exhibit includes all the FPDUS pages that Mr. Matasar presented to the jury during his cross-examination of Mr. Wilcox.  It is the understanding of the defense that the government and the Court agreed that these pages would be received.

Exs. 1238(A) - (E).  Wilcox Working Papers to Be Used During the Direct Examination of Defense Expert Jeff Cone.

These exhibits come from the Wilcox working papers.  The government has previously agreed to the foundation of these documents.  These exhibits should be received.

Ex. 1064    Demonstrative Exhibit of QuickBooks Actvity (for demonstrative purposes only)

Ex. 1065    Springfield Building Schedule per Jeff Cone

The defense expert, Jeff Cone, will testify about these exhibits.  One exhibit, 1064, is for demonstrative purposes only.  The other, 1065, should be received.

Ex. 1016.  Check dated December 24, 1999, $2,000.00.

 This is a check received by Agent Anderson pursuant to a subpoena of Bank of America's records pertaining to Al Haramain Ashland. This exhibit should be received.

Ex. 1054    Letter from Donald Stine, Chaplain, to Qu'ran Foundation, December 7, 1999

Ex. 1055    Letter from Chaplain Denis K. Burrell to Alharamain Islamic Foundation, February 24, 2000

Ex. 1056    Letter from Donald Stine, Chaplain, to Qu'ran Foundation, March 23, 2000

Ex. 1057    Letter from Andrew Leatherman, Chaplain, to Al Haramain Foundation, July 19, 2000

Ex. 1058    Email from Sgt. Vito D. Deure, U.S. Army Chaplain, to haramain@alharamain.org July 27, 2000

Ex. 1059    Letter from Robert Thomas, Chaplain, to Al Haramain Islamic Foundation, August 1, 2000

Ex. 1060    Letter from James E. Penn, Chaplain, to Quran Foundation, August 15, 2000

Ex. 1061    Letter from Rev. Steve Gadaire, Chaplain, to Al Haramain Foundation USA, August 16, 2000

Ex. 1062    Letter from Mitch Anderson, Chaplain, to Al Haramain Foundation, February 21, 2001

Ex. 1063    Letter from Joe T. Portugal, Chaplain, to Al Haramain Foundation, April 9, 2002

These exhibits are consistent with the testimony of Daveed Gartenstein-Ross regarding the fact that Al Haramain Ashland received requests from Chaplains for Islamic literature.  These documents should be received.

**Pending Exhibits**

Ex. 680 is an e-mail from May 11, 1999 from Barhoush to Haramain regarding the Kosovo Refugee families in San Diego.  Mr. Gartenstein-Ross

testified about Al Haramain's efforts to help people from Kosovo.  This exhibit should be received.

Ex. 680(A) is an e-mail from Abdul-Qaadir to Haramain on May 11, 1999 regarding Al Haramain's charitable efforts in Albania.  The government has submitted numerous e-mails from Abdul-Qaadir.  This e-mail was provided to the defense by the government.  Mr. Gartenstein-Ross testified about the efforts to help Kosovo refugees.  This exhibit should be received.

Exs. 704 through 707(C) - these exhibits include the two receipts (Exs. 704 and 705) that Agent Anderson was provided by an attorney many years ago.  She viewed the receipts and confirmed that those were familiar to her.  Agent Anderson stated, to the jury, that she did not pursue the information on the receipts because she felt that they had come from a source that was not credible.  However, the government, in this very case, has used and relied on documents that have come from the same source.  The jury should be presented with those receipts, and the jury should decide, considering Agent Anderson's testimony, how much weight to give the receipts.  These exhibits should be received.

Ex. 755.8 is a QuickBooks Audit Report Emulation that will be testified about with Jeff Cone.  This exhibit should be received.

