Steven T. Wax, OSB No. 85012
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: steve_wax@fd.org

Lawrence Matasar, OSB No. 74209
621 SW Morrison Street, Suite #1025
Portland, OR 97205
Tel: (503) 222-9830
Email: larry@pdxlaw.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br>  v.<br><br>PIROUZ SEDAGHATY,<br><br>      Defendant. | No. CR 05-60008 HO<br><br>FIRST SUPPLEMENT TO OBJECTIONS TO JURY INSTRUCTIONS |

  Defendant, Pirouz Sedaghaty, by and through his attorneys, Federal Public

Defender Steven T. Wax and Lawrence Matasar, requests that this Court give the

Page 1.  FIRST SUPPLEMENT TO OBJECTIONS TO JURY INSTRUCTIONS

following, "witness false in part" instruction, which is a modern version of this well-settled instruction:

> Now, a witness who lies under oath in some part of his or her testimony is likely to lie in other parts of his or her testimony. Therefore, if you find that a witness has lied in some part of his or her testimony, then you may distrust the rest of the witness' testimony.
>
> Sometimes witnesses who are not lying may give incorrect testimony. They may forget matters or may contradict themselves. Also, different witnesses may observe or remember an event differently.
>
> You have the sole responsibility to determine what testimony, or portions of testimony, you will or will not rely on in reaching your verdict.

Oregon Uniform Jury Instruction No. 1024.

The Ninth Circuit has previously approved other versions of this instruction, which would be acceptable alternatives to the defense. *See, Tanksley v. United States*, 145 F.2d 58, 60 (9th Cir. 1944):

> If you find that any witness has wilfully testified falsely in one part of his or her testimony in this case, you may distrust any part, or all of the testimony of such witness, but you are not bound to reject the entire testimony of a witness because he or she has wilfully testified falsely in some part of the testimony; you should reject the false part, and should give the others parts such weight as you may deem they are justly entitled to receive.

*Also see Nemec v. United States*, 178 F.2d 656 (9th Cir. 1949) ("Since the court gave the usual instruction relating to a witness false in part of his testimony, etc., we find no ground for reversal here.")

Page 2.     **FIRST SUPPLEMENT TO OBJECTIONS TO JURY INSTRUCTIONS**

This instruction is appropriate given the repeated false testimony by accountant Tom Wilcox. For example, during his cross-examination, he testified:

Q. Yesterday you said you got an extension for the 2000 tax year, correct?

A. Right, yeah.

Q. Is that in your file anywhere?

A. Yes, it is.

Q. If you could look for the extension for the 2000, Form 990 in your –

A. No, I do not have that. I extended the 1120.

Q. Well, there wasn't an 1120 even in '99, was there?

A. No, sir.

Q. And there wasn't going to be an 1120 in 2000?

A. No, there wasn't.

Q. Just for the jury, a Form 1120 is a corporate tax return that a for-profit corporation files?

A. That's correct.

Q. Correct?

A. Yes, sir.

Q. A 990 is a not-for-profit corporation?

Page 3.   **FIRST SUPPLEMENT TO OBJECTIONS TO JURY INSTRUCTIONS**

A.    That's correct, right.

Q.    All right. So there is no extension that you got from the IRS for al-Haramain's 990 that was due on May 15, 2000?

A.    That's correct.

Vol. 4A, Tr. 12-13.

    Respectfully submitted on September 8, 2010.

                                 /s/ Steven T. Wax
                                 Steven T. Wax

                                 /s/ Lawrence Matasar
                                 Lawrence Matasar

                                 Attorneys for Defendant