FILED 10 SEP 09 19:29 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 05-60008-HO |
| | ) | |
| Plaintiff, | ) | JURY INSTRUCTIONS |
| | ) | |
| v. | ) | |
| | ) | |
| PIROUZ SEDAGHATY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.

It is your duty to weigh all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to those facts, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be

influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

The indictment in this case charges the defendant with conspiring to defraud the United States and filing a false tax return. The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves every element of a charge beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt, but the burden is always on the government to prove guilt beyond a reasonable doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

At the beginning of the trial, I described the charge of failure to file a report of international transportation of currency or monetary instruments.

For reasons that do not concern you, count 3 of the indictment as it relates to codefendant Soliman Al-Buthe, individually, is not before you. Do not speculate about why codefendant Soliman Al-Buthe is not part of this trial.

The defendant is on trial only for the charges of conspiracy to defraud the United States and filing a false tax return. You may consider the evidence presented only as it relates to these counts.

The evidence you are to consider in deciding the facts consists of the sworn testimony of the witnesses, the exhibits received in evidence, and any facts to which the parties have agreed.

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

First, questions, including hypothetical questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to

understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

Second, any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

Third, anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect

evidence, that is, the proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

the witness's opportunity and ability to see or hear or know the things testified to;

the witness's memory;

the witness's manner while testifying;

the witness's interest in the outcome of the case;

the witness's bias or prejudice;

whether other evidence contradicted the witness's testimony;

the reasonableness of the witness's testimony in light of all the evidence; and

any other factors that bear on believability.

If a witness knowingly testifies falsely concerning any important or material matter, you may distrust the testimony of such an individual concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

You have heard evidence that the defendant committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, absence of accident and for

no other purpose. You may not consider this evidence as evidence of guilt

of the crime for which the defendant is now on trial.

You have heard testimony that the defendant made a statement. It is

for you to decide (1) whether the defendant made the statement, and (2) if

so, how much weight to give to it. In making those decisions, you should

consider all the evidence about the statement, including the circumstances

under which the defendant may have made it.

The testimony of a law enforcement officer is to be treated by you in

the same manner as that of any other witnesses. All witnesses who appeared

in the court swore to tell the truth. Law enforcement officers (including FBI

or IRS officers) did no more and no less.

You have heard testimony from persons who, because of education

or experience, were permitted to state opinions and the reasons for their

opinions.

Such opinion testimony should be judged like any other testimony.

You may accept it or reject it, and give it as much weight as you think it

deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted in evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard them and determine the facts from the underlying evidence.

Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

The defendant is charged in Count One of the indictment with conspiring to defraud the United States by obstructing the lawful functions of the former United States Customs Service and the Internal Revenue Service by deceitful or dishonest means, as alleged in the indictment, in violation of Section 371 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning in or about late 1999 and ending in or about October of 2001, there was an agreement between two or more persons to defraud the United States by obstructing the lawful functions of the former United States Customs Service or the Internal Revenue Service by deceitful or dishonest means as charged in the indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act in or after late 1999  for the purpose of carrying out the

conspiracy, with all of you agreeing on a particular overt act that you find was committed.

An agreement to defraud is an agreement to deceive or to cheat, but one who acts on an honest and good faith misunderstanding as to the requirements of the law does not act with an intent to defraud simply because his understanding of the law is wrong or even irrational. Nevertheless, merely disagreeing with the law does not constitute a good faith misunderstanding of the law because all persons have a duty to obey the law whether or not they agree with it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps

helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the

conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

One of the lawful functions of the Internal Revenue Service is to collect

information concerning financial transactions of tax exempt organizations.

One of the lawful functions of the Department of Homeland Security (Immigration and Customs Enforcement and Border Protection), formerly the United States Customs Service, is to collect information concerning the transportation of currency and monetary instruments leaving and entering the United States.

Federal law requires that anyone who transports more than $10,000 in monetary instruments into or out of the United States must file a report with the Secretary of Treasury.

Traveler's checks, in any form, are monetary instruments.

As noted above, the indictment charges the defendant with conspiracy to obstruct the lawful functions of the former United States Customs Service in addition to the lawful functions of the Internal Revenue Service.

Accordingly, the government must prove, either an agreement to file a false tax return or to fail to report exporting monetary instruments.

A person is guilty of the crime of failure to report exporting monetary instruments if the government proves the following elements beyond a reasonable doubt:

First, the person knowingly transported more than $10,000 in travelers checks from a place in the United States to or through a place outside the United States;

Second, the person knew that a report of the amount transported was required to be filed with the Secretary of Treasury; and

Third, the person willfully failed to file such report.

A person acts willfully for purposes of failure to report exporting monetary instruments when he or she has knowledge of the reporting requirement and a purpose to disobey the law requiring reporting.

The defendant is charged in Count Two of the indictment with filing a false tax return in violation of Section 7206(1) of Title 26 of the United States Code. In order for the defendant to be found guilty of that charge, the

government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made and signed a tax return for the year 2000 that he knew contained false or incorrect information, as alleged in the indictment, as to a material matter;

Second, the return contained a written declaration that it was being signed subject to the penalties of perjury; and

Third, in filing the false tax return, the defendant acted willfully.

A matter is material if it had a natural tendency to influence, or was capable of influencing, the decisions or activities of the Internal Revenue Service.

In order to prove that the defendant acted "willfully," the government must prove beyond a reasonable doubt that the defendant knew federal tax law imposed a duty on him, and the defendant intentionally and voluntarily violated that duty.

A defendant who acts on a good faith misunderstanding as to the requirements of the law does not act willfully even if his understanding of

the law is wrong or unreasonable. Nevertheless, merely disagreeing with the law does not constitute a good faith misunderstanding of the law because all persons have a duty to obey the law whether or not they agree with it. Thus, in order to prove that the defendant acted willfully, the government must prove beyond a reasonable doubt that the defendant did not have a good faith belief that he was complying with the law.

A person who willfully causes an act to be done by another which if directly performed by him would be an offense, is guilty of such offense. In other words, a person is guilty of an offense if he used an innocent pawn to cause an act to be done which, if performed by him, would be unlawful.

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

The defendant's theory of defense is:

First, the government has not proved beyond a reasonable doubt that the tax return contains any material errors. Neither Line 1 (Contributions)

nor line 22 (Grants and Allocations) is understated because the El Fiki

donation need not have been included on the tax return. This is because Dr.

El Fiki donated the $150,000 as Zakat to Al Haramain, Riyadh, not to Al

Haramain Ashland. While Line 57a (Value of Buildings) is overstated, the

mistake was made by Mr. Wilcox without defendant's knowledge is not

material.

Second, the defense maintains, even if the tax return contained

material errors, the errors are not willful because they were made by Mr.

Wilcox without the defendant's knowledge of the material error.

Third, the defense maintains, the government has not proven beyond

a reasonable doubt that the defendant and Mr. Al Buthe had an agreement

to defraud the United States in order to hide the disposition of Dr. El Fiki's

donation.

When you begin your deliberations, elect one member of the jury as

your presiding juror, who will preside over the deliberations and speak for

you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.

Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do

not make any investigation or in any other way try to learn about the case on your own.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

The punishment provided by law for these crimes is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.