FILED'10 SEP 13 14:30USDC-ORE

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>PIROUZ SEDAGHATY,<br>a/k/a Pete Seda, Perouz Seda Ghaty<br>and Abu Yunus<br><br>                    Defendant. | )<br>)<br>) CR 05-60008-HO<br>)<br>)<br>) STIPULATIONS OF THE PARTIES<br>)<br>)<br>)<br>)<br>)<br>) |

The parties agree to the following:

Government exhibits BOA-1 through BOA-20 are authentic business records of the Bank of America and no witness needs to be called to further lay the foundation for these exhibits.

Government exhibits IRS-1 through IRS-4 are authentic and official records of the Internal Revenue Service and no witness needs to be called to further lay the foundation for these exhibits.

Government exhibits AMEX-1 and AMEX-2 are authentic business records of American Express and no witness needs to be called to further lay the foundation for these exhibits. The parties further agree that AMEX-3 is an accurate English translation of AMEX-1.

Government exhibit FE-1 contains authentic business records of First Escrow and no witness needs to be called to further lay the foundation for these documents.

PAGE 1 - STIPULATIONS OF THE PARTIES



Government exhibit ICE-CPB-1 is an authentic and official record of U.S. Immigration and Customs Enforcement, Customs and Border Protection and no witness needs to be called to further lay the foundation for this exhibit.

Government exhibits ICE-FinCEN-1 through ICE-FinCEN-4 are authentic and official records of U.S. Immigration and Customs Enforcement, and no witness needs to be called to further lay the foundation for these exhibits.

Government exhibits OCC-1 and OCC-2 are authentic and official public records of the Oregon Corporation Commission and no witness needs to be called to further lay the foundation for these exhibits.

The parties agree that the government's English translations of Arabic material in its exhibits are accurate.

The parties agree that Government exhibits AHIF 1, 2, 3, 8, 9, 10, 11, and 12 were provided to the Government in response to a federal grand jury subpoena served on Al Haramain by an attorney of the Al Haramain-U.S. office. The parties further agree that this attorney obtained AHIF exhibits 3, 8, 10, 11, and 12 from the Al-Haramain U.S. office located at 3800 S. Highway 99 in Ashland, Oregon, and obtained AHIF exhibits 1, 2, and 9 from AHIF in Saudi Arabia.

The Defense need not call foundation witnesses for:

    El-Feki records listed as Defense exhibits 669-673B, 676-677, and 679;

    Chase records listed as Defense exhibit 1030;

    Bank of America records listed as Defense exhibits 1004-1015 and 668;

    Thomas Wilcox records listed as Defense exhibits 748-754.43196, 754.43238-755.7, except tab # 2 labeled "All Actions Taken By Al-Haramain

U.S.A. After September 11";

Computer documents 634, 637, 641, 674, 681, 689;

Letters / e-mails pertaining to Pat Florin listed as 813, 803-803f, and 813;

Photos labeled 607-613, 925, and 966;

And e-mails derived from the search warrant computers listed as Defense exhibits 606, 614, 614A, 669, 670, 671, 685, 685A, 686, 686A, 686B, 686c, 687-687D, 688A, 689A, 690, 691, 691A, 692-692G, 693-694D, 695, 696, 697, 697B, 698H, 699-699B, 700A-G, 756, and 759-762.

The parties stipulate that in February 2004, the United States government obtained eight computer hard drives from the premises of Al-Haramain Ashland in Ashland, Oregon. The government made mirror images of those hard drives and provided them to its computer expert, Richard Smith. Mr. Smith subsequently provided the hard drives to government computer expert, Jeremy Christianson. Government exhibits in the SW series were derived from those computers.

The government subsequently provided another mirror image of the hard drives to Federal Defender Investigator James Strupp. Mr. Strupp provided those hard drives to computer experts Robert Young and Michael Bean. Mr. Bean and Mr. Young engaged in a document recovery process. The two men then provided the emails, QuickBooks files, and other material they recovered to Mr. Strupp.

The parties agree that all the documents derived from the computers may be received in evidence without the necessity of calling Mr. Smith, Mr. Young, or Mr. Bean to testify.

PAGE 3 - STIPULATIONS OF THE PARTIES

The parties also agree that Defendant was residing at a residence on Valley View Road in Ashland in 1999 and 2000 and then moved to 3800 S. Highway 99 in Ashland in 2001. The Defendant was not physically residing at 3800 S. Highway 99 at the time of the search warrant in February 2004.

Dated: 9/8/10

CHRISTOPHER L. CARDANI and CHARLES F. GORDER, JR.
Assistant United States Attorneys

Dated: 9/8/10

STEVEN T. WAX and LAWRENCE MATASAR
Attorneys for Defendant