Steven T. Wax, OSB No. 85012
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: steve_wax@fd.org

Lawrence Matasar, OSB No. 74209
621 SW Morrison Street, Suite #1025
Portland, OR 97205
Tel: (503) 222-9830
Email: larry@pdxlaw.com

**Attorneys for Defendant**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CR 05-60008 |
| Plaintiff, | |
| v. | **MOTION FOR JUDGMENT OF ACQUITTAL** |
| **PIROUZ SEDAGHATY,** | |
| Defendant. | |

Defendant, Pirouz Sedaghaty, through his attorneys, Steven T. Wax and Lawrence Matasar, respectfully moves this Court pursuant to Fed. R. Crim P. 29 for judgment of acquittal.

## I.  JUDGMENT OF ACQUITTAL

In order to obtain a conviction on either count, the government was required to prove that the tax return contained mistakes, that the mistakes were material, and that they were made willfully.  The Court should have granted Rule 29 motions at the close of the government's case and at the close of all the evidence.  At the very least, it should have taken two thirds of the case from the jury.

The government was required to prove mistakes on line 1, 22, or 57a of the year 2000 IRS form 990.  The unrebutted testimony was that there was no underreporting on lines 1 or 22.  The facts of this case were that Dr. El Fiki contacted Al Haramain Riyadh in order to donate $150,000 to Chechen refugees.  Al Haramain Riyadh offered Dr. El Fiki two different bank accounts, one in Saudi Arabia and one in the United States, into which he could wire the money.  Dr. El Fiki wired the money to the Al Haramain account in the United States.  After a short period, the money was transferred from Al Haramain Ashland to Al Haramain Riyadh.

Mr. Wilcox, one of the government's primary fact witnesses, recognized that a donation from Dr. El Fiki, intending to donate the money to Al Haramain Riyadh, that was transferred to Al Haramain United States and then given to Al

Haramain Riyadh, would "not need to be reflected on line 1 or on line 22" because "it would be a wash transaction." Tr. 52 (September 2, 2010). The government's tax expert witness, Gregory Wooten, an employee of the IRS agreed that if a donation ultimately goes where the donor originally intended it to go, it would not need to be recorded on lines 1 and 22. Tr. 160-61 (September 2, 2010).

The defense tax expert, Marcus Owens, who previously served as the head of the IRS exempt-organizations department, explained that the funds received by Al Haramain United States that were transferred to Al Haramain Riyadh should not be reported on lines 1 and 22. Tr. 19, 23, 24, 25-26 (September 7, 2010). If Al Haramain United States had tried to distribute the funds, or even if Al Haramain United States had actually been able to distribute the funds while they were in possession of the funds, acting as an agent of Al Haramain Riyadh, Al Haramain United States would not report those funds on the tax return. Tr. 27 (September 7, 2010). Al Haramain Riyadh had control of the money. Tr. 40-41 (September 7, 2010).

The government continually injected the incorrect idea that Al Haramain United States donated the money to a foreign organization that did not have 501(C)(3) status. *See, e.g.,* Tr. 201-03 (September 1, 2010). This impermissibly distorted the facts of this case and confused the important legal issue regarding lines 1 and 22.

**Page 3    MOTION FOR JUDGMENT OF ACQUITTAL**

The allegations regarding lines 1 and 22 should not have been permitted to go to the jury. Entry of partial judgments of acquittal is required at this time. That would then require a new trial limited to line 57a.

A full judgment of acquittal is required because the mistake on line 57a was not material. Greg Wooten stated that line 57a is not a "hot area" in the return and that it would receive less review by the IRS. Tr. 147 (September 2, 2010). Mr. Owens confirmed that as to line 57a, the particular amount reported is not important and that a misstatement of the value of a building on a non-profit return is trivial. Tr. 29-30, 73 (September 7, 2010). As such, any mistake is not material and the evidence cannot support a conviction. In addition, the Court's failure to give Mr. Sedaghaty's proposed jury instruction number 23 eliminated an accurate explanation of materiality as to the tax return in this case.

Full judgment of acquittal should be entered for a separate reason. While the government may prove a conspiracy through circumstantial evidence, it may not sustain a conviction based purely on inference and innuendo. While circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction, mere suspicion or speculation cannot be the basis for creation of a logical inference. *See United States v. Thomas*, 453 F.2d 141, 143 (9th Cir. 1971). That is all that was submitted here. The verdict cannot stand.

## II.  Conclusion

For all the reasons set forth herein, a judgment of acquittal should be entered.

Respectfully submitted on September 23, 2010.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender

/s/ Lawrence H. Matasar
Lawrence H. Matasar

Michelle Sweet
Assisting on the Motion
