# EXHIBIT A

Caplin&Drysdale
ATTORNEYS

Caplin & Drysdale, Chartered
One Thomas Circle, NW
Washington, DC 20005-5802

**MEMORANDUM**

**TO:** Steven T. Wax

**FROM:** Marcus S. Owens

**DATE:** November 18, 2010

**RE:** Government's Theory of Tax Loss in *United States v. Sedaghaty*, No. 05-CR-60008-HO

I have reviewed the Sentencing Memorandum that was filed by the Government on November 17, 2010 in the above-captioned case (the "Memorandum"). In the Memorandum, the Government claims that Mr. El-Feki intended that "his $150,000 donation was for 'widows and orphans'" and that Mr. Sedaghaty distributed those funds to the mujahideen in Chechnya, contrary to the donor's wishes. Based on these assumptions, the Government concludes:

> Since defendant Sedaghaty used the El-Fiki donation in a manner inconsistent with the charter of Al-Haramain (U.S.), contrary to Al-Haramain's (U.S.) tax exempt status, but in furtherance of his personal agenda and purposes, tax law requires the misappropriated funds be taxed to him. . . . This results in an additional tax due and owing of $33,230 (Line 9).

The Government continues:

> There being no evidence that the funds were originally treated or intended to be compensation to defendant Sedaghaty, the misappropriated funds constitute an excess benefit, resulting in an "excess benefit tax" of $47,750 assessed against him. (Line 10). See 26 U.S.C. § 4958(a)(1).[1]

This memorandum briefly explains why both of the Government's conclusions are incorrect as a matter of tax law.

First, the Government's treatment of the El-Feki contribution as additional income to Mr. Sedaghaty is unprecedented. The Government appears to take the position that when a charity makes a grant for a noncharitable purpose, the amount of that noncharitable expenditure should be treated as personal income to the officer of the charity who signed the check. To my knowledge, this position has no foundation in the tax law. I am not aware of—and the Government has not cited—any case, IRS ruling, or other authority where a grant to third parties for noncharitable purposes was treated as income to a disqualified person, in the absence of a specific finding of private inurement—*i.e.*, a "direct transfer of income or

---

[1] Sentencing Memorandum at 4 (footnote omitted).

- 2 -

provision of services unrelated to exempt purposes."[2] In this case, the Government has offered no evidence showing that Mr. Sedaghaty appropriated the El-Feki contribution, that these funds were deposited in his personal account, or that they rebounded to his economic benefit in any way.

The Government's application of section 4958 is equally problematic. The Internal Revenue Manual (the "Manual") sets out very precise guidelines for IRS agents regarding when and how to apply section 4958. Specifically, the Manual explains,

> An **excess benefit transaction** is any economic benefit a disqualified person receives from an applicable exempt organization's net earnings as a result of prohibited inurement. Although IRC § 4958 does not define "economic," Treas. Reg. § 53.4958-4(a)-(1) describes the amount as all consideration and benefits exchanged between a disqualified person and the applicable tax-exempt organization and/or all entities the organization controls. Put simply, excess benefit means the value of the economic benefit the disqualified person received exceeds the value of consideration (cash, property, benefits, or services) the exempt organization received. Only the **excess** is subject to the initial and additional taxes imposed by IRC § 4958.

Even if al-Haramain-USA had received the El-Feki contribution (which, in my view, is not the case), no part of the El-Feki funds was "exchanged" between al-Haramain-USA and Mr. Sedaghaty and Mr. Sedaghaty never "received" any part of the El-Feki funds, let alone any "excess" funds. Thus, under a straightforward application of section 4958, there was no excess benefit transaction in this case. The Government's attempt to characterize a grant for noncharitable purposes by al-Haramin-USA as an excess benefit transaction enriching Mr. Sedaghaty has no foundation in the federal tax law.

---

[2] Internal Revenue Manual ("I.R.M.") § 4.76.3.11 ("Inurement, Private Benefit, and Excess Benefit Transactions ("IRC § 4958)"), ¶ 3. Although the Manual provisions explaining section 4958 were not added to the Internal Revenue Manual until 2003, they are entirely consistent with the Treasury Regulations in effect in 2000 and provide helpful context for analyzing the issues in this case.