Steven T. Wax, OSB No. 85012
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: steve_wax@fd.org

Lawrence Matasar, OSB No. 74209
621 SW Morrison Street, Suite #1025
Portland, OR 97205
Tel: (503) 222-9830
Email: larry@pdxlaw.com

**Attorneys for Defendant**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CR 05-60008 HO |
| Plaintiff, | |
| v. | **DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM** |
| **PIROUZ SEDAGHATY,** | |
| Defendant. | |

Defendant Pirouz Sedaghaty, through counsel, Lawrence Matasar and Federal Public Defender Steven T. Wax, hereby submits the following Supplemental Sentencing Memorandum to ensure that he has clearly

Page 1    **DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM**

articulated the following:

1. Mr. Sedaghaty objects to the taking of FSB Agent Ignatchenko's testimony via video. In addition to the other grounds previously raised, he believes that taking testimony that could have such a potentially substantial impact on the outcome of the case via video violates his rights under the Due Process and Confrontation Clauses, particularly when the government did not produce him as a witness at trial. *United States v. Bordeaux*, 400 F.3d 548, 554-55 (8th Cir. 2005) (finding that "'confrontation; via a two-way closed circuit television is not constitutionally equivalent to a face-to-face confrontation."). *See Maryland v. Craig,* 497 U.S. 836, 850 ("a defendant's right to confront accusatory witnesses may be satisfied absent a physical, face-to-face confrontation at trial only where denial of such confrontation is necessary to further an important public policy and only where the reliability of the testimony is otherwise assured.").

2. Government reliance on the information contained in Government Sentencing Exhibit 3, the unclassified summary of classified information, violates the Classified Information Procedures Act for several reasons. First, the government has not complied with the notice requirement. Second, it has not complied with discovery requirements. Third, if the government chooses to rely on classified information or a sanitized version, it must provide Mr. Sedaghaty with adequate means to challenge it. The unclassified summary

does not.  The government's choice is either to declassify sufficient classified information to enable Mr. Sedaghaty to effectively address the issues or refrain from its use.

CIPA § 4 allows the government to comply with its discovery obligation by providing a court approved substitution of classified evidence.  When classified evidence is to be used during court proceedings, CIPA § 6 requires the government to provide notice to the defense of the classified information at issue and request that a hearing be held.  The government cannot now utilize a substitution created during the discovery phase of this case, a phase that is distinct from the sentencing phase, in which the government bears a burden of proof.  To do so now, without the prescribed hearing puts Mr. Sedaghaty at a disadvantage.  At the very least, the government just prove that the substitution will not prejudice Mr. Sedaghaty's ability to make his defense.

Under the circumstances of the disclosure in this case, the government should be precluded from relying on only a portion of the unclassified summary, while arguing that the one exculpatory piece it contains should not be relied upon by the Court.  If the substitution is pursuant to the requirements of CIPA and to be accepted, then the entirety of the substitution must be treated as true.  Otherwise, this use violates the statute and Due

Process and Confrontation Clauses.

Respectfully submitted this 22nd day of November, 2010.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender

/s/ Lawrence H. Matasar
Lawrence H. Matasar