Steven T. Wax, OSB No. 85012
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: steve_wax@fd.org

Lawrence Matasar, OSB No. 74209
621 SW Morrison Street, Suite #1025
Portland, OR 97205
Tel: (503) 222-9830
Email: larry@pdxlaw.com

**Attorneys for Defendant**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**EUGENE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 05-60008 HO** |
| Plaintiff, | |
| v. | **DOUBLE JEOPARDY PLEADING** |
| **PIROUZ SEDAGHATY,** | |
| Defendant. | |

The defendant, Pirouz Sedaghaty, through counsel Lawrence Matasar and Federal Public Defender Steven T. Wax, hereby responds to the Court's directive that the parties brief the double jeopardy implications of Mr.

Page 1    DOUBLE JEOPARDY PLEADING

Sedaghaty's motion for a new trial and for dismissal of the indictment.

The protection against double jeopardy in the Fifth Amendment to the Constitution is implied when prosecutorial misconduct of a particularly egregious nature leads a court to grant a mistrial. *United States v. Lewis*, 368 F.3d 1102, 1108 (9th Cir. 2004). As a general proposition, however, the Double Jeopardy Clause is not applied when there has been a violation of a defendant's discovery rights under *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.* This is because, in most situations involving discovery violations, the remedy is a new trial. And, in most situations in which a defendant invokes the authority a court in a post-trial motion, or on appeal, the Double Jeopardy Clause does not prohibit retrial. *Id.*, citing *United States v. Tateo*, 377 U.S. 463, 467 (1964).

In *Lewis*, the Ninth Circuit was confronted with a claim that the double jeopardy clause should preclude retrial when a defendant has been victimized by an intentional *Brady* violation. *Lewis*, 368 F.3d at 1107. The circuit rejected the claim, believing that it would unnecessarily expand the protections of the Double Jeopardy Clause. *Id.* The opinion did not, however, stop there. Of particular relevance to this proceeding, *Lewis* reasoned that expansion of double jeopardy protections was unnecessary because the courts have the authority to dismiss an indictment for prosecutorial misconduct. *Id.* Such dismissal terminates a prosecution. No expansion of rights under *Brady* or resort to the protections of the Double Jeopardy Clause is needed. *Id.*

**Page 2      DOUBLE JEOPARDY PLEADING**

Mr. Sedaghaty has sought two forms of relief from this Court. In his initial motion for a new trial and in his supplement to that motion, he seeks a new trial on a number of grounds, including the *Brady* violation. In addition, based on the conduct disclosed on December 22, 2010, and subsequently, he seeks dismissal of the indictment on the ground that the conduct of the government is sufficiently outrageous that the prosecution should be terminated. Should the Court agree, the case will be over. Double jeopardy issues will not arise.

Respectfully submitted this 18th day of February, 2011.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender

/s/ Lawrence H. Matasar
Lawrence H. Matasar