DWIGHT C. HOLTON, OSB #09054
United States Attorney
District of Oregon
CHRISTOPHER L. CARDANI
Assistant United States Attorney
405 East Eighth Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771
chris.cardani@usdoj.gov
CHARLES F. GORDER, JR., OSB# 912874
**KELLY A. ZUSMAN**, OSB #891843
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
charles.gorder@usdoj.gov
kelly.zusman@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CR 05-60008-HO |
| v. | GOVERNMENT'S OPPOSITION TO DEFENDANT'S EVIDENTIARY HEARING REQUEST |
| PIROUZ SEDAGHATY, | |
| **Defendant.** | |

The United States of America, by and through Dwight C. Holton, United States Attorney, and Kelly A. Zusman, Assistant United States Attorney, offers the following opposition to defendant's evidentiary hearing request:

Defendant wants to call the four members of the trial team to "test" their recollection of events in the hope that some discrepancy will provide substance to bolster his motion to dismiss the indictment. He does not seek a hearing relative to his new trial motion, and indeed, he does

not include Barbara Cabral on his list of proposed hearing witnesses. Defendant's evidentiary hearing request should be denied.

As has been briefed thoroughly in the government's opposition to defendant's motion to dismiss, motion for new trial, and motion for post-trial discovery, the government has conceded that there was material regarding the Cabrals that should have been produced in pretrial discovery, but was not. We have provided the court with six sworn declarations to explain our good faith efforts to comply with discovery, our discovery of the errors surrounding the Cabral material, and the steps our office took to investigate and bring these issues to the attention of the defense and this Court. On March 3, 2011, this Court issued an order denying further discovery defendant sought to support his motion to dismiss the indictment based upon a claim of outrageous government conduct. In reaching this conclusion, this Court found: "After a thorough review of the pleadings and in camera materials, the court is convinced that the government overlooked providing the materials related to the Cabrals through inadvertence and did not intentionally withhold such documents." Defendant has not cited, nor is the government aware of any case that holds that an inadvertent discovery violation would ever justify an outright dismissal of an indictment following a jury's guilty verdict. Indeed, the Ninth Circuit's recent decision in *United States v. Kohring,* 2011 WL 833263 (9th Cir. (Alaska) March 11, 2011)(No. 08-30170), affirmed that a new trial, not dismissal, was the appropriate remedy for a material and prejudicial *Brady* violation – even in the absence of an evidentiary hearing.

This Court has broad discretion to hold – or to deny – any request for post-trial evidentiary hearings without running afoul of the Confrontation Clause. *See e.g. United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008); *United States v. Smith*, 424 F.3d 992, 1011 (9th Cir.

**Page 2 - Gov't's Opposition to Def's Request for an Evidentiary Hearing**

2005). Giving the defense an opportunity to attempt to poke holes in the government's declarations submitted solely to explain the post-trial discovery issue – when the errors were inadvertent – would add nothing relevant or helpful to this record. This Court has everything it needs to decide the dismissal motion – it has our declarations, the omitted discovery material, spreadsheets itemizing the material that was produced, material submitted in camera, and declarations describing compliance with FBI policy. This Court also has everything it needs to decide the new trial motion (a point defendant apparently concedes) – since it has the entire trial transcript, including the 29-pages of Barbara Cabral's testimony, and a copy of all of the Cabral material disclosed post-trial (Att. 1 to the Government's Opposition to New Trial).

## CONCLUSION

Defendant's request for an evidentiary hearing should be denied.

DATED this 24th day of March 2011.

Respectfully submitted,

DWIGHT C. HOLTON
United States Attorney

*s/ Kelly A. Zusman*
KELLY A. ZUSMAN
Assistant United Staates Attorney