DWIGHT C. HOLTON, OSB #09054
United States Attorney
District of Oregon
CHRISTOPHER L. CARDANI
Assistant United States Attorney
405 East Eighth Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771
chris.cardani@usdoj.gov
CHARLES F. GORDER, JR., OSB# 912874
**KELLY A. ZUSMAN**, OSB #891843
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
charles.gorder@usdoj.gov
kelly.zusman@usdoj.gov

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CR 05-60008-HO** |
| **v.** | **GOVERNMENT'S MEMORANDUM REGARDING IMPEACHMENT OF GOVERNMENT WITNESSES** |
| **PIROUZ SEDAGHATY,** | |
| **Defendant.** | |

The United States of America, by and through Dwight C. Holton, United States Attorney,

and Frank Papagni and Kelly A. Zusman, Assistant United States Attorneys, offers the following

memorandum regarding evidence to be adduced at the evidentiary hearing on defendant's motion

to dismiss the indictment:

Defendant will call the two case agents and a former FBI agent to ask questions regarding the government's failure to produce prior to trial: (1) certain evidence regarding payments made to Richard Cabral, a government source who died several years prior to trial, (2) evidence that an agent made a comment to Barbara Cabral, a government witness, prior to trial that he would attempt to secure "something" for her after trial; (3) evidence regarding a "draft" witness interview from August 2007; and (4) evidence surrounding the government's failure to produce handwritten interview notes for government witness Barbara Cabral.

The government generally opposes any effort by the defense to stray beyond the matters directly in issue with this evidentiary hearing. The central issue now pending before this Court relative to the motion to dismiss is whether the discovery errors were so willful or flagrant that an outright dismissal of the case is justified. More specifically, former FBI Agent Shawna Carroll is expected to testify about her opening of a confidential source file for Richard Cabral and whether the initial payments to him complied with FBI policy. Ms. Carroll is currently involved in a civil employment discrimination action now pending in federal court against the FBI relative to her separation from service - a fact that has been disclosed to the defense. *Carroll v. Holder*, 09-3093-CL. Ms. Carroll is married to the lead FBI case agent Dave Carroll, and they have both testified in civil depositions about that dispute. Shawna Carroll is represented by private counsel in that case, and both Carrolls have invoked their marital privilege. Nothing that takes place in this hearing should interfere with or impair that privilege. There is a motion to dismiss or for summary judgment filed by the government now pending before Magistrate Judge Mark Clarke.

**Page 2 - Gov't's Opposition to Def's Request for an Evidentiary Hearing**

The fact that this civil case exists was a point that the government believed was pertinent to any bias that the Carrolls may harbor towards the FBI, and thus, this fact has been disclosed to the defense by letter dated May 16, 2011.[1]  Nevertheless, that employment dispute has no bearing on any fact in issue relative to the limited evidentiary hearing in this case.

This Court enjoys broad discretion when it comes to decisions regarding the admissibility of collateral impeachment evidence.  *United States v. Hinkson*, 585 F.3d 1247, 11261-1263 (9th Cir. 2009).  Ultimately, whether collateral impeachment evidence is admissible is governed by the broad standards animating Fed. R. Evid. 403: (1) probative value; (2) prejudice; (3) delay; and (4) the risk of confusion.  *Id.* at 1267-68.  Any testimony or evidence arising in Ms. Carroll's employment dispute fails to justify admission under any of these standards.  The context is entirely different, the issues in that case are complex, and nothing in that case has any direct bearing upon the discovery production in this case.

Moreover, because Ms. Carroll's civil employment case is a collateral or tangential matter, Rule 608(b) would preclude extrinsic evidence proffered to counter testimony elicited on cross-examination by the defense.  *See e.g. United States v. Kincaid-Chauncey*, 556 F.3d 925, 933 (9th Cir. 2009) (upholding trial court's refusal to permit defense to call numerous witnesses to contradict government witnesses' testimony regarding payments outside the scope of the indictment); *United States v. Castillo*, 181 F.3d 1129, 1133 (9th Cir. 1999) (noting that extrinsic evidence generally may not be offered to impeach testimony elicited on cross).  While any

---

[1]  The government does not believe that either Ms. Carroll or Agent Carroll harbor any bias that would affect their ability to testify truthfully in this case.  The government disclosed the fact of this litigation out of an abundance of caution and to fulfill the Department's mandate that we disclose evidence in our possession, even when in doubt as to its relevance.

**Page 3 - Gov't's Opposition to Def's Request for an Evidentiary Hearing**

testimony elicited during a direct exam could open the door to impeachment with extrinsic

evidence under Rule 607, *see Castillo*, 181 F.3d at 1133, application of Rule 403 should

nevertheless preclude such inquiry.

Ms. Carroll and Agent Carroll have both been directed to appear at this evidentiary

hearing at the request of the defense and over the objection of the government.  They should be

able to address the specific issues now pending relative to the Cabral payments and discovery

production without the necessity of having to answer questions about Ms. Carroll's pending civil

case.

DATED this 3rd day of June, 2011.

> Respectfully submitted,
> DWIGHT C. HOLTON
> United States Attorney
>
> *s/ Kelly A. Zusman*
> KELLY A. ZUSMAN
> Assistant United States Attorney

**Page 4 - Gov't's Opposition to Def's Request for an Evidentiary Hearing**