Steven T. Wax, OSB No. 85012
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: steve_wax@fd.org

Lawrence Matasar, OSB No. 74209
621 SW Morrison Street, Suite #1025
Portland, OR 97205
Tel: (503) 222-9830
Email: larry@pdxlaw.com

Attorneys for Defendant

**REDACTED**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 05-60008 HO |
| Plaintiff, | CLASSIFIED MEMORANDUM IN SUPPORT OF THIRD SUPPLEMENT TO FIRST MOTION FOR DISCOVERY AND MOTION TO SUPPRESS |
| v. | |
| PIROUZ SEDAGHATY, | |
| Defendant. | |

Page 1  CLASSIFIED MEMORANDUM IN SUPPORT OF THIRD SUPPLEMENT TO FIRST MOTION FOR DISCOVERY AND MOTION TO SUPPRESS

This pleading supports:

1. Mr. Sedaghaty's motions for discovery; and

2. Mr. Sedaghaty's motion to suppress based on *Murray*.

I. **The Evidence Supports Further Orders From The Court To The Government For Revew By Intelligence and Other Agencies For Exculpatory Material, For Further Review Of Such Material By The Court, And For Further Production To The Defense.**

Mr. Sedaghaty has previously argued to the Court and provided documentation in support of his requests for review and disclosure of exculpatory information. The new evidence provides strong support for the claim that there is additional exculpatory information in the files of various government agencies.

The declarations provide strong support for Mr. Sedaghaty's assertion that the government is in possession of highly exculpatory statements and bank records. The fact that so little has been disclosed, coupled with the reports of the Inspectors General that were provided to the Court in July 2009, raise the spectre that exculpatory information has been withheld from the local prosecutors or been destroyed.

The record further reveals that government proposed exhibit SW-5, an advertisement seeking donations for Chechen relief, lists an Al Haramain account number at an Al Rajhi branch bank in Saudi Arabia. The same number is referenced on defense exhibits 704-05. Mr. Lang's classified declaration and unclassified report make clear that it is commonplace in Saudi Arabia for business and private funds to be commingled. The record strongly supports the assertion that the government is in possession of far more records than it has produced and that they contain exculpatory information.

The fact that disclosure of additional records may reveal cooperation between Saudi and American entities or in some other manner be embarrassing to some governmental entity in no manner shields it from discovery.

The new evidence also provides further support for the claim that the files of the United States government contain numerous communications between Mr. Sedaghaty and other individuals in Ashland, Oregon and a number of individuals in Saudi Arabia. The existing unclassified record includes numerous e-mails, many of which are exculpatory, including Mr. Sedaghaty's requests that Al Haramain Saudi Arabia take strong stands against terrorism and his efforts to get the El Fiki donation to Chechnya for refugees and humanitarian purposes. Mr. Sedaghaty was also in telephonic communication with people in Saudi Arabia. Additional intercepted communications would, in all likelihood, include similar statements.

Mr. Sedaghaty is entitled to all recorded statements he made. Moreover, all intercepted communications should have been provided to the Court. If not, further orders for production should be entered. If they have been provided, Mr. Sedaghaty urges further review for exculpatory content.

Mr. Sedaghaty has marked as exhibits 704-706 receipts from Al Haramain issued to Soliman Al Buthe for money that included the donation from Mr. El Fiki and reference to a log book that includes the receipts. He has marked as exhibits 714-729 governmental and other documents showing the Saudi government involvement in the disposition of Al Haramain funds. While the local prosecutors have indicated they will contest the admissibility of these documents, the declarations and evidence strongly support Mr. Sedaghaty's assertion that the government is aware of the Saudi Governmental control over Al Haramain and the SJRC. Such information goes directly to the issue of wilfulness and the government should be required to produce to the defense records in its files on these subjects.

The declarations, discovery, and marked exhibits require further action by the government and the court. They strongly support the claim that the government is in possession of far more relevant and exculpatory information than has been provided to date. Indeed, the limited disclosures strongly support the belief that information has been withheld from the prosecutors or has been destroyed.

The fact that the Oregon prosecutors and investigators may not be aware of the information, does not alter the situation. The local prosecutors are deemed to know what is in the file of all relevant government agencies and are obligated to seek it out. See *Kyles*

Page 4    CLASSIFIED MEMORANDUM IN SUPPORT OF THIRD SUPPLEMENT TO FIRST MOTION
FOR DISCOVERY AND MOTION TO SUPPRESS

v. *Whitley*, 514 U.S. 419,438 n.11 (1995)(prosecutor is held to disclosure of what all state officer's knew); *United States v. Bryan*, 868 F.2d. 1032, 1036 (9th Cir. 1989) (the government is one entity).

Thus, even if the prosecutors and investigators in Oregon have attempted to fully comply with their obligations but been stymied by other agencies, Mr. Sedaghaty is entitled to the relief he seeks. Knowledge by any U.S. government officials or agencies is attributed to the Oregon prosecutors and investigators.

The situation in this case, perhaps for the Oregon prosecutors and investigators as well as the Court and Mr. Sedaghaty, is compounded by the veil of secrecy draped over the proceedings and the investigation of Al Haramain and Mr. Sedaghaty by the government's invocation of the state secrets privilege, its classification of material related to this case, and its refusal to permit Mr. Sedaghaty access to that material. Mr. Sedaghaty has previously discussed the Inspector General reports regarding failure to disclose exculpatory classified evidence. As stated in *United States v. Reynolds*, 345 U.S. 1, 12 (1953), "it is unconscionable to allow [the government] to undertake prosecution and then invoke its [ ] privileges to deprive the accused of anything which might be material to his defense."

## II. The Declaration Provides Further Support For The *Murray* Aspect Of The Motion To Suppress.

Mr. Sedaghaty has previously provided the Court with evidence that he was subjected to unlawful surveillance and that such surveillance prompted the investigation in this case. Mr. Lang's classified declaration provides further support for the claim of unlawful activity against Al Haramain and Mr. Sedaghaty. It also provides evidence that

Page 5    CLASSIFIED MEMORANDUM IN SUPPORT OF THIRD SUPPLEMENT TO FIRST MOTION FOR DISCOVERY AND MOTION TO SUPPRESS

the United States Attorney in Oregon may not be aware of such activity independent of public information about the TSP or PSP. Mr. Sedaghaty has previously filed two notices under the Classified Information Protection Act that he wishes to provide classified evidence in support of his motion. He has filed a third CIPA notice simultaneously herewith. Mr. Lang's declaration requires an intensive government inquiry into the relationship between the intelligence investigation and the criminal investigation, including the decision to seek a search warrant and the taking of evidence on that subject.

Mr. Sedaghaty recognizes the Court has ruled on his Motion to Suppress. The new declaration, however, requires renewed consideration of the need for Mr. Sedaghaty to be able to develop evidence in court in support of his claim.

### III. Conclusion

For all of the reasons set forth herein, in Mr. Lang's classified and unclassified declarations, Mr. Teesdale's classified declaration, and in prior unclassified pleadings filed by Mr. Sedaghaty, the government should be required to make further inquiry of all agencies with intelligence information, including the Department of State, Office of Foreign Asset Control, and provide additional exculpatory information to the Court and the defense and the Motion to Suppress should be re-opened.

Respectfully submitted this 27th day of April, 2010.

Steven T. Wax
Federal Public Defender

Lawrence Matasar

Page 6    CLASSIFIED MEMORANDUM IN SUPPORT OF THIRD SUPPLEMENT TO FIRST MOTION FOR DISCOVERY AND MOTION TO SUPPRESS