DWIGHT C. HOLTON, OSB #090540
United States Attorney
District of Oregon
**CHRISTOPHER L. CARDANI**
Assistant United States Attorney
405 East Eighth Avenue, Suite 2400
Eugene, OR 97401
Email:  chris.cardani@usdoj.gov
Telephone:  (541) 465-6771
**CHARLES F. GORDER, JR.**, OSB #912874
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR  97204
Email:  charles.gorder@usdoj.gov
Telephone:  (503) 727-1000
        Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CR 05-60008-HO |
| v. | |
| PIROUZ SEDAGHATY, | GOVERNMENT'S MOTION TO REMAND DEFENDANT PENDING SENTENCING |
| Defendant. | |

The United States of America, by Dwight C. Holton, United States Attorney for the District of Oregon, and Charles F. Gorder, Jr. and Christopher L. Cardani, Assistant United States Attorneys, moves to remand the defendant to custody pending sentencing on September 27, 2011.

On September 9, 2010, after receiving the jury's verdicts of guilty in this matter, the

Court granted the government's motion to remand the defendant to custody pending sentencing on the grounds that the defendant could not establish by clear and convincing evidence that he was not likely to flee, as is required by 18 U.S.C. § 3143(a).  After an extensive hearing on the defendant's motions for a new trial and for judgment of acquittal, and a concurrent hearing concerning numerous sentencing issues conducted on November 23, 2010, the government in December 2010 brought to the attention of defense counsel and the Court the discovery of certain material which should have been turned over to the defense during pretrial discovery.  Defendant's Supplement to Motion for New Trial (CR 517) and Post-Trial Motion to Dismiss (CR 538) shortly followed.

On January 19, 2011, the Court released the defendant on certain conditions.  At that time, the government took no position on release "during the interim period – post-trial, but before a final ruling on the pending motions and an anticipated appeal . . . "  (CR 522, p.2).[1]  But we additionally noted that "our view that [defendant] presents a risk of flight is unchanged . . ." *Id.*

What has now changed is that the Court has now firmly and completely rejected all of the defendant's contentions for a new trial and for dismissal.  We are back to the status of the matter as it stood on November 23, 2010, awaiting the Court's final rulings on the sentencing issues and formal pronouncement of the sentence.  A final sentencing date has been set for September 27, 2011 (CR 571), with a defendant who still cannot establish by clear and convincing evidence that

---

[1] The Ninth Circuit has indicated that the government's withdrawal of opposition to release pending resolution of issues surrounding newly disclosed discovery material is one factor supporting a determination not to dismiss a case under the Court's supervisory power.  *United States v. Kohring*, 637 F.3d 895, 913 n.5 (9th Cir. 2011).

**Page 2 - Government's Motion to Remand Defendant Pending Sentencing**

he is not a risk of flight.

The following facts demonstrate that the defendant cannot meet his burden of showing that he is not a risk of flight:

1. The defendant is a dual citizen of the United States and Iran. Should he flee to Iran he could not be extradited to the United States. As a citizen of Iran, he could go to any Iranian embassy or consulate and obtain a new Iranian passport. As the Court may be aware, four years ago another dual US-Iranian citizen presently charged with felony crimes in this District, Farhad "Fred" Monem, did just that and fled Oregon to Iran to avoid justice, despite the fact that the government was in possession of his existing U.S. passport. See *United States v. Monem*, CR 07-60093-AA.

2. In 2003, defendant Sedaghaty left the United States and supported himself, lived and traveled extensively throughout the Middle East, including in Iran, Saudi Arabia, Syria, and the United Arab Emirates, until he returned to the United States in August 2007. The United States does not have an extradition treaty with any of these four countries. The co-defendant in this case, Soliman Al-Buthe, resides in Saudi Arabia and is a fugitive.

3. The defendant was aware of the investigation in this case since at least February 2004 when law enforcement officers searched his residence and office at the Al Haramain headquarters in Ashland, Oregon. He was a fugitive on this indictment beginning in February 2005 until his return to the United States two and one-half years later.

4. While the issues surrounding the December 2010 disclosure of the discovery material were pending before the Court, the defendant had a hope that his conviction would be set aside. That hope has now been extinguished by the Court's recent rulings, and his incentive

**Page 3 - Government's Motion to Remand Defendant Pending Sentencing**

to flee has further increased.

On August 12, 2011, the government informed defense counsel of our intention to file this motion. Defense counsel opposes this motion, will file a response to the motion promptly, and requests argument on the motion.

For the reasons given above, the defendant should be remanded to custody pending sentencing on September 27, 2011.

Dated: August 12, 2011.

Respectfully submitted,

DWIGHT C. HOLTON
United States Attorney


/s/ *Charles F. Gorder, Jr.*
CHARLES F. GORDER, JR.
Assistant United States Attorney


/s/ *Christopher L. Cardani*
CHRISTOPHER L. CARDANI
Assistant United States Attorney

**Page 4 - Government's Motion to Remand Defendant Pending Sentencing**