Steven T. Wax, OSB No. 85012
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email:  steve_wax@fd.org

Lawrence Matasar, OSB No. 74209
621 SW Morrison Street, Suite #1025
Portland, OR 97205
Tel: (503) 222-9830
Email: larry@pdxlaw.com

**Attorneys for Defendant**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>                              Plaintiff,<br><br>         v.<br><br>**PIROUZ SEDAGHATY,**<br><br>                              Defendant. | CR 05-60008<br><br>RESPONSE TO COURT INQUIRY REGARDING *EX PARTE* NATURE OF INFORMATION PROVIDED BY DEFENDANT REGARDING ASSIGNMENT OF COUNSEL |

Defendant, Pirouz Sedaghaty, by and through his attorneys, Lawrence Matasar, and Federal Public Defender Steven T. Wax, hereby responds to this

Page 1 -    RESPONSE TO COURT INQUIRY REGARDING *EX PARTE* NATURE OF
            INFORMATION PROVIDED BY DEFENDANT REGARDING ASSIGNMENT OF
            COUNSEL

Court's order of September 27, 2011, regarding *ex parte* treatment of information provided by a defendant regarding assignment of counsel and recoupment of attorney fees.

The question of whether the government should participate in matters related to administration of the Criminal Justice Act has arisen in a number of circumstances. We did not find any cases addressing whether the government should be permitted to review material submitted by a defendant *ex parte* when a question arises about repayment to the appropriation. The law is clear, however, that as a general proposition, CJA matters are to be handled *ex parte* between the Court and the defendant.

Part A of Volume VII of The Guide to Judiciary Policies and Procedures (Guide) was promulgated by the Judicial Conference of the United States to implement the Criminal Justice Act (CJA). Guide to Judiciary Policies and Procedures, Vol I, Ch 1., Part A. The Guide is frequently cited as authority by the courts in resolving questions that arise under the CJA. *See, e.g., United States v. Lorenzini,* 71 F.3d 1489, 1494 n.7 (9th Cir. 1995); *United States v. Eyler,* 67 F.3d 1386, 1394, n.11 (9th Cir. 1995). The Guide specifically states that a request for assignment of counsel is not an adversary matter. It is, rather, one that is to be handled *ex parte.* Sec. 2.03 A. provides that the determination of eligibility is a "judicial function." Sec. 2.03 B. provides that:

> Employees of law enforcement agencies or United States Attorney offices should not participate in the completion of the CJA 23 Form or seek to obtain information from a person requesting the appointment of counsel concerning his or her eligibility.

The only role given to the United States Attorney is in Sec. 2.03 C., which provides that "the prosecution and other interested entities may present to the court information concerning the person's eligibility . . ." The subsection goes on to make clear that "the judicial inquiry in financial eligibility shall not be utilized as a forum to discover whether the person has assets subject to forfeiture, the ability to pay a fine . . ."

Questions about recoupment involve the same types of issues and interests as those involved in the initial eligibility determination. As a result, the government's role should be similarly constrained.

Case law on the role of the government in eligibility determinations under the CJA is limited. The few decided cases make clear that financial eligibility is a flexible concept and that the government's role is limited. *See In re Carlyle*, 644 F.3d 694, 699 (8th Cir. 2011); *United States v. French*, 556 F.3d 1091, 1093 (10th Cir. 2009); *United States v. Rodriguez*, 833 F.2d 1536, 1537-38 (11th Cir. 1987). *But see United States v. Harris*, 707 F.2d 653, 662 (2nd Cir. 1983) (when a question was raised about eligibility, court held there was no right to and *ex parte*

Page 3 -   RESPONSE TO COURT INQUIRY REGARDING *EX PARTE* NATURE OF
            INFORMATION PROVIDED BY DEFENDANT REGARDING ASSIGNMENT OF
            COUNSEL

finding but noted the existence of difficult issues and potential Fifth Amendment concerns).[1]

One of the most detailed discussions of disclosure of financial information obtained as part of an application for assigned counsel is found in *United States v. Sandoval,* No. CR 09-3456 JB, 2010 WL 4338061 (D. N. Mex. October 4, 2010). There the court refused to disclose CJA 23 forms based on a number of concerns, including protecting the defendant against future use of the information by the government. The concern went beyond use of the information during the case then pending against the defendant. The court ordered an adversary hearing on Mr. Sandoval's eligibility, thereby allowing the government to participate, but its role in the hearing was limited. The court refused to give the government access

---

[1]Support for not-disclosing the documents to the government is also found in *In re Boston Herald,* 321 F.3d 174 (1st Cir. 2003). There the question was whether CJA financial forms should be disclosed to the media. In holding that they should not, the First Circuit raised the question of whether they are judicial forms at all that could be subject to disclosure as public records.

**Page 4 -**    **RESPONSE TO COURT INQUIRY REGARDING *EX PARTE* NATURE OF INFORMATION PROVIDED BY DEFENDANT REGARDING ASSIGNMENT OF COUNSEL**

to either the original affidavits or any additional information that Mr. Sandoval might want to submit. A similar procedure would be appropriate here.

RESPECTFULLY SUBMITTED this 3rd day of October, 2011.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender

/s/ Lawrence H. Matasar
Lawrence H. Matasar