S. AMANDA MARSHALL, OSB# 95347
United States Attorney
District of Oregon
CHRISTOPHER L. CARDANI
Assistant United States Attorney
405 East Eighth Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771
chris.cardani@usdoj.gov
CHARLES F. GORDER, JR., OSB# 912874
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1117
charles.gorder@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON (Eugene)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.  CR 05-60008-HO |
| ) | |
| v. ) | Government's Memorandum Relating to |
| ) | Post Trial Release of Financial Information |
| PIROUZ SEDAGHATY, ) | |
| ) | |
| Defendant. ) | |

The United States of America, through its undersigned counsel, herein submits this memorandum, addressing whether the Court has the authority to release information provided by defendant to the Court as part of his request for appointed counsel under the Criminal Justice Act (hereinafter "CJA").

1 - Government's Memorandum Relating to Post Trial Release of Financial Information

Background

In its sentencing memorandum, the government moved under 18 U.S.C. §3006A(f) to have this Court consider ordering defendant to reimburse the government a portion of the taxpayer funds used to represent him. At the sentencing hearing, this Court stated it could not rule on the request because there were apparent inconsistencies in the materials provided by defendant under seal, including the financial affidavit used to determine whether he was indigent. The Court suggested releasing the affidavit and related materials to the government to assist in determining whether repayment was appropriate. Defendant objected and the Court allowed the parties to brief the matter. Defendant has filed a response, continuing to object to the release of the materials.

The Court Has Discretion to Disclose the Financial Information

Courts have recognized that CJA funds are a limited resource and, as such, district courts should conduct an "appropriate inquiry" to determine whether a defendant has funds available to repay all or some of the costs related to his defense. *See United States v. Parker*, 439 F.3d 81, 93 (2d Cir. 2006). One factor that this Court should consider is the "defendant's credibility (or lack thereof) in portraying his financial eligibility." *Id.*, at 94 n. 13.

Pretrial, this Court sealed defendant's financial affidavit and other information concerning his eligibility for court appointed counsel under the CJA. The CJA specifically contemplates that, after a trial is completed, defense expense vouchers will be made publicly available, subject to redaction to protect a defendant's Sixth Amendment right to counsel, attorney-client and/or work product privilege, or any other

2 - Government's Memorandum Relating to Post Trial Release of Financial Information

interest that justice may require.  18 U.S.C. §3006A(d)(4)(C).  These same considerations should also guide this Court in determining what portions of defendant's financial affidavits should be unsealed.

While there may be appropriate reasons to seal a defendant's statements concerning his financial wherewithal prior to and during a trial, those considerations dissipate once the trial is over.  In *United States v. Hickey*, 185 F.3d 1064, 1067 (9th Cir. 1999), the government filed a pretrial motion seeking access to the financial affidavits submitted by defendants as part of the CJA process of appointing counsel.  The trial court denied the motion, finding there were Fifth Amendment concerns.  The government filed an interlocutory appeal.  The Ninth Circuit affirmed, holding the matter was not an appealable collateral order.  In so finding, the Court noted that the trial court's decision did not forever shield the affidavits.  Rather,

> [o]nce the defendants have been tried on the indicted offenses, or even after the defendants have concluded their testimony in this case, the Fifth Amendment concern will be greatly diminished.  At these junctures, the government's chance of prevailing in a renewed motion to unseal the affidavits will be considerably stronger.  *Id*. at 1067.

*See also United States v. Hitchcock*, 992 F.2d 236, 239 (9th Cir. 1993) (collecting cases concerning levels of protection due to CJA financial affidavits. "In short, the law requires protection but does not clearly determine the protection's timing or extent);" *United States v. Hyde*, 208 F. Supp.2d 1052, 1054 (N.D. Ca. 2002) (CJA financial affidavit provided by defendant in fraud case unavailable to prosecution pretrial because of Fifth Amendment concerns, but government's request for access to the information will be stronger once defendant testifies).

The district court in Arizona recently confronted a similar situation.  In *United*

3 - Government's Memorandum Relating to Post Trial Release of Financial Information

*States v. Keyes*, 675 F. Supp.2d 988 (D. Ariz. 2009), the government moved to unseal a defendant's financial affidavit, asserting he was not indigent. After reviewing the reported cases, the court ruled that an adversarial proceeding was the best way to resolve contested matters relating to appointments of counsel under the CJA. *Id.* at 991, *citing United States v. Harris*, 707 F.2d 653, 662-63 (2d Cir. 1983). Recognizing potential Fifth and Sixth Amendment concerns that may be triggered by releasing defendant's information during the pendency of the underlying charges, the *Keyes* court ruled that the government would be provided with a copy of defendant's financial affidavit <u>after</u> the proceedings were concluded. *Id.* at 991; *but see United States v. Sandoval*, 2010 WL 4338061 (D.N.M. October 4, 2010) (based on Tenth Circuit law, court refuses to disclose defendant's financial affidavit to government).

