Steven T. Wax, OSB No. 85012
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email:  steve_wax@fd.org

Lawrence Matasar, OSB No. 74209
621 SW Morrison Street, Suite #1025
Portland, OR 97205
Tel: (503) 222-9830
Email: larry@pdxlaw.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>PIROUZ SEDAGHATY,<br><br>        Defendant. | CR 05-60008<br><br>RESPONSE TO COURT ORDER OF OCTOBER 21, 2011, CONCERNING REIMBURSEMENT |

   Defendant, Pirouz Sedaghaty, by and through his attorneys, Lawrence Matasar, and Federal Public Defender Steven T. Wax, hereby responds to the

Page 1 -  RESPONSE TO COURT ORDER OF OCTOBER 21, 2011, CONCERNING
       REIMBURSEMENT

Court's order of October 21, 2011, for briefing on the question of reimbursement of attorney fees under 18 U.S.C. 3006A(f).

**THE LEGAL FRAMEWORK**

18 U.S.C. 3006A(f) provides, in pertinent part:

Whenever...the Court finds that funds are available for payment from or on behalf of a person furnished representation, it may...direct that such funds be paid...to the court for deposit in the Treasury as a reimbursement to the appropriation...

The case law provides guidance on the factors the Court should consider in determining whether a reimbursement order should be entered.

- A reimbursement order is appropriate only if a defendant has the current ability to repay the government. Future earnings potential may not be considered. *United States v. Danielson*, 325 F.3d 1054, 1077 (9th Cir. 2003).

- An order for reimbursement may not be included as a condition of probation or supervised release. *United States v. Lorenzini*, 71 F.3d 1489, 1492-93 (9th Cir. 1995).

- Only money of the defendant may be considered as available for repayment, not money paid by family or friends, or money over which the defendant does not have control. *United States v. Palacios*, 2011 WL 3475278 (S.D. Cal).

- In determining whether to order reimbursement and how much of a defendant's assets to order him to use for reimbursement, a court should consider the needs of a defendant's family and avoid hardship. *United States v. Bracewell*, 569 F.2d 1194, 1199 (2nd Cir. 1978).

The Court's order for briefing by both parties raises a separate issue – whether the United States Attorney can have any role in determining whether

Page 2 -    RESPONSE TO COURT ORDER OF OCTOBER 21, 2011, CONCERNING
            REIMBURSEMENT

reimbursement should be ordered.  That is a question distinct from the question of whether the affidavits submitted by Mr. Sedaghaty should remain under seal.  The Ninth Circuit has addressed this question a number of times with different results.  The most recent decision appears to have been in *United States V. Cantrell*, 146 Fed.Appx. 157, 2005 WL 2001923 (C.A.9(Mont.)).  There, relying on the published decision in *United States v. Feldman*, 788 F.2d 625,626 (9th Cir. 1986), the court held that the district court was "required" to make a determination about compensation and reimbursement without the government's input because "the Criminal Justice Act excludes the government from participation in the Act's compensation and reimbursement arrangements."   Five years earlier, in *United States v. Tait*, 215 F.3d 1335 (table) 2000 WL 340105 (C.A.9 (Cal.)), relying on a published decision that preceded *Feldman*, *United States v. Barger*, 672 F.2d 772, 774 (9th Cir. 1982), the court had held that it was appropriate for the United States Attorney to participate in reimbursement litigation.

  The distinction between presenting facts and making argument that is made regarding eligibility decisions (*Feldman*; GUIDE TO JUDICIARY POLICIES AND PROCEDURES, Vol. VII, §2.03c) should also be made here.  We request that the order that the United States Attorney brief the issue be rescinded or limited to factual matters.

Page 3 -    RESPONSE TO COURT ORDER OF OCTOBER 21, 2011, CONCERNING
      REIMBURSEMENT

**MR. SEDAGHATY URGES THE COURT TO ISSUE ANY REIMBURSEMENT ORDER DIRECTED TO FUNDS THAT ARE UNDER HIS CONTROL PURSUANT TO THE PRINCIPLES SET OUT ABOVE.**

Mr. Sedaghaty urges the Court to issue any reimbursement order consistent with the principles set out above. In the affidavits submitted to the Court in 2007, he discussed the existence and potential availability of three sums of money for attorney fees, and, later, for bail.

First, the Court was advised the Mr. Matasar had $19,235 in his trust account that had been provided to him by Mr. Sedaghaty to use for his personal representation. That money was subsequently provided to the clerk as part of the bail that Mr. Sedaghaty posted on November 30, 2007 (CR 67). It will be available to be used to repay the CJA appropriation when it is no longer needed as bail, should the Court find that a reimbursement order is appropriate under all the circumstances of this case.

The second potential sum – $24,746 – is in attorney Lynn Bernabei's trust account. Ms. Bernabei advised in 2007 that the money was being held in trust for the use of the Qur'an Foundation and was not available for use for personal expenses of Mr. Sedaghaty. On September 29 and 30, 2011, we communicated again with Ms. Bernabei. She confirmed the information from 2007. We then inquired with the Oregon Secretary of State about the status of the Qur'an Foundation and learned that it was administratively dissolved in 2004 and that Mr. Sedaghaty was the last listed President and Registered

Page 4 -   RESPONSE TO COURT ORDER OF OCTOBER 21, 2011, CONCERNING REIMBURSEMENT

Agent.  Both we and Ms. Bernabei then consulted with tax counsel and were advised that the funds of a dissolved 501(c)(3) corporation could only be used in a manner consistent with the Articles of Incorporation of the corporation. *See* Or. Rev. St. §65.637.  Attached hereto are the Articles of Incorporation of the Qur'an Foundation which, in Section 2.2, state that no trustee or officer "may share in the distribution of any of the corporate assets upon dissolution of the corporation, or the winding up of its affairs."   The Section goes on to state that upon dissolution "all the remaining assets...shall be distributed...for identical uses and  purposes to any other organization which would then qualify for exemption under...501(c)(3)."

Our understanding of the law, and Ms. Bernabei's position, is that the money in Ms. Bernabei's trust account may not be used for Mr. Sedaghaty's personal legal expenses.  We believe that a Court order to that effect would violate state and federal law and the terms of the Articles of Incorporation.

The third potential source – $15,000 – was in David Berger's client trust account.  He has since left practice and the money transferred to another attorney's client trust account.  In 2007, we advised that it was not clear whether the money could be used for either bail or attorney fees.  Mr. Sedaghaty hereby renounces and/or waives any interest that he may have in this $15,000.

The bail money, beyond the $19,235, was posted by third parties, is not Mr. Sedaghaty's, is not under his control, and is not available for use for reimbursement.

**CONCLUSION**

The Court should determine whether any reimbursement is appropriate under the principles set out herein and without argument from the government.

Respectfully submitted this 4th day of November, 2011.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender

/s/ Lawrence H. Matasar
Lawrence H. Matasar