**Steven T. Wax, OSB No. 85012**
**Federal Public Defender**
**101 SW Main Street, Suite 1700**
**Portland, OR  97204**
**Tel: (503) 326-2123**
**Fax: (503) 326-5524**
**Email:  steve_wax@fd.org**

**Lawrence Matasar, OSB No. 74209**
**621 SW Morrison Street, Suite #1025**
**Portland, OR 97205**
**Tel: (503) 222-9830**
**Email: larry@pdxlaw.com**

**Attorneys for Defendant**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 05-60008 HO** |
| **Plaintiff,** | |
| | **RESPONSE TO INQUIRY BY DISTRICT COURT PURSUANT TO NINTH CIRCUIT'S ORDER OF DECEMBER 9, 2011** |
| **v.** | |
| **PIROUZ SEDAGHATY,** | |
| **Defendant.** | |

Pursuant to the Ninth Circuit's order of December 9, 2011, for a limited

remand, and this Court's request of the parties to provide input regarding the

remand, the defendant-appellant submits the following:

**Page 1 -      RESPONSE TO INQUIRY BY DISTRICT COURT PURSUANT TO NINTH
                CIRCUIT'S ORDER OF DECEMBER 9, 2011**

**1)     The Ninth Circuit Recognizes That This Court Previously Denied The Request For Release Pending Appeal.**

Following Mr. Sedaghaty's request for release pending appeal to the Ninth Circuit, the government asserted to the Ninth Circuit that this Court had not ruled against the motion for release pending appeal.  Government-Appellee Response at 4 and n. 1.

It is Mr. Sedaghaty's understanding that he had requested release pending appeal and that this Court denied that request.  At sentencing on September 27, 2011, counsel for Mr. Sedaghaty stated:  "So I'm looking at this not just as should he be taken into custody immediately, but should he be released pending appeal?"  Tr. Sept. 27, 2011 at 21 (attached as Ex. A).  By considering the options as either voluntary surrender or release pending appeal, the Court chose the latter:

> Well, there is two matters there.  One is if you're requesting pending appeal or if I give him a reporting date.  And I - - if I do not - - if I allow his release but not pending appeal, how long do you wish for him to report?
>
>  . . .
>
>  I'll allow 60 days to self report.

Tr. Sept. 27, 2011 at 23.

The Ninth Circuit motions panel read the record as does Mr. Sedaghaty because the remand order seeks the basis for the ruling; it does not question whether a ruling had been made. For that reason, the Court need not make a

ruling in the first instance.  However, if the Court would like the remand

expanded so that it can order release, Mr. Sedaghaty would seek such

expansion from the Circuit.

>    **2)    The Court Has Found That Mr. Sedaghaty Is Not Likely To Flee Or Pose A Danger To The Community.**

On September 27, 2011, this Court ordered the voluntary surrender of

Mr. Sedaghaty.  As a predicate for such a ruling, the Court necessarily

determined that – consistent with his extended release pending trial, his

compliance with release pending post-trial motions, and his post-sentence

surrender order – adequate conditions could be formulated to assure no flight

and the protection of the community.  18 U.S.C. §§ 3142(c), 3143(a), and

3143(b).  In response to the remand, these requisite findings for the voluntary

surrender should be reiterated regarding the flight and dangerousness factors.

>    **3)    The Only Remaining Consideration Regarding Release Pending Appeal Relates To The Substantial Issues Raised.**

The Court is aware from the voluminous litigation preceding the

judgment that Mr. Sedaghaty is raising a number of issues on appeal.  Some of

the issues are summarized in the motion filed in the Ninth Circuit for release

pending appeal, a copy of which is attached as Exhibit B.  None of the issues is

being pursued for purposes of delay.  If any one is found meritorious, the

convictions would likely be reversed.  If Mr. Sedaghaty prevails on the

sentencing tax loss issue, he will have served a far longer period then called for by the revised advisory guidelines.

The standard for determining whether potential appellate issues are of sufficient weight to support conditional release pending appeal is that the appeal is not for purposes of delay and that it raises a substantial question of law or fact likely to result in a reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.  18 U.S.C. § 3143(b)(1)(B).

For legal issues to be substantial, they must only be fairly debatable.  A "substantial question" is one that is "fairly debatable," *D'Aquino v. United States*, 180 F.2d 271, 272 (9th Cir. 1950) or "fairly doubtful," *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985). "In short, a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous." *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985); *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir.1977).  While all of the issues to be raised have sufficient substance to be found not to be frivolous, the court need find only one meets this standard in order to grant release.

## CONCLUSION

[U]nder the 1984 Bail Act a court must find the following to grant bail pending appeal:

(1) that the defendant is not likely to flee or pose a danger to the safety of any other person in the community if released;

(2) that the appeal is not for purpose of delay;

(3) that the appeal raises a substantial question of law or fact; and

(4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

*United States v. Handy* 761 F.2d 1279, 1283 (9th Cir. 1985).

Based on the foregoing, the Court need only reiterate the findings regarding flight risk and danger, and summarize the Court's assessment of the issues the defense anticipates will be raised on appeal. *See* Ex. B at 5-20.

Respectfully submitted this 13th day of December, 2011.


/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender


/s/ Lawrence Matasar
Lawrence Matasar