IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 05-60008-HO |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| PIROUZ SEDAGHATY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On December 9, 2011, the Ninth Circuit remanded to this court "for the limited purpose of enabling [this] court to state, orally or in writing, the reasons for its order denying appellant's motion for bail pending appeal."

Defendant did not formally move for release pending appeal before this court. During a hearing regarding the government's motion to remand defendant to custody pending sentencing, the following colloquy occurred:

THE COURT: All right. Is there anything at this time besides the motion to remand to custody?

MR. WAX: Well, in addition to that matter, Your Honor, we would request that the court recommend that Mr. Seda be permitted to serve his sentence at the camp at Sheridan. We believe that given the --

THE COURT: Granted.

. . . .

THE COURT: All right. Is there any more argument on the motion to remand?

. . . .

THE COURT: Anything further?

MR. MATASAR: Yes, Your Honor. I'd like to respond first to that. It's in the memorandum indicating that that issue and other issues were addressed already by the court in deciding to release Mr. Seda previously.

THE COURT: It's a different situation now, though. He makes a good point. It doesn't mean I'm going to remand him, but we have a different situation now.

MR. MATASAR: I understand, Your Honor. We have a different situation. But the situation is also different because of the fact that Mr. Seda has an appeal. So I'm looking at this not just as should he be taken into custody immediately, but should he be released pending appeal?

And certainly this case -- and now is not the time for me to be trying to convince Your Honor of the incorrectness of your rulings, if you will, but clearly, I think, the court could understand that there are some unusual issues and important issues at stake in this case. That -- and you know better than we do that we don't know what the appellate court is going to do. And because the decision will likely not be until after he has served his entire sentence, that that is an important factor for the court to consider.

And, finally, let me address the government's position. They have really been wrong every step of the way. They

said Mr. Seda was a flight risk before Judge Coffin, and he was released. They said he was a flight risk before you. They said he would not come here today. They said, in their motion, that he has lost hope, there is no reason for him to have any hope, and he continues to appear, he continues to prove them wrong, and to justify the trust that Your Honor and Judge Coffin gave in him. He's going to appear.

Between his empirical data that we have that he always comes to court, that he stays in touch with his lawyers, which is a fact. And the Pretrial Services, I believe they have recommended that he be allowed to voluntarily surrender. Is that accurate? I believe --

THE COURT: I've got the report here, but I'm going to decide that.

MR. MATASAR: I understand that. But just as they made a recommendation pretrial, they make a recommendation here. I'm not suggesting that it's their decision. I know it's Your Honor's decision. But here we have the empirical fact that he has always come, and so we'd ask the court to allow him to be out of custody pending the appeal.

THE COURT: All right. Well, there is two matters there. One is if you're requesting pending appeal or if I give him a reporting date. And I -- if I do not -- if I allow his release but not pending appeal, how long do you wish for him to report?

MR. MATASAR: Your Honor, I think if -- Mr. Wax informs me that 60 days should be an appropriate time for designation.

Transcript of Proceedings (#588) at pp. 19-23.

After the court inquired if defense counsel was requesting release pending appeal, defense counsel did not further address the issue. The court denied the government's motion to remand, allowed defendant 60 days to self report and asked if there was anything else. Defense counsel requested withholding entry of judgment to

work on issues with respect to the record, but did not clarify as to whether defendant was in fact requesting release pending appeal.

To the extent that defendant believes the court impliedly denied a motion for release pending appeal, the court now clarifies that release pending appeal is denied for the following reasons.

The court has had an opportunity to address a seemingly never-ending list of contentions as to why defendant should be acquitted or given a new trial. The court has addressed many of these contentions more than once. Sentence has been formally pronounced and a judgment entered. In light of this change in circumstances, defendant cannot establish by clear and convincing evidence that he is not a flight risk.

Defendant is a dual citizen of the United States and Iran. The United States does not have an extradition treaty with Iran. Defendant lived and traveled throughout Middle East for two years after indictment. In addition, defendant has admitted access to foreign bank accounts. The court is also mindful of the fact that co-defendant Soliman Al-Buthe remains a fugitive in this case.

Despite the specter of terrorism raised during the long tenure of this case, it is, at its heart, a simple tax case. The sentence and judgment reflects the reality of this case and it is time for defendant to serve his sentence. The motion for release pending appeal is denied.

CONCLUSION

For the reasons stated above, defendant's motion for release pending appeal is denied.

DATED this 16th day of December, 2011.

_____
United States District