Exs. 1002(A) and (B) are video compilations of videos seized during the execution of the search warrant of the Al Haramain Ashland building.  Linda Czemerys testified that she was aware that many video tapes were recovered

during the search.  Several other witnesses, including Rabbi Zaslow, Mr. Gabriel, and Reverend Caldwell testified that Mr. Sedaghaty was a very visible figure in the community and often appeared during public events.  Mr. Gabriel mentioned that Mr. Sedaghaty appeared on the public television station.  These video compilations represent the videos recovered during the search and are supported by the testimony received thus far.  The videos should be received.

**Pending Exhibits Offered During Cross-Examination**

The following summarizes the exhibits offered, not yet received, during the cross- examination of Mr. Gartenstein-Ross.  The defense requests that these exhibits be received.

> Ex. 1201    E-mail From WesternSom to a@qf.org, February 9, 1999, at 9:13 p.m.

Mr. Gartenstein-Ross confirmed that Al Haramain Ashland received many requests like this during the time period that he was working in the Al Haramain Ashland office.  This exhibit should be received.

> Ex. 1201(A) Urgent Appeal Kosova, April 2, 1999, faxed to Al Haramin on April 2, 1999.

Mr. Gartenstein-Ross confirmed that this request for humanitarian relief was received on April 2, 1999, when Mr. Gartenstein-Ross was working in the office.  This exhibit should be received.

> Ex. 1201B   Time Sheet of Mr. Gartenstein-Ross for April 1999.

No objection by the government.

Ex. 1201E  "Give Five Minutes For Kosova," Kosova Task Force, USA, Justice for All."

No objection by the government.

Ex. 1201F   Check written to Kosova Task Force, USA, dated April 2, 1999.

No objection by the government.

Ex. 1210    E-mail exchange between Mr. Gartenstein-Ross and Soliman Al Buthe, May 4th and 5th, 1999.

Mr. Gartenstein-Ross did not dispute that this was an e-mail between himself and Mr. Al Buthe. This is evidence directly related to evidence presented by the government in the direct examination of Mr. Gartenstein-Ross. This exhibit should be received.

Ex. 1215    Request for Assistance from the Uma Women Society, dated December 23, 1999.


Mr. Gartenstein-Ross confirmed that Al Haramain Ashland received many requests like this. This request is from the time period at issue in this case. This exhibit should be received.

Ex. 1216    E-mail exchange between Mr. Gartenstein-Ross and Soliman Al Buthe, March 5, 2000.

Mr. Gartenstein-Ross did not dispute that this was an e-mail between himself and Mr. Al-Buthe. This directly disputes evidence presented in the government's direct examination of Mr. Gartenstein-Ross. This exhibit should be received.

**Exhibits To Be Withdrawn**

Exs. 676, 677, and 679

These exhibits were introduced with the expectation that Exs. 704, 704(A), 705, 705(A) would come into evidence.  If, at the conclusion of the trial, the Court has not received 704-705(A) into evidence, the defense requests that Exs. 676, 677, and 679 be withdrawn.  Exs. 676, 677, 679 provide to the jury only a portion of the facts.  Without the complete set of facts, as provided in Exs. 704-705(A), Exs. 676, 677, and 679 are confusing to the jury.

Exs. 699(A) and (B)

These exhibits include a request to Mr. Arnout from Mr. Sedaghaty in March of 2000.  The request was in regards to Mr. Sedaghaty's efforts to provide humanitarian relief to Chechen refugees.  The government has requested that the jury be made aware that Mr. Arnout pled guilty to felony charges in several years after the time of Mr. Sedaghaty's request in March of 2000.  The Court has not yet ruled on this request.  If the Court grants the government's request, and the jury will learn of Mr. Arnout's conviction, then Mr. Sedaghaty requests that Exs. 699(A) and (B) be withdrawn.

**Objections To Government Exhibits Currently Under Advisement**

DGR 1a-2a.  These exhibits are irrelevant and if relevant, cumulative, and overly prejudicial.  These should not be received.

Respectfully submitted on September 7, 2010.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender

/s/ Lawrence Matasar
Lawrence Matasar

Attorneys for Defendant

Michelle Sweet
On The Motion