The defendant in *United States v. McNeil*, 362 F.3d 570 (9th Cir. 2004) was convicted under 18 U.S.C. §1001 for making false statements on the affidavit he submitted to determine his eligibility for court appointed counsel. On appeal, the Ninth Circuit reversed, holding that a CJA Form 23 is related to a "judicial proceeding," and thus outside the purview of 18 U.S.C. §1001. While not explicit in the reported decision, it is implicit from the prosecution that the government was given access to defendant's CJA Form 23.[1]

These cases demonstrate that the Court has post trial discretion to provide the CJA financial information to the government.

---

[1] In an unpublished decision, Judge Frye issued a decision ordering the Federal Defender's Office to publicly disclose the CJA Form 23 submitted by defendant in support of his request for appointment of counsel under the CJA. *See United States v. Carmona-Arroyave*, 1992 WL 310313 (D. Or. Oct. 16, 1992).

4 - Government's Memorandum Relating to Post Trial Release of Financial Information

Defendant's Opposition Off the Mark

The thrust of defendant's written opposition to releasing the financial information (CR 584) is that, in determining eligibility for a free lawyer, the prosecution's role is limited. In support, he quotes sections of "The Guide to Judiciary Policies and Procedures," which indicate that prosecutors and agents should not participate in the completion of the forms necessary for appointment of counsel or seek information from a defendant about the subject. Defendant misses the point. The government in the present case has neither requested access to defendant's CJA information during the pretrial or trial stages of this case, nor has it sought to play a role in the appointment process leading to two lawyers representing him at taxpayers' expense. The CJA information provided to the Court by defendant was done in an *ex parte* manner and placed under seal.

But the trial is now over and defendant has been sentenced. Defendant has failed to explain how any financial disclosures made to the Court in 2007 would negatively affect the underlying prosecution, which centered on a tax return he filed in 2001. 18 U.S.C. §3006A(f) provides that if funds are available "for payment from or on behalf of" defendant Sedaghaty to repay the taxpayers some of the costs of his representation, then the Court may make him do so. This Court has stated that because of inconsistencies in the financial materials submitted by defendant, it is unable to rule on the motion for reimbursement, and believes that the adversarial process may shed some light on the situation. Again, the Court has discretion to release defendant's financial information to the government, and should do so.

Because the CJA calls for this Court to make an "appropriate inquiry" into

5 - Government's Memorandum Relating to Post Trial Release of Financial Information

defendant's ability to pay all or a portion of his defense related expenses, this Court has the discretion to fashion an appropriate means for making this determination. Disclosure of defendant's financial information to enable the government to review that information may help the court serve that purpose. Indeed, the court in *Parker* ordered that the defense CJA applications be unsealed post-trial, and the defense did not challenge that decision on appeal. This decision did, however, enable the district court and the Second Circuit to fully consider all of defendant's arguments about why his CJA request should have been granted, and it enabled a full adversarial process that illuminated the district court's stewardship over the CJA funding process.

To the extent defendant claims that unsealing his CJA applications might affect his attorney-client privilege rights, government counsel cannot fully respond because we have not had the opportunity to review the documents in question. The privilege is, however, a strictly limited one in which defendant bears the burden of proof. *United States v. Alexander*, 287 F.3d 811, 816 (9th Cir. 2002). To sustain this burden, defendant would have to demonstrate to this Court that the information disclosed was necessary to obtaining legal advice, and it would not extend to any acts of false statements or fraud upon the court. *Id.*, at 816.

Conclusion

For reasons stated, the Court should order that financial information concerning

///

///

///

6 - Government's Memorandum Relating to Post Trial Release of Financial Information

defendant Sedaghaty's eligibility to court appointed counsel be released.

DATED this 11th day of October, 2011.

                                              Respectfully submitted,

                                              S. AMANDA MARSHALL  
                                              United States Attorney

                                              */s/ Christopher L.  Cardani*  
                                              By: _____  
                                              CHRISTOPHER L. CARDANI  
                                              Assistant United States Attorney

                                              */s/ Charles F.  Gorder, Jr.*  
                                              By: _____  
                                              CHARLES F. GORDER, JR.  
                                              Assistant United States Attorney